IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA EAST-
ERN DIVISION

RECEIVED

2005 NOV 28  A 10: 05

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CA: 3:05CV1128-F

ANDREW PHILLIP BURDEN
PETITIONER

-VS-

KENNETH JONES (WARDEN)
RESPONDENT

"MEMORANDUM OF SUPPORT"
"28 USC 2254"

ANDREW PHILLIP BURDEN
100 WARRIOR LANE
BESSEMER AL 35023

## MEMORANDUM BRIEF IN SUPPORT
### OF PETITIONER'S WRIT OF HABEAS CORPUS

COMES NOW THE PETITIONER ANDREW PHILLI BURDEN, BY AND THROUGH PRO SE, AND SUBMITS THIS MEMORANDUM BRIEF IN SUPPORT OF PETITION WRIT OF HABEAS CORPUS PETITION.

### STATEMENT OF FACTS

1. ON OCTOBER 30, 2002, THE PETITIONER WAS CONVICTED OF MURDER.

2. ON DECEMBER 2, 2002, THE TRIAL COURT SEN TENCED PETITIONER AS A HABITUAL OFFENDER, TO SERVE A TERM OF LIFE IN PRISON.

3. THE COURT OF CRIMINAL APPEALS AFFIRMED HIS CONVICTION IN AN UNPUBLISHED MEMORA NDUM AND ISSUED A CERTIFICATE OF JUDGMEN ON MARCH 12, 2004.

4. ON JANUARY 18, 2005, THE PETITIONER FILED A RULE 32, PETITION, CHALLENGING HIS CONVIC TION.

5. ON FEBRUARY 14, 2005, THE STATE FILED ITS RESPONSE BUT FAILED TO REFUTE PETITIONER CLAIMS

6. ON MARCH 1, 2005, PETITIONER FILED A TRAVERSE TO THE STATE RESPONSE.

7. ON MARCH 8, 2005, THE COURT ORDER DIS MISSED PETITIONER RULE 32, PETITION.

A MOTION TO RECONSIDERATION ON GROUND
THAT JUDGE TOM F. YOUNG JR. DID NOT HAVE
PERSONAL KNOWLEDGE OF THE PERFORMANCE OF
PETITIONER TRIAL OF APPEAL COUNSEL.

9. ON MARCH 31st, 2005, THE COURT DENIED THE
APPLICATION FOR RECONSIDERATION.

10. ON MARCH 28th 2005, PETITIONER FILED
NOTICE OF APPEAL.

11. ON JUNE 10, 2005, THE COURT OF CRIMINAL
APPEALS AFFIRMED HIS RULE 32, POST-CONVICTION

12. ON OCTOBER 14, 2005, THE ALABAMA SUPREME
COURT ISSUE ANY CERTIFICATE OF JUDGMENT
DENIED THE WRIT OF CERTIORARI ON POST-CON-
VICTION.

13. THE FACTS ARE THIS PETITIONER HAS EXHAUS-
TED REMEDIES AT STATE COURT LEVEL SUFFICIENT
ENOUGH TO ENTER INTO FEDERAL COURT BY AVENUE
F 28 USC 2254: SMITH VS. WHITE, 719 F 2D 390 1983.

AT THE ENTRY OF THIS 2254, HABEAS CORPUS BY ANY
THROUGH THE AUTHORITY OF BUNDY VS. WAINWRIGHT
808 F. 2D 1410 1415, THIS PETITIONER HIGHLY REQUEST
THAT THIS COURT PLACE THE BURDEN UPON THE STATE
F ALABAMA TO COME FORWARD WITH ALL THE RECORDS
F ANDREW P. BURDEN: TRIAL TRANSCRIPT ALL BRIEF
FILED BY ATTORNEY, DEFENSE AND ADVERSE COPIES OF
RULE 32, FILED BY THE PETITIONER (BURDEN) COPIES
OF ALL OF THE STATES MOTION.

PETITIONER ALLEGES THAT HE SUFFERED INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND APPEAL AND AT SENTENCING. ABSENT THIS INEFFECTIVE ASSISTANCE OF COUNSEL THE OUTCOME WOULD HAVE BEEN DIFFERENT. THE FAILURE TO ENTERTAIN THIS PETITION WILL RESULT IN A MISCARRIAGE OF JUSTICE, AS IT WILL FORCE PETITIONER TO SPEND A SIGNIFICANT PORTION OF HIS LIFE BEHIND BARS PURSUANT TO HIS SENTENCE.

PETITIONER CONTENDS HIS LAWYER WAS INEFFECTIVE AND AS SUCH HE WAS DENIED HIS SIXTH AMENDMENT RIGHT TO COUNSEL.

THE SIXTH AMENDMENT GUARANTEES CRIMINAL DEFENDANTS THE EFFECTIVE ASSISTANCE OF COUNSEL THAT RIGHT IS DENIED WHEN A DEFENSE ATTORNEY'S PERFORMANCE FALLS BELOW AN OBJECTIVE STANDARD OF REASONABLENESS AND THEREBY PREJUDICES THE DEFENSE. WIGGINS VS. SMITH, 123 S. CT. 2527 (2003); STRICKLAND VS. WASHINGTON, 466 U.S. 668, 687 (1984).

IN DETERMINING WHETHER COUNSEL'S CONDUCT WAS DEFICIENT, THIS COURT MUST, WITH MUCH DEFERENCE, CONSIDER "WHETHER COUNSEL'S ASSISTANCE WAS REASONABLE CONSIDERING ALL THE CIRCUMSTANCES." ID. AT 688 & S. CT AT 2065; SEE ATKINS VS. SINGLETARY, 965 F. 2D 952 (11TH CIR. 1992) REVIEWING COURTS MUST INDULGE A STRONG PRESUMPTION THAT COUNSEL'S CONDUCT FELL WITHIN THE WIDE RANGE OF REASONABLY PROFESSIONAL ASSISTANCE. YORDAN VS. DUGGER 909 F. 2D 474, 474 (11TH CIR. 1990) (CITING HABICH VS. DUGGER 844 F. 2D 1464, 1469 (11TH CIR. 1988); CHANDLER VS. UNITED STATES, 218 F. 3D 1305-1314 (11TH CIR. 2000); LANCASTER VS. NEWSOME, 880 F. 2D

362.375 (11th Cir. 1981) (EMPHASIZING THAT PETITIONER WAS NOT ENTITLED TO ERROR FREE REPRESENTATION).

EVEN UNDER THIS HEIGHTENED STANDARD IT IS CLEAR PETITIONER SUFFERED FROM INEFFECTIVE ASSISTANCE OF COUNSEL AT BOTH TRIAL AND APPEAL.

WITH REGARD TO THE PREJUDICE REQUIREMENT PETITIONER MUST ESTABLISH THAT, BUT FOR COUNSEL'S DEFICIENT PERFORMANCE, THE OUTCOME OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT. STRICKLAND, U.S. AT 694 FOR THE COURT TO FOCUS MERELY ON OUTCOME DETERMINATION" HOWEVER IS INSUFFICIENT; TO SET ASIDE A CONVICTION OR SENTENCE SOLELY BECAUSE THE OUTCOME WOULD HAVE BEEN DIFFERENT BUT FOR COUNSEL'S ERROR MAY GRANT THE DEFENDANT A WINDFALL TO WHICH THE LAW DOES NOT ENTITLE HIM," LOCKHART VS. FRETWELL, 506 U.S. 364, 369_70, 113 S. CT 838, 122 L ED 180 (1993).

