THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW PHILLIP BURDEN, AIS 148280, | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) ) | CIVIL ACTION NO. 05-CV-1128-F |
| WARDEN KENNETH JONES, and THE ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ) ) ) ) | |
| Respondents. | ) | |

RECEIVED
2006 FEB -3 P 3: 40
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

3:05cv1128-WKW

## ANSWER

**GENERAL RESPONSE**

Come the Respondents in the above-styled cause, by and through the Attorney General of the State of Alabama, and, in response to this Honorable Court's Order dated December 6, 2005, state the following:

1. Without waiving any possible other defenses (e.g. time bar, unmeritorious or unsupported claims), Respondents assert that the instant petition is due to be dismissed because the claims therein have either been procedurally defaulted, or are state law claims inappropriate for federal review, or are due to fail as unsupported by allegations and proof of conflict with relevant United States Supreme Court precedent.

2. Respondents deny that Burden is innocent, that the State of Alabama has violated any of Burden's federal or state constitutional rights, and deny each and every ground that Andrew Phillip Burden ("Burden") asserts for relief and demand strict proof thereof.

3. Respondents admit that Burden is currently in the custody of the State of Alabama pursuant to his conviction and sentence for murder. According to the State's most recent records, Burden is currently housed in the Donaldson Correctional Facility at 100 Warrior Lane; Bessemer, Alabama 36025.

## PROCEDURAL HISTORY

### Trial and Direct Appeal

4. On October 30, 2002, Burden was convicted of murder in Chambers County Circuit Court. (Exhibit A at R. 396)[1] On December 2, 2002, Burden was sentenced to serve a life prison term on his murder conviction. (Id., at R. 466)

5. Burden filed a direct appeal of his conviction, and, on October 24, 2003, the Alabama Court of Criminal Appeals affirmed his conviction. (See Exhibit B.) Burden filed a petition for state supreme court certiorari review; the Alabama Supreme Court denied his petition, and, on March 12, 2004, the Alabama Court of Criminal Appeals entered the related certificate of judgment. (Exhibit C) In his direct appeal brief and state certiorari petition, Burden raised two issues: (1) The

---

[1] Volume I of this exhibit will be forwarded to the court when it is located.

trial court improperly charged the jury on the law governing accidental shootings, and (2) the trial court should have instructed the jury on the crime of criminally negligent homicide. (See Exhibit W at pages 5-8 and Exhibit X.) The Court of Criminal Appeals rejected the first claim as unpreserved and rejected the second claim as unsupported. (Exhibit B at pages 5-8)

### Burden's Rule 32 Post-Conviction Petition

6. On January 20, 2005, Burden filed a Rule 32 post-conviction petition in Chambers County Circuit Court, alleging various claims. (Exhibit D at C. 9-71) On March 8, 2005, the trial court summarily dismissed Burden's Rule 32 petition. (Exhibit D at C. 139) On June 10, 2005, the Court of Criminal Appeals affirmed this dismissal. (Exhibit E) In the related petition for writ of certiorari to the Supreme Court of Alabama, Burden raised the following claims:

    (a)    the trial court judge allegedly improperly failed to grant an evidentiary hearing on his Rule 32 petition merely because such judge did not preside over the trial of his case (Exhibit Y at pages 3-4);

    (b)    alleged ineffective assistance (IA) by his trial counsel for failing to challenge the sufficiency of the evidence (Exhibit Y at page 4);

    (c)    the trial court allegedly improperly instructed the jury on the concept of "reasonable doubt" (Exhibit Y at page 4), and

    (d)    the trial court somehow did not have jurisdiction to try and sentence him.

(Exhibit Y at page 4) (No specifics were cited for this claim.)

