COURT OF CRIMINAL APPEALS NO. CR, 04-1200

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

## FROM

## CIRCUIT COURT OF ___RANDOLPH___ COUNTY, ALABAMA

CIRCUIT COURT NO. ___CC 2001 115.60___

CIRCUIT JUDGE ___TOM F YOUNG JR___

Type of Conviction / Order Appealed From: ___RULE 32___

Sentence Imposed: ___DISMISSED___

Defendant Indigent: ☒ YES  ☐ NO

___ANDREW PHILLIP BURDEN #148280___

PRO SE
(Appellant's Attorney)

___100 WARRIOR LANE___
(Address)                              (Telephone No.)

___BESSEMER___   ___AL___   ___35023___
(City)            (State)    (Zip Code)

**NAME OF APPELLANT**

V.

# STATE OF ALABAMA

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

**NAME OF APPELLEE**

(For Court of Criminal Appeals Use Only)



# INDEX

NOTICE OF APPEAL BY TRIAL COURT

PETITIONER NOTICE OF APPEAL                                          1

REPORTER'S TRANSCRIPT ORDER                                         2

DOCKETING STATEMENT                                                 3

IN FORMA PAUPERIS DECLARATION                                       4

PETITION FOR RELIEF FROM CONVICTION/SENTENCE                        6

RESPONSE OF THE RESPONDENT                                          9

DEF RULE 32 TRAVERSE TO STATE'S RESPONSE                           72

ORDER ALLOWING TO PROCEED IN FORMA PAUPERIS                        134

ORDER DISMISSING RULE 32                                           138

MOTION FOR APPLICATION OF RECONSIDERATION                          139

ORDER DENYING MOTION TO RECONSIDER                                 140

CASE ACTION SUMMARY                                                143

CERTIFICATE OF COMPLETION AND                                      144

TRANSMITTAL OF RECORD ON APPEAL BY TRIAL CLERK
                                                                   146

REV. 4/1/97

# NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
## BY THE TRIAL COURT CLERK

Andrew P Burden

**APPELLANT'S NAME**
(as it appears on the indictment)

V.

[X] STATE OF ALABAMA
[ ] CITY OF _____

**APPELLEE**

[X] CIRCUIT    [ ] DISTRICT    [ ] JUVENILE COURT OF _____

CIRCUIT/DISTRICT/JUVENILE JUDGE: _____ COUNTY

DATE OF NOTICE OF APPEAL: **March 28, 2005**

(NOTE: If the appellant is incarcerated and files notice of appeal, this date should be the date on the certificate of service, or if there was no certificate of service, use the postmark date on the envelope.)

**Filed in Office**

**INDIGENCY STATUS:**

Granted Indigency Status at Trial Court:    [ ] Yes [X] No
Appointed Trial Counsel Permitted to Withdraw on Appeal:    [ ] Yes [ ] No
Indigent Status Revoked on Appeal:    [ ] Yes [ ] No

MAR 2 9 2005

**KIM S. BENEFIELD**
Clerk of Circuit Court

**DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?    [ ] Yes [X] No

**TYPE OF APPEAL:** (Please check the appropriate block.)

[ ] State Conviction
[X] Rule 32 Petition
[ ] Probation Revocation
[ ] Mandamus Petition

[ ] Pretrial Appeal by State
[ ] Contempt Adjudication
[ ] Municipal Conviction
[ ] Writ of Certiorari

[ ] Juvenile Transfer Order
[ ] Juvenile Delinquency
[ ] Habeas Corpus Petition
[ ] Other(specify)

**IF THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E.,RULE 32 PETITION, WRIT OF HABEAS CORPUS, ETC.) OR FROM ANY OTHER ORDER ISSUED BY THE TRIAL JUDGE, COMPLETE THE FOLLOWING:**

TRIAL COURT CASE NO.: **CC 2001-115**

DATE ORDER WAS ENTERED: **March 8, 2005**

PETITION: [X] Dismissed    [ ] Denied    [ ] Granted

**IF THIS IS AN APPEAL FROM A CONVICTION, COMPLETE THE FOLLOWING:**

DATE OF CONVICTION: _____    DATE OF SENTENCE: _____

**YOUTHFUL OFFENDER STATUS:**

Requested:    [ ] Yes [ ] No    Granted:    [ ] Yes [ ] No

**LIST EACH CONVICTION BELOW:** *(attach additional page if necessary)*

1. Trial Court Case No. _____    CONVICTION: _____
   Sentence: _____

2. Trial Court Case No. _____    CONVICTION: _____
   Sentence: _____

3. Trial Court Case No. _____    CONVICTION: _____
   Sentence: _____

**POST-JUDGMENT MOTIONS FILED:** (complete as appropriate)

| | Date Filed | Date Denied | Continued by Agreement To (Date) |
|---|---|---|---|
| [ ] Motion for New Trial | | | |
| [ ] Motion for Judgment of Acquittal | | | |
| [ ] Motion to Withdraw Guilty Plea | | | |
| [ ] Motion in Arrest of Judgment | | | |
| [ ] Other | | | |

COURT REPORTER(S): _____
ADDRESS: _____

APPELLATE COUNSEL: _____
ADDRESS: _____

APPELLANT: (IF PRO SE) AIS# **148280 B-52**
ADDRESS: **100 Warrior Lane**
**Bessmer AL 35023**

APPELLEE (IF CITY APPEAL): _____
ADDRESS: _____

I certify that the information provided above is accurate to the best of my knowledge and I have served a copy of this Notice of Appeal on all parties to this action on this **29** day of **March**, **2005**.

*Kim S. Benefield*
**CIRCUIT COURT CLERK**

1

ANDREW P. BURDEN

PETITIONER

S.

STATE OF ALABAMA

RESPONDENT.

Filed in Office

MAR 2 9 2005

KIM S. BENEFIELD
Clerk of Circuit Court

CASE NO: CC-01-115.60
DATED OF JUDGMENT;
MARCH 2nd 2005.

## PETITIONER NOTICE OF APPEAL

COMES NOW THE ABOVE STYLED PETITIONER "ANDREW BURDEN, AND FILES THIS NOTICE OF APPEAL PURSUANT RULE 4 (b)(1), A.R.A.P., TO THE ALABAMA COURT OF CRIMINAL APPEALS FROM THE TRIAL COURT DISMISSAL OF RULE 32 PETITION ON MARCH 2, 2005.

DONE THIS 28TH DAY OF MARCH 2005.

RESPECTFULLY SUBMITTED

Andrew P. Burden

100 WARRIOR LANE
BESSEMER ALABAMA 35023

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE ABOVE AND FOREGOING UPON THE CIRCUIT CLERK KIM BENEFIELD RANDOLPH COUNTY, P.O. BOX 328, WEDOWEE ALABAMA, 36278, BY PLACING A COPY OF SAME IN THE UNITED STATES MAIL POSTAGE PREPAID AND PROPERTY ADDRESSED THIS DAY OF MARCH 2005.

X-Andrew P. Burden

2

Form ARAP-1C   8/91

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☑ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF      RANDOLPH
                                                                          COUNTY

ANDREW P. BURDEN                                                          Appellant

V.   ☑ STATE OF ALABAMA   ☐ MUNICIPALITY OF      WEDOWEE

Case Number                          Date of Judgment/Sentence/Order
CC-01-115                            MARCH 2, 2005
Date of Notice of Appeal             Indigent Status Granted:
Oral:                                              **Filed in Office**
            Written: MARCH 28, 2005

                                                 MAR 29 2005
                                                 KIM S. BENEFIELD
                                                 Clerk of Circuit Court

PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE AND § 12-12-72 CODE OF ALABAMA 1975).

Signature                          Date                          Print or Type Name

PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED. Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED                                    COURT REPORTER

A. ☑ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence     FRANCES L. ROARK
      proceedings, a transcript of the organization of the jury and arguments of counsel must   OFFICIAL COURT REPORTER
      be designated separately                                                                  EP261642

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and
      challenges for cause. Note that in noncapital cases the voir dire of the jury will not be
      recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will
      not be recorded unless the trial judge so directs (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

      ADDITIONAL PROCEEDINGS REQUESTED              DATE              COURT REPORTER(S)

D. _____    _____    _____

E. _____    _____    _____

F. _____    _____    _____

G. _____    _____    _____

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings," is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

Andrew P. Burden        MARCH 28, 2005        ANDREW P. BURDEN
Signature                    Date                    Print or Type Name

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to:  (1) Clerk of the Court of Criminal Appeals,  (2) the District Attorney,  (3) the Attorney General (the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction), and  (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

3

State of Alabama
Unified Judicial System
Form ARAP- 26 (front)        8/91

COURT OF CRIMINAL APPEALS
DOCKETING STATEMENT

Criminal Appeal Number

**A. GENERAL INFORMATION:**

☑ CIRCUIT COURT   ☐ DISTRICT COURT   ☐ JUVENILE COURT OF   RANDO[L] **Filed in Office**

ANDREW P. BURDENS                                                        Appellant

v.   ☑ STATE OF ALABAMA   ☐ MUNICIPALITY OF _____ LIMDOLEE   MAR 2 8 2005

KIM S. BENEFIELD
Clerk of Circuit Court

| Case Number CC-01-115 | Date of Complaint or Indictment | Date of Judgment/Sentence/Order MACH 2, 2005 |
| Number of Days of Trial/Hearing  3  Days | Date of Notice of Appeal Oral: | Written: MARCH 28, 2005 |

Indigent Status Requested: ☑ Yes ☐ No        Indigent Status Granted: ☑ Yes ☐ No

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?  ☐ Appointed  ☐ Retained.    If no attorney, will appellant represent self? ☑ Yes ☐ No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary) ANDREW P. BURDENS | Telephone Number NONE |
| Address 100 WARRIOR LANE   City BESSEMER | State ALABAMA   Zip Code 35023 |

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
| Codefendant | Case Number |
| Codefendant | Case Number |

**D. TYPE OF APPEAL:** Please check the applicable block.

1 ☐ State Conviction        4 ☐ Pretrial Order         7 ☐ Juvenile Transfer Order   10 ☐ Other (Specify)
2 ☐ Post-Conviction Remedy  5 ☐ Contempt Adjudication   8 ☐ Juvenile Delinquency
3 ☐ Probation Revocation    6 ☐ Municipal Conviction    9 ☐ Habeas Corpus Petition

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - §          6 ☐ Trafficking In Drugs - §        11 ☐ Fraudulent Practices - §
2 ☑ Homicide - § 13A-6-2          7 ☐ Theft - §                      12 ☐ Offense Against Family - §
3 ☐ Assault - §                  8 ☐ Damage or Intrusion            13 ☐ Traffic - DUI - §
4 ☐ Kidnapping/Unlawful             to Property - §                 14 ☐ Traffic - Other - §
   Imprisonment - §              9 ☐ Escape - §                     15 ☐ Miscellaneous (Specify):
5 ☐ Drug Possession - §         10 ☐ Weapons/Firearms - §                § _____

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?  ☐ Yes ☑ No

**G. TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript?  ☑ Yes ☐ No
   If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _____ (Date)
   If the answer to question "1" is "No:"
   (a) Will a stipulation of facts be filed with the circuit clerk?  ☐ Yes ☑ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions? ☐ Yes ☑ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 1(a) or 1(b).

4

TYPE OF POST JUDGMENT MOTION

DATE OF DISPOSITION

I. NATURE OF THE CASE: Without argument, briefly summarize the facts of the case.

RULE 32. PETITION DISMISSAL WITHOUT SUFF-ICIENTLY ADDRESSING THE MERITS OF HIS CLAIMS

ISSUE SIX; TRIAL COUNSEL WERE INEFFECTIVE WHEN NO PROPER HALA OF CUSTODY WAS NEVER ESTABLISHED

SUIT(S) ON APPEAL: Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary)

1. ISSUE ONE; DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND ON APPEAL.

2. ISSUE TWO; DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND ON APPEAL DUE TO INSUFFICIENCY OF THE EVIDENCE.

3. ISSUE THREE; THE COURT WAS WITHOUT JURISDICTION TO RENDER THE JUDGMENT OR TO IMPOSE THE CONVICTION DUE TO THE TRIAL COURT MISLEADING THE JURY ON ACQUITTAL BEYOND A REASONABLE DOUBT.

4. ISSUE FOUR; THE COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE SENTENCE.

5. ISSUE FIVE; EQUAL PROTECTION RIGHTS AND DUE PROCESS

K. SIGNATURE  Andrew P. Burden

march 28 2005

Signature of Attorney/Party Filing this Form

5

Case Number

| ID | YR | NUMBER |

(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

In THE CiRcuiT CouRT of RawDolph CouNTy, WEDOWEE

[Insert appropriate court]

AnDrew P. BuRDEN
(Petitioner)

vs.

STATE of AlAbAmA
(Respondent(s))

**Filed in Office**

JAN 2 0 2005

KIM S. BENEFIELD
Clerk of Circuit Court

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, Andrew P. Burden _____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No ✓

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   _____ N/A _____

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   _____ N/A _____

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?

   Yes _____    No ✓

   b. Rent payments, interest, or dividends?

   Yes _____    No ✓

   c. Pensions, annuities, or life insurance payments?

   Yes _____    No ✓

   d. Gifts or inheritances?

   Yes _____    No ✓

   e. Any other sources?

   Yes _____    No ✓

2

If the answer to any of the above is "yes", describe each source and state the amount received from each during the past twelve months.

_____ N/A _____
_____ N/A _____
_____ N/A _____

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____     No _____

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

**Filed in Office**

**JAN 2 0 2005**

**KIM S. BENEFIELD**
**Clerk of Circuit Court**

_____ N/A _____
_____ N/A _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____     No _____

If the answer is "yes", describe the property and state its approximate value.