PETITIONER THEREFORE MUST ESTABLISH "THAT COUNSEL'S ERRORS WERE SO SERIOUS AS TO DEPRIVE THE DEFENDANT OF A FAIR TRIAL, A TRIAL WHOSE RESULT IS RELIABLE." LOCKHART, 506 U.S. AT 369 (QUOTING STRICKLAND, 466 U.S. AT 687.

OR IN THE CASE OF ALLEGED SENTENCING ERRORS, MOVANT MUST DEMONSTRATE THAT THERE IS A REASONABLE PROBABILITY THAT, BUT FOR COUNSEL'S ERRORS THE RESULT OF THE PROCEEDING WOULD HAVE BEEN SIGNIFICANTLY LESS HARSH DUE TO A REDUCTION IN THE DEFENDANT OFFENSE LEVEL. UNITED STATES VS. CAMACHO VERGARA, 57 F.3D 993, 997_998 (11th CIR. 1995); SPRIGGS VS. COLLINS, 993 F.2D 85, 88 (5th CIR. 1993).

TO ESTABLISH INEFFECTIVE OF ASSISTANCE PETI-TIONER MUST PROVIDE FACTUAL SUPPORT FOR HIS CONTENTIONS REGARDING COUNSEL'S PERFORMANCE. SMITH VS. WHITE, 815 F. 2D 1401, 1406 _D7 (11TH CIR.) CERT. DENIED, 484 U.S. 863, 108 S. CT. 181, 98 L. ED. 2D 133 (1987). BARE CONCLUSORY ALLEGATION OF INEFFECTIVE ASSISTANCE ARE INSUFFICIENT TO SATISFY THE STRICKLAND TEST. TEJADA VS. DUGGER, 941 F. 2D 1551, 1559 (11TH CIR. 1991), STANO VS. DUGGER, 901 F. 2D 898, 899 (11TH CIR. 1990)(CITING BLACKLEDGE, 431 U.S. AT 74, 97 S. CT. AT 1629).

A DEFENDANT HAS THE RIGHT TO EFFECTIVE COU-NSEL ON APPEAL. SEE ANDERS VS. CALIFORNIA, 386 U.S. 738, 741-42, 744, 87 S. CT. 1396, 1398-99, 1400, 18 L. ED. 2D 493 (1966) (COUNSEL MUST FUNCTION AS ADVOCATE ON BEHALF OF CLIENT. IN ORDER TO PREVAIL, DEFENDANT MUST PROVE THAT HE DID NOT RECEIVE "" REASONABLY EFFECTIVE REP-RESENTATION'." MYLAR VS. ALABAMA, 671 F. 2D 1299, 1300 (11TH CIR. 1982), (CITING PREVIOUS CASES). CERT DENIED, 463 U.S. 1229, 103 S. CT. 3570, 77 L. ED. 2D 1411 1983).

AN ERROR INCREASING A DEFENDANT SENTENCE BY AS LITTLE AS SIX MONTHS CAN BE PREJUDICIAL WITHIN THE MEANING OF STRICKLAND. SEE GLOVER VS. UNITED STATES, 531 U.S. 198, 202-04, 148 L. ED. 2D 604, 121 S. CT. 696 (2001)

THE INSTANT CASE IS NOT A CASE WHERE TACTICAL DECISIONS ARE BEING CRITICIZED AS INEFFECTIVE, BUT IN EFFECT TRIAL COUNSEL DID NOT TAKE REASONABL STEPS TO DEFEND. SEE: LUKE VS. STATE, 484 SO. 2D 531 (ALA. CRIM. APP. 1985) CERT DEN. (ALA. 1986), AS STATED IN CAVE V SINGLETARY, 971 F. 2D 1513, 1518 (11TH CIR. 1992).

THE MERE INCANTATION OF THE WORLD STRATEGY
DES NOT INSULATE ATTORNEY BEHAVIOR FROM REVIEW.
HE ATTORNEY'S CHOICE OF TACTIC MUST BE REASONABLE
UNDER THE CIRCUMSTANCES... THE QUESTION OF WHETHER
DECISION WAS A TACTICAL ONE IS A QUESTION OF
CT... HOWEVER, WHETHER THIS TACTIC WAS REASONABLE
, A QUESTION OF LAW...

IN THE INSTANT CASE PETITIONER CONTENDS HIS
IAL ATTORNEY WAS INEFFECTIVE FOR A NUMBER OF REAS-
NS THAT ARE MORE FULLY SET OUT BELOW.

(1) COUNSEL'S FAILURE TO RENDERED INEFFECTIVE
   ASSISTANCE AT TRIAL IN VIOLATION OF PETITIONER
   5TH, 6TH AND 14TH AMENDMENT RIGHTS.

TRIAL COUNSEL FAILURE TO OBJECT TO THE COURT ORAL
HARGE TO THE JURY ON ACQUITTAL BEYOND A REASONABLE
OUBT. EX PARTE HAMILTON, 396 So. 2D 123-124 (ALA. 1980.) SEE
XHIBIT A, PAGE 39-40 OR THE RECORD BEFORE THIS
OURT.

(2). COUNSEL'S FAILURE TO OBJECT TO THE INSUFFI-
   _CIENCY OF THE EVIDENCE AT TRIAL AND ON APPEAL.

(3). COUNSEL'S FAILURE TO OBJECT TO THE TRIAL COURT
   WAS WITHOUT JURISDICTION TO RENDER THE JUDG-
   _MENT OR TO IMPOSE A CONVICTION DUE TO THE TRIAL
   COURT ERROR AND MISLEADING INSTRUCTION TO THE
   JURY ON ACQUITTAL BEYOND A REASONABLE DOUBT.

(4). COUNSEL'S FAILURE TO OBJECT TO THE TRIAL COURT
   WAS WITHOUT JURISDICTION TO RENDER JUDGMENT
   OR TO IMPOSE SENTENCE BECAUSE HE FAILE TO
   INVESTIGATE THE RECORD TO DETERMINE IF THE

THE PRIOR CONVICTIONS USES WERE CERTIFIED.

(5). COUNSELS FAILURE TO SUBPEONAED THE FOR-ENSIS EXPERT TO TESTIFY TO HER WRITTEN REPORT AT TRIAL.

(6). COUNSELS FAILURE TO OBJECT TO THE STATE ADMITTANCE OF EVIDENCE WHEN A PROPER CHAIN OF CUSTODY WAS NEVER ESTABLISHED.

(7). COUNSELS FAILURE TO OBJECT JUDGE TOM F. YOUNG JR. DISMISS RULE 32, WHEN HE DID NOT HAVE PERSONAL KNOWLEDGE OR THE TRIAL.

(8). ON DIRECT APPEAL: THIS ISSUE WERE EXHAUSTING IN THE ALABAMA SUPREME COURT.

PETITIONER PRESERVED FOR REVIEW THE COURTS ERRONEOUS INSTRUCTION ON THE LAW OF ACCI-DENT WHEN HE PRESENTED ARGUMENT REGARDING THE LAW OF ACCIDENT AND THE N TIMELY OBJ-ECTED TO THE COURTS PROPOSED INSTRUCTION.

(2). ON DIRECT APPEAL: THIS ISSUE WERE EXHA-USTING IN THE ALABAMA SUPREME COURT.