7. No other claims were raised in Burden's petition for writ of certiorari regarding the dismissal of his Rule 32 petition. (Exhibit Y at pages 1-5)

8. On October 14, 2005, the Supreme Court of Alabama denied Burden's Rule 32-related petition for writ of certiorari. (Exhibit F)  On October 14, 2005, the same Court entered the related certificate of judgment. (Exhibit F)

### The Instant Federal Habeas Petition

9. On November 22, 2005, Burden filed the instant federal habeas petition, wherein, after first setting out a vague, generalized IA claim, he asserts the following less generalized, though still vague and non-specific, claims:

(1) IA of trial (and apparently appellate) counsel for failure to challenge the sufficiency of the evidence;

(2) IA of trial counsel for failure to object to the trial court's instruction on "reasonable doubt";

(3) IA of trial counsel for alleged failure to object to the trial court's alleged lack of jurisdiction, particularly the jurisdiction to sentence him under the Alabama Habitual Felony Offender Act (AHFOA), assuming the State allegedly failed to prove his prior convictions;

(4) IA of trial counsel for alleged failure to subpoena a forensics expert;

(5) IA of trial counsel for alleged failure to object to an allegedly improper chain of custody, and,

(6) That the summary dismissal of his Rule 32 petition by the trial court judge was allegedly improper merely because the same judge did not hear the trial of his case;

4

(7) An allegedly improper failure by the trial court to instruct the jury on an unspecified lesser-included offense;

(8) An allegedly improper trial court jury charge on the "law of accident".

## APPLICATION OF THE TITLE 28 U.S.C. §2244(d) LIMITATION PERIOD

10. According to the Respondents' initial calculations, Burden's Section 2254 petition was timely filed.

## EXHAUSTION AND PROCEDURAL DEFAULT

11. Burden's claim (1) regarding his trial and appellate counsel's handling of the sufficiency issue is unexhausted and procedurally defaulted because, although it was presented to the Supreme Court of Alabama, it was not "fairly presented" to either that court or to the Court of Criminal Appeals. In Baldwin v. Reese, 124 S. Ct. 1347 (2003), the Supreme Court defined what "fair presentation" of a federal claim to a state court is, ruling that "a state prisoner does not 'fairly present' a federal claim to a state court if that court must read beyond a petition or a brief (or a similar document) that [itself] does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 124 S. Ct. at 1351. Here, as shown by the Court of Criminal Appeals' rejection of this claim on procedural grounds regarding an obvious failure to properly plead the claim under Rule 32.6(b), A.R.Cr. P. (See Exhibit E at page 3.), Burden did not fairly present this claim.

5

12. The following excerpt from a 2000 recommendation by Southern District Federal Magistrate Judge Kristi [Lee] Dubose buttresses this view:

> Concerning ineffective assistance of appellate counsel, respondent argues that the Alabama Court of Criminal Appeals' decision that dismissal was proper for failure to comply with Ala.R.Cr.P. 32.6(b) is a valid procedural bar to plaintiff's claim which requires this Court to decline review. <u>Wainwright v. Sykes</u>, 433 U.S. 62 (1977); <u>Cooper v. Wainwright</u>, 807 F.2d 881 (11th Cir. 1986). Second, respondent argues that the claim for ineffective assistance of appellate counsel is barred because the petitioner presented no facts to support this claim to the state court; grounds for relief not presented to the state courts and which have been procedurally barred under state rules are also procedurally barred from habeas corpus review in federal court. <u>Parker v. Dugger</u>, 876 F.2d 1470, 1478 (11th Cir. 1989), <u>reversed on other grounds</u> 498 U.S. 308 (1991).
>
>   *   *   *
>
> After consideration of all matters presented, the undersigned agrees that petitioner's claim of ineffective assistance of appellate counsel is procedurally defaulted because the claim was barred on independent and adequate state grounds by the Alabama Court of Criminal Appeals. That Court's determination that dismissal was proper because "Reed's petition failed to meet the requirement of Rule 32.6(b), that a petition 'contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds,' " constitutes a sufficient statement resting on independent and adequate state grounds to bar review of the appellate counsel claim by this Court.

<u>Reed v. Jones</u>, CV No. 97-563-RV-L, Mag. op., (S.D. Ala. Aug. 28, 2000). In other words, Burden failed to "fairly present" this claim of ineffective assistance in state court, as required by <u>Baldwin v. Reese</u>, 124 S. Ct. at 1351, and it is now too late to do so. Consequently, the claim is unexhausted and procedurally defaulted.