_____ N/A _____
_____ N/A _____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____ N/A _____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____
                    (Date)

                              x Andrew P. Burden #148280
                              Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _20.00_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _William E. Donaldson_ institution:

**COPY FOR COURT**
**ATTACHED**

_1/7/05_
DATE

My Commission Expires _5/3/2008_     AUTHORIZED OFFICER OF INSTITUTION

Rule 32                                   7

) #: 148280       NAME: BURDEN, ANDREW PHILLIP          AS OF: 01/07/2005

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| JAN | 24 | $4.85 | $30.00 |
| FEB | 28 | $38.33 | $150.00 |
| MAR | 31 | $40.21 | $80.00 |
| APR | 30 | $73.03 | $210.00 |
| MAY | 31 | $87.87 | $0.00 |
| JUN | 30 | $17.70 | $50.00 |
| JUL | 31 | $3.23 | $20.00 |
| AUG | 31 | $6.65 | $40.00 |
| SEP | 30 | $6.30 | $40.00 |
| OCT | 31 | $7.81 | $45.00 |
| NOV | 30 | $0.12 | $20.00 |
| DEC | 31 | $6.99 | $40.00 |
| JAN | 7 | $8.57 | $20.00 |

COURT COPY

# PETITION FOR BELIEF FROM
# CONVICTION OR SENTENCE

## (Pursuant to Rule 32,
### Alabama Rules of Criminal Procedure)

JAN 2 0 2005

Filed in Office

**KIM S. BENEFIELD**
Clerk of Circuit Court
Case Number

| CC | 01 | 115 |
|---|---|---|
| ID | YR | NUMBER |

IN THE ___CIRCUIT___ COURT OF ___WEDOWEE___ ALABAMA

___ANDREW P. BURDEN___ vs. ___STATE OF ALABAMA___

Petitioner (Full Name)                    Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number ___148280___    Place of Confinement ___W.E.D.C.F___

County of conviction ___RANDOLPH___

**NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY
THE ACCOMPANYING INSTRUCTIONS.**

1. Name and location (city and county) of court which entered the judgment of conviction
or sentence under attack ___RANDOLPH COUNTY, WEDOWEE
ALABAMA___

2. Date of judgment of conviction ___OCT 30, 2002___

3. Length of sentence ___LIFE___

4. Nature of offense involved (all counts) ___MURDER___

5. What was your plea?   (Check one)
   (a)  Guilty _____
   (b)  Not guilty ___✓___
   (c)  Not guilty by reason of mental disease or defect _____
   (d)  Not guilty and not guilty by reason of mental disease or defect _____

9

6. Kind of trial: (Check one)

    (a) Jury _____         (b) Judge only _____

7. Did you testify at the trial?

    Yes __✓__         No _____

8. Did you appeal from the judgment of conviction?

    Yes __✓__         No _____

9. If you did appeal, answer the following:

    (a) As to the state court to which you first appealed, give the following information:

        (1) Name of court ___COURT OF CRIMINA APPEALS___

        (2) Result ___AFFIRMED___

        (3) Date of result ___OCT 24, 2003___

    (b) If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1) Name of court ___SUPREME COURT OF ALABAMA___

        (2) Result ___WRIT DENIED___

        (3) Date of result ___MARCH 12, 2004___

    (c) If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1) Name of court _____

        (2) Result _____

        (3) Date of result _____

Yes _____    No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

    (a)  (1)  Name of court _____ N/A _____

          (2)  Nature of proceeding _____ N/A _____

          (3)  Grounds raised _____ N/A _____

                              N/A _____

                              N/A _____

                              N/A _____

                              N/A _____

          (attach additional sheets if necessary)

          (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

               Yes _____               No _____

          (5)  Result _____ N/A _____

          (6)  Date of result _____ N/A _____

    (b)  As to any second petition, application, or motion, give the same information:

          (1)  Name of court _____

          (2)  Nature of proceeding _____

          (3)  Grounds raised _____

          (attach additional sheets if necessary)

          (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

               Yes _____               No _____

          (5)  Result _____

          (6)  Date of result _____

    (c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

          (1)  Name of court _____

(3)   Grounds raised _____

_____

_____

_____

(attach additional sheets if necessary)

(4)   Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5)   Result _____

(6)   Date of result _____

(d)   Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)   First petition, etc.          Yes _____          No _____

(2)   Second petition, etc.          Yes _____          No _____

(2)   Third petition, etc.          Yes _____          No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)   If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12.   Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include <u>all</u> facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

✓   A.   <u>The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.</u>

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9) Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

B. **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

C. **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

D. **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

E. **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

the facts are not merely cumulative to other facts that were known; and

5.

13

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F. **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

> "**Successive Petitions**. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No _____

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court _____

(b)  Result _____

(c)  Date of result _____
     (attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No __✓__

13. Give the name and address, if known, of each attorney who represented you at the following stages of the case:

(a) At preliminary hearing _THOMAS R. RADNEY_
_POST OFFICE BOX 819, 56 COURT SQUARE ALEX CITY, 35011._

(b) At arraignment and plea _SAME_

(c) At trial _SAME_

(d) At sentencing _SAME_

(e) On appeal _GREGORY M. VARNER_

(f) In any post-conviction proceeding _N/A_

(g) On appeal from adverse ruling in a post-conviction proceeding _N/A_
_N/A_
_N/A_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____          No _✓_

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No _✓_

(a) If so, give name and location of court which imposed sentence to be served in the future: _N/A_

(b) And give date and length of sentence to be served in the future: _N/A_

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____          No _✓_

18. What date is this petition being mailed?
_JAN 18, 2005_

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

# PETITIONER'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on ___1/14/05_____.
               (Date)

               _Andrew Burden_____
               Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _14th_ day of _JAN_____, _2005_.

               _____ MyPi 2008, OCT
               Notary Public

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____.
               (Date)

               _____
               Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, _____.

               _____
               Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_____

_____

_____

_____

_____

\* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

16

IN THE CIRCUIT COURT OF RANDOLPH COUNTY ALABAMA

Andrew P. Burden,
        Petitioner,

        vs.

State of Alabama,
        Respondent.

Case No. CC 01-114.115

**Filed in Office**

JAN 2 0 2005

KIM S. BENEFIELD
Clerk of Circuit Court

<u>AFFIDAVIT IN SUPPORT OF PETITION FOR RELIEF
FROM CONVICTION OR SENTENCE</u>

STATE OF ALABAMA

COUNTY OF JEFFERSON

        Before me , the undersigned officer duly authorized to administer oaths, personally appeared, Andrew P. Burden, who upon deposed that t the foregoing facts are true and correct.

        1.) I have this <u>14</u> day of Jan. 2005, placed the above affidavit in support of the Rule 32 Petition in the mail address as follows, to the Circuit Clerk of Randolph County, P.O. Box 328 Wedowee, Alabama 36278 .

        2.) The foregoing exhibits is attach to the Rule 32 Petition, exhibit <u>A</u> ( TR# 390-391) .

        3.) Exhibit <u>B</u> the explanation of Rights form is attach to Rule 32 ( TR- 123-137) .

        4.) Exhibit <u>C</u> the notice to Defendant of Previous conviction s (TR- 70) .

        5.) Exhibit <u>D</u> page 6 of direct appeals memorandum.

        6.) Exhibit <u>E</u> ( TR-79) .

        7.) Exhibit <u>F</u> ( TR- 206,211 and 212 ) .

17

8.) Exhibit G ( TR-163-164) .

9.) Exhibit H ( TR- 221-225).

10.) Exhibit I ( TR-367-372) .

11.) Exhibit J ( Copy of Department of Forensic Sciences ) .

Respectfully Submitted                    This the *14* day of Jan. 2005

*Andrew Burden*
Andrew P. Burden

Dated this 14 day of Jan 2005            *Andrew Burden*
                                          Andrew P. Burden

                                          Notary Public

                                          OCT 2008
                                          My Commission Expires.

18

THE CONSTITUTION OF THE UNITED STATES OR
THE STATE OF ALABAMA REQUIRES A NEW TRIAL
A NEW SENTENCE PROCEEDING OR OTHER RELIEF

## ISSUE ONE

PETITIONER WAS DEPRIVED OF EFFECTIVE
ASSISTANCE OF COUNSEL AT TRIAL AND ON
APPEAL ? YES.

### ARGUEMENT ONE

PETITIONER ARGUES THAT COUNSEL'S RENDERED
INEFFECTIVE ASSISTANCE AT TRIAL IN VIOLA-
TION OF PETITIONER'S 5th,6th and 14th
AMENDMENT RIGHTS WHEN UNREASONABLY AND
PREJUDICIALLY

**Filed in Office**

JAN 2 0 2005

KIM S. BENEFIELD
Clerk of Circuit Court

Petitioner asserts, that under Strickland v. Washington, 466, U.S. 688

(1984) that for a court to grant a Writ on Ineffective Assistance of Cunsel :

Petitioner must show the following (1) That his counsel representation fell below

the oblective standard of reasonable probability that but for Counsel's unprofe-

ssional errors the verdict would have been different . See Strickland v. Wash-

ington, 466, U.S. 688 (1984) : The Petitioner asserts the following in which it

will meet the requirements of Strickland v. Washington .

### A

Trial Counsel failure to object to the Court oral charge to the Jury

on acquittal beyond a reasonable doubt . Ex Parte Hamilton , 396 So.2d 123-124

( Ala. 1980 ) Ex. A

### B

Trial Counsel failure to object to the priors the State used for

enhancement and failed to investigate the Record to determine if they were

vailed to be used . Whitt v. State, 461 So.2d 29 (1984), ( TR-123-137 EX. B .

C

Trial Counsel failure to object at Sentencing to the inadaquate notice by the State to use the Habitual Felony Offender Act is not self- executing; Ex Parte Glover, 508 So.2d 219 and it is invoked by the Prosecutor giving notice. See Ex Parte William, 570 So.2d 135 (Ala.1987) See Exhibit (C) TR-70

D

Trial Counsel was ineffective for failure to file a timely motion to serance Petitioner case for separate Trial.

E

Appellant Counsel was ineffective for failure to file a motion in accordance with the provision mandated in Ex Parte Ingram, in order to bring forth the claim of Ineffective Assistance of Counsel , Counsel must file within (30) days after appointment.

F

Appellent Counsel was ineffective for raised issue on appeal that were not object to at Trial and preserved for review. See Ex Hibit (D) pg. 6 of the direct appeal memorandum.

G

Appellant Counsel failure to do any investigation into Petitioner case. Attorney Varner failed to know the applicable law and failed to bring forth claims that were mertiorious on a properly filed motion for a new trial, this Attorney inability to know proper post trial procedures was reflected in Petitiioner ddirect appeals memorandum Andrew Phillip Burden v. State, CR 02-0682 (2003) Released Pg.6 Exhibit (D).

> " The Petitioner agrees with the States position
> that this issue was not first presented to the
> trial court and therefore,would not ordinarily
> be preserved for review."

1.) Petitioner argues that because Petitioner appeal Attorney Gregory M. Varner failed to provide effective assistance of counsel from the first day he was appointed on appeal and waived all vaild claims of denial of effective assistance of counsel .

The United States Supreme Court held in the case of Stutson v. United States, ( 1996) 133 L.Ed2d 571 .

> " The jutices held that under the totality of extraordinary circumstantial; excusable neglect can justify a tardy filing of appeal of criminal conviction . "

The tardy filing of the claim of ineffective assistance cannot be weighed against petitioner but his Attorney Gregory M. Varner failure to provide effective assistance during Post-Trial procedures after his appointment .

2.) Petitioner argues that Appeal Counsel failure to investigate the Trial Transcript before raising the issue that the Trial Court incorrectly and insufficiently instructed the jury regarding an accidental shooting . Petitioner argues that he is entitled to Effective Assustance of Counsel on Post*Trial and Appeal. Petitioner was not provided this right on appeal by Gregory M. Varner as Counsel raised issues on Appeal that were not objected to at Trial and preserved for review . See Ex. (D) Pg. 6 of the direct appeal Memorandum .

3.) Trial Counsel and Appellate Counsel provided Ineffective Assistance for thier failure to object at Trial and Appellate Counsel failure to preseve a Prejudicall error for Appellant review , being the absent of the Expert Witness to testfy to the Manner and Cause of death of the Decease , where she was subponaed to testfy and said issue was in Conflict and her testimony would of aided the Jury in thier fact finding role thus showing both Counsels were ineffective and violated Petitioner 6th and 14th U.S. Const. Amend. Rights and Ala. Const. of 1901 Art. 1 Sec 6 , Art. 1 Sec 14 of thier client .

ISSUE TWO

PETITIONER WAS DEPRIVE OF EFFECTIVE ASSISTANCE
OF COUNSEL AT TRIAL AND ON APPEAL DUE TO COUNSEL
FAILURE TO OBJECT TO THE INSUFFICIENCY OF THE
EVIDENCE AT TRIAL AND ON APPEAL ? YES .

Petitioner argues that the evidence at trial failure to Proofing the element

of " Intent " or " Intentionally " to causing the death ot the deceased, on dire-

ct examination Marquail Trammell testify for the State no where in her testimony

does this witness testify at Trial of Bad Blood or Ill Will between the Petitioner

and the deceased . See Exhibit ( E ) ( TR-79 )

Latanya Winston testified for the State ( TR- 206 , 211, 212 )
Exhibit (F)

Jeanette Baker testified for the State ( TR- 163-164 ) Exhibit
(G)

Lenice Baker testified for the State ( Tr- 221-225) Exhibit (H)

On direct examination no where in their testimony of any Statement of Bad

Blood or Ill Will between the accused and the Deceased. See Raines v. State, 455

So.2d 967 ( Ala,Cr. App. 1984) . Petitioner argues that no rational Jury viewing

the evidence in this case in a reasonable manner could have found the Petitioner

guilty of intent or intentionally causing the death of the Deceased beyond a Rea-

sonable doubt , none of the State witness testified to any Bad Blood or Ill Will

between the Petitioner and the deceased, each witness for the State testified that

Petitioner and Shawn was fighting .

Petitioner also argues that it is imposible to find beyond a reasonable

doubt that the State witness Marquail Trammel (Tr-79), Latanya Winston (TR-206,211,

212), Jeanette Baker (TR- 155-164) Exhibit (G) and Lenice Baker (TR- 211-225 was

telling the truth and the witness for the Defense Katie Hendria ( TR-367-372 ) was

lying or mistaken . The evidence in this case is Constitutionally insufficient to

support the Conviction of the Petitioner under the Due Process requirement of the

Fifth and Fourteenth Amendment.

22

Petitioner argues that the United States Constitution does not accept a mere Trial ritual it requires that the factfinder will rationally apply the beyond a reasonable doubt standard to the facts in evidence. This did not happen in the instant case at bar.

## ISSUE THREE

THE TRIAL COURT WAS WITHOUT JURISDICTION TO RENDER THE JUDGMENT
OR TO IMPOSE A CONVICTION DUE TO THE TRIAL COURT ERROR AND MIS-
LEADING INSTRUCTION TO THE JURY ON ACQUITTAL BEYOND A REASONABLE
DOUBT ?  YES.

## ARGUEMENT THREE

Petitioner argues that the Trial Court denied Him a fair Trial when the Court

error ed and misleading instructed the jury on acquittal beyond a reasonable doubt.

This only recites the Court oral charge to the Jury: Now this has invovled

two defendants it is in Legal effect two sepraate Trial being tried at one time.

I have two sepraate verdict forms. The first reads as follows:

> adn it noted at the top State versus Andrew Phillip
> Burden. If you find from the evidence and the law
> that I have charged tou that the State has proven
> beyond a reasonable doubt that the defendant. Andrew
> Phillip Burden is guilty of murder then your verdict
> should read as follows: We the jury find the defendant
> Andrew Phillpp Burden guilty of the offense of murder as
> as charged. (TR-390) ( Line 18 thur 25 ) Exhibit ( A ).
> If on the hand, after consideration of all evidence in
> light of the law that I have charged you. You have found
> that the State has not met their burden of proof then it
> would be your duty to acquit the Defendant.
> (TR- 391, Line 2 thru 6).