THE TRIAL COURT PREJUDICIALLY ERRED WHEN IT REFUSED TO CHARGE THE JURY CONCERNING A LESSER INCLUDED OFFENSE WHEN CLEAR EVIDENCE WAS PRESENTED THAT SUPPORTED SUCH AN INSTRUCTION.

## ARGUEMET ONE
COUNSELS FAILURE TO OBJECT TO THE INEFFECTIV SSISTANCE AT TRIAL IN VIOLATION OF PETITIONER IA , 6TH , AND 14TH AMENDMENT RIGHTS.

(7)

PETITIONER ARGUES THAT TRAIL COUNSEL FAILURE TO OBJECT TO THE COURTS ORAL CHARGE O THE JURY ON ACQUITTAL BEYOND A REASONABLE DOUBT. EX PARTE HAMILTON, 396 So.2D 123-124 (ALA, 1980). (SEE EXHIBIT A, PAGE 39-40, ATTACH TO THE RECORD IN THIS CASE).

PETITIONER ARGUES THAT TRAIL COUNSEL FAILURE TO OBJECT TO THE PRIORS THE STATE USED FOR ENHANCEMENT AND FAILED TO INVESTIGATE THE RECORD O DETERMINE IF THEY WERE VALID TO BE USED, WHITT VS. STATE, 461 So.2D 29 (ALA, CR. APP. 1984). (SEE EXHIBIT B, PAGE 41 THUR 56, ATTACH TO THE RECORD IN THIS CASE).

TRIAL COUNSEL FAILURE TO OBJECT AT SENTENCING O THE INADSQUATE NOTICE BY THE STATE TO USED THE HABITUAL FELONY OFFENDERS ACT. IS NOT SELF-EXECUTING. EX PARTE GLOVER, 508 So.2D 219 (ALA, 1987), AND IS INVOKED BY THE PROSECUTOR GIVING NOTICE. (SEE EXHIBIT C, PAGE 57, ATTACH TO THE RECORD IN THIS CASE).

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE O FILE A TIMELY MOTION TO SERVANCE OF PETITIONER CASE FOR SEPARATE TRIAL.

APPELLANT COUNSEL WAS INEFFECTIVE FOR FAILURE O FILE A MOTION INS ACORDANCE WITH THE PROVISION MANDATED IN, EX PARTE INGRAM, 675 So.2D 863 (ALA, 1996).

APPELLANT COUNSEL WAS INEFFECTIVE FOR RAISED SSUE ON APPEAL THAT WERE NOT OBJECTED TO AT TRIAL ND PRESERVED FOR APPELLANT REVIEW. (SEE EXHIBIT D, PAGE 58, ATTACH TO THE RECORD IN THIS CASE).

COUNSEL'S FAILURE TO OBJECT TO THE INSUFFI-
CIENCY OF THE EVIDENCE AT TRIAL AND ON APPEAL.

PETITIONER ARGUES THAT THE EVIDENCE AT TRIAL
FAILURE TO PROOFING THE ELEMENT OF "INTENT" OR "INT-
ENTIONALLY" TO CAUSE THE DEATH OF THE DECEASE ON DIR-
ECT EXAMINATION. MARSHALL TRAMMEL, TESTIFIED
FOR THE STATE AND NO WHERE IN HER TESTIMONY DOES THIS
WITNESS TESTIFY AT TRIAL OF BED BLOOD OR ILL WILL BET-
WEEN THE PETITIONER AND THE DECEASED. SEE PAGE
59, ATTACH TO THE RECORD IN THIS CASE).

LATANYA WINSTON, TESTIFIED FOR THE STATE AND
NO WHERE IN HER TESTIMONY DOES THIS WITNESS TES-
TIFY AT TRIAL OF BED BLOOD OR ILL WILL BETWEEN THE
PETITIONER AND THE DECEASED. (SEE PAGE 60 THUR 62,
ATTACH TO THE RECORD IN THIS CASE).

JEANETTE BAKER, TESTIFIED FOR THE STATE AND NO
WHERE IN HER TESTIMONY DOES THIS WITNESS TESTIFY AT
TRIAL OF BED BLOOD OR ILL WILL BETWEEN THE PETITIONER
AND THE DECEASED. (SEE PAGE 63 THUR 64, ATTACH TO THE
RECORD IN THIS CASE).

LENICE BAKER, TESTIFIED FOR THE STATE AND NO
WHERE IN HIS TESTIMONY DOES HE TESTIFY AT TRIAL OF
BED BLOOD OR ILL WILL BETWEEN THE PETITIONER AND THE
DECEASED. (SEE PAGE 64 THUR 68, ATTACH TO THE RECORD IN
THIS CASE).

ON DIRECT EXAMINATION THE THREE STATE WITNESS
DOES NOT TESTIFY TO ANY BED BLOOD OR ILL WILL BETWEEN
THE ACCUSED AND THE DECEASED. RAINES VS. STATE, 455 So. 2D
67 (ALA. CR. APP. 1984).

COUNSEL'S FAILURE TO OBJECT TO THE TRIAL COURT ERROR AND MISLEADING INSTRUCTION TO THE JURY ON ACQUITTAL BEYOND A REASONABLE DOUBT.

PETITIONER ARGUES THAT THE TRIAL COURT DENIED HIM A FAIR TRIAL WHEN THE COURT ERROR AND MISLEADING INSTRUCTION THE JURY ON ACQUITTAL BEYOND A REASONABLE DOUBT.

THIS ONLY RECITES THE COURT ORAL CHARGE TO THE JURY;

NOW THIS HAS INVOLVED TWO DEFENDANTS IT IS IN LEGAL EFFECT TWO SEPRATE TRIAL BEING TRIED AT ONE TIME. I HAVE TWO SEPRATE VERDICT FORMS. THE FIRST READS AS FOLLOW;

AND IT NOTED AT THE TOP STATE VERUE ANDREW P. BURDEN. IF YOU FIND FROM THE EVIDENCE AND THE LAW THAT I HAVE CHARGE YOU THAT THE STATE HAS PROVEN BEYOND A REASONABLE DOUBT THAT THE DEFENDANT ANDREW P. BURDEN IS GUILTY OF MURDER THEN YOUR VERDICT SHOULD READ AS FOLLOWS; WE THE JURY FIND THE ANDREW P. BURDEN GUILTY OF THE OFFENSE OF MURDER AS CHARGED (SEE EXHIBIT A, PAGE 39-40, OF THE RECORD BEFORE THIS COURT).

IF YOU ON THE OTHER HAND AFTER CONSIDERATION OF ALL EVIDENCE IN LIGHT OF THE LAW THAT I HAVE CHARGED YOU, YOU HAVE FOUND THAT THE STATE HAS NOT MET THIER BURDEN OF PROOF THEN IT WOULD BE YOUR DUTY TO ACQUIT THE DEFENDANT.

PETITIONER ARGUES THIS IS NOT THE LAW IN ALABAM ON THE PRINCIPLE OF ACQUITTAL BEYOND A REASONABLE DOUBT REASONABLE DOUBT. MAY BE BASED ON THE EVIDENCE ADDUCE

TILLMAN VS. STATE, 360 So. 2D 1074 (ALA. CR. APP. 1978) (SEE EXHIBIT A, PAGE 39-40, OF THE RECORD BEFORE THIS COURT).