6

[Where the claim is presented in state court and the last state court to review it states "clearly and expressly" that its judgment rests on a procedural bar, and the bar is an independent and adequate state ground for denying relief, federal courts may not review the claim. Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989); Baldwin v. Johnson, 152 F.3d 1304, 1314 (11th Cir. 1989); Hill v. Jones, 81 F.3d 1015, 1022 (11th Cir. 1996), cert. denied, 519 U.S. 1119 (1997).]

13. Next, as shown by comparing the list of claims in paragraph 6. herein with the list in paragraph 9. herein, Burden's IA claims (2) through (5) have not been exhausted and are procedurally defaulted because they were never presented to the Supreme Court of Alabama as required by O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (claims must be fairly presented to a state supreme court in a petition for discretionary review to satisfy the exhaustion requirement, when discretionary review is part of the state's ordinary appellate review procedure); in addition, it is now too late to so present them. Consequently, these claims are unexhausted and procedurally defaulted.

14. In review, Burden failed to properly exhaust his claims (1) through (5) listed in paragraph 9. above. Therefore, concerning these claims, Burden has failed to comply with the requirement of Title 28 U.S.C. Section 2254, which provides:

7

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that the appellant has exhausted the remedies available in the courts of the states, or that there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

28 U.S.C. §2254(b). According to the United States Supreme Court:

> [the] exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.... Under standards established by [the Supreme] Court, a state prisoner may initiate a federal habeas petition [o]nly if the state courts have had the first opportunity to hear the claim sought to be vindicated.... It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied.

Vasquez v. Hillery, 474 U.S. 254, 257 (1986). Here, claims (1) through (5) are unexhausted and thus are barred from this Court's review.

15. In further summary, Burden has procedurally defaulted his claims (1) through (5) listed in paragraph 9. above because a habeas corpus petitioner who fails to raise his federal claims properly in state court, and can no longer do so, is procedurally barred from pursuing the same claims in federal court. Wainwright v. Sykes, 433 U.S. 72, 87, 97 S. Ct. 2497, 2506, 53 L. Ed. 2d 594 (1997).

16. A habeas petitioner can escape the procedural default doctrine only by showing cause for the default and prejudice therefrom, Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397(1986), or establishing a "fundamental miscarriage of justice." Schlup v. Delo, 513 U.S. 298, 324-27, 115 S. Ct. 851,

8

865-67, 130 L. Ed. 2d 808 (1995). The latter requires a showing of actual innocence. Id. To establish "cause" for a state procedural default, a Section 2254 petitioner must show "that some factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. at 488, 106 S. Ct. at 2645. Burden has shown none of these factors.

17. Burden's claim (6) listed in paragraph 9. above, wherein he challenges the propriety of the trial court's summary dismissal of his Rule 32 petition, is not a federal claim. Furthermore, it is not even presented by Burden as a federal claim. (See Burden's Section 2254 petition at page 8 and his brief-in-support at page 21.) This claim is merely a state procedural law challenge that is clearly governed by Rule 32.7(d), A.R.Cr.P., which sanctions summary dismissal "if the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief . . ." This rule does not require, as Burden would have this court believe, that only the circuit judge who presided over the trial has the right to dismiss a Rule 32 petition without a hearing. Hence, this claim must fail, not only because it is not a federal claim (and thus presents no possible conflict with United States Supreme Court authority), but also because it is completely baseless.

18. Similarly, Burden's claim (7) listed in paragraph 9. above wherein he challenges the trial court's lack of a jury instruction on Alabama law governing

criminally negligent homicide, is also not a federal claim (and thus presents no possible conflict with United States Supreme Court authority). Furthermore, it is not even presented by Burden as a federal claim – not here, and certainly not at the state level. (See Burden's Section 2254 petition at page 8 and his brief-in-support at page 23-24.) This claim is merely a state jury charge law challenge that is clearly governed by state precedent viewing such claims as defective, when, as here, there was no proof the defendant was unaware of the risk his behavior was causing. (See Exhibit B at 6-8.)