Petitioner argues this is not the law in Alabama on the principle of

acquittial beyond a reasonable doubt. May be based on the evidence adduced, on any

part of the evidence or lack of evidence for that matter. Tillman v. State, 360 So.

2d 1074 (Ala.Cr.App.1978), See (TR- 391, Line 2 thur 6) Exhibit (A)

Petitioner argues that this only recites the oral charge to the jury: On

the other hand a Defendant may testify as a witness on his own behalf. When he does

so. You may consider his testimony along with all other evidence in light of the

fact that he is the Defendant and the intrest he has in your verdict. This is to be

taken into consideration together with all other evidence or lack of evidence.

(TR- 390)

24

Petitioner argues that this instruction also is not the law for a reasonable doubt acquittal without further curative instruction a reasonable doubt to acquit <u>may arise out of only a part of the evidence</u>, although all of the evidence must be considered by the Jury. <u>Gautney v. State</u>, 284 Ala. 82, 222 So.2d 175 (1969) <u>Ex Parte Hamilton</u> (super (TR- 390) Ex (A)

Leaving the obviously the Trial Court in Petitioner's case instructed that acquittal must be based on all the evidence instead of part of the evidence. (TR- 391) Exhibit ( <u>A</u> )

Petitioner argues that this Court effort at curative language doesn't eradicate the Unconstitutional improper jury instruction that is confusing on the point of acquittal beyond a reasonable doubt. <u>Ex Parte Hamilton</u>,396 So.2d 123-24 (Ala.1980) See (TR- 390-91) Exhibit ( <u>A</u> )

Every accused is entitled to have charges given which are not misleading

<u>Allen v. State</u>,546 So.2d 1009 (Ala.Cr.App1988)

Petitioner argues that the entire charge ( TR-390-91) does not cure the continuos misleading erroneous instruction to the Jury on the evidence to be considered to cause a reasonable doubt to acquit. Exhibit ( <u>A</u> )

Petitioner also argues that the entire charge on ( TR-390-91) is not a correct charge on acquittal beyond a reasonable doubt. Therefore petitioner was denied a fair and impartial trial due to this court instruction and because this error reflects from the face of the record of the trial itself your petitioner is entitled to the relief sought by this petitioner

Therefore Petitioner Jury deliberation cannot be trusted to have come about in a just result and your petitioner is entitled to a New Trial as pled for hereby, this misleading on the point of beyond a Reasonable Doubt to Acquit instruction by this Court that was numberously misleading deprived petitioner of a fair and impartial Trial.

Petitioner also argues that this Court is bound by the Constitution 1901 Art. 1 Sec. 6, of the State of Alabama with the duty to conduct a fair and impartial Trial, failing to do so is not claim is Jurisdictional by nature.

ISSUE FOUR

THE COURT WAS WITHOUT JURISDICTION TO
RENDER JUDGMENT OR TO IMPOSE SENTENCE ?

FACT TO ISSUE FOUR

Pteitioner argues that Counsel failed to discuss the priors to be used for

enhencement and failed to investigate the record to determine if CC 92-017-020;

CC 86-007; CC 87-054 were vaild to be used for enhancement at the sentencing.

Whit v. State, 461 So.2d 29 ( 1984).

Petitiner contends that the Trial Court committed error when it allowed

into evidence and considered as a prior convictions of a felony a State Exhibit

1 and 2 Shumate v. State, 676 So.2d 1345 ( Ala.Cr.App. 1995). See Exhibit ( B )

( TR-123 thur 137 also (TR-460).

Petitioner also contends that in order to prove a prior felony conviction

the State must present a Certified Copy of the Convictions to the Trial Court at

the time of sentencing hearing, Shumate v. State, 676 So.2d 1345 (Ala.Cr.App.1995),

See exhibit ( B ) (TR- 123 thur 137 ) also (TR- 460 ).

Petitioner argues that the State did not properly prove His prior Convic-

tions for purposes of Habitual Offender Application, and Counsel failed to object

at Sentencing to the inadequate  notice by the State the Habitual Felony Offender

Act is not self-executing; it requires certian triggering requisites. Ex Patte

Glover, 508 So.2d 219; and it is invoked by the prosecutor giving notice, See

also Ex Parte William 570 So.2d 135 ( Ala.1987) , (TR- 70 ) exhibit ( C )

Petitioner also contends that the record failed to show that petitioner

was served with a cppy of the document entitled habitual felony offender notiee

which would have informed the petitioner that it intended to invoke the Habitual

Felony Offender Act, Morgan v. State,733 So.2d 940 ( Ala.Cr.App.1999 ), See

exhibit ( C ) (TR- 70 ), This document does not have petitioner's signature on

it .

27

Petitioner have showing that his Counsel's representation fell below the objective standard of reasonableness or that there was a reasonable probality that but for Counsels unprofessiomal errors the outcome of his trial would have been different Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052,80 L.ED2d 674 (1984); See Wiggin v. Smith, 123 S.Ct. 2527 ( 2003 ) (TR- 123 thur 137 ) also (TR-460 ) exhibit ( B )

Petitioner contends that the State did not properly prove his prior convictions for purposes of habitual offender proceeding; Clerk of Court Certification " that " foregoing was true Copy of instrument herein set out, which appeared under two of 3 case action Summaries, reflecting prior convictions did not apply to two case Action Summary , which consequently could not be considered. Code 1975 Sec. 13A-5-9 Gray v. State, 597 So.2d 238 (Ala.Cr.App.1992), See exhibit ( B ) 123 thur 137).

ISSUE FIVE

PETITIONER EQUAL PROTECTION RIGHTS AND DUE PROCESS
RIGHTS WERE VIOLATED WHEN THE FORENSIC EXPERT DID
NOT TESTIFY TO HER WRITTEN REPORT ADMITTED INTO
EVIDENCE , THUS SHOWING TRIAL COUNSEL AND APPELLATE
COUNSEL AS INEFFECTIVE

Petitioner State and Federal Constitutional Rights were violated when

no Order, Motion of Objection to the absence of the Forensic Expert Witness to

testify to her finding admitted into evidence being her written report about

the Manner and Cause of death, see Bailey v. State, 574 So.2d 1001 (Ala.Cr.App.

1990) hwich states .

In Bailey;  The problem regarding the ultimate issue
limitation is simply that in complex cases invovling
issues beyond the abilities of laymen, a jury may
need an expert's opinion on the ultimate issue in order to r
order to reach a fair verdict .

Counsel for the Petitioner did not object to the absence of the Forenic

expert, that was subpeonaed by the State, nor did Appellate Counsel raise the issue

on his Motion for New Trial for the Trial Court's or Appeals Courts determination

the need of the expert to testify to her findings was a must for the Petitioner

to disprove Intent and to agree to waive this Witness, Counsel should be seen as

Ineffective and denied Petitioner his 6th Amend. Right and Ala. Const. Right

1901 Art. 1 Sec 6 , The Right to Confront and Cross-Examine teh Witness .

TR* 204 .

When it became known to the State the Forensic Expert Witness had not

shown up and was due to testfy after the Gun Smith Joseph Saloom to establish the

Chain of Custody and also testify and Verfy her finding in the Written Report.

Upon notice of her Absence the Trial Judge call aside Bar and excussed the jury

which led to a recess for the day TR*154.

29

The next day a similar event took place after Jeanett Baker testimony TR-204 a side-bar was held, the Jury excused and the Court entered the Forensic Expert Written Findings and other evidence with the consent of the Parties, on the assumption it's the Forensic Expert that the State is having probelems locating, that does not cure a Error of this maganitude when the Code of Alabama 1975 and the Alabama Const. 1901 is quoted on the subject in <u>Scott v. City of Guntersville</u>, 612 So.2d 1273 ( Ala.Cr.App.1992) which states.

> In Scott:  The keystone of our judicial system is the opportunity to cross-examine one's accuser. The scope of cross-examination of a witness is a matter contro-lled by Law. Section 12-21-137, Code of Alabama 1975, states in pertinent part:

>     " The right of cross-examination through and shifting, belongs to every party as to the witness called against him ... "

> See also Ala. Const. 1901, Article 1, Sec. 6 :

> ",,,(T)he Cross-examining party has the absolute right on cross-examination, not only to inquire as to matters relevant to the issue ... but also inquire into the con-duct and circumstances of the witness which have measur-able bearing upon his credibility. This right to a party to have through and shifting cross-examination is pro-vided by statute."

Petitioner has a State and Federal Constitutional Right to Cross-examine witnesses in this case and was denied that right due to Counsel Unprofessional Conduct by agreeing to waive the Forensic Expert Attendance and to admit her Unsupported report, is the violation spoken of the Code of Alabama 1975 Sec. 12-21-181, Compelling of Appearence and Testimony of Expert Witnesses; States.

> Sec. 12-21-181: A witness who is an expert in any art, science,trade or profession may be compelled to appear and testify to an opinion as such expert in relation to any matter whenever such is materal evidence relevant to an issue on trial before a court or jury ...

Without the testimony of the Connection between the Injury Inflicted and the Cause of Death coming from a Certified Expert this error denied the Petitioner his right to <u>Due Process</u> and <u>Equal Protection</u> of the Law, to present a Defense in favor for the jury determination to properly weight the Evidence and decide <u>Testimony /Opinion</u> of the <u>Forensic Expert</u> the admitance of her written report and the exclusion of her testimony regarding the written report is " <u>Error with Injury,</u>" to restrict the Petitioner to prove his defense by his own evidence is both <u>Error</u> and <u>Injury</u> .

The absence of the <u>Subpoenaed Expert</u> is not enough cause to by pass the Petitioner right to Cross-Examine her on the finding of her Report and in doing so denied the Petitioner of his <u>6th</u> and <u>14th</u> U.S. Const. Amend. Right also <u>Ala. 1901 Const. Amend. Right Art. 1, Sec. 6</u> , the Petitioner has a right to <u>Confront</u> and Cross-Examine a key witness, it's stated in <u>Rouse v. State</u>, 548 So.2d 643 ( Ala. Cr.App. 1989) .

> In Rouse:  In reviewing the instant case in light of the legal principles referred to above, we conclude that the prosecution failed to meet its burden of demonstrating that Dr. Lauridson was constutionally unavaible for purposes of appellant's trial. The witness was only temporarialy absent from the State, and no real effort was amde by the state to loaate the witness and get him back for the trial. In addition, the tardiness in noti-fying the witness of the impending trial must be weighed against t the state. In our opinion the prosecution did make a good faith ef effort to obtain the presence of the witness.
>
> " The Constitutional Right of Confrontation and Cross-Examination to the extent guaranteed by the Sixth and Fourteenth Amendments cannot be sidesteped because it happens to be convenient one of the parties." <u>Holam v. Washington</u>, 364 F. 2d 618,623 (5th Cir, 1966). mere absence does not establish unavailability .

Without the <u>Forensic Expert</u> testimony the State only relied on the Unsupported and Inconsistance testimony of eyewitnesses <u>Latarsha Winston</u> TR-116-138 , <u>Jeanette Baker</u> TR-155-202 and <u>Lenice Baker</u> TR-226-242 , to relie on thier account of the Shooting and introduce a Key Piece of Evidence being the Forensic Expert Written Report with her Testimony being necessary and Relevant to the petitioner defense to establish before the Jury he did not Intentionally Shoot the Decease and was denied this Fundamental Right thus creating a disadvantage infecting petitioner entire Trial see <u>Smith v. State,</u> 756 So.2 892 ( Ala.Cr.App. 1997 ).

> In Smith: In this case, the autopsy photographs were
> relevant to show the location and severity of the
> victim's wounds, they also provided relevant infor-
> mation, based upon scientific testimony, about the
> location of the gun when the victim was shot, the
> order in which the wounds were inflicted, and the
> cause of the victim's death .

Trial Counsel conduct is unacceptable because he did not defend his client on the fact it was an accidental shooting, Mr. Owens the other Trial Counsel ask Joseph Saloom at TR-152 about the entry of the wound .

> Q: Was there any effort to determine whether or not
> the entry point of the wound on this subject was
> made at any particular angle or not ?
>
> A: I have no knowledge of that.  You'll have to ask
> Dr. Ward .

This is the Critical point of the Trial where the reasonable doubt could be removed or proved in the minds of the Jury to avoid a Conviction or attain a Conviction by not requesting the presence of the Forensic Expert the one person who could answer the question Joseph Saloom could not, See TR-154, this should s seen as a denial of his 6th and 14th Const. Amend. Rights, Gilmore v. Taylor, 508 U.S. 335,343 (1993) which states,

> In Gilmore;  The constitution guarantees criminal
> defendants a meaningful opportunity to present a
> complete defense, to deny this appellant his
> constitutional right is a clear violation under
> the 14th amendment and this court erred in it ruling .

This Fundamental and Substantial Right was clearly violated and denied the petitioner his right to present a favorable defense to aid the jury in their fact-finding process to determine relevant information. Trial Counsel Aided the state in this Violation by not Objecting on the Petitioner behalf to the Absence of the Forensic Expert and his Action/Lack of Action undermined the out come of the Trial, because the forensic expert findings should be seen a siding with the the Petitioner and her Testimony would of aided Counsel in presenting the facts to the Jury to show that petitioner did not Intend to shoot the victim also disp-rove the witness testimony that he aimed the gun at the victim and shot.

It's <u>unreasonable for</u> Trial Counsel to have his Client agree to forego the Attendance of the Forensic Expert without a <u>significant explantion</u> to his C Client before having him to agree , it's plain unprofessional on counsel part because he by passed a <u>Strategic Line of Defense</u> that would of aided and proved his Client reason and in agreeing to forego her testimony prejudice the outcome of the Petitioner's Trial where the <u>Forensic Expert</u> stated in <u>Her Letter</u> to the <u>Honorable Rea Clark</u>, see <u>Ex. J</u>

     In part: If we may be of Further assistance, please
       do not hesitate to contact us .

Thus showing Trial Counsel conduct is unprofessional and in violations of <u>Strickland v. Washington,</u> 466 US, as 685, 80 L.Ed2d 674, 104 S. Ct 2052 (1984), a nd Petitioner <u>6th</u> and <u>14th</u> U.S. Constitutional Amendment Rights .

It's clear from the Transcript Record had this Expert Testified to Her findings before the Jury it's a great chance the outcome would of been different where the <u>Evidence</u> would been seen in a <u>different light</u> , Appellate Counsel failed to recognize this " <u>Prerequisite</u> " where its the duty of the Prosecutor to prove in this Case an " <u>Intentional Murder</u> " in the presentation of Evidence, therefore Appellate Counsel has failed in his duty, see <u>Evitts v. Lusey,</u> 469 US 387, 83 L.Ed2d 821, 105 S.Ct 830 (L985) . With an error of this m

maganitude it should be seen as Trial Counsel and Appellate Counsel were ineffective in thier assistance , thus Petitioner is duea New Trial .