PETITIONER ARGUES THAT THIS INSTRUCTION ALSO IS NOT THE LAW FOR REASONABLE DOUBT ACQUITTAL WITHOUT FURTHER CURATIVE INSTRUCTION A REASONABLE DOUBT TO ACQUIT MAY ARISE OUT OF ONLY A PART OF THE EVIDENCE, ALL OF THE EVIDENCE MUST BE CONSIDERED BY THE JURY, GAUTNEY VS. STATE, 284 ALA. 82, 222. So. 2D 175 (1969); EX PARTE HAMILTON: SUPER. SEE EXHIBIT A, PAGE 39-40, OF THE RECORD BEFORE THIS COURT).

EVERY ACCUSED IS ENTITLED TO HAVE CHARGES GIVEN WHICH ARE NOT MISLEADING. ALLEN VS. STATE, 546 So. 2D 1009 (ALA. CR. APP. 1988). (SEE EXHIBIT A PAGE 39-40).

THEREFORE PETITIONER JURY DELIBERATION CANNOT BE TRUSTED TO HAVE COME ABOUT IN A JUST RESULT AND YOUR PETITIONER IS ENTITLED TO A NEW TRIAL AS PLED FOR HEREBY. THIS MISLEADING ON THE POINT OF BEYOND A REASONABLE DOUBT TO ACQUIT INSTRUCTION BY THIS COURT THAT WAS NUMBEROUSLY MISLEADING DEPRIVED PETITIONER OF A FAIR AND IMPARTIAL TRIAL.

## ARGUMENT FOUR

COUNSEL'S FAILURE TO OBJECT TO THE TRIAL COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE SENTENCE BECAUSE HE FAILE TO INVESTIGATE THE RECORD TO DETERMINE IF THE UNCERTIFIED PRIOR AND NOTICE.

PETITIONER ARGUES THAT COUNSEL'S FAILED TO DISCLOSE THE PRIORS TO BE USED FOR ENHANCEMENT AND FAILED TO INVESTIGATE THE RECORD TO DETERMINE IF, CC92-017-020 CC 86-007; CC87-054, WERE VALID TO BE USED FOR ENHANCEMENT AT THE SENTENCING. WHIT VS. STATE, 461 So. 2D 29 (1984).

...PETITIONER CONTENDS THAT THE TRIAL COURT COMMITTED ERROR WHEN IT ALLOWED INTO EVIDENCE AND CONSIDERED AS A PRIOR CONVICTIONS OF A FELONY A STATE EXHIBIT 1 AND 2. SHUMATE VS. STATE, 676 So. 2D 1345 (ALA. CR. APP. 1995) SEE EXHIBIT B PAGE. 42 THUR. 44, CC. 87-540; PAGE. 45 THUR. 47, CC. 86-007; AND PAGE. 48 THUR. 55, CC. 92-017-020; ATTACH TO THE RECORD IN THIS CASE).

PETITIONER ALSO CONTENDS THAT IN ORDER TO PROVE A PRIOR FELONY CONVICTIONS THE STATE MUST PRESENT A CERTIFIED COPY OF THE CONVICTIONS TO THE TRIAL COURT AT THE TIME OF SENTENCING HEARING. SHUMATE VS. STATE, 676 SO 2D 1345 (ALA. CR. APP. 1995).

PETITIONER ARGUES THAT COUNSEL FAILED TO OBJECT AT THE SENTENCING TO THE INADEQUATE NOTICE BY THE STATE OF THE HABITUAL FELONY OFFENDER ACT WHICH IS NOT SELF EXECUTING; IT REQUIRES CERTIAN TRIGGERING REQUISITES. EX PARTE. GLOVER, 508 So. 2D 219; AND IT IS INVOKED BY THE PROSECUTOR GIVING NOTICE SEE ALSO. EX PARTE WILLIAM; 716 So. 2D 135 (ALA. 1987); MORGAN VS. STATE, 733 So. 2D 940 (ALA. CR. APP 999) SEE EXHIBIT C. PAGE 57. ATTACH TO THE RECORD IN THIS CASE).

AN ERROR INCREASING A DEFFENDANTS SENTENCE BY AS LITTLE AS SIX MONTHS CAN BE PREJUDICIAL WITHIN THE MEANING OF STRICKLAND. SEE GLOVER VS. UNITED STATES, 531 U.S. 198, 202-04, 148. L. ED. 2D 604, 121 S. CT 696 2001).

PURSUANT TO BLAKELY VS. WASHINGTON __US__ 124 S. CT 531 (JUNE 24, 2001). PETITIONER SENTENCE IS ILLEGAL BECAUSE OF THE UNCONSTITUTIONAL APPLICATION THE ALABAMA HABITUAL OFFENDER ACT.

THE PRIOR CONVICTIONS USED TO ENHANCE PUNISHMENT WERE NOT CHARGED IN THE INDICTMENT OR FOUND BY THE JURY BEYOND A REASONABLE DOUBT. AS WILL BE ARGUED TO FOLLOW, UNDER THE FACTS OF THIS CASE, AND THE THEN APPLICABLE LAW (APPRENDI VS. NEW JERSEY, 530 U.S. 466, 120 S.CT. 2348 (2000), PRIOR CONVICTIONS SHOULD NOT HAVE BEEN USED TO ENHANCE THE SENTENCE.

ON JUNE 24, 2004, THE U.S. SUPREME COURT CLARIFIED ITS HOLDING IN APPRENDI (JUNE 2000). COUNSEL CONCEDES THAT THE ALMENDAREZ-TORRES CASE EXEMPTS PRIOR CONVICTIONS FROM APPRENDI AND BLAKELY APPLICATION.

HOWEVER, IT IS ANTICIPATED THAT THE ALMENDAREZ-TORRES CASE WILL BE REVERSED AND THE ARGUMENT IS MADE SOLEY FOR PURPOSES OF PRESERVING THE RECORD IN THIS CASE.

PETITIONER COUNSEL WAS INEFFECTIVE FOR FAILING TO MAKE AN APPRENDI OBJECTION AT SENTENCING AND AS A RESULT PETITIONER SENTENCE WAS MORE SEVERE. (SEE THE RECORD BEFORE THIS COURT).

BASED ON THE CUMULATIVE ERRORS IN THIS CASE, PETITIONER IS ENTITLED TO VACATION OF HIS CONVICTION AND SENTENCE OR AT THE VERY LEAST A RESENTENCING IN ACCORDANCE WITH APPRENDI AND BLAKELY, SUPRA.

PETITIONER, SUBMITS THAT HE IS ENTITLED TO HAVE HIS CONVICTION VACATED AND OR AT LEAST HIS SENTENCE REMANDED TO DELETE THE SENTENCING ENHANCEMENT REGARDING APPLICATION OF THE ALABAMA HABITUAL FELONY OFFENDER ACT.

ON JUNE 26, 2000, THE UNITED STATES SUPREME CO. RELEASED ITS OPINION IN APPRENDI VS. NEW JERSEY

(12)

APPRENDI IS RETROACTIVELY AVAILABLE IN AN INITIAL RULE 32. PETITION PARTICULARLY AS THIS CASE ALLEGES INEFFECTIVE ASSISTANCE FOR FAILING TO RAISE APPRENDI IN A TIMELY MANNER.