19. Similarly, Burden's claim (8) listed in paragraph 9. above wherein he challenges the propriety of the trial court's jury instruction on Alabama law governing accidental shootings is also not a federal claim. Furthermore, it is not even presented by Burden as a federal claim – not here, and certainly not at the state level. (See Burden's Section 2254 petition at page 8 and his brief-in-support at page 22.) This claim is merely a state jury charge law challenge clearly governed by state precedent. Additionally, this claim is procedurally defaulted in this Court because Burden failed to raise it in the state trial court, and the Alabama Court of Criminal Appeals (the last state court to address the claim) so noted this deficiency and barred the claim as unpreserved, i.e. as procedurally barred under state law. (See Exhibit B at pages 5-6.) See Harris v. Reed, 489 U.S. 255, 263 (1989).

## ALTERNATIVE ARGUMENT ON BURDEN'S INEFFECTIVE ASSISTANCE CLAIMS

20. If Burden's various ineffective assistance claims were somehow not procedurally defaulted, they are, alternatively, destined to fail on the merits.

21. To establish ineffective assistance under the oft-cited <u>Strickland</u> test, a petitioner must, in summary, prove:

>(1) that his counsel's performance was deficient, which requires a showing that his counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and,

>(2) that the deficient performance prejudiced the defendant, which requires a showing that a different outcome of the trial probably would have resulted <u>but for</u> counsel's allegedly ineffective performance.**Error! Bookmark not defined.**

<u>Strickland v. Washington</u>, 466 U.S. 668, 687-690 (1984).

22. Again, the proper standard for judging attorney performance is reasonably effective or reasonably competent assistance. <u>Strickland</u>, 466 U.S. at 688. This standard is objective; that is, reasonableness must be judged under prevailing professional norms. <u>Strickland</u>, 466 U.S. at 688. Judicial scrutiny of defense counsel's performance must be highly deferential. <u>Strickland</u>, 466 U.S. at 689. Courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and the burden is on the defendant to overcome this presumption, <u>particularly a presumption that counsel's action might be considered sound trial strategy</u>. <u>Strickland</u>, 466 U.S. at 689.

23. Burden has simply failed to set out any supported claims that his counsel's alleged shortcomings represented deficient performance outside of sound trial strategy, and certainly has failed to even allege any true prejudice therefrom, i.e. a changed result, namely a "not guilty verdict". Consequently, all of his IA claims are, alternatively, due to fail as unsupported.

## CONCLUSION

Because all of the claims in Burden's Title 28 U.S.C. Section 2254 petition are procedurally defaulted, and/or constitute state law claims not cognizable under federal law, or, alternatively, are completely unsupported by allegations and proof of conflict with United States Supreme Court authority, his petition is due to be dismissed with prejudice.

Respectfully submitted,

Troy King
Attorney General
By:

*Hense R. Ellis II*
Hense R. Ellis II
Deputy Attorney General

## EXHIBITS

| | |
|---|---|
| Exhibit A | Chambers County Circuit Court Clerk's record of Burden's conviction; |
| Exhibit B | Alabama Court of Criminal Appeals affirmance of Burden's conviction; |
| Exhibit C | Certificate of Judgment regarding Burden's direct appeal; |
| Exhibit D | Chambers County Circuit Court Clerk's record of Burden's Rule 32 petition proceedings; |
| Exhibit E | Alabama Court of Criminal Appeals' affirmance of the dismissal of Burden's Rule 32 petition; |
| Exhibit F | Certificate of Judgment regarding Burden's Rule 32 petition appeal; |
| Exhibit W | Burden's brief on direct appeal; |
| Exhibit X | Burden's petition for writ of certiorari on direct appeal; |
| Exhibit Y | Burden's petition for writ of certiorari regarding the affirmance of the summary dismissal of his Rule 32 petition. |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2006, a copy of the foregoing was served on the petitioner by placing the same in the United States mail, first class postage prepaid and addressed as follows:

>Andrew Phillip Burden
>AIS #148280
>Donaldson Correctional Facility
>100 Warrior Lane
>Bessemer, AL  35023

*/s/ Hense R. Ellis II*
Hense R. Ellis II
Deputy Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery AL  36130-0152
(334) 242-7300
95760/BURDEN
88441-001