<u>ISSUE SIX</u>

TRIAL COUNSEL WERE INEFFECTIVE FOR HIS FAILURE TO OBJECT TO
THE STATES ADMITTANCE OF EVIDENCE WHEN A PROPER CHAIN OF
CUSTODY WAS NEVER ESTABLISHED AND APPELLATE COUNSEL FAILED
TO RAISE THE ISSUE ON HIS MOTION FOR NEW TRIAL AND PERSERVE
SAID ISSUE FOR APPELLATE REVIEW, ALSO TRIAL COUNSEL FAIL TO
OBJECT

To properly establish a proper Chain of Custody , its the duty of Prosecutor
on the admittance of any Evidence to prove the proper Custody, Care and Security
of Evidence that is to be used at Trial . Trial Counsel were ineffective for his
failure to object and to Cross-Examine Witness to inquire and determine the Cont-
ent, Condution and the Number of Items recevied by each person for thier examina-
tion . Joesph Salhoms the only person testifying to what he received from <u>Katherine
T. Richert</u> and no other person testified to receiving, sending or to the safeguard
of the Items admitted into evidence. See <u>Lee v. State</u>, 748 So.2d 904 ( Ala.Cr.App.
1999 ) which states,

> In Lee; Lee's assertion is correct. " The legal question
> always Presented in this kind of case is whether the evidence
> is what it is represented to be. ' The question of authenticity
> or proper identification is, in the first instance, for the
> trial judge as apreliminary matter.' Commentary to <u>Rule 901</u> ,
> <u>Ala.R. Evid.</u> " Kenndy, 690 So.2d at 1224 (Footnote omitted ).
> It was for the ~~trial~~ court to first determine whether the State
> had sufficiently shewn that the evidence was what it was alleged
> to be, i.e., whether it was authenticated. Here, the state did
> not prove that the evidence was the substance sold by Lee's
> thus, the trial court should not have admitted it. Moreover,
> this charge did not explain the break in the chain of custody
> as required under <u>Sec. 12-21-13</u>, Ala. Code 1975 .

It's only an unsupported statement as to where and aho Katherine T. Richert
redieved the evidence from because she never Testified to that fact, of what she
did with the package once she recieved it, Thus showing a break in the chain of
custody. Also <u>Emily W. Ward</u>, M.D. Deputy Medical Examiner <u>never testified to</u>
whom she sent Her findings of her examination to nor <u>what she sent</u>,  it's all

34

on the assumption of Joesph Saloom and he cannot speak for the other  "

Parties " to establish a chain of custody . see TR- 141 which state .

      TR- 142

          Q. Mr. Saloom, in this particular case, did you receive
             some items of evidence, specifically some evidence
             from Emily Ward of the Department of Forensic Scien-
             ces and also from Donald Truitt with the Roanke
             Police Department ?
          A. Yes, I did.

    ( WHEREUPON, ITEMS WERE MARKED AS STATE EXHIBITS 1 THROUGH FOUR
      FOR IDENTIFICATION.)

And Ms. Baldwin has Mr. Saloom explain each of the Items to the Jury, at

TR- 144 Ms. Baldwin brings Clarity to the Error, in order to show who was the

sender and who was the receiver and in doing so has Mr. Saloom speaking for another

person .

      TR- 144

          Q. And, you received those, I believe, you actually
             received those from someone in your office name
             Catherine Richert; is that correct ?
          A. Yes, Ma'am .
          Q. Who recieved them from J.P. Sparrow ?
          A. Yes, Ma'am .
          Q. He delivered them to your office from Emily Ward;
             is that correct ?
          A. That's correct .

also the admittance of State exhibit 5 and 6 is very Deceptive at TR- 147 .

      TR- 147

          Q. And, have you-- at some point time, did you receive
             that item of evidence ?
          A. Yes, I did.
          Q. And, did you received that from Catherine Richert ?
          A. Yes, Ma'am, I did .
          Q. And, that is in the same office ?
          A. Yes, Ma'am .

Petitioner brings to this Courts attention that States Exhibit 1 through 4

is dated as being received on August 24, 2001 and States Exhibit 5 and 6 is

October 9, 2001 from Katherine T. Rochert, thus making the States exhibits inad-

missable due to a failure to establish a proper Chain of Custody, Its stated in

Cook v. State, 624 So.2d 511 ( Ala. 1993 )

In Cook;

> A link was also missing in the chain of custody of the cigarette butts, scabbard, gauze, and socks. Although Waldon testified that she directed and observed the collection, the state did not establish when these items were sealed or how they were handled or safeguarded from the time they were seized until Rowland received them . This evidence was inadmissible under Holton .

Petitioner points out no Objection was made by Trial Counsel and on Cross - Examination at Tr- 149- 150 only asked noe question that comes close to attacking the failure to prove a solid Chain of Custody.

> Q. You didn't go out to the scene. You are relying on what was brought to you by way of the Department of Forensic Sciences or by way of officers: correct? By way of the medical examiner or by was of officers; is that correct ?
> A. That is correct .

Petitioner states that Counsel were Ineffective under Strickland v. Washington, 466 US, at 685, 80 L,Ed2d 674, 104 S.Ct 2052 ( 1984). By his failure to object to the admittance of the States Evidence when he knew or should have known that a proper Chain of Custody was not established and Appellate Counsel failed by not perserving this issue for Appellate review rendering Him Ineffective inaccord with Evitts v. Lucey, 469 US 387, 83 L.Ed2d 821, 105 S.Ct. 830 ( 1985) .

Thus showing Petitioner on this claim is due a New Trial on the failure to establish a proper Chain of Custody and on the same point of this arguement it should be noted that Ineffectivness apply equally to Trial Counsel and Appellate Counsel.

## CONCLUSION and PRAYER for RELIEF

L

Wherefore premises considered your Petitioner hereby prays for the following .

<u>1</u>

That your Petitioner be granted an Evidentiary Hearing by this Honorable Court , and

<u>2</u>

That your Petitioner attached and enclosed A.R.Cr.P., Rule 32 Post-Conviction Petition, be granted and that your Petitioner Conviction and Sentence be immediately Vacated by this Honorable Court with prejudice

3

That this Honorable Court grant further relief that it's deems just, proper and Necessary .

Excuted this the _14_ day of December 2004

Respectfully Submitted

Andrew P. Burden

Andrew P. Burden
AIS # 148280   B- 51
W.E.Donaldson C.F.
100 Warriro Lane
Bessemer , Al  35023

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing Motion Rule 32 Petition, Postage Prepaid by placing said in the prison mailbox, addressed to the Honorable Kim S. Benefiled Circuit Court Clerk P.O. Box 328 Wedowee , Al  36278  .

Done This the _14_ day of December 2004

Respectfully Submitted

*Andrew P. Burden*

Andrew P. Burden
AIS # 148280  B - 51
W.E.Donaldson C.F.
100 Warriro Lane
Bessemer , Al  35023

should be given all testimony in the case. It is my duty to decide the law; it is your duty to determine the facts. I have no opinion as to the facts of this case, I don't want you to think from anything I have said or done in this charge or otherwise, or any ruling that I have made, that I think one way or the other about the facts of this case. Take the testimony of all witnesses together with all proper and reasonable inferences which may be drawn therefrom and apply your common sense. In a fair, impartial, and honest way determine what you believe to be the truth. You should weigh all of the evidence and reconcile it if you can reasonably do so, but if you cannot so reconcile a conflict in evidence, you ought to take that evidence, which you think is worthy of credit and give it just such weight as you think it is entitled to receive.

Now, this trial has involved two defendants. It is in legal effect two separate trials being tried at one time. I have two separate verdict forms. The first reads as follows, and, it is noted at the top, State versus Andrew Phillip Burden. If you find from the evidence and the law that I have charged you that the State has proven beyond a reasonable doubt that the defendant, Andrew Phillip Burden, is guilty of murder, then your verdict should read as follows: "We, the jury, find the Defendant, Andrew Phillip

**Filed in Office**

JAN 2 0 2005

KIM S. BENEFIELD
Clerk of Circuit Court

*** Frances L. Roark ***

39

2   foreperson would need to sign on the top line. If, on the

3   other hand, after considering all of the evidence in light of

4   the lawsuit that I have charged you, you have found that the

5   State has not met their burden of proof, then it would be

6   your duty to acquit the defendant, and your verdict form

7   would read as follows: "We, the jury, find the Defendant,

8   Andrew Phillip Burden, not guilty." Then your foreperson

9   would need to sign on that line. At the very bottom is a

10  place for your foreperson to print his or her name. Only one

11  of these top two forms can be signed. On the very bottom

12  line, it must be printed. This is the verdict form as

13  pertains to Andrew Phillip Burden.

14      The other verdict form is entitled State of Alabama

15  versus Anthony Eugene Burden. If, after considering all of

16  the evidence in the case in light of the law that I have

17  charged you, you find that the State has met its burden of

18  proof and they have proven beyond a reasonable doubt that the

19  Defendant, Anthony Eugene Burden, is guilty, then it would be

20  your duty to find him guilty, and your verdict form would

21  read as follows: "We, the jury, find the Defendant, Anthony

22  Eugene Burden, guilty of the offense of murder as charged."

23  Your foreperson would need to sign on the top verdict line.

24  If, on the other hand, after considering all evidence in

25  light of the law that I have charged, you find that the State

*** Frances L. Roark ***

# EXPLANATION OF RIGHTS AND
## PLEA OF GUILT
### (AFTER INDICTMENT)

State of Alabama
Judicial System

Form 4 Rev. 4/85

Case Number

CC 87 054
ID YR Number

_Circuit_
ATE OF ALABAMA  COURT OF _RANDOLPH_ COUNTY
vs. _ANDREW Phillip Burden_

O THE ABOVE NAMED DEFENDANT:

This is to inform you of your rights as a defendant in this criminal case. Under the indictment returned against you in this case by the rand Jury of this county, you are charged with the crime of _Receiving Stolen Property_ 10 which is a ass _B_ Felony. In the event you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for unishment by imprisonment in the penitentiary for not less than _2 yrs_ nor more than _20 yrs_ for such offense and by position of a fine not to exceed $ _10,000_ . Provided further that at a sentencing hearing should the State of Alabama prove to s Court that prior to committing this offense, you have previously been convicted of any one (1) felony, then the said imprisonment term ust be for not less than _10 yrs_ nor more than _99_ , and a fine not to exceed $ _20,000_ . Likewise, if the State oves you have been so convicted of any two (2) prior felonies, then the said imprisonment term must be for not less than _90 yrs_ t more than _Life_ and a fine not to exceed $ _20,000_ . And, if the State proves that you have been so convicted of any ee (3) prior felonies, then the said imprisonment must be for not less than _Life_ , and a fine not exceed $ _____ .

further, you may be ordered to pay restitution in an amount determined by the court, for the use and benefit of the victim of your minal offense.

accordance with §15-23-17, Code of Alabama 1975, if the above-mentioned crime involved personal injury or death to a victim you ll be ordered to pay a victim compensation assessment of not less than $25.00 nor more than $10,000.

ENTERING A PLEA OF GUILTY IN THIS COURT, YOU ARE WAIVING A TRIAL BY JURY AND THE FOLLOWING RIGHTS TO WHICH RE ENTITLED IN THE EVENT OF A JURY TRIAL.

nder the Constitutions of the United States and of the State of Alabama you have a right or privilege not to be compelled to give ...nce against yourself. In the trial of your case before the jury, you have the right to take the witness stand and testify in your own ... if you so desire, but no one can require you to so testify. If you testify, you can be cross-examined by the state. If you do not testify, ... can even comment to the jury as to your failure to testify. You have the right to remain absolutely silent, but anything that you ...tarily say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and ... ...t, and will not, be disclosed by your attorney.

...ve the right to stand on your plea of not guilty, and the right to a public trial before a duly selected jury. In a jury trial, the jury would ... ...hether you are guilty or whether you are innocent, based upon the evidence in the case.
...he trial of your case, your attorney could subpoena witnesses on your behalf, make legal objections to matters that he felt were ...tionable, cross-examine the witnesses of the state, examine your own witnesses, and argue the matter before the jury. He would ...d to do everything that he could honorably and reasonably do to see that you obtain a fair and impartial trial. You have the right to ... witnesses subpoenaed to testify as to pertinent facts in your favor.
...he trial of your case, you will come into court clothed with a presumption that you are not guilty and this presumption of innocence ...llow you throughout the course of the trial until the evidence produced by the state convinces each juror beyond a reasonable doubt ...r guilt. The burden of proof is upon the State of Alabama to convince each and every juror, from the evidence in the case, that you ... beyond a reasonable doubt before the jury would be authorized to find you guilty. If the state does not meet such burden of proof, it ... the jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.
... charges set forth in the indictment you have the right to enter a plea of guilty, not guilty, not guilty by reason of insanity or any ...special plea. You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. IF YOU ... GUILTY THERE WILL BE NO JURY TRIAL, AS HAS BEEN HERETOFORE EXPLAINED TO YOU.
... attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned judge and ... make further explanation thereof to you.

_10/5/87_
JUDGE

...es the defendant in the above-styled cause and states to the court that he has read, or has had read to him, the matters and things ...bove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly ...ands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or ...or offered any inducement or reward to get him to plead guilty. Defendant further states to the court that he is guilty as charged in ...and desires to plead guilty.

_10/5/87_
DEFENDANT _Andrew P. Burden_

...s the attorney for the above-styled defendant and certifies that the above and foregoing rights were read by the defendant ...r were read to him by me, that I discussed such rights with the defendant, in detail, and that a written copy of the above rights ...the defendant or his attorney. Having gone over his rights with the defendant, in my judgement, the defendant understands ...

_10/5/87_
ATTORNEY _Elmore Hohe_
Clerk

... Office This Date: _10-5-87_
Clerk ____ By ____

Filed in Office
DEC - 2 2002
KIM S. BENEFIELD
Clerk of Circuit Court

Filed in Office
JAN 2 0 2005
KIM S. BENEFIELD
Clerk of Circuit Court

Filed in Office

JAN 2 0 2005

KIM S. BENEFIELD
Clerk of Circuit Court

STATE OF ALABAMA                              )      IN THE CIRCUIT COURT OF
                                             )      _Randolph_
_Andrew Phillip Burden_ ,                    )      COUNTY, ALABAMA
                Defendant.                   )      CASE NO. _87 - √4_

_Andrew Phillip Burden_ , Defendant, appeared before the Court with his
attorney _O. Kitchin_ , this the _5_ day of _Oct_ , 19 _87_
The Court addressed the defendant:

I have been informed that you desire to change your not guilty plea to guilty. Before
I accept your guilty plea, it is my duty to inform you of certain constitutional rights
which you waive if you plead guilty. It is also necessary that I determine that you;
    Understand the nature of the charges against you;
    That you understand the consequences of your plea of guilty;
    That your plea be voluntary and intelligently made and
    That there be a factual basis for your plea.
    You have previously been informed by me in writing of all your constitutional rights
and you have responded in writing that you have read or had them read to you by your lawyer
and understood those rights.

Mr. _Kitchin_ , you are the attorney for the defendant. Did you go over all the
facts of the case with the defendant and throughly explain to him his constitutional rights
in this case?