PETITIONER IS ENTITLED TO RELIEF THEREBY UNDER THE U.S. SUPREME COURT'S DECISION IN APPRENDI VS NEW JERSEY, 530 U.S. 466, 120, S. CT. 2348 (2000), THE ENHANCEMENT WAS ERROR. (SEE EXHIBIT B PAGE 56)

PETITIONER ARGUES THAT EVERY FACT THAT DETERMINED PUNISHMENT WAS CONSIDERED AN ELEMENT OF THE OFFENSE, APPRENDI, 120 S. CT AT 2368-78, EVERY ELEMENT OF A CRIME MUST BE PROVEN BEYOND A REASONABLE DOUBT. IN RE WINSHIP, 397 U.S. 358 (1970).

PETITIONER WAS ARRESTED ON JULY 5, 2000 ( AFTER APPENDI WAS RELEASED).

PETITIONER WAS INDICTED BY A RANDOLPH COUNTY GRAND JURY DURING THE SEPT 7_____ 2001, TERM

ON DECEMBER 2, 2002, PETITIONER WAS FOUND GUILTY IN A JURY TRIAL (29 MONTHS AFTER APPRENDI WAS RELEASED).

PETITIONER WAS SENTENCED ON DECEMBER 2, 2002, 29 MONTHS AFTER THE RELEASE OF APPRENDI).

THE COURT, WITHOUT OPPOSITION FROM COUNSEL TO APPLICATION OF THE HABITUAL OFFENDER ACT, DETERMINED THAT PETITIONER SENTENCE TO LIFE .

THE ALABAMA COURT OF CRIMINAL APPEALS IN POOLE VS. STA 846 So. 2D. 370 (ALA. CR. APP. 2001), ADDRESSED APPRENDI (APRIL 2001

ADDRESSED FORMER COUNSEL SHOULD HAVE RAISED APPRENDI AT SENTENCING GIVEN THAT IT WAS CONTROLLING SUPREME COURT LAW 29 MONTHS PRIOR TO PETITIONER SENTENCING. (SEE THE RECORD BEFORE THIS COURT.)

THIS OMISSION ON THE PARTE OF FORMER COUNSEL CLEARLY RESULTED IN A LONGER PRISON TERM, PETITIONER HAS NO OTHER RELIEF THAN THAT AFFORDED IN THIS RULE 32 PROCESS.

NOTING THE LANGUAGE IN POOLE WAS QUOTED:

"POOLE ARGUES IN HIS BRIEF TO THIS COURT THAT HE SHOULD BE RE-SENTENCED, WE AGREE THAT POOLE SHOULD BE RE-SENTENCED WITHOUT REGARD TO THE STATUTORY SENTENCING ENHACEMENT PROVISION OF 13A-12-250 AND 13A-12-270.

HOWEVER THE ALABAMA COURT OF CRIMINAL APPEALS HELD THAT APPRENDI DOES NOT APPLY RETROACTIVELY TO CASES ON COLLATERAL REVIEW (RULE 32 PETITION) SEE SANDERS VS STATE, 815 So.2D 590 (ALA. CR. APP. 2001), SEE ALSO EX PARTE SKINNER, 843 So.2D 831 (ALA. 2002).

PETITIONER ARGUES THAT THE HOLDING IN SANDERS AND SKINNER ARE OPEN TO ATTACK, THEY RELY ENTIRELY UPON THE FEDERAL CASES WHICH HAVE HELD THAT APPRENDI IS UNAVAILABLE IN 28 U.S.C. 2255 FEDERAL HABEAS CORPUS PETITION, ADDITIONALLY, WHEN THE APPRENDI ERROR RESULTS FROM COUNSEL'S INEFFECTIVENESS A COLLATERAL ATTACK IS THE ONLY REMEDY.

THE JANUARY 12, 2005 RELEASE OF BOOKER AND FANFAN WILL ALSO IMPACT THE FEDERAL CASES UPON WHICH THE POSITION THAT APPRENDI WAS AVAILABLE ON COLLATERAL REVIEW.

ALSO IT IS NECESSARY TO APPLY THE SUPREME COURT HOLDING IN APPRENDI, RESTATED IN BLAKELY THAT OTHER THAT THE FACT OF A PRIOR CONVICTION, ANY FACT THAT INCREASES THE PENALTY FOR A CRIME BEYOND THE PRESCRIBED STATUTORY MAXIMUM MUST BE SUBMITTED A JURY, AND PROVED BEYOND A REASONABLE DOUBT. THERE ARE SCENARIOS WHERE THE EXISTENCE OF A PRIOR CONVICTION MAY BE IMPLICATED OUTSIDE OF THE SENTENCING FACTOR PROHIBITIONS OUTLINED IN BLAKELY.

## ARGUMENT FIVE

COUNSEL'S FAILURE TO SUBPENAED THE FORENSIS EXPERT TO TESTIFY TO HER WRITTEN REPORT AT TRIAL

PETITIONER ARGUES THAT COUNSEL FAILURE TO SUBPENAED THE FORENSIS EXPERT TO TESTIFY VIOLATED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS WHERE NO OBJECTION TO THE ABSENCE OF THE FORENSIC EXPERT WITNESS TO TESTIFY TO HER FINDING ABOUT THE MANNER AND CAUSE OF DEATH. SEE, BAILEY VS. STATE, 574 SO. 2D 1001 (ALA. CR. APP. (1990) WHICH STATE,

IN BAILEY; THE PROBLEM REGARDING THE ULTIMATE ISSUE LIMITATION IS SIMPLY THAT IN COMPLEX CASES INVOLVING ISSUES BEYOND THE ABILITIES OF LAYMEN, A JURY MAY NEED AN EXPERTS OPINION ON THE ULTIMATE ISSUE IN ORDER TO REACH A FAIR VERDICT.

COUNSEL FOR PETITIONER DID NOT OBJECT TO THE ABSENCE OF THE FORENSIC EXPERT. THAT WAS SUBPENAED BY THE STATE NOR DID APPELLATE COUNSEL RAISE THIS ISSUE ON MOTION FOR NEW TRIAL OR FOR APPEALS COURTS DETERMINATION THE

(16)

NEEDED THE EXPERT TO JUSTIFY TO HER POSITION WAS A MUST FOR THE PETITIONER TO DISPROVE INTENT AND TO AGREE TO WAIVE THIS WITNESS, COUNSEL SHOULD BE SEEN AS INEFFECTIVE AND DENIED PETITIONER HIS 6th AMEND. RIGHT AND ALA. CONST. RIGHT 1901 ART. 1 SEC 6. THE RIGHT TO CONFRONT AND CROSS EXAMINE THE WITNESS. TR-204.

WHEN IT BECAUSE KNOWN TO THE STATE THE FORENSIC EXPERT WITNESS HAD NOT SHOWN UP AND WAS DUE TO TESTIFY AFTER THE GUN SMITH, JOSEPH SALOM TO ESTABLISH THE CHAIN OF CUSTODY AND ALSO TESTIFY AND VERIFY HER FINDING IN THE WRITTEN REPORT. UPON NOTICE OF HER ABSENCE THE TRIAL JUDGE CALL ASIDE BAR AND EXCUSSED THE JURY WHICH LED TO A RECESS FOR THE DAY TR-154.