Attorney answered _yes_
To the defendant: Did you explain to your attorney all the facts in the case and
your constitutional rights with him?

Defendant answered _yes_ . Do you understand that your attorney would represent
you throughout a trial if you had a trial in this case.

Defendant answered _yes_ . Mr. District Attorney: Read the indictment.
(~~The indictment was read.~~) (The reading of the indictment was waived.)
To the defendant: You are charged in this case with the crime of _Receiving_
_stole property, 1°_

Do you understand the charge?

Defendant answered _Yes_ . If you plead guilty or if you are found
guilty by a jury, the law provides punishment (in the penitentiary of the State of Alabama
of not less than _2 yrs._ nor more than _20 yrs._ for such offense
~~commitment to the custody of the Director of the Department of Corrections of this State~~
~~and not more that three (3) years as a Youthful Offender~~).
    Do you understand that if you plead guilty the Court will set the punishment within
these limits?

) Defendant answered: _yes_ . Under our law you have the privilege
against self incrimination. That is you have a right to remain silent and the burden will
be on the State to prove beyond a reasonable doubt that you are guilty and no one can comment
on your failure to testify. If you plead guilty you give up that right to remain silent.
Do you waive or give up your right to remain silent?

    Defendant answered _yes_ . You also have a right to a public trial by
jury ~~or(Judge without a jury)~~. In a (jury) trial, the (jury of twelve persons)(~~Judge~~)
would determine your guilt or innocence. By pleading guilty you waive your right to a
(jury) trial. Do you waive your right to a (jury) trial?

Defendant answered _yes_ . You have the right to confront the witnesses

Filed in Office

JAN 2 0 2005

KIM S. BENEFIELD
Clerk of Circuit Court

~ OF ALABAMA                    )    IN THE CIRCUIT COURT OF
                               )    _Randolph_
_Andrew Phillip Burden_,        )    COUNTY, ALABAMA
          Defendant.            )    CASE NO. _87 - 54_
                               )

_Andrew Phillip Burden_____, Defendant, appeared before the Court with his
orney _O. Kitchen_____, this the _5_ day of _Oct_____, 19 _87_

Court addressed the defendant:
    I have been informed that you desire to change your not guilty plea to guilty. Before
cept your guilty plea, it is my duty to inform you of certain constitutional rights
ch you waive if you plead guilty. It is also necessary that I determine that you;
    Understand the nature of the charges against you;
    That you understand the consequences of your plea of guilty;
    That your plea be voluntary and intelligently made and
    That there be a factual basis for your plea.
    You have previously been informed by me in writing of all your constitutional rights
you have responded in writing that you have read or had them read to you by your lawyer
understood those rights.
    Mr. _Kitchen_____, you are the attorney for the defendant. Did you go over all the
    of the case with the defendant and thoroughly explain to him his constitutional rights
this case?
Attorney answered_____ _yes_ ____.
    To the defendant: Did you explain to your attorney all the facts in the case and
    your constitutional rights with him?

Defendant answered_____ _yes_ ____. Do you understand that your attorney would represent
throughout a trial if you had a trial in this case.

Defendant answered_____ _yes_ ____. Mr. District Attorney: Read the indictment.
(The indictment was read.) (The reading of the indictment was waived.)
To the defendant: You are charged in this case with the crime of _Receiving_
_Stolen property, 1°_

Do you understand the charge?

Defendant answered_____ _Yes_ ____. If you plead guilty or if you are found
lty by a jury, the law provides punishment (in the penitentiary of the State of Alabama
not less than _2 yrs_ nor more than _20 yrs_ for such offense
commitment to the custody of the Director of the Department of Corrections of this State
not more that three (3) years as a Youthful Offender)
    Do you understand that if you plead guilty the Court will set the punishment within
se limits?

)Defendant answered: _____ _yes_ ____. Under our law you have the privilege
nst self incrimination. That is you have a right to remain silent and the burden will
on the State to prove beyond a reasonable doubt that you are guilty and no one can commen
your failure to testify. If you plead guilty you give up that right to remain silent.
u waive or give up your right to remain silent?

    fendant answered_____ _yes_ ____. You also have a right to a public trial by
ry or (Judge without a jury). In a (jury) trial, the (jury of twelve persons)(Judge)
ld determine your guilt or innocence. By pleading guilty you waive your right to a
ry) trial. Do you waive your right to a (jury) trial?

endant answered _____ _yes_ ____ You have the right to confront the witnesses

...nst you and have your attorney cross examine them. You also have the right to call witnesses in your own behalf. By pleading guilty you give up or waive the right to confront witnesses against you.

Do you waive the right to confront the witnesses against you and the right to call ...nesses? Defendant answered _____ yes _____

Mr. District Attorney, pleas explain to the Court any agreement or understanding you ...ave with the defendant concerning his plea. District Attorney answered

_3 yr. concurrent credit for the serve._

The Court addressed the defendant: It that your understanding?

Defendant answered _____ yes _____

...: agreement: _____ yes _____. You understand that the Court is not bound by ...y threats, or any coercion against you to get you to plead guilty? Have any other promises been made to you, or

Defendant answered _____ no _____

Are you guilty as charged? Defendant answered _____ yes _____ ...: tell the court exactly what you did which resulted in the charge against you.

Defendant answered: _That he was with a guy who had stolen property with him._

...he Court addressed the defendant's attorney: Do you concur in defendant's plea of guilt

Defense attorney answered: _____ yes _____

To the defendant: It is the judgment of the court that your plea of guilty is ...gently and understandingly made; that the plea is voluntary and that there are facts to ...: he plea. I therefore allow you to withdraw your plea of not guilty and accept your ...: of guilty. I find that you are guilty of _Receiving stolen property_

_first degree_

...u request a pre-sentence investigation, report and hearing? Defendant answered _____ no _____

...u have anything to say before the court passes sentence? Defendant answered _____ no _____

...the judgment and sentence of this court that you be and hereby are sentenced to (the ...ly of the Director of the Department of Corrections of this State as a Youthful Offender) ...enitentiary of the State of Alabama) for a period of _Three (3) years, concurrent_ _with credit for time held in jail on this charge. Probation is_ _denied._

_____
Circuit Judge

**Filed in Office**

JAN 2 0 2005

**KIM S. BENEFIELD**
Clerk of Circuit Court

44

State of Alabama
Judicial System

Form C44 Rev. 4/85

# EXPLANATION OF RIGHTS AND
## PLEA OF GUILT
### (AFTER INDICTMENT)

Case Number

CC  86  007
ID  YR  Number

Circuit 1
STATE OF ALABAMA                    COURT OF   Randolph                    COUNTY

vs.   Phillip Burdle

TO THE ABOVE NAMED DEFENDANT:

This is to inform you of your rights as a defendant in this criminal case. Under the indictment returned against you in this case by the Grand Jury of this county, you are charged with the crime of  Theft  which is a Class  B  Felony. In the event you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for punishment by imprisonment in the penitentiary for not less than  2  nor more than  20  for such offense and by imposition of a fine not to exceed $ 10,000 ⁰⁰  Provided further that at a sentencing hearing should the State of Alabama prove to this Court that prior to committing this offense, you have previously been convicted of any one (1) felony, then the said imprisonment term must be for not less than _____ nor more than _____, and a fine not to exceed $ _____. Likewise, if the State proves you have been so convicted of any two (2) prior felonies, then the said imprisonment term must be for not less than _____ nor more than _____ and a fine not to exceed $ _____. And, if the State proves that you have been so convicted of any three (3) prior felonies, then the said imprisonment must be for not less than _____ nor more than _____ and a fine not to exceed $ _____ .

Further, you may be ordered to pay restitution in an amount determined by the court, for the use and benefit of the victim of your criminal offense.

In accordance with §15-23-17, Code of Alabama 1975, if the above-mentioned crime involved personal injury or death to a victim you shall be ordered to pay a victim compensation assessment of not less than $25.00 nor more than $10,000. IN ENTERING A PLEA OF GUILTY IN THIS COURT, YOU ARE WAIVING A TRIAL BY JURY AND THE FOLLOWING RIGHTS TO WHICH YOU ARE ENTITLED IN THE EVENT OF A JURY TRIAL.

Under the Constitutions of the United States and of the State of Alabama you have a right or privilege not to be compelled to give evidence against yourself. In the trial of your case before the jury, you have the right to take the witness stand and to testify on your own behalf, if you so desire, but no one can require you to so testify. If you testify, you can be cross-examined by the state. If you do not testify, no one can even comment to the jury as to your failure to testify. You have the right to remain absolutely silent, but anything that you voluntarily say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and cannot, and will not, be disclosed by your attorney.

You have the right to stand on your plea of not guilty, and the right to a public trial before a duly selected jury. In a jury trial, the jury would determine whether you are guilty or whether you are innocent, based upon the evidence in the case.

In the trial of your case, your attorney could subpoena witnesses on your behalf, make legal objections to matters that he felt were objectionable, cross-examine the witnesses of the state, examine your own witnesses, and argue the matter before the jury. He would be bound to do everything that he could honorably and reasonably do to see that you obtain a fair and impartial trial. You have the right to have witnesses subpoenaed to testify as to pertinent facts in your favor.

In the trial of your case, you will come into court clothed with a presumption that you are not guilty and this presumption of innocence will follow you throughout the course of the trial until the evidence produced by the state convinces each juror beyond a reasonable doubt of your guilt. The burden of proof is upon the State of Alabama to convince each and every juror, from the evidence in the case, that you are guilty beyond a reasonable doubt before the jury would be authorized to find you guilty. If the state does not meet such burden of proof, it will be the jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

To the charges set forth in the indictment you have the right to enter a plea of guilty, not guilty, not guilty by reason of insanity or any other special plea. You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. IF YOU PLEAD GUILTY THERE WILL BE NO JURY TRIAL, AS HAS BEEN HERETOFORE EXPLAINED TO YOU.

Your attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned judge and I will make further explanation thereof to you.

DATE  4-21-86                         JUDGE  [signature]

Comes the defendant in the above-styled cause and states to the court that he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been promised anything or offered any inducement or reward to get him to plead guilty. Defendant further states to the court that he is guilty as charged, in said case, and desires to plead guilty.

DATE  4-21-86                         DEFENDANT  Phillip Burden

Comes the attorney for the above-styled defendant and certifies that the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail and that a written copy of the above rights was given to the defendant or his attorney. Having gone over his rights with the defendant, in my judgement, the defendant understands his rights.

DATE  1-21-86                         ATTORNEY  [signature]

Filed in Office This Date:  4-21-86          Clerk  J. Hardy Meador            By _____

45

Filed in Office

DEC - 2 2002

Kim S. BENEFIELD
Clerk Circuit Court

Filed in Office

JAN 2 0 2005

KIM BENEFIELD
Clerk of Circuit Court

STATE OF ALABAMA

VS

_Phillip Binden_
_____Defendant_____

IN THE CIRCUIT COURT OF

RANDOLPH COUNTY, ALABAMA

CASE NO. _86-007_

_Phillip Binden_ _____, Defendant, appeared before the Court with his attorney _L. Hammer_ _____, this _21_ day of _April_ , 19__.

The Court addressed the defendant:

I have been informed that you desire to change your not guilty plea to guilty. Before I accept your guilty plea, it is my duty to inform you of certain constitutional rights which you waive if you plead guilty. It is also necessary that I determine that you;

Understand the nature of the charged against you;
That you understand the consequences of your plea of guilty;
That your plea be voluntary and intelligently made and
That there be a factual basis for your plea.

You have previously been informed by me in writing of all your constitutional rights and you have responded in writing that you have read or had them read to you by your lawyer and understood those rights.

**Filed in Office**

JAN 2 0 2005

KIMMY STANEFIELD
Clerk of Circuit Court

Mr. _Hammer_ _____, you are the attorney for the defendant. Did you go over all the facts of the case with the defendant and throughly explain to him his constitutional rights in this case?

Attorney answered _yes_ .

To the defendant: Did you explain to your attorney all the facts in the case and discuss your constitutional rights with him?

Defendant answered _yes_ . Do you understand that your attorney would represent you throughout a trial if you had a trial in this case.

Defendant answered _yes_ . Mr. District Attorney: Read the indictment.

( ~~The indictment was read.~~ ) ( The reading of the indictment was waived.)

To the defendant: You are charged in this case with the crime of _____

_____ _theft of property, first degree_ _____

Do you understand the charge?

Defendant answered _yes_ . If you plead guilty or if you are found guilty by a jury, the law provides punishment in the penitentiary of the State of Alabama for not less than _2 yrs._ nor more than _20 yrs._ for such offense. (~~or commitment to the custody of the Director of the Department of Corrections of this State for not more than three (3) years as a Youthful Offender.~~)

Do you understand that if you plead guilty the Court will set the punishment within those limits?

Defendant answered: _yes_ . Under our law you have the privilege against self incrimination. That is you have a right to remain silent and the burden will be on the State to prove beyond a reasonable doubt that you are guilty and no one can comment on your failure to testify. If you plea guilty you give up that right to remain silent. Do you waive or give up your right to remain silent?

Defendant answered _yes_ . You also have a right to a public trail by (jury.)or (~~Judge without a jury.~~) In a (jury) trial, the (jury of twelve persons) (~~Judge~~) would determine your guilt or innocence.

46

By pleading guilty you waive your right to a (jury) trial. Do you waive your right to a (jury) trial?

Defendant answered ___yes___. You have the right to confront the witnesses against you and have your attorney cross examine them. You also have the right to call witnesses in your own behalf. By pleading guilty you give up or waive the right to confront the witnesses against you.

Do you waive the right to confront the witnesses against you and the right to call witnesses? Defendant answered ___yes___.

Mr. District Attorney, please explain to the Court any agreement or understanding you have with the defendant concerning his plea. District Attorney answered

___3 yr. - 30 days jail, balance on probation___

The Court addressed the defendant: Is that your understanding? Defendant answered ___yes___. You understand that the Court is not bound by the agreement:

Defendant answered ___yes___. Have any other promises been made to you, or any threats, or any coercion against you to get you to plead guilty?

Defendant answered ___No___.

Are you guilty as charged? Defendant answered ___yes___.

Now tell the court exactly what you did which resulted in the charge against you.

Defendant answered: ___That he and friends broke into a house and took a V.C.R. and T.V. and other things in Randolph City___

Filed in Office

JAN 2 0 2005

KIM S. BENEFIELD
Clerk of Circuit Court

The Court addressed the defendant's attorney: Do you concur in defendant's plea of guilty?

Defense attorney answered: ___yes___.

To the defendant: It is the judgment of the Court that your plea of guilty is intelligently and understandingly made; that the plea is voluntary and that there are facts to support the plea. I therefore allow you to withdraw your plea of not guilty and accept you plea of guilty. I find that you are guilty of ___theft of property, first degree___

Do you request a pre-sentence investigation, report and hearing? Defendant answered ___No___.