THE NEXT DAY A SIMILAR EVENT TOOK PLACE AFTER JEANETT BAKER TESTIMONY TR-204. A SIDE BAR WAS HELD, THE JURY EXCUSED AND THE COURT ENTERED THE FORENSIC EXPERT WRITTEN FINDINGS AND OTHER EVIDENCE WITH THE CONSENT OF THE PARTIES, ON THE ASSUMPTION ITS THE FORENSIC EXPERT THAT THE STATE IS HAVING PROBLEMS LOCATING HER WHICH DOES NOT CURE A ERROR OF THIS MAGANITUDE WHEN THE CODE OF ALABAMA 1975, AND THE ALABAMA CONST. 1901 IS QUOTED ON THE SUBJECT IN SCOTT VS. CITY OF GUNTERSVILLE, 612 So.2D 1273 (ALA. CR. APP 1992) WHICH STATES:

IN SCOTT: THE KEYSTONE OF OUR JUDICIAL SYSTEM IS THE OPPORTUNITY TO CROSS EXAMINE ONE'S ACCUSER. THE SCOPE OF CROSS EXAMINATION OF A WITNESS IS A MATTER CONTROLLED BY LAW. SECTION 12-21-137, CODE OF ALABAMA 1975.

SEC. 12-21-181: A WITNESS WHO IS AN EXPERT IN ANY ART. SCIENCE, TRADE OR PROFESSION MAY BE COMPELLED TO APPEAR AND TESTIFY TO AN OPINION AS SUCH EXPERT IN RELATION TO ANY MATTER WHENEVER SUCH IS MAT-

(17)

THE ABSENCE OF THE SUBPOENAED EXPERT IS NOT EN-OUGH CAUSE TO ~~RULY~~ BY PASS THE PETITIONER RIGHT TO CROSS-EXAMINE HER ON THE FINDINGS OF HER REPORT AND IN DOI-NG SO DENIED THE PETITIONER OF HIS 6TH AND 14TH U.S. CONST AMEND. RIGHT ALSO ALA.1901 CONST. AMEND. RIGHT ART. 1. SEC 6., THE PETITIONER HAS A RIGHT TO CONFRONT AND CROSS EXAMINE A KEY WITNESS, ITS STATED IN ROUSE VS. STATE 548 So.2D 643 (ALA. CR. APP. 1989).

"THE CONSTITUTIONAL RIGHT OF CONFRONTATION AND CROSS-EXAMINATION TO THE EXTENT GUARAN-TEED BY THE SIXTH AND FOURTEENTH AMENDMENTS CANNOT BE SIDESTEPED BECAUSE IT HAPPENS TO BE CONVENIENT ONE OF THE PARTIES." HOLAM VS. WASHINGTON 316 F. 2D 618. 623 (5TH CIR. 1966). MERE ABSENCE DOES NOT ESTABLISH UNAVAILABILITY.

~~LOYA~~ WITHOUT THE FORENSIC EXPERT TESTIMONY THE STATE ONLY RELIED ON THE UNSUPPORTED AND INCONSISTANCE TEST-IMONY OF EYEWITNESSES. LATARSHA WINSTON. TR.116-138. JEANETTE BAKER. TR.156-202. AND LEOTTE BAKER. TR.226-242 TO RELIE ON THIER ACCOUNT OF THE SHOOTING AND INTRODUCE A KEY PIECE OF EVIDENCE BEING THE FORENSIC EXPERT WR-ITTEN REPORT WITH HER TESTIMONY BEING NECESSARY AND RELEVANT TO THE PETITIONER DEFENSE TO ESTABLISH BEFORE HE JURY HE DID NOT INTENTIONALLY SHOOT THE DECEASE AND WAS DENIED THIS FUNDAMENTAL RIGHT THUS CREATING A DIS-ADVANTAGE INFECTING PETITIONER ENTIRE TRIAL SEE SMITH S. STATE. 756 So.2D 892 (ALA. CR. APP. 1997)

IN SMITH, THE AUTOPSY PHOTOGRAPHS WERE RELEVANT TO SHOW THE LOCATION AND SEVERITY OF THE VICTIM'S WOUNDS THEY ALSO PROVIDED RELEVAT INFORMATION. BASED UPON SCIENTIFIC TESTIMONY. ABOUT THE LOCATION OF THE GUN WHEN THE VICTIM WAS SHOT. THE ORDER IN WHICH THE WOUND WERE INFLICTED AND THE CAUSE OF THE VICTIM

TRIAL COUNSEL CONDUCT IS UNACCEPTABLE BECAUSE
E DID NOT DEFEND HIS CLIENT ON THE FACT IT WAS AN
CCIDENTAL SHOOTING. MR. OWENS THE OTHER TRIAL COUNSEL
K JOSEPH SALOOM AT TR-152 ABOUT THE ENTRY OF THE WOUND

   8; WAS THERE ANY EFFORT TO DETERMINE
      WHETHER OR NOT THE ENTRY POINT OF THE
      WOUND ON THIS SUBJECT WAS MADE AT
      ANY PARTICULAR ANGLE OR NOT?

   A; I HAVE NO KNOWLEDGE OF THAT. YOU'LL
      HAVE TO ASK DR. WARD. SEE TR-152

ILMORE VS. TAYLOR, 508 U.S. 335, 343 (1993)


   IT IS CLEAR FROM THE TRANSCRIPT RECORD HAD THIS EX-
ERT TESTIFIED TO HER FINDING BEFORE THE JURY IT'S A GREAT
HANCE THE OUTCOME WOULD OF BEEN DIFFERENT WHERE TH
VIDENCE WOULD BEEN SEEN IN A DIFFERENT LIGHT. APPE-
LATE COUNSEL FAILED TO RECOGNIZE THIS "PREREQUISITE"
WHERE IT'S THE DUTY OF THE PROSECUTOR TO PROVE IN THIS CASE
U "INTENTIONAL" MURDER" IN THE PRESENTATION OF EVIDENC
THEREFORE APPELLATE COUNSEL HAS FAILED IN HIS DUTY. SEE EVITT
3. LUCEY, 469 U.S. 387, 83 L.ED. 2D 821, 105 S. CT 830 (1985),


            ARGUEMENT SIX
   COUNSEL'S FAILURE TO OBJECT TO THE STATE ADMITT-
ANCE OF EVIDENCE WHEN A PROPER CHAIN OF CUSTODY
JAS NEVER ESTABLISHED.


   TO PROPERLY ESTABLISH A PROPER CHAIN OF CUSTODY, IT'S THE
UTY OF PROSECUTOR ON THE ADMITTANCE OF ANY EVIDENCE TO
ROVE THE PROPER CUSTODY. CARE AND SECURITY OF EVIDENCE THAT
S TO BE USED AT TRIAL. TRIAL COUNSEL WERE INEFFECTIVE
JR HIS FAILURE TO OBJECT AND TO CROSS EXAMINE WITNESS T
NQUIRE AND DETERMINE THE CONTENT, CONDITION AND THE
UMBER OF ITEMS RECEIVED BY EACH PERSON FOR THIER EXAM-
JUATION. JOESPH SALOOMS THE ONLY PERSON TESTIFYING TO
JHAT HE RECEIVED FROM KATHERINE T. RICHERT, AND NO OTH
ERSON TESTIFIED TO RECEIVING, SENDING OR TO THE SAFEGU

(19)

OF THE ITEMS ADMITTED INTO EVIDENCE. SEE LEE VS. STATE 748 SO. 2D 904 (ALA. CR. APP. 1999)

IT'S ONLY AN UNSUPPORTED STATEMENT AS TO WHERE AND HOW KATHERINE T. RICHERT RECIEVED THE EVIDENCE FROM BECAUSE SHE NEVER TESTIFIED TO THAT FACT, OF WHAT SHE DID WITH THE PACKAGE ONCE SHE RECIEVED IT, THUS SHOWING A BREAK IN THE CHAIN OF CUSTODY. ALSO EMILY WILLARD, M.D. DEPUTY MEDICAL EXAMINER NEVER TESTIFIED TO WHOM SHE SENT HER FINDINGS OF HER EXAMINATION TO NOR WHAT SHE SENT, IT'S AT ALL ON THE ASSUMPTION OF JOESPH SALOOM AND HE CANNOT SPEAK FOR THE OTHER PARTIES TO ESTABLISH A CHAIN OF CUSTODY. SEE TR_141, WHICH STATE.