Do you have anything to say before the Court passes sentence? Defendant answered ___No___.

It is the judgment and sentence of this court that you be and hereby are sentenced to (the custody of the Director of the Department of Corrections of this State as a Youthful Offender) (the penitentiary of the State of Alabama) for a period of ___three (3) years; provided, said sentence shall be served 30 days in the County jail, and the balance thereon on probation. Time held in Jail on this charge is credited to this sentence. Burglary, third degree charge nolle pressed___

47

C-7A (p.1) Form 9

CC 92-017
CC 92-020

# SENTENCING ORDER

STATE OF ALABAMA v. PHILLIP BURDEN

Page Number 1 of 2 Pages

| JUDGE'S INITIALS | ACTIONS, JUDGMENTS, CASE NOTES |
| --- | --- |

5/15/92

## Sentencing Order

KIM S. BENEFIELD
Clerk of Circuit Court

The defendant and counsel, and counsel for the State of Alabama appeared in open court for the defendant to be sentenced on his/her conviction of Burglary in the Third Degree in in CC 92-017 and Burglary in the Third Degree in CC 92-020.

## Habitual Felony Offender

The defendant has been given reasonable notice that the State intended to move the Court to sentence the defendant under the provisions of §§13A-5-9 and 10, *Code of Alabama, 1975.*
The State's motion to sentence the defendant pursuant to the Habitual Felony Offender Act is
☐ granted; ☐ denied. The Court finds the defendant has ☐ prior convictions:

## Sentence

**Filed in Office**

JAN 2 0 2005

KIM S. BENEFIELD
Clerk of Circuit Court

☐ The defendant waived a sentencing hearing.

☒ The Court conducted a sentencing hearing.

☒ A pre-sentence report was requested by the defendant and considered by the Court.

☐ The defendant waived a pre-sentence investigation and report.

☒ The Court asked the defendant if he/she had anything to say why the sentence of law should not be imposed against him/her, and ☒ the defendant having had his/her say, ☐ the defendant had nothing to say, it is ORDERED as follows:

☒ The defendant is sentenced to the custody of the Commissioner of the Department of Corrections for a period of fifteen (15) year(s) and in each case day(s), _____ month(s) ☐ his/her life, ☐ his/her life without parole. & to run concurrent.

☐ The defendant is sentenced to the custody of the Sheriff of _____ County, Alabama, for a peiod of _____ one year, _____ month(s), _____ day(s).

☐ The defendant is sentenced to the custody of the Warden of the City of _____ Alabama, Jail, for a period of _____ one year, _____ month(s), _____ day(s).

☐ The defendant is fined the sum of $ _____

☐ Y.O.A.

☐ Frank Lee Youth Center is recommended.

☐ The defendant's sentence shall be concurrent with the sentence(s) imposed in _____

☒ The defendant shall pay restitution in the amount of $ 745.00

☒ The defendant shall pay the costs of this case.

☒ The defendant shall pay the Alabama Crime Victims Compensation Commission the sum of $ 50.00 each Case, $100.00 total.

☒ The defendant shall reimburse the State of Alabama the costs of his/her appointed counsel in the amount of $ to be determined and approved by the Court.

☒ The payment of court ordered monies shall be a condition of parole, early release, S.I.R., or work release.

STATE OF ALABAMA, PLEA RECOMMENDATION

PLAINTIFF,

VS.

Phillip Burden _____,
DEFENDANT

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY,
ALABAMA

CASE # ___CC 92-017___

COMES NOW the State of Alabama, by and through its District Attorney, and shows unto this Court that the defendant has been indicted by the Grand Jury of Randolph County, Alabama for the following offense(s):

1. ___Burglary 3°___

2. ___Theft 2°___

3. _____

4. _____

**Filed in Office**

JAN 2 0 2005

**KIM S. BENEFIELD**
Clerk of Circuit Court

The State of Alabama, by and through its District Attorney, after considering all the facts and law pertaining to the charge(s) against the defendant, and the defendant's Affidavit of Prior Felony Convictions as shown on this form, recommends to this Court that should the defendant desire to plead guilty, that the following disposition of the case(s) be Ordered by this Court:

*Burglary 3rd - 15 yrs concurrent - state oppose probation*

*Theft 2dd - noll prosse*

*Courts Costs, $50 VCF award, restitution, attorney fees to be paid*

It is further agreed to by the defendant and his attorney of record that should the hereinafter set out recommended disposition of the case(s) against the defendant be approved by the Court, that the defendant will enter a plea of guilty.

DONE this the _14th_ day of _April_ ,19_92_.

**Filed In Office**

_Andrew P. Burden_
DEFENDANT

_____
ATTORNEY OF RECORD FOR DEFENDANT

APR 14 1992

**KIM S. BENEFIELD**
Circuit Court

_John Byron Holter_
ASSISTANT DISTRICT ATTORNEY

RESTITUTION DUE:

_0_ (LATTONIA WRIGHT)

49

Form C-44    **PLEA OF GUILTY**
(AFTER INDICTMENT)

132

2505-07

CC 92-020

IN THE _Circuit_ COURT OF _Randolph_ COUNTY

STATE OF ALABAMA v. _Phillip Burden_

**TO THE ABOVE NAMED DEFENDANT:**

This is to inform you of your rights as a defendant in this criminal case. Under the indictment returned against you in this case by the Grand Jury of this county, you are charged with the crime of _Burglary 3rd_ which is a Class _C_ Felony. In the event you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for punishment by imprisonment in the penitentiary for not less than _1 yr 1 da_ nor more than _10 yrs_ for such offense and by imposition of a fine not to exceed $ _5000_ . Provided further that at a sentencing hearing should the State of Alabama prove to this Court that prior to committing this offense, you have previously been convicted of any one (1) felony, then the said imprisonment term must be for not less than _2 yrs_ nor more than _20 yrs_ and a fine not to exceed $ _10000_ . Likewise, if the State proves you have been so convicted of any two (2) prior felonies, then the said imprisonment term must be for not less than _10 yrs_ nor more than _99 yrs or life_ and a fine not to exceed $ _20000_ . And, if the State proves that you have been so convicted of any three (3) prior felonies, then the said imprisonment must be for not less than _15 yrs_ nor more than _99 yrs or life_ and a fine not to exceed $ _20000_ .

Further, you may be ordered to pay restitution in an amount determined by the court, for the use and benefit of the victim of your criminal offense.

In accordance with §15-23-17, Code of Alabama 1975, you shall be ordered to pay a victim compensation assessment of not less than $25.00 nor more than $10,000.

IN ENTERING A PLEA OF GUILTY IN THIS COURT, YOU ARE WAIVING A TRIAL BY JURY AND THE FOLLOWING RIGHTS TO WHICH YOU ARE ENTITLED IN THE EVENT OF A JURY TRIAL.

Under the Constitutions of the United States and of the State of Alabama, you have a right or privilege not to be compelled to give evidence against yourself. In the trial of your case before the jury, you have the right to take the witness stand and to testify on your own behalf, if you so desire, but no one can require you to so testify. If you testify, you can be cross-examined by the State. If you do not testify, no one can even comment to the jury as to your failure to testify. You have the right to remain absolutely silent, but anything that you voluntarily say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and cannot, and will not, be disclosed by your attorney.

You have the right to stand on your plea of not guilty, and the right to a public trial before a duly selected jury. In a jury trial, the jury would determine whether you are guilty or whether you are innocent, based upon the evidence in the case.

In the trial of your case, your attorney could subpoena witnesses on your behalf, make legal objections to matters that he felt were objectionable, cross-examine the witnesses of the State, examine your own witnesses, and argue the matter before the jury. He would be bound to everything that he could honorably and reasonably do to see that you obtain a fair and impartial trial. You have the right to have witnesses subpoenaed to testify as to pertinent facts in your favor.

In the trial of your case, you will come into court clothed with a presumption that you are not guilty and this presumption of innocence will follow you throughout the course of the trial until the evidence produced by the State convinces each juror, beyond a reasonable doubt of your guilt. The burden of proof is upon the State of Alabama to convince each and every juror, from the evidence in the case, that you are guilty beyond a reasonable doubt before the jury would be authorized to find you guilty. If the State does not meet such burden of proof, it will be the jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

To the charges set forth in the indictment, you have the right to enter a plea of guilty, not guilty, not guilty by reason of mental disease or defect, and not guilty and not guilty by reason of mental disease or defect. You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. IF YOU PLEAD GUILTY, THERE WILL BE NO JURY TRIAL, AS HAS BEEN HERETOFORE EXPLAINED TO YOU.

Your attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned judge and he will make further explanation thereof to you.

DATE _4-14-92_    JUDGE _[signature]_

Comes the defendant in the above-styled cause and states to the Court that he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead guilty. Defendant further states to the Court that he is guilty as charged, in this case, and desires to plead guilty.

DATE _4/14/92_    DEFENDANT _Andrew P. Burden_

Comes the attorney for the above-styled defendant and certifies that the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, and the a written copy of the above rights was given the defendant or his attorney. Having gone over his rights with the defendant, in my judgment, the defendant understands his rights.

DATE _4/14/92_    ATTORNEY _[signature]_

Filed in Office

JAN 2 0 2005

In Office This Date:
KIM S. BENEFIELD
Clerk of Circuit Court

COURT RECORD (Original)    DEFENDANT (Copy)    ATTORNEY (Copy)

KIM S. BENEFIELD By
Clerk of Circuit Court

50

CASE ACTION SUMMARY

IN THE _____ CIRCUIT _____ COURT OF _____ RANDOLPH _____ COUNTY

STATE OF ALABAMA
City of _____

v.

| Defendant | Address |
|---|---|
| Phillip Burden | |

**Distinguishing Features:**

SSAN

| Sex | Race | DOB | Eyes | Hair | Height | Weight |
|---|---|---|---|---|---|---|

| Case Number | | Jury | Date Arrested | | |
|---|---|---|---|---|---|
| CC 92 020 | | Non Jury | 08-06-91 | | X Incarcerated |

Date War./Cap. Issued: (08-06-91)   Date Committed to Jail: (08-06-91)

Date Released on Bond   Bond Amount

Charges
☐ Misd.   ☑ Fel.
☐ Mun. Ord. Viol.   ☐ App.

Prosecutor: Hollis

Attorney(s): K. Warren, A

☐ On Bond
Judge ID

Burglary 3
Theft 2

Date Prelim. Hearing

**Filed in Office**

Grand Jury No. 88, 89 DEC - 2 2002

Date of Indictment 02-12-92

KIM S. BENEFIELD
Clerk of Circuit Court

Date of Trial

Defendant Index

Court Calendar

Type of Officer: Surrett
☐ Municipal  ☐ State
☑ County     ☐ Conservation

4-14-92 Burglary 3

**Filed in Office**

JAN 2 0 2005

KIM S. BENEFIELD
Clerk of Circuit Court

Additional Information And Remarks:
DC 91 709
DC 91 710

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|

3-12-92 Affidavit Indigency Hardship & Motion

3-16-92 Motion for Discovery

4-9-92 Motion for Discovery - State Discovery Response

Case No. CC 92-017, 020

On this 12th day of March, 1992, came Honorable Rea Clark who prosecutes for the State of Alabama. Also came in open Court, the Defendant, Phillip Burden, in his/her own proper person and attended by his/her counsel, Honorable Keith Warren, said counsel being appointed by the Court to represent the Defendant (retained by the Defendant). The Court hereby notes the above named attorney's appearance for said Defendant.

The Defendant, being duly arraigned upon said indictment, reading of the indictment being duly waived, for his/her pleas thereto says, in the presence of and with the consent and approval of his/her counsel that he/she is not guilty in manner and form as charged.

It is Ordered and Adjudged by the Court that the said Defendant be and he/she is hereby remanded to jail or released on bond, pending the trial of this cause. Existing bond continues in effect. The Court advised the Defendant that it will be necessary for said Defendant to be before the Court for trial on May 11, 1992, at 9:00 a.m.

The Defendant is given 10 days to file any special pleas or motions going to the form of the indictment.

Done this 12th day of March, 1992.

Lewis H. Hamner
Circuit Judge

STATE OF ALABAMA
RANDOLPH COUNTY

I, Kim S. Benefield, Clerk of the Circuit Court of Randolph County, Alabama, do hereby certify that above and foregoing is a true and correct copy of CAS, sent certified Mail I will same appears of record and on file in my office. Pleaded

Witness my hand and seal, this _____ 12th _____ day of _____ September _____, 200_

Kim S. Benefield
Clerk of the Circuit Court of
Randolph County, Alabama

ACTION SUMMARY                    CC 92-017          134

THE                                                                        CC 92-017
CIRCUIT                          COURT OF        RANDOLPH

☐ STATE OF ALABAMA                                        Distinguishing Features:
City of                   **EXHIBIT B**                   COUNT
                  v.
                                                          SSAN

| Defendant | Address | Sex | Race | DOB | Eyes | Hair | Height | Weight |
|---|---|---|---|---|---|---|---|---|
| Phillip Burden | | | | | | | | |

| Case Number CC 92 017 | ☐ Jury  ☐ Non Jury | Date Arrested 08-06-91 | X Incarcarated  ☐ On Bond |
|---|---|---|---|

Date War/Cap. Issued (08-06-91)    Date Committed to Jail (08-06-91)

| Charges | ☐ Misd.  ☒ Fel. | Prosecutor Hollis | Judge ID |
|---|---|---|---|
| ☐ Mun. Ord. Viol.  ☐ App. | | | |

Date Released on Bond        Bond Amount

Date Prelim. Hearing         Bond Type & Sureties

Burglary 3
Theft 2

Attorney(s)  K. Warren, A

Grand Jury No. 82, 83
Date of Indictment 02-12-92

**Filed in Office**

L - 2 2002

KIM S. BENEFIELD
Clerk of Circuit Court

Defendant Index                  Court Calendar

Date of Trial

Type of Officer:  Surrett        ☐ Municipal  ☐ State
                                 ☒ County    ☐ Conservation

4-14

**Filed in Office**

Additional Information And Remarks:
DC 91 711
DC 91 712

JAN 2 0 2005

KIM S. BENEFIELD
Clerk of Circuit Court

ATE                    ACTIONS, JUDGMENTS, CASE NOTES

3-12-92 *Affidavit Arrest
        Hardship & Order*

3-16-92 *Motion For Discovery*

4-9-92 *Motion For Discovery State
        Discovery Response*

Case No: CC 92-017, 020

On this 12th day of March, 1992, came Honorable Rea
Clark who prosecutes for the State of Alabama. Also came in
open Court, the Defendant, *Phillip Burden*, in
his/her own proper person and attended by his/her counsel,
Honorable *Keith Warren*, said counsel
being appointed by the Court to represent the Defendant
(retained by the Defendant). The Court hereby notes the
above named attorney's appearance for said Defendant.

The Defendant, being duly arraigned upon said
indictment, reading of the indictment being duly waived, for
his/her pleas thereto says, in the presence of and with the
consent and approval of his/her counsel that he/she is not
guilty in manner and form as charged.