TR_142. Q. MR SALOOM, IN THIS PARTICULAR CASE, DID YOU RECEIVE SOME ITEMS OF EVIDENCE, SPECIFICALLY SOME EVIDENCE FROM EMILY WARD OF THE DEPARTMENT OF FORENSIC SCIENCES AND ALSO FROM DONALD TRUITT WITH THE ROANKE POLICE DEPARTMENT?

A. YES, I DID.

(WHEREUPON, ITEMS WERE MARKED AS STATE EXHIBITS 1 THROUGH FOUR FOR IDENTIFICATION), TR-144

ALSO THE ADMITTANCE OF STATE EXHIBIT 5 AND 6 IS VERY DECEPTIVE AT TR_147.

PETITIONER BRINGS TO THIS COURT ATTENTION THAT STATE EXHIBIT 1 THROUGH 4 IS DATED AS BEING RECEIVED ON AUGUST 24, 2001, AND STATE EXHIBIT 5 AND 6 IS OCTOBER 9, 2001 FROM KATHERINE T. ROCHERT, THUS MAKING THE STATES EXHIBIT INADMISSABLE DUE TO A FAILURE TO ESTABLISH A PROPER CHAIN OF CUSTODY. ITS STATED IN COOK VS. STATE, 624 SO. 2D 511 (ALA. 1993)

IN COOK, A LINK WAS ALSO MISSING IN THE CHAIN OF CUSTODY OF THE CIGARETTE BUTTS, SCABBARD, GAUZE AND SOCKS. ALTHOUGH WALDON TESTIFIED THAT SHE DIRECTED AND OBSERVED THE COLLECTION, THE STATE DID NOT

ESTABLISH WHEN THESE ITEMS WERE SEALED OR HOW THEY WERE HANDLED OR SAFEGUARDED FROM THE TIME THEY WERE SEIZED UNTIL ROWLAND RECEIVED THEM. THIS EVIDENCE WAS INADMISSIBLE UNDER HOLTON.

PETITIONER POINTS OUT NO OBJECTION WAS MADE BY TRIAL COUNSEL AND ON CROSS EXAMINATION AT TR-149-150, ONLY ASKED QUESTION THAT COMES CLOSE TO ATTACKING THE FAILURE TO PROVE A SOLID CHAIN OF CUSTODY.

## ARGUEMENT SEVEN

### COUNSEL'S FAILURE TO OBJECT TO JI

IT WAS ERROR FOR JUDGE TOM F. YOUNG JR. TO DISMISS THE RULE 32. PETITION, WHEN HE DID NOT HAVE PERSONAL KNOWLEGE OR THE TRIAL.

PETITIONER ARGUES THAT THE CIRCUIT COURT JUDGE TOM T. YOUNG JR. OF RANDOLPH COUNTY WAS IN ERROR IN DISMISS PETITIONER'S RULE 32. PETITION WHERE HE WAS NOT THE JUDGE WHO PRESIDED OVER THE ORIGINAL TRIAL. THEREFORE LACKING THE "PERSONAL KNOWLEDGE REQUI-RED TO DISMISS SAID PETITION WITHOUT ADDRESSING THE MERE

PETITIONER ARGUES THAT HONORABLE RAY D. MARTIN WAS THE CIRCUIT COURT JUDGE WHO PRESIDED OVER THE TRIAL SEE PAGE 86 OF THE RECORD BEFORE THIS COURT. EX PAR-TE WALKER, 800 So. 2D 135 (ALA. 2000) AT 138.

IN WALKER, A CIRCUIT COURT MAY SUMMINURY DIS-MISS A RULE 32. PETITION WITHOUT AN EVITINTIARY HEA-RING IF THE JUDGE WHO RULE ON THE PETITION HAS PERSON-AL KNOWLEGE OF THE ACTUAL FACTS. (SEE PAGE 86 - PAGE 139 PAGE 86 IS THE PRESIDED JUDGE, PAGE 139, IS THE JUDGE WHO DISMISS RULE 32. PETITION.)

# ARGUMENT

PETITIONER PRESERVED FOR REVIEW THE COURT'S ERRONEOUS INSTRUCTION ON THE LAW OF ACCIDENT WHEN HE PRESENTED ARGUMENT REGARDING THE LAW OF ACCIDENT AND THEN TIMELY OBJECTED TO THE COURT'S PROPOSED INSTRUCTION.

FIRST, PETITIONER CLAIMED ON APPEAL THAT THE JURY INSTRUCTIONS WERE INADEQUATE AND INSUFFICIENT TO ADEQUATELY APPRIZE THE JURY OF HIS PRIMARY DEFENSE OF ACCIDENT.

THE ALABAMA COURT OF CIVIL APPEALS UPHELD THE ACTIONS BY THE CIRCUIT COURT OF RANDOLPH COUNTY BY FINDING THAT THE "THE PETITIONER FAILED TO PROPERLY OBJECT TO THE TRIAL COURT'S CHARGE." (MEMORANDUM OPINION, AT PAGE 58, OF THE RECORD BEFORE THIS COURT.)

THE COURT OF CIVIL APPEALS OPINION VIOLATES THE VERY PRINCIPLES OF ROBINSON VS. STATES, 441 So. 2D 1045 (ALA. CR. APP 1983), WHICH IT CITES AS AUTHORITY. ROBINSON HELD THAT A PARTY SEEKING A REVERSAL ON APPEAL MUST NOT ONLY ARGUE VALID GROUNDS OF REVERSIBLE ERROR COMMITTED BELOW, BUT HE MUST ALSO HAVE PRESERVED ERROR FOR REVIEW BY PROPER PROCEDURAL MECHANISM." HOWEVER, YOUR PETITIONER'S TRIAL COUNSEL ARGUED FOR PARTICULAR INSTRUCTIONS. (TR. 375-376)

THEN LATER, THE TRIAL COUNSEL OBJECTED TO THE STATE'S REQUESTED CHARGE OF LAW OF ACCIDENT. (TR. 378-379). TRIAL COUNSEL REFERENCED HIS EARLIER ARGUMENTS (TR. 379); NEVERTHELESS, THE COURT ISSUED THE STATE'S REQUESTS YET REMOVED ALL MENTIONS OF NEGLIGENCE. (TR. 389). WHEREFORE, THE TRIAL COUNSEL OBEYED THE PROPER PROCEDURAL MECHANISMS YET THE ALABAMA COURT OF CRIMINAL APPEALS REFUSED TO REVIEW THE MERITS OF THE UNDERLYING CLAIMS.