STATE OF ALABAMA
RANDOLPH COUNTY

I, Kim S. Benefield, Clerk of the Circuit Court of Randolph County,
Alabama, do hereby certify that above and foregoing is a true and
correct copy of *CAS, Plea Rel, Plea Y Guilt*
the same appears of record and on file in my office
Witness my hand and seal, this 13th day of
*September*, 2001

Kim S. Benefield
Clerk of the Circuit Court of
Randolph County, Alabama

It is Ordered and Adjudged by the Court that the said
Defendant be and he/she is hereby remanded to jail or
released on bond, pending the trial of this cause. Existing
bond continues in effect. The Court advised the Defendant
that it will be necessary for said Defendant to be before
the Court for trial on May 11, 1992, at 9:00 a.m.

The Defendant is given 10 days to file any special
pleas or motions going to the form of the indictment.

Done this 12th day of March, 1992

Lewis H. Hamner
Circuit Judge

52

Im C-7A (p.2)  10/88

CASE ACTION SUMMARY (CONTINUATION)

# SENTENCING ORDER

Case Number
CC 92-017
CC 92-020

STATE OF ALABAMA v. PHILLIP BURDEN

Page Number _____ of _____ Pages

| JUDGE'S INITIALS | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|

6/15/92

## Terms And Conditions Of Probation

☒ The defendant's probation is conditioned on the defendant complying with the following conditions of probation:

☒ The defendant shall not be arrested for any further offenses.

☐ The defendant shall maintain full time employment.

☐ The defendant shall secure full time employment within

☒ The defendant shall not consume any alcoholic beverages or frequent any establishments that serve or sell alcoholic beverages as their primary service.

☒ The defendant shall not have any contact with illegal drugs or associate with any persons who sell, furnish or use illegal drugs.

☒ The defendant shall pay the Court ordered monies; ☐ on or before _____
☐ in installments commencing on _____ (date) at the rate of
$ _____ per ☐ month ☐ week ☐ each two weeks, until paid in full.

☐ The defendant shall appear in court on _____ (date),
at _____ .M. for ☐ a restitution hearing ☐ review.

☐ The defendant shall not enter _____ during his/her probation.

☐ The defendant shall complete the DUI level _____ program.

☐ The defendant shall obtain his/her GED within _____

☐ The defendant shall enroll in the ☐ Lighthouse; ☐ Cadet Center; or ☐ _____ , and complete the program and any aftercare program that is recommended.

☐ The defendant shall not have any contact with _____

☐ The defendant shall remain a ☐ full time student at _____
☐ part time student at _____ , and maintain a _____ grade point average.

☒ The defendant shall comply with any other terms and conditions of probation that may be required by the Department of Probations and Parole.

☐ The defendant shall be electronically monitored.

☐ The defendant shall complete _____ hours of community service work.

☒ _____ Probation is Denied. Defendant shall receive credit for time served awaiting trial on these charges. Defendant is remanded to custody of Sheriff for delivery to Dept. of Corrections.

☒ The defendant was advised that he has the right to appeal his conviction and sentence, and if indigent has the right to appointed counsel and the court reporter's transcript provided without cost to the defendant.

DONE and ORDERED in open court this 15th day of June , 19 92 .

_____
CIRCUIT COURT JUDGE

Filed In Office
JAN 2 0 2005
KIM S. BENEFIELD
Clerk of Circuit Court

53

STATE OF ALABAMA

PLAINTIFF,

VS.

Phillip Burden
                    ,
DEFENDANT

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY,
ALABAMA

CASE # __CC 92-020__

COMES NOW the State of Alabama, by and through its District Attorney, and shows unto this Court that the defendant has been indicted by the Grand Jury of Randolph County, Alabama for the following offense(s):

1. __Burglary 3°__

2. __Theft 2°__

3. _____

4. _____

**Filed in Office**

JAN 2 0 2005

KIM S. BENEFIELD
Clerk of Circuit Court

The State of Alabama, by and through its District Attorney, after considering all the facts and law pertaining to the charge(s) against the defendant, and the defendant's Affidavit of Prior Felony Convictions as shown on this form, recommends to this Court that should the defendant desire to plead guilty, that the following disposition of the case(s) be Ordered by this Court:

_Burglary 3rd — 15 years concurrent — state oppose probation_
_Theft 2nd — nolle prosse — split . . . upon probation_
_restitution of $745 to be paid_
_Court costs, $50 VCF award, attorney fees to be paid._

It is further agreed to by the defendant and his attorney of record that should the hereinafter set out recommended disposition of the case(s) against the defendant be approved by the Court, that the defendant will enter a plea of guilty.

DONE this the 14th day of April ,1992.

Andrew P. Burden
DEFENDANT

J.S. Ware
ATTORNEY OF RECORD FOR DEFENDANT

**Filed In Office**

APR 14 1992

BENEFIELD
Clerk of Circuit Court

John Byron Holbe
ASSISTANT DISTRICT ATTORNEY

RESTITUTION DUE:
$745.00  (DALE HAY)

54

Form C-44A **PLEA OF GUILT** 137
(AFTER INDICTMENT)

CC 92-017
CC 92-020

IN THE _Circuit_

COURT OF _Randolph_

STATE OF ALABAMA v. _Phillip Burden_ **Filed in Office** COUNTY

TO THE ABOVE NAMED DEFENDANT:

JAN 2 0 2005

KIM S. BENEFIELD
Clerk of Circuit Court

This is to inform you of your rights as a defendant in this criminal case. Under the indictment returned against you in this case by the Grand Jury of this county, you are charged with the crime of _Burglary 3rd_ _____ which is a Class _C_ Felony. In the event you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for punishment by imprisonment in the penitentiary for not less than _1 yr 1 da_ nor more than _10 yrs_ . And, if the State proves that you are guilty of said crime, the law provides for punishment not to exceed $ _5000_ . Provided further that at a sentencing hearing should the State of Alabama prove to this Court that prior to committing this offense, you have previously been convicted of any one (1) felony, then the said imprisonment term must be for not less than _2 yrs_ nor more than _20 yrs_ , and a fine not to exceed $ _10000_ . Likewise, if the State proves that you have been so convicted of any two (2) prior felonies, then the said imprisonment term must be for not less than _10 yrs_ nor more than _99 yrs or life_ , and a fine not to exceed $ _20000_ . And, if the State proves that you have been so convicted of any three (3) prior felonies, then the said imprisonment must be for not less than _15 yrs_ nor more than _99 yrs or life_ and a fine not to exceed $ _20000_ . Further, you may be ordered to pay restitution in an amount determined by the court, for the use and benefit of the victim of your criminal offense.

In accordance with §15-23-17, Code of Alabama 1975, you shall be ordered to pay a victim compensation assessment of not less than $25.00 nor more than $10,000.

IN ENTERING A PLEA OF GUILTY IN THIS COURT, YOU ARE WAIVING A TRIAL BY JURY AND THE FOLLOWING RIGHTS TO WHICH YOU ARE ENTITLED IN THE EVENT OF A JURY TRIAL.

Under the Constitutions of the United States and of the State of Alabama, you have a right or privilege not to be compelled to give evidence against yourself. In the trial of your case before the jury, you have the right to take the witness stand and to testify on your own behalf, if you so desire, but no one can require you to so testify. If you testify, you can be cross-examined by the State. If you do not testify, no one can even comment to the jury as to your failure to testify. You have the right to remain absolutely silent, but anything that you voluntarily say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and cannot, and will not, be disclosed by your attorney.

You have the right to stand on your plea of not guilty, and the right to a public trial before a duly selected jury. In a jury trial, the jury would determine whether you are guilty or whether you are innocent, based upon the evidence in the case.

In the trial of your case, your attorney could subpoena witnesses on your behalf, make legal objections to matters that he felt were objectionable, cross-examine the witnesses of the State, examine your own witnesses, and argue the matter before the jury. He would be bound to everything that he could honorably and reasonably do to see that you obtain a fair and impartial trial. You have the right to have witnesses subpoenaed to testify as to pertinent facts in your favor.

In the trial of your case, you will come into court clothed with a presumption that you are not guilty and this presumption of innocence will follow you throughout the course of the trial until the evidence produced by the State convinces each juror, beyond a reasonable doubt of your guilt. The burden of proof is upon the State of Alabama to convince each and every juror, from the evidence in the case, that you are guilty beyond a reasonable doubt before the jury would be authorized to find you guilty. You will have no burden of proof whatsoever in your trial. If the State does not meet such burden of proof, it will be the jury's duty to find you not guilty.

To the charges set forth in the indictment, you have the right to enter a plea of guilty, not guilty, not guilty by reason of mental disease or defect, and not guilty and not guilty by reason of mental disease or defect. You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. IF YOU PLEAD GUILTY, THERE WILL BE NO JURY TRIAL, AS HAS BEEN HERETOFORE EXPLAINED TO YOU.

Your attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned judge and he will make further explanation thereof to you.

DATE _4-14-92_ _____ JUDGE _[signature]_

Comes the defendant in the above-styled cause and states to the Court that he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead guilty. Defendant further states to the Court that he is guilty as charged, in this case, and desires to plead guilty.

DATE _4/14/92_ _____ DEFENDANT _Andrew P. Burden_

Comes the attorney for the above-styled defendant and certifies that the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, and that a written copy of the above rights was given the defendant or his attorney. Having gone over his rights with the defendant, in my judgment, the defendant understands his rights.

DATE _4/14/92_ _____ ATTORNEY _[signature]_

APR 14 1992

Filed in Office This Date: _____

KIM S. BENEFIELD Clerk
Clerk of Circuit Court

COURT RECORD (Original)     DEFENDANT (Copy)     ATTORNEY (Copy)     By _____

55

3   extensive.  If the Court will, just bear with me.

4   (WHEREUPON, DOCUMENTS WERE MARKED AS STATE EXHIBITS FOR

5   IDENTIFICATION.)

Filed in Office

JAN 2 0 2005

KIM S. BENEFIELD
Clerk of Circuit Court

6        MS. BALDWIN:  State Exhibit 1, CC-86-005,

7   stolen property in the first degree.  Judge, it is the first

8   conviction we will submit.

9        MR. RADNEY: May I see them as you mark them?

10       MS. BALDWIN: Sure.  State Exhibit 2, certified copy

11  of CC-86-007, theft in the first degree.

12       State Exhibit 3, CC-92-017, is a certified copy of a

13  burglary third and a theft second conviction.

14       State's Exhibit 4, CC-92-020, burglary third and theft

15  second convictions.

16       THE COURT: All right.  Those will be admitted.

17  (WHEREUPON, DOCUMENTS MARKED AS STATES EXHIBITS 1-4 WERE

18  ADMITTED.)

19       THE COURT:  Anything further?

20       MS. BALDWIN: Well, only with regard to our

21  recommendation, Judge.  Life without parole is the minimum.

22  Of course, there is the discretionary matter with the Court,

23  because none of those are prior class A.  We do submit that.

24  However, that is our recommendation based on the nature of

25  the offense.

*** Frances L. Roark ***

56

EXHIBIT 000070

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

AT

File

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| VS | ) | CASE NUMBER: 01-115 |
| ANDREW P. BURDEN | ) | |

**Filed in Office**

JAN 2 0 2005

KIM S. BENEFIELD

<u>NOTICE TO DEFENDANT OF PREVIOUS CONVICTIONS</u>

You are hereby notified that the District Attorney's Office has evidence of the following convictions, which, in the event of your conviction in the above case will Court be presented to the Court for consideration under the Alabama Habitual Offender Status:

| DATE | CASE NO. | CHARGE | DISPOSITION | JURISDICTION |
|---|---|---|---|---|
| 10/25/95 | 95-151 | Assault 2 | guilty | Randolph Co., AL |
| 4/14/92 | 92-020-92-017 | Burg. 3 Burg. 3 | guilty guilty | Randolph Co., AL Randolph Co., AL |
| 4/21/86 | 86-007 | Theft 1 | guilty | Randolph Co., AL |
| 10/5/87 | 87-054 | RSP 1 | guilty | Randolph Co., AL |

You will be notified in the event the District Attorney receives evidence of any other or additional convictions.

This the 25th day of Sept 2001.

_Melody Billings Baldwin_
Prosecutor

I hereby acknowledge receipt of the above notice this the _____ day of _____,
_____.

_____
Defendant

57

"Prosecution requested charge number four, Defendant Phillip Burden vehemently objects to the giving of this charge unless it is given in the (sic) conjunction with the previously criminally negligent homicide. They are intertwined and I guess the term negligence as previously discussed before Court."

**Filed in Office**

The State's requested Charge No. 4 states:

JAN 2 0 2005

**KIM S. BENEFIELD**
Clerk of Circuit Court

"A homicide is not excusable on the ground of accident or misadventure unless it appears that the act of the slayer was lawful and free from negligence."

The words "and free from negligence" have been crossed out on the written copy, apparently in response to the counsel's objection during the conference. Nothing further regarding Charge No. 4 appears in the record, and the appellants apparently did not request any instructions of their own.

Rule 21.2, Ala. R. Crim. P., provides that a party may not assign as error the court's failing to give a written instruction or the giving of an incomplete oral charge, unless the party objects before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of the objection. Here, the appellant failed to properly object to the trial court's charge. An appellant is bound by his objections at trial. Reynolds v. State, 484 So. 1171 (Ala. Crim. App. 1985). A failure to object and get a ruling on the record preserves nothing to review. Robinson v. State, 441 So. 2d 1045 (Ala. Crim. App. 1983).

B.

Phillip contends that the trial court erred in refusing to charge the jury on the lesser included offense of criminally negligent homicide. He argues that the jury could have reasonably inferred that his act of retrieving a loaded weapon and searching for Shawn Baker on a crowded street showed that he failed to perceive a substantial and unjustifiable risk that the weapon would discharge. He argues that neither "the victim nor anyone else posed a threat of

6

1   saw anything happened at that time?

2   A      Then the fight broke out after that between him and

3   Phillip.

4   Q      Did you see that fight when it started?

5   A      Yes.

6   Q      Now, tell us what you observed at that point?

7   A      I just saw them fight.

8   Q      You saw how it started.  Do you recall how that fight

9   started?

10  A      Well, like what?

11  Q      Well, you said that Phillip told Shawn the same thing

12  he told Jermicah.

13  A      Yes.

14  Q      After Phillip told that to Shawn, what, if anything,

15  occurred that resulted in a fight if you know?

16  A      Somebody, I believe, I think, I think Phillip hit Shawn

17  and that's how -- intermingled after that.

18  Q      And, they intermingled as you say.  What, if anything,

19  occurred then what happened next?

20  A      They broke it up and I left.

21  Q      Okay.  Who broke it up if you know?

22  A      It was like I think Shawn's sister, you know, what I am

23  saying.  There were a lot of people out there that day.

24  Q      After the fight broke up, did you see where Phillip

25  went?