(22)

THE PETITIONER WAS ENTITLED TO A MUCH MORE THOROUGH AND COMPLETE EXPLANATION OF THE LAW OF ACCIDENTAL HOMICIDE. EVERY ACCUSED IS ENTITLED TO HAVE CHARGE GIVEN, WHICH WOULD NOT BE MISLEADING, WHICH CORRECTLY STATE THE LAW OF HIS CASE, AND WHICH ARE SUPPORTED BY ANY EVIDENCE, HOWEVER, WEAK, INSUFFICIENT, OR DOUBTFUL. KOPPERSMITH VS. STATE, 742 So. 2D 206, 208 (ALA. CRIM. APP. 1999)

## ARGUMENT

ON DIRECT APPEAL, THIS ISSUE WERE EXHAUSTING ON THE ALABAMA SUPREME COURT; THE TRIAL COURT PREJUDICIALLY ERRED WHEN IT REFUSED TO CHARGE THE JURY CONCERNING A LESSER INCLUDED OFFENSE WHEN CLEAR EVIDENCE WAS PRESENTED THAT SUPPORTED SUCH AN INSTRUCTION AND THE COURT OF CRIMINAL APPEALS VIOLATED PRIOR CASE LAW BY AFFIRMING SUCH ERROR.

IN ADDITION TO THE ABOVE THE COURT OF CRIMINAL APPEALS ERRED BY AFFIRMING THE TRIAL COURTS REFUSAL TO CHARGE THE JURY ON THE LESSER INCLUDED OFFENSE OF CRIMINALLY NEGLIGENT HOMICIDE. CRIMINALLY NEGLIGENT HOMICIDE MAY BE A LESSER INCLUDED OFFENSE OF MURDER.

PETITIONER WAS INDICTED FOR THE INTENTIONAL MURDER OF JERMICAN FOSTER. CRIMINALLY NEGLIGENT HOMICIDE MAY BE A LESSER INCLUDED OFFENSE OF MURDER. SEE WATSON VS. STATE 504 So. 2D 339 (ALA. CR. APP. 1986)

AN INDIVIDUAL ACCUSED OF THE GREATER OFFENSE HAS A RIGHT TO HAVE THE COURT CHARGE ON THE LESSER INCLUDED OFFENSE INS THE INDICTMENT WHEN THERE IS A REASONABLE THEORY FROM THE EVIDENCE SUPPORTING HIS POSITION; KOPPERSMITH, AT 208. IN FACT IT IS THE SAFER RULE TO CHARGE UPON ALL THE DEGREES OF HOMICIDE INCLUDED IN THE INDICTMENT.

WHEN A PARTY IS ON TRIAL FOR MURDER UNLESS IT IS PERFECTLY CLEAR TO THE JUDICIAL MIND THAT THERE IS NO EVIDENCE TENDING TO BRING THE OFFENSE WITHIN SOME PARTICULAR DEGREE, MCCONNICO VS. STATE, 551 So. 2D 424, 426 (ALA, CR. APP 1988).

PETITIONER PRESENTED DIRECT AND INDIRECT EVIDENCE FROM WHICH A REASONABLE THEORY OF CRIMINALLY NEGLIGENT HOMICIDE COULD BE DERIVED, IN LIGHT OF THE ABOVE REFERENCED CASE LAW AND POLICY HE WAS ENTITLED A CHARGE ON CRIMINALLY NEGLIGENT HOMICIDE THE LESSER INCLUDED OFFENSE OF MURDER

PETITIONER TESTIFIED THAT SOMEBODY PULLED HIM AND THE GUN WENT OFF THAT THE GUN DISCHARGED ACCIDENTALLY, AND THAT HE WAS NOT TRYING TO SHOOT THE VICTIM NOR SHAWN BAKER. (TR. 354-355)"

UNDER ALABAMA LAW AN ACCIDENTAL KILLING MAY SUPPORT A CONVICTION FOR MURDER, MANSLAUGHTER, OR NEGLIGENT HOMICIDE DEPENDING ON THE CIRCUMSTANCES OF THE CASE, WATSON VS. STATE, 504 So. 2D 339 (ALA. CR. APP. 1987). (THIS ISSUE IS IN THE PETITION FOR WRIT OF CERTIORARI FROM DIRECT APPEAL).

THE FACTS ARE THIS PETITIONER HAS EXHAUSTED REMEDIES AT STATE COURT LEVEL SUFFICIENT ENOUGH TO ENTER INTO FEDERAL COURT BY AVENUE OF 28 USC 2254, SMITH VS. WHITE, 719 F. 2D 390 1983,

IN LIGHT OF LIMITED JURISDICTION OF THE ALABAMA SUPREME COURT FEDERAL HABEAS PETITIONER IS NOT REQUIRED AFTER AFFIRMANCE OF CONVICTION BY THE ALABAMA CRIMINAL COURT OF APPEALS TO SEEK WRIT OF CERTIRAI FROM ALABAMA SUPREME COURT FOR THE PURPOSE OF EXHAUSTING STATE COURT REMEDIES.

AT THE ENTRY OF THIS 2254, HABEAS CORPUS BY AND THROUGH THE AUTHORITY OF BUNDY VS. WAINWRIGHT, 808 F. 2D 1410, 1415,

(54)

THIS PETITIONER HIGHLY REQUEST THAT THIS COURT PLACE THE BURDEN UPON THE STATE OF ALABAMA TO COME FORWARD WITH ALL THE RECORDS OF ANDREW PHILIP BURDEN TRIAL TRANSCRIPT ALL BRIEFS FILED BY ATTORNEYS, DEFENSE AND ADVERSE, COPIES OF THE RULE 32, FILED BY THE PETITIONE BURDEN COPIES OF ALL OF THE STATE'S MOTIONS;

HEREAFTER THE PETITIONER, ANDREW PHILIP BURDENS RESPECTFULLY REQUEST THIS COURT TO MAKE A SUBSTANTIVE REVIEW OF HIS TRIAL TRANSCRIPT AND THE DIRECT APPEAL PROCEDURES, THEREOF, THESE RECORDS WILL SEPECTICALLY SHOW THE PREJUDICIAL IMPACT ON SUBJECT MATTERS CAUSING HIS TRIAL TO BE FUNDAMENALLY UNFAIR

HERETO, AND AFTER, THIS PETITIONER PLEAS IN GOOD FAITH AND GOOD CAUSE THIS COURT WILL ALLOW HIM TO PROCEED ON ISS- UES RAISED ON DIRECT APPEAL AND POST-CONVICTION RULE 32 AND APPEAL PROCEDURES AND ALL THE ISSUES WITHIN,

## CONCLUSION

WITH ALL THE PREMISES CONSIDERED THIS PETITIONER PLEAS IN GOOD FAITH FOR THIS COURT TO GRANT THIS FOREGOING 28 USC 2254, HABEAS CORPUS, SET A DATE FOR EVIDENTIARY HEARING MAKE ORDERS FOR THE ATTORNEY GENERAL'S OFFICE TO COME FOR- WARD WITH ALL THE RECORDS, APPOINT LEGAL COUNSEL TO ASSIST PETITIONER WITH THIS PROCEDURE OF 2254 HABEAS CORPUS,

PETITIONER PRAYS FOR THE RELIEF SOUGHT IN GOOD FAITH AND GOOD CAUSE,

RESPECTFULLY SUBMITTED THIS THE 22 DAY OF NOV 2005,

Andrew P. Burden 148280
100 WARRIOR LANE
BESSEMER AL 35023

(25)