**Filed in Office**

JAN 2 0 2005

KIM S. BENEFIELD
Clerk of Circuit Court

**Filed in Office**

JAN 2 0 2005

KIM S. BENEFIELD
Clerk of Circuit Court

```
 2    (JURY PRESENT)

 3              THE COURT:  You may proceed.

 4              MS. BALDWIN: State calls LaTanya Winston.

 5                        LaTANYA WINSTON

 6        HAVING FIRST BEEN DULY SWORN TO TELL THE TRUTH,

 7        THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH,

 8                      TESTIFIED AS FOLLOWS:

 9                      DIRECT EXAMINATION

10    BY MS. BALDWIN:

11    Q     Tell us your name, please.

12    A     LaTanya Winston.

13    Q     How old are you, LaTanya?

14    A     Twenty-nine.

15    Q     Do you live in the area, or are you familiar with

16    Wilkie Clark Drive?

17    A     Yes.  My mother lives on Wilkie Clark Drive.

18    Q     And, your mother is Michelin?

19    A     Winston.

20    Q     Michelin Winston.  And your sister, I believe, she

21    testified earlier, LaTarsha; is that correct?

22    A     Yes.

23    Q     Back on June 17th of 2001, were you in the area of

24    Wilkie Clark and Riley Street?

25    A     Yes.
```

2   to the ground.  Well, I can't say -- I seen two men running

3   down the street.  From the back.  I didn't see their face.

4       MS. BALDWIN:  All right.  I don't think I have

5   anything further.

6                   CROSS EXAMINATION

7   BY MR. RADNEY

8   Q     Ms. Winston, I'm Thomas Radney.  I represent Chris

9   Burden.

10      You saw the fight between Shawn and Phillip; correct?

11  A     Yes.

12  Q     That's who was fighting:  Shawn and Phillip.

13  A     Yes.

14  Q     And, Shawn's girlfriend, Shy, takes her shoes off,

15  takes a shoe off, and jumps in and hits Phillip a few times;

16  correct?

17  A     Yes.

18  Q     Later on you are inside the house when the shot is

19  fired; correct?

20  A     Yes.

21  Q     Outside did you see Ms. Baker out there before you went

22  inside?  Jeanette.

23  A     Yes.

24  Q     Did you see Pokey?

25  A     I don't remember seeing him.

Filed in Office

JAN 2 0 2005

KIM S. BENEFIELD
Clerk of Circuit Court

```
 1          you don't remember seeing him.  Who else did you see

 2   out there?

 3   A      Jeanette, LaTarsha, Marquail.

 4   Q      Marquail says that he was gone.

 5   A      I saw him.

 6   Q      You saw him.  Okay.  Who else?  You saw LaTarsha, your

 7   sister?

 8   A      Yes.

 9   Q      Who else?  Did you say Wendell Hendrix?  Was he out

10   there?

11   A      No.

12   Q      But before the shot, before you heard the shot, Wendell

13   is running around, cussing, saying somebody is fixing to die;

14   is that right?

15   A      No, I didn't say that.  I say Wendell was walking down

16   Government Street toward his grandmother's house.  He never

17   came up.

18   Q      He never came up Wilkie Clark.

19   A      He was down at Government Street saying somebody is

20   fixing to die.

21   A      Yes.

22   Q      Did you see Shawn jumping up and down on the car

23   screaming and cussing toward Phillip?

24   A      No, I was in the house at that time.

25   Q      You say you were in the house?  You didn't see that.
```

1 in open court.

2 (JURY PRESENT)

3         THE COURT: The record will reflect all jurors

4 present, all parties present, you may call your next witness.

5         MS. BALDWIN: State calls Jeanette Baker.

6                 <u>JEANETTE BAKER</u>

7      HAVING FIRST BEEN DULY SWORN TO TELL THE TRUTH,

8       THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH,

9            TESTIFIED AS FOLLOWS:

10            DIRECT EXAMINATION

11 BY MS. BALDWIN:

12   Q      State your name, please.

13   A      Jeanette Baker.

14   Q      And, Ms. Baker, where do you live?

15   A      I live on 330 Avenue A, Roanoke, Alabama.

16   Q      Okay. Now, do you know Jermicah Foster, who is the

17 victim in this case?

18   A      Yes.

19   Q      How is it that you know him?

20   A      He's my nephew.

21   Q      Do you also know Phillip Burden?

22   A      Yes.

23   Q      And Anthony Burden?

24   A      Yes.

25   Q      Are they here in this courtroom?

1  have you described as a vacant lot.

2  A    Yes, sir.

3  Q    No house is there now?

4  A    No, it is burned down.

5  Q    All right.  The next house you said -- I believe, you

6  said ....

7  A    It is vacant.

8  Q    All right.

9  A    Then you've got the Watkins' house.  Then you've got a

10  trailer there and a trailer there.

11  Q    All right.  Now, when you were -- for right now, that's

12  fine.  We'll come back.  You can go sit back down for a

13  minute.

14      Now, you pointed out that you were behind -- you were at

15  Terita Hendrix house and that is behind the lodge or the

16  hall.

17  A    Yes.

18  Q    And then what did you say happened as you were talking

19  to Terita?

20  A    I was talking to Terita and Tina McNeal she left

21  Terita's house and went between the lodge hall and Tag's

22  house.  There's a little path that goes up from the back.

23  And, she got, I guess, almost up there and then after a few

24  minutes she ran back and she said, "They are fighting.  They

25  are fighting."  She came back and said, "They are fighting."

```
 1   Q     Do you know who?

 2   A     Not at the time, I didn't.

 3   Q     All right.  And, what, if anything, did you do?

 4   A     Then they said, it's Shawn.  I saw my daughter running

 5   down Wilkie Clark Drive and my niece they said Shawn.

 6         MR. RADNEY:  Your Honor, I am going to object to

 7   what these folks told her.

 8         THE WITNESS:  That's the only reason I went up

 9   there, because they said it was Shawn.

10         THE COURT:  Sustained.

11   MS. BALDWIN:

12   Q     Where did you go after?

13   A     I ran up the street.  I ran up the street and I turned,

14   made my little left turn, and went to Tag's house, and

15   Phillip and Shawn was fighting.

16   Q     You went down Government Street.

17   A     Come back up Government Street.

18   Q     Okay.  All right.  And, you were going to what you

19   refer to as back -- in this diagram, it would be in a

20   southerly direction.

21   A     Yes.  Coming back up and take the left.

22   Q     In front of Tag's.

23   A     Um-hmmm.

24   Q     What, if anything, did you see when you got there?

25   A     When I got there, they was in the hedges fighting.
```

1  Q      Who was in the hedges?

2  A      Shawn and Phillip.

3  Q      Where are the hedges located?

4  A      They would be right there on the end.

5  Q      When you say on the end, were they in this area?

6  A      On over further in front of Tag's house.  Yeah, they

7  come from the side of his house.  Yes, they come all the way

8  up the back of his house and come all the way up and come to

9  the front.

10 Q      Why don't you come down here and show me what you are

11 talking about.  Where are these hedges?

12 A      These hedges comes all the way up and all the way

13 across.  And then you go in his yard ....

14         THE COURT: Separate where the jury can see.

15         THE WITNESS:  The hedges come all the way up and

16 they come across there and then you go in his house and

17 there's another little hedge there and the driveway.

18 Q      Ms. Jeanette, why don't you show us -- draw the hedges

19 on there for us. Okay.  All right.  Where did you go?  Show

20 us the direction you went.  You don't have to draw that on

21 there, but just ....

22 A      I came back up from there and ran all the way there,

23 and they were right along in there.

24 Q      Make sure everybody on -- okay.  All right. Now, what,

25 if anything, did you do when you saw them there in the

2    Q    Do you do people's hair -- what time do you close up on

3    Friday?

4    A    I don't have a set time.  Just different times.

5    Whenever I'm finished.

6    Q    Whenever you are finished.

7    A    Time varies according to how busy I am.

8    Q    Okay.  But it is your testimony that you would have

9    picked up your daughter after you closed your shop?

10    A    Yes.

11            MR. OWENS:  That's all.

12            MR. RADNEY:  Nothing further.

13            MS. BALDWIN: May this witness be excused?

14            THE COURT:  Yes.  You may step down.

15    (WHEREUPON, THE WITNESS WAS EXCUSED.)

16            THE COURT:  Call your next witness.

17            MS. BALDWIN: Lenice Baker.

18                    LENICE BAKER

19        HAVING FIRST BEEN DULY SWORN TO TELL THE TRUTH,

20        THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH,

21                TESTIFIED AS FOLLOWS:

22                DIRECT EXAMINATION

23    BY MS. BALDWIN:

24    Q    State your name, please.

25    A    Lenice Baker.

Filed in Office

JAN 2 0 2005

KIM S. BENEFIELD
Clerk of Circuit Court

```
 1        who? When you said, "Y'all come on and go
 2   with me," did you go to ....
 3   A       I start running first.  I told them to come on and go
 4   with me.  I just knew it was Shawn, but I didn't know who
 5   Phillip were at the time.  And, somebody was standing at the
 6   back of Shawn's back.  So, when I got to the edge of the
 7   street, my mother was already parked down by the lodge hall
 8   and Ms. Katie's house, somewhere in between there.  I ran on
 9   across the street.  When I got there, Pokey -- what they call
10   Pokey -- Kenneth Burden.  He had a big knife, about this
11   long, at Shawn's back.  I said, "Man, what you doing?  You
12   know that ain't no good."  I said, "Why you got a knife to
13   Shawn's back?"  So, he put the knife back in a slot and put
14   it in the trunk of his car.  And about that time, Shawn and
15   Phillip fell through the bushes.  I don't know who hit who
16   first.  They fell through the bushes at Tag's.  I went around
17   the bushes and I went over there and I said, "Why y'all
18   fighting?"  I asked Phillip and Shawn both.  I said, "Why
19   y'all fighting?"  I said, "You let each other go."  I said,
20   "One of y'all is bleeding or both of y'all are bleeding."  I
21   told Phillip, I said, "Phillip loose Shawn."  I said, "I'm
22   going to get his hand off of you."  I said, "Don't neither
23   one of y'all hit one another."  I said, "I'm sorry that y'all
24   are fighting."  And, Pete Few, I think, I seen him.  I said,
25   "Pete," I said, "Come get Shawn while I hold Phillip."  And,
```

2   (WHEREUPON, THERE WAS A BRIEF RECESS)

**Filed in Office**

3   (JURY PRESENT)

JAN 2 0 2005

4         THE COURT: All right.  Proceed.  KIM S. BENEFIELD

5         MR. OWENS: Defense calls Katie Hendrix. Clerk of Circuit Court

6              KATIE HENDRIX

7   HAVING FIRST BEEN DULY SWORN TO TELL THE TRUTH,

8    THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH,

9           TESTIFIED AS FOLLOWS:

10          DIRECT EXAMINATION

11  BY MR. OWENS:

12  Q     Ma'am, would you state your name, please.

13  A     I am Katie Ruth Chappell Hendrix.

14  Q     Ms. Hendrix, where do you live?

15  A     315 Government Street.

16         THE COURT: Speak up just a little bit.

17        THE WITNESS:  315 Government Street, Roanoke,

18  Alabama.

19  MR. OWENS:

20  Q    How long have you lived there?

21  A    About eight years.

22  Q    Are you originally from Randolph County?

23  A    Yes.

24  Q    Back on Friday, June the 15th of 2001, were you at your

25  house?

2    everybody's you-know-what.

3    Q    Did he have a weapon?

4    A    He had a weapon, because we could hear the click like

5    you're loading a gun.

6         MS. BALDWIN: Judge, I'm going to object unless she

7    saw it.

8         THE COURT:  Overruled.

9         MS. BALDWIN: She hasn't -- I don't think they have

10   laid the predicate for that.

11        THE COURT:  Overruled.

12   MR. OWENS:

13   Q    Go ahead.

14   A    He was hollering and cursing and saying he would come

15   down and kick everybody there.  And, he pulled off his shirt

16   and threw his hands up and started charging down toward my

17   house.

18   Q    Did you have the police called?

19   A    Yes.

20   Q    Did you ask Jeanette Baker to leave your house?

21   A    Yes, I did.

22   Q    Did she refuse?

23   A    She kept coming on closer and closer up in my yard.  I

24   said, "Jeanette, get your family and go home."  I said,

25   "Because as close as you come, they follow."  They were right



ALABAMA
## DEPARTMENT OF FORENSIC SCIENCES

| REGIONAL LABORATORY | MEDICAL EXAMINER |
|---|---|
| P.O. BOX 210516 | P.O. BOX 240591 |
| MONTGOMERY, AL 36121-0516 | MONTGOMERY, AL 36124-0591 |
| (334) 242-2938 | (334) 242-3093 |
| FACSIMILE (334) 240-3284 | FACSIMILE (334) 260-8734 |

**Filed in Office**

March 25, 2002

JAN 2 0 2005

**KIM S. BENEFIELD**
Clerk of Circuit Court

Honorable Rea Clark
District Attorney 5th Judicial Circuit
P.O. Box 609
Lafayette, Alabama 36862

                    Re:   Case No. 01MM00474
                          Jermicah Foster, subject

Dear Mr. Clark:

The enclosed memoranda constitute our reports relevant to the examinations conducted at your request in the above styled case. We trust these memoranda are self-explanatory.

If we may be of further assistance, please do not hesitate to contact us.


                    Sincerely yours,


                    Emily Wofford Ward, M.D.
                    Regional Medical Examiner




EWW:dp

Enclosures (3)

cc:  Coroner Randy Gibbs

      Investigator Johnson Heard
      Roanoke Police Department

71

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

ANDREW P. BURDEN         )
      PETITIONER        )
                              )
VS.                       )        CASE NO.:  CC-01-115
                              )
STATE OF ALABAMA         )
      RESPONDENT      )

### RESPONSE OF THE RESPONDENT

Comes now the State of Alabama, Respondent in the above styled cause, and in response to the petition in said cause shows as follows separately and severally:

The petition should be denied because some of the Petitioner's claims are precluded, some of the Petitioner's claims are barred by the statute of limitations, and none of the Petitioner's claims have any basis in law or fact, as more particularly appears below.

I.
### STATEMENT OF THE PETITIONER'S CLAIMS AS UNDERSTOOD BY THE RESPONDENT

The Petitioner's claims, as understood by the Respondent, are as follows:

A.  The Petitioner alleges that the Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.  Specifically, the petitioner alleges that he was denied effective assistance of trial counsel and appellate counsel.

    1.  As to trial counsel, he alleges that he was ineffective because he:

        i.  failed to object to a jury charge on acquittal beyond a reasonable doubt

       ii.  Failed to object to prior convictions used by the State for enhancement of sentence pursuant to the habitual offender law and failed to "investigate" the record to determine if these prior convictions were valid.

      iii.  Failed to object at sentencing to inadequate notice of State's Intent to use habitual felony offender act.

'led in Office

FEB 1 8 2005

Kim S. BENEFIELD
Clerk of Circuit Court

72