IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

    iv.  Failed to make a timely motion to sever.

    v.  Failed to raise issue of insufficiency of the evidence.

    vi.  Failed to object to admissibility of autopsy report in lieu of testimony of

        state pathologists.

2.   As to appellate counsel, he alleges that he was ineffective because he:

    i.  Failed to raise ineffective assistance of trial counsel on direct appeal.

    ii.  Failed to raise issue of insufficiency of the evidence on direct appeal.

    iii.  Failed to raise issues on appeal "that were not object (sic) to at Trial and

        preserved for review."

    iv.  Failed to investigate the Petitioner's case, failed to know applicable law,

        failed to bring forth meritorious claims.  Specifically, he seems to be

        alleging that appellate counsel was ineffective because appellate counsel

        alleged on appeal that the trial court gave erroneous instructions regarding

        "accident."

B.  That the Court was without jurisdiction to render the judgment or to impose the

sentence.  Specifically, he alleges that the court was without jurisdiction to render

judgment or impose sentence because: 1) the court allegedly erred in its instruction to the

jury and 2) his prior felony offenses should not have been considered by the trial court at

sentencing for various reasons.

II.
GENERAL ANSWER

For general answer to the petition the Respondent makes the following:

1.  The Respondent denies paragraphs A and B and all subsections to paragraphs A and B.

2.  The Respondent denies all grounds of the petition filed by petitioner.

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

3. The Respondent denies each and every allegation of the petition save those specifically admitted.

III.
SPECIAL DEFENSES

1. No material issue of fact or law exists which would entitle the Petitioner to relief under Rule 32, A.R. Crim. P., and no purpose would be served by any further proceeding.

2. As to claim A(1) and A(2), as understood by the Respondent, regarding allegations that he was denied effective assistance of trial and appellate counsel, the Petitioner is precluded from relief sought because he has failed to meet the burden required in such a claim. See Strickland v. Washington, 466 U.S. 668.

In Strickland, the U.S. Supreme Court set out a two-prong test which must be applied in evaluating claims of ineffective assistance of counsel. See Strickland, 466 U.S. at 467. The defendant must first show that counsel's performance was deficient. Id. Secondly, the defendant must show that the deficient performance prejudiced the defense. Id.

To show that counsel's performance was deficient, the Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. The Petitioner must show that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688.

In Strickland, the Court explained that judicial scrutiny of counsel's performance must be highly deferential, avoiding the lure of 20/20 hindsight, and must adopt counsel's perspective at the time of trial. See Strickland, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. The burden is on the defendant to overcome the presumption that the challenged action constitutes sound trial strategy. Michael v. Louisiana, 350 U.S. 91 (1955).

The second prong of the Strickland analysis requires a showing that counsel's alleged deficiencies resulted in prejudice to the defendant. See Strickland, 466 U.S. at 694. The burden is to show actual

74

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

prejudice and not merely that particular errors or omissions were unreasonable. Id. "The question is whether there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to "undermine confidence in the outcome." Ex Parte Duren, 590 So.2d 369 (Ala. 1991), citing Strickland, 466 U.S. at 694.

As to each fact stated to support this ground for relief, the Petitioner is precluded from relief sought because he has failed to meet the two-prong burden of Strickland. None of the facts alleged as error by the Petitioner arise to the level of unreasonableness described in Strickland. Further, for reasons which follow, none of the facts alleged as error by the Petitioner undermined "confidence in the outcome" of the proceeding such that any other action by defense counsel would have caused a different result.

4. As to claim A(1)(i), as understood by the respondent, that trial counsel was ineffective because he failed to object to a jury charge on acquittal beyond a reasonable doubt, petitioner is precluded from relief sought because he could have raised this issue on direct appeal and did not. Moreover, this claim is without merit.

The charge given was the pattern charge which correctly states the law on the standard of reasonable doubt. See copy of transcript, pages 386-388, attached hereto as State's **Exhibit A**. Lastly, the petitioner allegation of error in regard to the charge is general and conclusory. He asserts no facts to support the allegation that this was error or that he was prejudiced in any way by the charge or the trial counsel's failure to object to this part of the charge.

5. As to claim A(1)(ii), as understood by the respondent, that trial counsel was ineffective for failure to object to prior convictions used by the State for enhancement of sentence, the petitioner is precluded from relief sought because he could have raised this issue on direct appeal and did not. Moreover this claim is without merit.

Notice of the petitioner's prior felony convictions were provided to trial counsel September 25, 2001. The notice also included a notice of application of the Alabama Habitual Offender Statute. See copy of notice attached hereto as **Exhibit B**. Copies of those priors were also provided to trial counsel and the

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

petitioner was aware of those priors as is evidenced by the trial transcript. See transcript, pages 376-377, attached hereto as **Exhibit C**, wherein trial counsel went over the possible penalties, based on the priors, with his client on the record.

Certified copies of those priors were also provided in evidence at petitioner's sentencing on December 2, 2002. See copy of transcript from sentencing, specifically pages 460-462, attached hereto as State's **Exhibit D**, wherein State marked and submitted four exhibits, all prior convictions of the petitioner and trial counsel made argument for leniency after submission of those priors. See also, copies of those prior convictions which were marked as exhibits and now attached hereto as **Exhibit E**. There is no question regarding the validity of the petitioner's prior convictions. There is also no question that the petitioner and trial counsel were well aware of those convictions well in advance of sentencing and that petitioner was well aware of the effect those priors would have on the range of punishment.

Lastly, the petitioner is precluded from relief sought on grounds A(1)(ii), as understood by the respondent, because his allegations are general and conclusory and he states no facts to support how this alleged failure of trial counsel prejudiced him in any way or that any other result would have changed the outcome of the proceedings.

6. As to claim A(1)(iii), as understood by the respondent, that trial counsel was ineffective for failing to object at sentencing to inadequate notice of State's intent to use the habitual felony offender act, this was previously discussed in this response in paragraph five (5). Again, this claim has no merit.

7. As to claim A(1)(iv), as understood by the respondent, that trial counsel was ineffective for failing to file a timely motion to sever, the petitioner is precluded from relief sought as he could have raised this on direct appeal and did not. Moreover, this claim is without merit. There was no *Bruton* problem which the petitioner's counsel could have raised that would have resulted in severance in this case. The State did not put in any statement of any defendant made to law enforcement in which one pointed the finger at the other or in which one defendant attempted to make the other look more guilty. Even if such motion had been made, it would not have been due to be granted.

Lastly, the petitioner is precluded from relief sought because his allegations are general and

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

conclusory. He asserts no facts to support this ground for relief and does not state how any different action on his trial counsel's behalf would have changed the outcome of the proceedings.

8. As to claim A(1)(v), as understood by the respondent, that trial counsel was ineffective for failing to raise insufficiency of the evidence, the petitioner is precluded from relief sought because he could have raised this issue on appeal and did not. Moreover, said allegation is general and conclusory and petitioner states no facts to support this ground for relief. He does not say how the outcome of the proceeding would have been different or that he was prejudiced by this alleged error of trial counsel.

Lastly, this claim is without merit as is evidenced by the transcript. See copy of transcript, pages 296-297, attached hereto as **Exhibit F**, wherein petitioner's trial counsel made a motion for directed verdict based on the state's alleged failure to prove the crime of murder. The trial court heard the motion and denied it. Thus, the sufficiency was challenged and the trial court ruled in the State's favor.

9. As to claim A(1)(vi), as understood by the respondent, that trial counsel was ineffective for failing to object to admissibility of an autopsy report in lieu of testimony of a state pathologist, the petitioner is precluded from relief sought because he could have raised this on direct appeal and did not. Moreover, such allegation is general and conclusory and the petitioner states no facts to support this ground for relief. He does not state how the outcome of the proceeding would have been different or that he was prejudiced by this alleged error of trial counsel.

Lastly, this allegation is without merit, as is evidenced by the transcript. See copy of transcript, pages 204-205, attached hereto as **Exhibit G**, wherein petitioner's trial counsel placed on the record the reason for stipulation to admission of the autopsy report. The State stipulated to the testimony of Ms. Sara Parish regarding the toxicology test of the victim's blood and the defense stipulated to the admission of the autopsy report. Furthermore, the defendants consented and agreed on the record to the stipulation of those records without testimony from experts.

10. As to claims A(2)(i)(ii)(iii) as understood by respondent, that appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel on direct appeal, for failing to raise issue of insufficiency of the evidence on direct appeal, for failing to raise issues on appeal "that were not

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

object (sic) to at Trial and preserved for review," and for failing to investigate petitioner's case, failing to know applicable law and failing to bring forth meritorious claims, the petitioner is precluded from relief sought as these allegations are general and conclusory and the petitioner asserts no facts to support those allegations.

11. Specifically, as to claim A(2)(i), that the appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel on direct appeal, the petitioner is precluded from relief sought because the proper method for presenting that claim for appellate review is to file a Rule 32 petition. See Jones v. State, 816 So.2d 1067 (Ala. Crim. App. 2000).

Sentencing on this matter occurred December 2, 2002. Trial counsel filed his motion to withdraw on December 30, 2002. See motion to withdraw attached hereto as **Exhibit H**. Appellate counsel was appointed on January 10, 2003. See order attached hereto as **Exhibit I**. The trial transcript was filed on March 24, 2003, after notice from the Court of Criminal Appeals that it was due on March 10, 2003. See copy of notice from Court of Criminal Appeals attached hereto as **Exhibit J** and copy of court reporter's certificate page on the filing on March 24, 2003 attached hereto as **Exhibit K**.

It would not have been possible for appellate counsel to raise ineffective assistance without a trial transcript which was not available until well past the date for filing a motion for new trial and well past the date that time for filing an appeal would have run. Thus, appellate counsel cannot be said to be ineffective for failing to allege ineffectiveness of trial counsel. Moreover, petitioner has failed to show that trial counsel was, in fact, ineffective.

11. All other allegations that petitioner attempted to make regarding appellate counsel's ineffectiveness were confusing and wholly unsupported by any facts. Nothing the petitioner alleged as error by trial or appellate counsel arose to the level of ineffectiveness as required by *Strickland*.

12. As to claim B, as understood by the respondent, that the Court was without jurisdiction to render judgment or to impose sentence, the petitioner is precluded from relief sought because the allegations he makes are not jurisdictional in nature. He apparently attempts to allege that the trial court erred in its instructions to the jury and that this error caused the Court to loose jurisdiction and that his prior

78

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

felony offenses should not have been considered for purposes of sentencing and that consideration of those priors caused the Court to loose jurisdiction.

Even if true, these alleged errors would not cause the Court to loose jurisdiction. These acts by the Court were not error and the Court had jurisdiction to render judgment and impose a sentence.

13. The Petitioner has failed to state or provide the facts and information which would allow this Court to conclude that he has been prejudiced by any of the acts or omissions he alleges transpired in this case. Thus, the petition is due to be denied without hearing. See Ex Parte Lockett, 548 So.2d 1045, 1048 (Ala. 1989).

Wherefore, the above premises considered, the State as Respondent, respectfully requests that the Petitioner's petition for Relief from Conviction or Sentence by denied without a hearing.

Respectfully submitted this 17th day of February, 2005.

E. Paul Jones
District Attorney
Fifth Judicial Circuit

by: _____
Assistant District Attorney
Randolph County, Alabama

CERTIFICATE OF SERVICE

I certify that I have on this date served a copy of the foregoing upon the Petitioner in this action by placing same, properly addressed, in the mail with sufficient postage to insure delivery.

Done this 17th day of February, 2005.

_____
Assistant District Attorney
Fifth Judicial Circuit

79

trial to comment on the evidence and to draw reasonable inferences from the evidence as they argue their respective positions to you.  But, what they say is not evidence and you should put what they say in proper category in your thinking, and it should not be in the evidence category.  Just as the indictment is not in the evidence category.

Under the law in Alabama, it is the duty of the Judge to set a penalty after due consideration presented at a sentencing hearing.  It is improper for the jury to be concerned with any penalty to be imposed upon any defendant in these cases if there should be a verdict of guilty returned as to any offense charged.

In coming before you, a jury of peers, upon pleas of not guilty, these Defendants are presumed to be innocent of the charges against them.  This presumption remains throughout every stage of the trial and during your deliberation on the verdict and is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendants are guilty.

The presumption of innocence with which a defendant enters into a trial is a fact in the case which must be considered along with all other evidence in the case and is not to be disregarded by you.

Burden of proof.  As I have already told you the burden of proof is upon the State to prove the defendants guilty as

EXHIBIT
4

State must satisfy each and every member of the jury of the defendants' guilt beyond a reasonable doubt. Even if the State demonstrates a probability of guilt, it does not establish it beyond a reasonable doubt, and in that case you must acquit the defendants.

The phrase reasonable doubt is self-explanatory. Efforts to define it do not always clarify the term. It is not a mere possible doubt, because everything relating to human affairs is open to some possible or imaginary doubt.

A reasonable doubt is a doubt of a fair-minded juror honestly seeking the truth after careful and impartial consideration have all evidence in the case. It is a doubt based upon reason and common sense. It does not mean vague or arbitrary notion, but it is an actual doubt based upon the evidence, a lack of evidence, a conflict in evidence, or any combination thereof. It is a doubt that remains after going over the entire case in your mind and giving consideration to the testimony and to all the testimony. It is distinguished from a doubt arising from mere possibility, from bare imagination, or from fanciful conjecture.

If after considering all of the evidence, you are convinced of the defendants' guilt beyond a reasonable doubt, it would then be your duty to convict the defendants. However, if you still have a reasonable doubt, that

Defendants are entitled to the benefit of the doubt, and the defendants should be acquitted.

You may consider a person's flight to avoid arrest as evidence of the consciousness of guilt. However, it is for you to determine, from the evidence, whether the defendant did flee and the reason, if he did flee, for such flight.

This is a charge of murder against these two defendants. A person commits the crime of murder if he causes the death of another person and in performing the act or acts, which caused the death of that person, he intends to kill that person.

To convict the State must prove beyond a reasonable doubt each of the following elements murder. That the deceased, Jermicah Foster, is dead. That these Defendants ...used the death of Jermicah Foster by shooting him with a firearm or a shotgun. And, that in committing the act or acts which caused the death of Jermicah Foster, the Defendants acted with intent.

A person acts intentionally when it is his purpose to cause the death of another person.

If you find from the evidence that the State has proved beyond a reasonable doubt each of the above elements of offense of murder as charged, then you shall find the defendants guilty of murder. If you find that the State has failed to prove beyond a reasonable doubt any one or more of

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

AT

File

```
STATE'S
EXHIBIT
B
```

STATE OF ALABAMA )
VS )                                         CASE NUMBER: 01-115
ANDREW P. BURDEN )

## NOTICE TO DEFENDANT OF PREVIOUS CONVICTIONS

You are hereby notified that the District Attorney's Office has evidence of the following convictions, which, in the event of your conviction in the above case, will be presented to the Court for consideration under the Alabama Habitual Offender Status:

| DATE | CASE NO: | CHARGE | DISPOSITION | JURISDICTION |
|------|----------|--------|-------------|--------------|
| 10/25/95 | 95-151 | Assault 2 | guilty | Randolph Co., AL |
| | 92-020 | Burg. 3 | guilty | Randolph Co., AL |
| 4/14/92 | 92-017 | Burg. 3 | guilty | Randolph Co., AL |
| 4/21/86 | 86-007 | Theft 1 | guilty | Randolph Co., AL |
| 10/5/87 | 87-054 | RSP 1 | guilty | Randolph Co., AL |

You will be notified in the event the District Attorney receives evidence of any other or additional convictions.

This the 25th day of _____Sept_____ , 2001 .

_____
Prosecutor

I hereby acknowledge receipt of the above notice this the _____ day of _____
_____.

_____
Defendant

83

STATE'S
EXHIBIT
C

MR. CLARK: At best that is awareness of the risk. No offense, Thomas, just following up on your analogy.

MR. RADNEY: I promise that's not the worst thing you have called me. So, that's okay.

THE COURT: I don't see how the jury could find a basis of negligence. I mean, this is one of those age old things that there was an ongoing problem. Whether or not the victim was included in that or not, it really doesn't matter. I think we have it all on the record. If there's not a request for manslaughter, I will not give manslaughter.

MR. RADNEY: Phillip, you and I had a discussion in the back room as it related to possible charges for the jury, and you and I talked about manslaughter, murder, and criminally negligent homicide, and we made the decision that our request was that the Judge give only murder and criminally negligent homicide; correct?

THE DEFENDANT   True.

MR. RADNEY: And, the Judge has now made a ruling that I have objected to where he says he will not give criminally negligent homicide. Therefore, we need to decide if we want to ask for the intermediate charge of manslaughter. In your particular case with the previous felonies, the Court will have the opportunity to consider, your range of punishment for manslaughter will be 20 to 99 years if you are convicted. If it were murder, Judge has to

consider between life and life without.  You I discussed it
and made the decision that we didn't think manslaughter
applied and we did not want to ask for it.  Is that still
what you think?

THE DEFENDANT: Yes.

MR. RADNEY:  Thank you.  We will not ask for
manslaughter.

THE COURT:  Very good.

MR. OWENS:  Judge, could I ask the Court in
relation to the charge -- to Anthony Burden's charge of
murder in this case, is the Court going to set out a jury
verdict that could, in essence, say that if they believe one
set of facts that they can find Mr. Burden, Anthony, not
guilty and Mr. Burden, Tony -- I mean, Mr. Burden, Phillip,
rather, guilty of murder?

THE COURT: Yes.

MR. RADNEY:  Judge, I don't want you to be that
specific.  But as for saying here is your jury form as it
relates to one, make a decision; here is the jury form as it
relates to the other, make a decision, and simply they are
not related.  You can do one to one or one as to the other,
but I think you do throw in ....

THE COURT: I am going to charge on aiding and
abetting.  That's the only theory that Anthony could be held
accountable for.

*** Frances L. Roark ***

IN THE CIRCUIT COURT
FIFTH JUDICIAL CIRCUIT OF ALABAMA
RANDOLPH COUNTY

STATE'S
EXHIBIT
D

STATE OF ALABAMA,          *   CR-02-0954
                          *   CRIMINAL NO.
versus                    *   CC-2001-000115, CC-2001-000114
                          *   Wedowee, Alabama
                          *   2 December, 2002
ANDREW PHILLIP BURDEN      *
ANTHONY EUGENE BURDEN,     *
     Defendants.          *
* * * * * * * * * * * * * * * * * * * * * * * * * *

TRANSCRIPT OF MOTION FOR MISTRIAL AND SENTENCING BEFORE

THE HONORABLE RAY D. MARTIN,

CIRCUIT JUDGE.

A P P E A R A N C E S
FOR THE STATE OF ALABAMA:   REA S. CLARK, DISTRICT ATTORNEY
                            FIFTH JUDICIAL CIRCUIT
                            CHAMBERS COUNTY COURTHOUSE
                            COUNTY OFFICE BUILDING
                            LAFAYETTE, ALABAMA 36862

                            BY: REA S. CLARK, DA
                                MELODY BALDWIN, ADA

FOR THE DEFENDANT:          RADNEY, RADNEY & BROWN
(Phillip Burden)            ATTORNEYS AT LAW
                            56 COURT SQUARE
                            ALEXANDER CITY, AL 35010

                            BY: TOM RADNEY, ESQUIRE

FOR THE DEFENDANT:          NATHANIEL D. OWENS, ESQUIRE
(Anthony Burden)            ATTORNEY AT LAW
                            POST OFFICE BOX 2641
                            ANNISTON, AL 36202

                            FRANCES L. ROARK, CSR
                            OFFICIAL COURT REPORTER
                            FR2W642

1    PROCEEDINGS:   In Open Court.

2              THE COURT: I think we can proceed with both cases

3    as far as pending motions.  This would be State versus Andrew

4    Phillip Burden and State versus Anthony Eugene Burden.  Both

5    Defendants are here with their attorneys.  Certain motions

6    have been filed relative to request for mistrial.  We may

7    proceed.

8              MR. RADNEY: Judge, I'll go quickly and then let

9    Nathaniel wrap it.

10             I represent Phillip Burden and, as the Court knows, soon

11   after the trial of this matter, as a matter of fact on the

12   day of the trial, of this matter after jury had returned

13   their verdict, it came to the attention of the Court that

14   family members of the victim, as well as some of the jurors,

15   had had some contact with each other.  It came out that that

16   may have been one of the alternate jurors.  Additionally,

17   Judge, it came out that a juror had failed to disclose a

18   familial relationship to the lead prosecution witness,

19   Ms. Jeanette Baker.  Testimony has been taken from some

20   witnesses, affidavits have been presented, briefs have been

21   submitted by all parties as it relates to that issue, Judge.

22   I don't think anyone disagrees that the standard that the

23   Court must apply in this case is, at least, in essence

24   whether there was an appearance of impropriety.  Cases were

25   cited to the Court that reference that, and it is very clear

1    that the Court does not have to make a finding that by God it

2    happened.  There's a case that has been cited that points to

3    the appearance of impropriety and that there may have been

4    some prejudice.  In this particular case, Judge, you are

5    looking at two defendants, both of which are facing extensive

6    prison terms, one of them, the possibility of life without

7    parole.  This is not an issue to be looked at lightly.  This

8    is as serious an issue as I can think of.  When you are

9    dealing with a murder, you are dealing with a horrible

10   situation at it relates to prosecution and the victim in this

11   case and at the same time you are looking at basically the

12   lives of these two defendants.  I believe it has been

13   presented to the Court factually that a mistrial is due to be

14   granted, and that both of these fellows are afforded the

15   right to a new trial for a jury that does not have the

16   appearance of any impropriety to make a decision.

17        MR. OWENS: May it please the Court, I realize,

18   first of all, Judge, that the dynamics of declaring a

19   mistrial means that everybody has got to start over.  This

20   was a four-day trial that had a number of witnesses.  But one

21   of the things that sort of starts with why we need to have a

22   mistrial in this case centers around the fact that there was

23   one witness for the State, Jeanette Baker, that appeared to

24   be, if we want to use a term to recognize someone, a key

25   witness.  A person that on which -- well, we know there was a

1   delay of maybe 40 minutes or so, even the lights blinked.

2   Was that a signal, Judge?

3             MS. BALDWIN: Somebody leaned on the switch.

4             MR. OWENS: But the dynamics of a person who,

5   because of her grief over the death of her nephew, we were

6   delayed, obviously everybody, including every juror and every

7   party here, sympathized with her.  But, we know that Jeanette

8   Baker was very upset over what had happened to her nephew,

9   Jermicah.  The question was after we got a verdict and it was

10   brought to my attention that Ms. Boykin, one of the alternate

11   jurors, had been seen the day before sitting, talking to the

12   same Jeanette Baker, whether or not that is important.  We

13   not only presented a direct witness that says that they saw

14   her and Ms. Baker seated, but then there were affidavits of,

15   I think, maybe five or six, and they were presented to the

16   Court.  People who say they were out there in the same

17   hallway and saw Jeanette Baker seated with this lady.  For

18   whatever the reason, Ms. Boykin said that didn't happen.  One

19   of the affidavits that I want to make sure I point out to the

20   Court and for the record was the grandson of Jeanette Baker,

21   who testified that he, in fact, saw his grandmother out there

22   in the hallway seated next to the lady that was described by

23   I think every one of them as the white woman with salt and

24   pepper hair.  And, I noted in the State's response that they

25   said there was some ambiguity about the identity of this

1    woman talking to Ms. Baker.  There's never been any

2    indication that there was anyone other than Ms. Boykin,

3    Judge, that they identified.  Everyone of those witnesses

4    described her in the same way as Ms. Phillips had described

5    her when she came in and viewed her, left the room, came back

6    in front of the Court, and said that is the lady that was out

7    there in the hall seated on the bench talking to Jeanette

8    Baker.

9         The question that comes up in regard to whether or not

10   improper contact is such that it creates a bias, and that's

11   really, I think, the standard.  We cited the Pelley case and

12   I noted the State made us a copy and I just want to refer to

13   one little piece in it where it says, on page 893, where

14   Pelley actually cites the *Rowan versus State* case that is at

15   143 Southern 2nd, 454.  It says, "Where the test is

16   articulated in terms of whether the context might have had a

17   prejudicial affect on the juror. The test of, and I think

18   that word is vitiating, vi-ating [pronouncing] ...

19        THE COURT: Vitiating.  Vish-ating [pronouncing].

20        MR. OWENS:  "... influence is not that it did

21   influence a member of the jury to act without the evidence,

22   but that it might have unlawfully influenced that juror and

23   others with whom he deliberated and might have unlawfully

24   influenced its verdict render."

25        Well, Judge, if you, in this particular case, in Pelley,

1   they sent it back.  It was a murder case and it was a nasty

2   one, and the State said, well, it doesn't have any relevance

3   to this, but it set out the standard.  And, in that case,

4   even though they were five people murdered in that and a lot

5   of factual difference, the Court sent it back because there

6   was a question of could it have, might have, influenced.

7   Now, might have.  If I recall correctly, the Court said after

8   considering what was stated by the witnesses that Ms. Boykin

9   had been talking, the Court said this lady was an alternate

10  and if she were a juror, we might have a different situation,

11  if I'm quoting correctly, and I am sure the record will

12  reflect.  I don't know what was going through the Court's

13  mind at that time, but after we have got involved

14  investigating what happened with Ms. Boykin, we find only

15  then that there was another incidence that relates to this.

16  The common person being Jeanette Baker again, but this time

17  we are dealing with a lady who sat throughout the whole of

18  the trial, who went through all the venire identification,

19  and never seemed to find a place where she could indicate her

20  relationship with the victim's family.  Jeanette Baker is the

21  sister of a man by the name of John Wesley Bell's wife, who

22  is the uncle of Ms. Jones by marriage.  Now, I realize

23  Roanoke is a fairly large town, but it is no more than six

24  maybe 7,000 folks, those people who are married would

25  generally know who are in their family and the relatives

*** Frances L. Roark ***

1    would, but the State says in her response that Ms. Jones --

2    let me make sure that I quote it.  Number 12, it is just as

3    likely that Ms. Jones also was not aware of any relationship

4    that might exist between Mr. Bell and Ms. Baker.  That

5    Mr. Bell, who is the brother-in-law of Ms. Baker, that

6    Ms. Jones, the juror, wouldn't know about this.  Well, Judge,

7    I have got witnesses, and their affidavits are included, who

8    saw Mr. Bell leave the courthouse on Wednesday with

9    Ms. Jones in the front seat of his car.  Now, I'm not saying

10   that merely because he picks her up and he takes her away

11   from the courthouse that that means that Mr. Bell had any

12   influence.  But, if Mr. Bell is married to Jeanette Baker's

13   sister, I think we are into an area where might influence is

14   now getting a little more serious.

15        Now, let me jump to the end of where I'm trying to get

16   to.  One of the things that Pelley also talks about is

17   sufficiency of the evidence.  And, I want to make, in

18   addition to my Motion for New Trial, on the basis of there

19   being improper jury contact, I want to make it in

20   additionally on the issue of insufficiency of evidence.  I

21   think this insufficiency of evidence, and I make it in that,

22   taken the totality of everything that the State established,

23   including the arguments of the prosecutor, established only

24   that Anthony Burden, out of the mouths of three people

25   Jeanette Baker, her daughter, and her niece, was said to have

1    said the words, "Shoot the B.  Kill him," or words to that

2    effect, and for that reason he was found guilty of murder.

3    Because there was no gun established in his hand.  In fact,

4    there was no other evidence presented of his actions.  But we

5    have got a murder conviction.  And, it is our position that

6    but for the bias that had already been carried into the jury

7    room, Anthony Burden would not have been found guilty of

8    murder on such flimsy evidence.

9         Now, one of the exciting things about investigating this

10   case, and going through all of the witnesses and what they

11   have said, we come back to why are we saying there is such a

12   big deal about improper contact with an alternate, maybe even

13   there being a relative who was a juror, and I don't think

14   there is any question there's been -- there's no real reason

15   why we cannot go on and go beyond the affidavits and have,

16   even if the Court feels it necessary to show that Detina

17   Jones, the juror, was, in fact, the person that was the

18   relative -- that is the relative of Jeanette Baker, who, as I

19   said earlier, was the key prosecution witness.  So, now we

20   must answer our question with, well, we've got a verdict of

21   guilty for Anthony Burden, and he's charged as an accomplice

22   to the murder of Jermicah Foster by Phillip Burden.  Now,

23   Phillip Burden testified that he went after, not Anthony

24   Burden, but a man named Shawn, and that when the gun shot was

25   fired, he was not firing at Jermicah Foster, that, in fact,

1    Jeanette Baker and others were so close to him that he

2    doesn't know which one, but someone hit his elbow when the

3    shot was fired.

4        Assuming that we take every fact that has been

5    presented, including that, there's no intent on the part of

6    the Defendant, Anthony Burden, established when you take the

7    actions of Phillip Burden to its total completion, including

8    the shot, yet he was found guilty of murder.  The State did

9    not put on any other evidence.

10        Now, in conclusion, we have opportunity by this Court's

11   taking a rough situation, and this has been a rough one,

12   because jury impropriety is not something that happens every

13   day.  It effects our whole system.  It doesn't matter what

14   the evidence is, it doesn't matter -- in fact, our supreme

15   court has even made another statement in Pelley that I want

16   to quote.  Which one of the justice's wrote this opinion?  I

17   can't remember which one wrote it.  He says that if we had

18   had a civil case involving a partner -- here it is on page

19   893.  It says and I quote, "If this were a civil case with a

20   substantial punitive damages award, we would be deeply

21   troubled by evidence of similar conduct by the partner of a

22   plaintiff's attorney who was not himself involved in the

23   trial of the case."  I take that to mean that when you are

24   talking about a murder case, that it would surely be more

25   serious than a civil case involving punitive damages.  And,

1    the issue of whether or not a jury was biased goes all the

2    way to the core of our consitutional protection of due

3    process and; therefore, without the hope that the Court, when

4    it is brought to your attention, would say, hey, it doesn't

5    matter whether or not Ms. Boykin remembers for sure whether

6    she was sitting there for that period of time.  It doesn't

7    matter whether or not Ms. Boykin can tell us what they were

8    talking about.  We've got to look at what might have been.

9    And, Judge, I believe once you do that, you will grant

10   us a mistrial in part because of the very seriousness of the

11   charge of murder, but more importantly the fact that it might

12   have been a bias that was projected into the jury

13   deliberations that caused this verdict.

14         Thank you for your attention, Judge.

15         THE COURT: What says the State?

16         MS. BALDWIN:  Judge, first of all, it is sort of a

17   factual argument, I won't go into all the argument I put in

18   the brief or the response, rather, because the Court can read

19   that, and I don't think it bears repeating word for word.  I

20   will make a couple of comments, specifically with regard to

21   the law.

22         I attached Pelley for this very reason because it was

23   mentioned in their responses, or their briefs, or

24   memorandums, whatever you want to call them, but what was not

25   discussed in any detail so that the Court could realize what

1    the case was about with regard to facts.

2        The case law is not as they would basically like to

3    argue that the issue is whether the contact may have

4    occurred.   The issue is whether having occurred that they

5    might have had a prejudicial effect on the juror.   In this

6    case there's an argument, and I would say, a very good one on

7    our part, that the contacts did not occur.   And, that is not

8    the case law.

9        If you read Pelley, you will see that clearly in that

10   case as in the other cases cited that there was no question

11   as to whether or not the contacts occurred or whether or not

12   they might have prejudiced a juror.   That is not what we are

13   looking at here.   The argument here is whether or not you

14   basically believe what's been presented by the State in

15   testimony and the Court's witness as well, Ms. Baker, and

16   whether or not -- or whether or not you believe the witnesses

17   testimony presented by the defendants and the affidavits

18   presented by the defendants.   And, it is not whether or not

19   the -- the issues basically are whether or not the contacts

20   may have occurred, and that's not the case law.   If the

21   contacts had occurred, we would have a different issue.   But,

22   we are submitting that that is not the case here.

23        Furthermore, Boykin was sure that she did not sit.   I

24   just want to briefly make that in response to Mr. Owens'

25   statements that she wasn't sure.   She was very clear that she

*** Frances L. Roark ***

1    did not sit with Ms. Baker.  Ms. Baker was very clear that

2    she did not sit with her.  Ms. Baker did, however, say that

3    there was one lady one day sitting outside waiting for the

4    health department to open, she left because the health

5    department did not open, and that is reflected in the record.

6    And she described that person always being a person with gray

7    hair.

8         Now, as to a relationship with the regard to Detina

9    Jones.  There is no relationship between Ms. Baker and Detina

10   Jones.  I dare say that anybody would consider that they are

11   related in any sort of way.  Ms. Baker testified that she did

12   not even know that Detina Jones was related to John Wesley

13   Bell.  She didn't know it.  And she, herself, is not related

14   to Detina Jones, and they consistently say that Detina Jones

15   failed to disclose a relationship that she had with

16   Ms. Baker, and there is simply no facts to support that.

17        Now, with regard to sufficiency of the evidence, if we

18   need to address that.  I really don't think there's any point

19   in it, but I will simply say, that with regard to Anthony

20   Burden, I think this was addressed earlier, there's certainly

21   an argument that if he had kept his mouth closed, and not

22   entered into this fight in any sort of way, there is a

23   chance, at least, that Phillip Burden could have been talked

24   down and not have shot Jermicah Foster, but that's not what

25   occurred.

1     I guess I should also comment, although it is in the

2     memo to the Court, that all the people who gave statements to

3     the Court in the form of affidavits or testimony, did not

4     come to, and there's no testimony and no evidence to this

5     effect, they did not come to the Court or to Mr. Owens at any

6     time during deliberations.  The jury was out for over an

7     hour.  After the trial and the verdict came in was not the

8     first time they would have had an opportunity to approach the

9     Court or Mr. Owens with regard to the information they now

10    say they have.  They are all related in some manner which is

11    included in the memo.  They are related in some manner to the

12    defendants, one or the other defendant.  And, they waited

13    until the testimony came in, the verdict was rendered, and

14    hour after deliberations occurred.

15        We would just state there's not -- Motion for Mistrial

16    is due to be denied.

17              THE COURT: Anything else to be put on record?

18              MR. RADNEY: Not for Defendant, Phillip Burden.

19              MR. OWENS: Only thing for Defendant, Anthony

20    Burden, the witnesses that did, during the whole of the

21    State's case, testify about the actions of Anthony Burden,

22    were Jeanette Baker, her daughter, Lenice, and her niece

23    LaTarsha.  All of these people were relatives of Jeanette

24    Baker.  All of these three witnesses are the only ones of the

25    25 or 40 people that were out there who happened to testify

1   not they heard Anthony Burden say anything.  They are the

2   only ones who come in and say that out of all of this

3   commotion, all of this time when Phillip Burden is walking

4   around with the shotgun, that they hear him, Anthony Burden,

5   make these comments, but the only thing that everybody did

6   say was that Anthony Burden had not been there earlier, that

7   there had been a fight between Phillip and Shawn Baker.  And,

8   that that fight was the basis of Shawn Baker's saying, as

9   Mr. Phillip Burden testified, I went after him because he

10  kept egging it on.  He kept telling me to come on.  It was

11  not someone else.  It was only his egging it on that caused

12  Phillip to go up to -- I wanted to make sure we corrected

13  that.

14          THE COURT: Anything else?

15          MR. RADNEY: No, sir, Your Honor.

16          THE COURT: Motion for Mistrial denied.

17       We will proceed with sentencing on Phillip Burden.  The

18  Defendants can stay where they are.  Mr. Radney, do you have

19  anything to submit?

20          MR. RADNEY: Nothing to submit, Your Honor.  I would

21  actually defer to the argument of the prosecution and ask to

22  rebut that since this is a habitual offender situation,

23  Judge, I think it would be best if I rebut what she presents.

24          THE COURT: What has the State to present on

25  sentencing of Andrew Phillip Burden?

1  MS. BALDWIN: We have -- well, I'll just go through

2  and submit individually, Judge, his priors, which are

3  extensive. If the Court will, just bear with me.

4  (WHEREUPON, DOCUMENTS WERE MARKED AS STATE EXHIBITS 1 - 4 FOR

5  IDENTIFICATION.)

6        MS. BALDWIN: State Exhibit 1, CC-87-054, receiving

7  stolen property in the first degree. Judge, it is the first

8  conviction we will submit.

9        MR. RADNEY: May I see them as you mark them?

10        MS. BALDWIN: Sure. State Exhibit 2, certified copy

11  of CC-86-007, theft in the first degree.

12        State Exhibit 3, CC-92-017, is a certified copy of a

13  burglary third and a theft second conviction.

14        State's Exhibit 4, CC-92-020, burglary third and theft

15  second convictions.

16        THE COURT: All right. Those will be admitted.

17  (WHEREUPON, DOCUMENTS MARKED AS STATES EXHIBITS 1-4 WERE

18  ADMITTED.)

19        THE COURT: Anything further?

20        MS. BALDWIN: Well, only with regard to our

21  recommendation, Judge. Life without parole is the minimum.

22  Of course, there is the discretionary matter with the Court,

23  because none of those are prior class A. We do submit that.

24  However, that is our recommendation based on the nature of

25  the offense.

1    MR. RADNEY: Your Honor, each of these convictions

2    that have been presented to the Court occurred in a four-year

3    period.  Excuse me, a five-year period from 1986 to 1991.

4    Each of them is a property offense:  Burglary, theft, or

5    receiving stolen property are the four that have been

6    admitted to the Court.  None of them are class A felonies.

7    The Court is looking at the possibility of either straight

8    life or life without.  The Court heard for three-and-a-half

9    days the testimony in this case.  This is a horrible tragic

10   situation.  However, we are talking about a 39-year-old man;

11   correct?

12           THE DEFENDANT:  Right.

13           MR. RADNEY:  Judge, we're asking the Court and

14   begging the mercy of the Court to impose the life sentence to

15   give this man an opportunity to, at some point, come back and

16   be a productive citizen.  That may be 20 or 30 years from now

17   based on the 85 percent rule on the Violent Offenders Act

18   that has been passed.  We're talking a long time.  Maybe 30

19   years of incarceration.  I would simply ask the Court to

20   leave some light at the end of the tunnel.  This man served

21   -- has been out on parole for -- excuse me, out on bond for

22   over a year pending the trial of this matter.  He was a

23   working man, a tax paying man during the time he was out, and

24   this Court can close the door for ever, and we're asking the

25   Court to give him a chance one day to get back out and a

1    member of society.

2            THE COURT: What says the State?  Anything further?

3            MS. BALDWIN: No, sir, other than the fact we submit

4    that life without parole is an appropriate sentence based on

5    the facts here.  This was a gun fight in the City of Roanoke

6    in a residential area.  Of course, the victims are here,

7    Judge, and they are -- Jermicah's mother may want to address

8    the Court.  I don't mean to leave out that opportunity,

9    because I know by law she's allowed to have that.

10        This is Ms. Deloris Foster, Judge.

11            THE COURT:  Go ahead.

12            MS. BALDWIN:  You can tell the Court.

13            MS. FOSTER:  I feel that Phillip should have life

14    without the possibility of ever being paroled.  He took my

15    child's life for no reason at all and we want ever have a

16    chance to see Jermicah anymore.

17            MS. BALDWIN:  How old was Jermicah, Deloris?

18            MS. FOSTER:  At the time 20.

19            MS. BALDWIN: Judge, essentially he gave the victim

20    a life sentence by killing him.

21            THE COURT: Anything further?

22            MS. BALDWIN: Nothing further from the State.

23            THE COURT: Any recommendation by the probation

24    officer?

25            THE PROBATION OFFICER: No.

1    MR. RADNEY: For the record, Judge, I have reviewed

2    the Report of Investigation prepared by Mr. Gagne and have no

3    objection. My client and I have been over it and it

4    accurately represents the facts but for one thing. He has

5    him listed as a 29-year-old man and he's actually 39.

6         THE COURT: In one respect, the law was amended

7    specifically for cases such as this, as far as habitual

8    offender. The legislature saw fit to change the mandatory

9    nature of life without parole in a case such as this where

10   none of the prior felonies committed by a defendant are, in

11   fact, class A felonies.

12        MS. BALDWIN: Judge, I understand there may be some

13   situations where even in a homicide or a murder, Judge, that

14   it being a class A felony that the Court would exercise the

15   discretion to give him less than life without the possibility

16   of parole. Judge, I could -- you know, this was not a

17   reckless homicide. Well, I guess it depends on who you

18   believe, but the jury certainly didn't believe the

19   Defendant's statement that this was any sort of accident.

20   This was intentional act. He took a loaded firearm, he went

21   to ....

22        THE COURT: There's no doubt about that. One thing

23   that I -- since this law has been amended that I have

24   continually struggled with is, whether or not the legislature

25   is looking at life without parole in the absence of prior

1   class A felonies as being something reserved for capital

2   cases.

3           MS. BALDWIN: But that's why we have the death

4   penalty, Judge.

5           THE COURT: In capital cases it is the death penalty

6   or life without parole.

7           MR. RADNEY: Judge, if may refute what Melody says,

8   I think that is exactly what this was, was a reckless act.

9   And that was heatedly discussed with the Court as it relates

10  to negligent homicide, reckless acts as it relates to

11  manslaughter and murder.  I think that's exactly what we're

12  dealing with here, and having no prior class A felonies, I

13  agree with the Court and with Ms. Foster that this is a

14  horrible situation, but I would ask the Court to give this

15  man a chance.

16          MS. BALDWIN: Of course, the jury disagreed with

17  that.

18          THE COURT: And, but for this Defendant's prior

19  crimes, which you have admitted into the record, and is now

20  part of the record, the range of punishment would be 20 years

21  to 99 years or life.

22          MR. RADNEY: Correct.

23          THE COURT: I think the jury found it to be

24  intentional murder and I think, under the law as it exists

25  now, I'm going to, of course, uphold their finding that it is

1    an intentional murder, and while I may be incorrect in my

2    analysis of what the legislature is doing, I feel that they

3    have sent to the trial courts, at least, an implied statement

4    of the purpose of the amendment, that being where there's no

5    class As in the background ....

6         MS. BALDWIN: I don't think it is a requirement,

7    Judge.  I don't mean to interrupt the Court.  I don't mean to

8    be rude about that, Judge, but probably that came from

9    pressure from D.O.C. to keep bed space.  That is probably

10   what that came from, Judge.  I don't know that there is any

11   other reason for it.

12        THE COURT: Well, I guess in one respect it is

13   really not for us to try to decide what the intent of the

14   legislature was, but I almost feel compelled to in a case

15   like this.  I don't know what their motivation was.  It may

16   be -- it may have been overcrowding; or, it may be, just as I

17   said, a mandate for the trial courts to consider.

18        MS. BALDWIN: Yes, sir, but there are other class A

19   felonies.  Had this been a trafficking charge and he had

20   three prior felonies, Judge, he would have been looking at

21   life or life without parole.  That's the kind of case we are

22   talking about.  But that's not what happened here.  We have

23   got a homicide, an intentional killing, not a trafficking

24   charge, not any other class A felony with three priors, but a

25   homicide, and I don't think that is the same thing.

1    THE COURT: Do you have anything else to say before

2    the Court passes sentence?

3    THE DEFENDANT: No, sir.

4    THE COURT: It is the judgment and sentence of the

5    Court that you be, and hereby are, sentenced to the

6    penitentiary of the State of Alabama for a term of life

7    imprisonment.  All costs and assessments that are to be

8    assessed by law are hereby entered.  The State will be given

9    an opportunity to supplement the record with any applicable

10   restitution affidavits.

11   MS. BALDWIN: There are.

12   MR. RADNEY: That has been presented to me, Judge.

13   We don't have any objection to them.

14   THE COURT: That will be incorporated into the

15   record and that will be incorporated into the order.

16   MR. RADNEY: Thank you, Your Honor.

17   THE COURT: As to Anthony Eugene Burden, what says

18   the Defense?

19   MR. OWENS: Your Honor, may it please the Court,

20   after reviewing the report made by the probation officer, our

21   only correction, and it is not really a correction, it

22   appears that they talk about the actions of Phillip Burden as

23   opposed to Anthony.  I see a reference at approximately this

24   time Anthony Burden came to Phillip Burden.  There was no

25   testimony at the trial of this, Judge.  I'm hard pressed as

*** Frances L. Roark ***

1    to the report of the probation officer being something

2    different from the trial testimony.

3            THE COURT: You make the request and that will be

4    stricken on the record.

5            MR. OWENS: All right.  I request that from the

6    point of -- it appears that it would be mid the paragraph

7    which is only -- well, there are two paragraphs.  The second

8    major paragraph starting with, "Anthony Burden had words with

9    Foster," then it says, "Anthony Burden kept saying, 'Kill the

10   motherfucker.'  Anthony Burden had more words with Jermicah

11   Foster.  Witnesses stated that Phillip Burden had the gun

12   pointed at Michael Foster [sic] but later backed off.  Then

13   Anthony Burden hit Jermicah Foster and as it looked he was

14   going to fight back, Anthony Burden told Phillip Burden to

15   kill the motherfucker.  Phillip Burden then shot Foster once

16   in the side of the face, causing his death."  We ask that,

17   other than the evidence that was presented, Judge, I don't

18   know which witness he's referring to when he does this

19   report.

20           THE COURT: What I'm going to do on the record is

21   note that, of course, the narrative is prepared by the

22   probation officer, and that is included in his report.  You

23   have drawn exception to the factual stating of the narrative.

24   What I'm going to tell you is that what I will rely on is the

25   actual testimony and evidence at trial.

1    MR. OWENS: That's fine, Your Honor. I just know

2    the testimony did not go with what is here. I want to make

3    sure that we pointed that out. Also we point out that it

4    appears that the only conviction is a 1999 theft by taking

5    misdemeanor that had a fine of $375; is that right? Is that

6    a misdemeanor? In LaGrange, Georgia.

7         THE DEFENDANT: I guess so. I don't remember.

8         MR. OWENS: Is that correct? That was the only --

9    and there were no other convictions noted.

10        We would just ask the Court to consider the fact that

11   the totality of the evidence and the factual basis of

12   Mr. Anthony Burden's conviction in your sentencing.

13        THE COURT: Anything else?

14        MR. OWENS: No, sir.

15        THE COURT: From the State?

16        MS. BALDWIN: Well, Judge, we would simply point out

17   what we have before: That Anthony Burden, had he not

18   participated in this crime, may have -- this crime may not

19   have occurred. We don't know that for sure, of course. But,

20   very likely there would have been a better opportunity for

21   the people who were trying to get Phillip Burden to back off

22   to have been successful in doing so. However, Anthony Burden

23   did participate and we make a recommendation of 35 years,

24   which we think is reasonable in light of the circumstances,

25   Judge.

1   THE COURT: Do you have anything to say before the

2   Court passes sentence, Mr. Burden?

3   THE DEFENDANT: I already spoke with her after it

4   was over with. I told her that I was sorry it happened and I

5   wanted to let her know that she could look at me all day and

6   don't know how I feel. But, if I didn't tell her, she

7   wouldn't know. She heard it personally from me. But, the

8   way the case went, there was a lot of stuff I couldn't say,

9   because it would have went against my uncle. So, I was in a

10  situation where I couldn't state my case. But, the truth of

11  the matter is, we got into it. It was broke up. And, it was

12  left at that. I had no intent to ask anyone to kill him or

13  tell anyone to kill him. I was raised that older people in

14  the family tell the younger people in the family what to do;

15  not the other way around. That's all, Your Honor.

16  THE COURT: It is the judgment and sentence of the

17  Court that you be, and hereby are, sentenced to the

18  penitentiary of the State of Alabama for a term of 30 years.

19  As such I don't think there could be any application made.

20  You may, whatever your post trial motions are, as soon

21  as they are timely filed, they will be considered and I'll

22  set them for hearing.

23  MR. OWENS: Thank you, Judge.

24  THE COURT: Everybody remain in the courtroom until

25  you are discharged.

IN THE CIRCUIT COURT

FIFTH JUDICIAL CIRCUIT OF ALABAMA
RANDOLPH COUNTY

```
STATE OF ALABAMA,          *   CR-02-0954
                           *   CRIMINAL NO.
versus                     *   CC-2001-000115, CC-2001-000114
                           *   Wedowee, Alabama
                           *   2 December, 2002
ANDREW PHILLIP BURDEN      *
ANTHONY EUGENE BURDEN,     *
     Defendants.           *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

C E R T I F I C A T E

STATE OF ALABAMA   )

AT LARGE           )

     I do hereby certify that the above and foregoing

transcript of testimony in the matter aforementioned was

taken down by me in computerized machine shorthand and

transcribed under my supervision, and that the foregoing

represents a true and correct transcript of the proceedings

had upon said hearing.

*Frances L. Roark, CSR-178*

FRANCES L. ROARK, CSR, OFFICIAL
COURT REPORTER, NOTARY PUBLIC
STATE OF ALABAMA AT LARGE

My Commission Expires 09/23/06.

# EXPLANATION OF RIGHTS AND
## PLEA OF GUILT
### (AFTER INDICTMENT)

| | | Number |
|---|---|---|
| | ID | CC 87 054 |
| | YR | Number |

ate of Alabama
nified Judicial System

v. 4/85

C i r c u i t
TE OF ALABAMA                     COURT OF  R A N D O L P H  _____ COUNTY
                                  vs.  A n d r e w   P h i l l i p   B u r d e n

THE ABOVE NAMED DEFENDANT:

his is to inform you of your rights as a defendant in this criminal case. Under the indictment returned against you in this case by the
nd Jury of this county, you are charged with the crime of _Deceiving Stolen Property__ 1°_____ which is a
ss  B  Felony. In the event you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for
ishment by imprisonment in the penitentiary for not less than _2 yrs_ nor more than _20 yrs_ for such offense and by
osition of a fine not to exceed $ _10,000_ _____ Provided further that at a sentencing hearing should the State of Alabama prove to
Court that prior to committing this offense, you have previously been convicted of any one (1) felony, then the said imprisonment term
t be for not less than _10 yrs_ ___ nor more than _99_ ____, and a fine not to exceed $ _20,000_ . Likewise, if the State
es you have been so convicted of any two (2) prior felonies, then the said imprisonment term must be for not less than _Life_
nore than _Life_ ___ and a fine not to exceed $ 20,000 _, And, if the State proves that you have been so convicted of any
e (3) prior felonies, then the said imprisonment must be for not less than _Life_ ____ nor more than _____, and a fine not
eed $ _-----_ _____

rther, you may be ordered to pay restitution in an amount determined by the court, for the use and benefit of the victim of your
nal offense.

accordance with §15-23-17, Code of Alabama 1975, if the above-mentioned crime involved personal injury or death to a victim you
be ordered to pay a victim compensation assessment of not less than $25.00 nor more than $10,000.

ENTERING A PLEA OF GUILTY IN THIS COURT, YOU ARE WAIVING A TRIAL BY JURY AND THE FOLLOWING RIGHTS TO WHICH
ARE ENTITLED IN THE EVENT OF A JURY TRIAL.

ler the Constitutions of the United States and of the State of Alabama you have a right or privilege not to be compelled to give
nce against yourself. In the trial of your case before the jury, you have the right to take the witness stand in your own
, if you so desire, but no one can require you to so testify. If you testify, you can be cross-examined by the state. If you do not testify,
n even comment to the jury as to your failure to testify. You have the right to remain absolutely silent, but anything that you
say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and
nd will not, be disclosed by your attorney.

the right to stand on your plea of not guilty, and the right to a public trial before a duly selected jury. In a jury trial, the jury would
n ether you are guilty or whether you are innocent, based upon the evidence in the case.
e trial of your case, your attorney could subpoena witnesses on your behalf, make legal objections to matters that he felt were
nable, cross-examine the witnesses of the state, examine your own witnesses, and argue the matter before the jury. He would be
o do everything that he could honorably and reasonably do to see that you obtain a fair and impartial trial. You have the right to
tnesses subpoenaed to testify as to pertinent facts in your favor.

trial of your case, you will come into court clothed with a presumption that you are not guilty and this presumption of innocence
w you throughout the course of the trial until the evidence produced by the state convinces each juror beyond a reasonable doubt
uilt. The burden of proof is upon the State of Alabama to convince each and every juror, from the evidence in the case, that you are
yond a reasonable doubt before the jury would be authorized to find you guilty. If the state does not meet such burden of proof, it
e jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

charges set forth in the indictment you have the right to enter a plea of guilty, not guilty, not guilty by reason of insanity or any
cial plea. You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. IF YOU
UILTY THERE WILL BE NO JURY TRIAL, AS HAS BEEN HERETOFORE EXPLAINED TO YOU.
torney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned judge and
ke further explanation thereof to you.

10/5/87
_____
                         JUDGE

he defendant in the above-styled cause and states to the court that he has read, or has had read to him, the matters and things
ve set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly
ds them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or
offered any inducement or reward to get him to plead guilty. Defendant further states to the court that he is guilty as charged, in
ind desires to plead guilty.

1/5/87
_____
                         DEFENDANT    Andrew P. Burden

e attorney for the above-styled defendant and certifies that the above and foregoing rights were read by the defendant in my
ere read to him by me, that I discussed such rights with the defendant, in detail, and that a written copy of the above rights
fendant or his attorney. Having gone over his rights with the defendant, in my judgement, the defendant understands

15/87
_____
                         ATTORNEY    Abner Hobre

fice This Date:  10-5-87
                         Clerk  (1)  Harley Huckaba _____ By _____

Filed in Office
DEC - 2 2002
KIM S. BENEFIELD
Clerk of Circuit Court

F ALABAMA ) IN THE CIRCUIT COURT OF
)
~~ ~~ Phillip Burden, )   Randolph
Defendant. ) COUNTY, ALABAMA
) CASE NO. 87-54

Archie Phillip Burden , Defendant, appeared before the Court with his

orney  O. Kitchin , this the 5 day of Oct , 19 87

Court addressed the defendant:

I have been informed that you desire to change your not guilty plea to guilty. Before
cept your guilty plea, it is my duty to inform you of certain constitutional rights
h you waive if you plead guilty. It is also necessary that I determine that you;
. Understand the nature of the charges against you;
That you understand the consequences of your plea of guilty;
That your plea be voluntary and intelligently made and
That there be a factual basis for your plea.
You have previously been informed by me in writing of all your constitutional rights
you have responded in writing that you have read or had them read to you by your lawyer
understood those rights.

Mr. Kitchin , you are the attorney for the defendant. Did you go over all the
s of the case with the defendant and throughly explain to him his constitutional rights
's case?

ttorney answered  yes :

the defendant: Did you explain to your attorney all the facts in the case and
 your constitutional rights with him?

Defendant answered  yes . Do you understand that your attorney would represent
throughout a trial if you had a trial in this case.

Defendant answered  yes . Mr. District Attorney: Read the indictment.
(The indictment was read.) (The reading of the indictment was waived)
To the defendant: You are charged in this case with the crime of Receiving

stolen property, 1°

Do you understand the charge?

Defendant answered  yes . If you plead guilty or if you are found
ty by a jury, the law provides punishment (in the penitentiary of the State of Alabama
not less than  2 yrs. nor more than  20 yrs. for such offense.
commitment to the custody of the Director of the Department of Corrections of this State
not more that three (3) years as a Youthful Offender).

Do you understand that if you plead guilty the Court will set the punishment within
se limits?

Defendant answered:  yes . Under our law you have the privilege
st self incrimination. That is you have a right to remain silent and the burden will
) the State to prove beyond a reasonable doubt that you are guilty and no one can comment
our failure to testify. If you plead guilty you give up that right to remain silent.
waive or give up your right to remain silent?

ndant answered  yes . You also have a right to a public trial by
y., or (Judge without a jury). In a (jury) trial, the (jury of twelve persons) (Judge)
d determine your guilt or innocence. By pleading guilty you waive your right to a
y) trial. Do you waive your right to a (jury) trial?

ndant answered  yes . You have the right to confront the witnesses

142

gainst you and have your attorney cross examine them. You also have the right to call
sses in your own behalf. By pleading guilty you give up or waive the right to call
itnesses against you. By pleading guilty you give up or waive the right to confront
Do you waive the right to confront the witnesses against you and the right to call
t es? Defendant answered _____ *yes* _____
Mr. District Attorney, pleas explain to the Court any agreement or understanding you
ve with the defendant concerning his plea. District Attorney answered
_____ *3 yr. concurrent credit for tie serve* _____.
The Court addressed the defendant: It that your understanding?
Defendant answered _____ *yes* _____. You understand that the Court is not bound by
agreement:
Defendant answered _____ *yes* _____. Have any other promises been made to you, or
threats, or any coercion against you to get you to plead guilty?
Defendant answered _____ *no* _____
Are you guilty as charged? Defendant answered _____ *yes* _____
tell the court exactly what you did which resulted in the charge against you.
Defendant answered: _____ *That he was with a gun who*
*had stolen property with him.*
The Court addressed the defendant's attorney: Do you concur in defendant's plea of guilty
fense attorney answered: _____ *yes*
the defendant: It is the judgment of the court that your plea of guilty is
ently and understandingly made; that the plea is voluntary and that there are facts to
e plea. I therefore allow you to withdraw your plea of not guilty and accept your
f guilty. I find that you are guilty of _____ *Receiving stolen property*
*first degree*
request a pre-sentence investigation, report and hearing? Defendant answered _____ *no*
have anything to say before the court passes sentence? Defendant answered _____ *no*
he judgment and sentence of this court that you be and hereby are sentenced to (the
of the Director of the Department of Corrections of this State as a Youthful Offender)
nitentiary of the State of Alabama) for a period of _____ *three (3) years concurrent*
*No credit for time held in jail on this charge. Probation is*
*denied.*

_____ *[signature]* _____
Circuit Judge

113

# EXPLANATION OF RIGHTS AND
## PLEA OF GUILT
### (AFTER INDICTMENT)

State of Alabama
ified Judicial System

v. 4/85

Case Number

CC 86 007
ID  YR  Number

*Circuit 1*

STATE OF ALABAMA _____ COURT OF *Randolph* _____ COUNTY

vs.

*Phillip Burden*

THE ABOVE NAMED DEFENDANT:

This is to inform you of your rights as a defendant in this criminal case. Under the indictment returned against you in this case by the and Jury of this county, you are charged with the crime of *Theft* _____ which is a ss *B* Felony. In the event you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for nishment by imprisonment in the penitentiary for not less than ___ 2 ___ nor more than ___ 20 ___ for such offense and by position of a fine not to exceed $ *10,000* Provided further that at a sentencing hearing should the State of Alabama prove to st be for not less than _____ nor more than _____, and a fine not to exceed $ _____. Likewise, if the State ves you have been so convicted of any two (2) prior felonies, then the said imprisonment term must be for not less than more than _____ and a fine not to exceed $ _____. And, if the State proves that you have been so convicted of any e (3) prior felonies, then the said imprisonment must be for not less than _____ nor more than _____

xceed $ _____ .

**Filed in Office**

urther, you may be ordered to pay restitution in an amount determined by the court, for the use and benefit of the victim of your inal offense.

DEC - 2 2002

accordance with §15-23-17, *Code of Alabama* 1975, if the above-mentioned crime involved personal injury or death to a victim you l be ordered to pay a victim compensation assessment of not less than $25.00 nor more than $ **KIM S. BENEFIELD**

ENTERING A PLEA OF GUILTY IN THIS COURT, YOU ARE WAIVING A TRIAL BY JURY AND THE FOLLOWING RIGHTS WHICH ARE ENTITLED IN THE EVENT OF A JURY TRIAL. Clerk of Circuit Court

der the Constitutions of the United States and of the State of Alabama you have a right or privilege not to be compelled to give ence against yourself. In the trial of your case before the jury, you have the right to take the witness stand and to testify on your own lf, if you so desire, but no one can require you to so testify. If you testify, you can be cross-examined by the state. If you do not testify, an even comment to the jury as to your failure to testify. You have the right to remain absolutely silent, but anything that you ly say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and and will not, be disclosed by your attorney.

the right to stand on your plea of not guilty, and the right to a public trial before a duly selected jury. In a jury trial, the jury would m hether you are guilty or whether you are innocent, based upon the evidence in the case.

he trial of your case, your attorney could subpoena witnesses on your behalf, make legal objections to matters that he felt were tionable, cross-examine the witnesses of the state, examine your own witnesses, and argue the matter before the jury. He would be d to do everything that he could honorably and reasonably do to see that you obtain a fair and impartial trial. You have the right to witnesses subpoenaed to testify as to pertinent facts in your favor.

he trial of your case, you will come into court clothed with a presumption that you are not guilty and this presumption of innocence llow you throughout the course of the trial until the evidence produced by the state convinces each juror beyond a reasonable doubt r guilt. The burden of proof is upon the State of Alabama to convince each and every juror, from the evidence in the case, that you are beyond a reasonable doubt before the jury would be authorized to find you guilty. If the state does not meet such burden of proof, it e the jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

he charges set forth in the indictment you have the right to enter a plea of guilty, not guilty, not guilty by reason of insanity or any special plea. You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. IF YOU ) GUILTY THERE WILL BE NO JURY TRIAL, AS HAS BEEN HERETOFORE EXPLAINED TO YOU.

r attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned judge and l make further explanation thereof to you.

*4-21-86* _____ JUDGE _____

es the defendant in the above-styled cause and states to the court that he has read, or has had read to him, the matters and things above set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly tands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or l or offered any inducement or reward to get him to plead guilty. Defendant further states to the court that he is guilty as charged, in se, and desires to plead guilty.

*4-21-86* _____ DEFENDANT *Phillip Burden*

es the attorney for the above-styled defendant and certifies that the above and foregoing rights were read by the defendant in my r were read to him by me, that I discussed such rights with the defendant, in detail and that a written copy of the above rights e defendant or his attorney. Having gone over his rights with the defendant, in my judgement, the defendant understands

ta *4-21-86* _____ ATTORNEY _____

in Office This Date: *4-21-86* _____ Clerk _____ By _____

STATE OF ALABAMA

VS

_Phillip Binder_
      Defendant

)
                                    Y
                                    Y
                                    Y
                                    Y

IN THE CIRCUIT COURT OF

RANDOLPH COUNTY, ALABAMA

CASE NO. _86-007_

_Phillip Binder_ _____, Defendant, appeared before the Court
with his attorney _L. Hammer_ , this _21_ day of _Apl_ , 198_6_
The Court addressed the defendant:
      I have been informed that you desire to change your not guilty plea to guilty.
Before I accept your guilty plea, it is my duty to inform you of certain constitutional
rights which you waive if you plead guilty. It is also necessary that I determine
that you;
      Understand the nature of the charged against you;
      That you understand the consequences of your plea of guilty;
      That your plea be voluntary and intelligently made and
      That there be a factual basis for your plea.
      You have previously been informed by me in writing of all your constitutional
rights and you have responded in writing that you have read or had them read to you
by your lawyer and understood those rights.
      Mr. _Hammer_ , you are the attorney for the defendant. Did you go over
all the facts of the case with the defendant and throughly explain to him his consti-
tutional rights in this case?

      Attorney answered _yes_.
      To the defendant: Did you explain to your attorney all the facts in the case
.d discuss your constitutional rights with him?

      Defendant answered _yes_. Do you understand that your attorney
      would represent you throughout a trial if you had a trial in this case.

      Defendant answered _yes_. Mr. District Attorney: Read the indictment.
      (~~The indictment was read.~~) ( The reading of the indictment was waived.)

      To the defendant: You are charged in this case with the crime of _____

_____ _Theft of property, first degree_ _____

      Do you understand the charge?

      Defendant answered _yes_. If you plead guilty or if you are found guilty
by a jury, the law provides punishment in the penitentiary of the State of Alabama
for not less than _2 yrs._ nor more than _20 yrs._ for such offense.
~~(or commitment to the custody of the Director of the Department of Corrections of~~
~~this State for not more than three (3) years as a Youthful Offender.)~~

      Do you understand that if you plead guilty the Court will set the punishment
within those limits?

      Defendant answered: _yes_. Under our law you have the privilege against self
incrimination. That is you have a right to remain silent and the burden will be on
the State to prove beyond a reasonable doubt that you are guilty and no one can
.omment on your failure to testify. If you plea guilty you give up that right to
   in silent. Do you waive or give up your right to remain silent?

      Defendant answered _yes_. You also have a right to a public trail by
(jury.) or (~~Judge without a jury.~~) In a (jury) trial, the (jury of twelve persons)
(~~Judge~~) would determine your guilt or innocence.

By pleading guilty you waive your right to a (jury) trial. Do you waive your right to a (jury) trial?

Defendant answered _____Yes_____. You have the right to confront the witnesses against you and have your attorney cross examine them. You also have the right to call witnesses in your own behalf. By pleading guilty you give up or waive the right to confront the witnesses against you. Do you waive the right to confront the witnesses against you and the right to call witnesses? Defendant answered _____Yes_____

Mr. District Attorney, please explain to the Court any agreement or understanding you have with the defendant concerning his plea. District Attorney answered

_____3 yr. - 30 days jail, balance on probation_____

The Court addressed the defendant: Is that your understanding?

Defendant answered _____Yes_____. You understand that the Court is not bound by the agreement:

Defendant answered _____Yes_____. Have any other promises been made to you, or any threats, or any coercion against you to get you to plead guilty?

Defendant answered _____No_____

Are you guilty as charged? Defendant answered _____Yes_____ Now tell the court exactly what you did which resulted in the charge against you.

Defendant answered: _____That he and friends broke into a house and took a V.C.R, T-V. and other things in Randolph Cnty_____

The Court addressed the defendant's attorney: Do you concur in defendant's plea of guilty?

Defense attorney answered: _____Yes_____

To the defendant: It is the judgment of the Court that your plea of guilty is intelligently and understandingly made; that the plea is voluntary and that there are facts to support the plea. I therefore allow you to withdraw your plea of not guilty and accept you plea of guilty. I find that you are guilty of _____Theft of property, first degree_____

Do you request a pre-sentence investigation, report and hearing? Defendant answered

_____No_____

Do you have anything to say before the Court passes sentence? Defendant answered _____No_____

It is the judgment and sentence of this court that you be and hereby are sentenced to (the custody of the Director of the Department of Corrections of this State as )Youthful Offender) (the penitentiary of the State of Alabama) for a period of _____three (3) years, provided, said sentence shall be served _____ days in the County jail, and the balance thereof on probation. Fine held in jail on this charge is credited to this sentence. Burglary, third degree charge nolle prossed

State of Alabama
Unified Judicial System

Form C-6    Rev 10/88

# CRIMINAL
# CASE ACTION SUMMARY

Case Number

CC 92 017

THE _____ CIRCUIT _____ COURT OF _____ RANDOLPH _____ COUNTY

☐ STATE OF ALABAMA
☐ City of _____

v.

| Distinguishing Features: | | |
|---|---|---|

**SSAN**

| Sex | Race | DOB | Eyes | Hair | Height | Weight |
|---|---|---|---|---|---|---|

**Defendant**

Phillip Burden

**Address**

| Date War/Cap. Issued | Date Committed to Jail |
|---|---|
| (08-06-91) | (08-06-91) |

| Case Number | | Jury | Date Arrested | | Incarcerated X |
|---|---|---|---|---|---|
| CC 92 017 | | Non Jury | 08-06-91 | | On Bond |

| Date Released on Bond | Bond Amount |
|---|---|

**Charges** ☐ Misd.  ☒ Fel.
☐ Mun. Ord. Viol.  ☐ App.

**Prosecutor**
Hollis

**Judge ID**

| Date Prelim. Hearing | Bond Type & Sureties |
|---|---|

**Filed in Office**

**Attorney(s)**
K. Warren, A

Grand Jury No.
82, 83

Date of Indictment   C - 2 2002
02-12-92

Date of Trial

Burglary 3
Theft 2

**KIM S. BENEFIELD**
Clerk of Circuit Court

**Defendant Index**

**Court Calendar**

**Type of Officer:** Surrett
☐ Municipal  ☐ State
☒ County  ☐ Conservation

4-14-92  F6  Pug 3

Additional Information And Remarks:
91 711
DC 91 712

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|

-12-92 Affidavit Builst
Hardship Order

16-92 Motion for Discovery

9-92 Motion for Discovery-State
Discovery Response

STATE OF ALABAMA
RANDOLPH COUNTY
I, Kim S. Benefield, Clerk of the Circuit Court of Randolph County,
do hereby certify that above and foregoing is a true and
copy of C.A.S., plea Rel, plea J Guilt
same appears of record and on file in my office
Witness my hand and seal, this 13th day of
September, 2001
Kim S. Benefield
Clerk of the Circuit Court of
Randolph County, Alabama

Case No.: **CC 92-017, 020**

On this 12th day of March, 1992, came Honorable Rea
Clark who prosecutes for the State of Alabama. Also came in
open Court, the Defendant, *Phillip Burden*, in
his/her own proper person and attended by his/her counsel,
Honorable *Keith Warren*, said counsel,
~~retained by the Defendant~~. The Court hereby notes the
above named attorney's appearance for said Defendant.
The Defendant, being duly arraigned upon said
indictment, reading of the indictment being duly waived, for
his/her pleas thereto says, in the presence of and with the
consent and approval of his/her counsel that he/she is not
guilty in manner and form as charged.

It is Ordered and Adjudged by the Court that the said
Defendant be and he/she is hereby remanded to jail or
released on bond, pending the trial of this cause. Existing
bond continues in effect. The Court advised the Defendant
that it will be necessary for said Defendant to be before
the Court for trial on May 11, 1992, at 9:00 a.m.
The Defendant is given 10 days to file any special
pleas or motions going to the form of the indictment.

Done this 12th day of March, 1992.

Lewis H. Hamner
Circuit Judge

117

<u>PLEA RECOMMENDATION</u>

ATE OF ALABAMA,
      PLAINTIFF,

    VS.

Phillip Burden          ,
    DEFENDANT

\*
\*
\*
\*
\*
\*
\*
\*

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY,
ALABAMA

CASE # ____CC 92-017____

COMES NOW the State of Alabama, by and through its District
Attorney, and shows unto this Court that the defendant has been indicted
by the Grand Jury of Randolph County, Alabama for the following
offense(s):

1. ____Burglary 3°_____

2. ____Theft 2°_____

3. _____

4. _____

The State of Alabama, by and through its District Attorney,
ter considering all the facts and law pertaining to the charge(s)
ainst the defendant, and the defendant's Affidavit of Prior
lony Convictions as shown on this form, recommends to this Court that
ld the defendant desire to plead guilty, that the following
osition of the case(s) be Ordered by this Court:

*Burglary 3rd - 15 years concurrent - state offense probation*

*Theft 2dd - noll prosse* ~~Epense Prior probation~~

*Court Costs, $50 VCF award,* ~~restitution,~~ *attorney fees to be paid*

It is further agreed to by the defendant and his attorney of record
hat should the hereinafter set out recommended disposition of the case(s)
ainst the defendant be approved by the Court, that the defendant will
nter a plea of guilty.

DONE this the 14th day of April ,19 92 .

Filed In Office

_Andrew P. Burden_
    DEFENDANT

APR 14 1992

_John Byran Holter_
ASSISTANT DISTRICT ATTORNEY

_J Swain_
TORNEY OF RECORD FOR DEFENDANT

KIM S. BENEFIELD
Circuit Court

RESTITUTION DUE:

∅ (LATTONIA WRIGHT)

118

# EXPLANATION OF RIGHTS AND
## PLEA OF GUILT
### (AFTER INDICTMENT)

p C-44   Rev 6/88

CC 92-017
CC 92-020

THE *Circuit* COURT OF *Randolph* COUNTY

STATE OF ALABAMA v. *Phillip Burden*

**TO THE ABOVE NAMED DEFENDANT:**

This is to inform you of your rights as a defendant in this criminal case. Under the indictment returned against you in this case by the Grand Jury of this county, you are charged with the crime of *Burglary 3rd* which is a Class C Felony. In the event you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for punishment by imprisonment in the penitentiary for not less than *1 yr/dy* nor more than *10 yrs* for such offense and by imposition of a fine not to exceed $ *5000*. Provided further that at a sentencing hearing should the State of Alabama prove to this Court that prior to committing this offense, you have previously been convicted of any one (1) felony, then the said imprisonment term must be for not less than *2 yrs* nor more than *20 yrs*, and a fine not to exceed $ *10000*. Likewise, if the State proves you have been so convicted of any two (2) prior felonies, then the said imprisonment term must be for not less than *10 yrs* nor more than *99 yrs or life* and a fine not to exceed $ *20000*. And, if the State proves that you have been so convicted of any three (3) prior felonies, then the said imprisonment must be for not less than *15 yrs* nor more than *99 yrs or life* and a fine not to exceed $ *20000*.
Further, you may be ordered to pay restitution in an amount determined by the court, for the use and benefit of the victim of your criminal offense.
In accordance with §15-23-17, Code of Alabama 1975, you shall be ordered to pay a victim compensation assessment of not less than $25.00 nor more than $10,000.
IN ENTERING A PLEA OF GUILTY IN THIS COURT, YOU ARE WAIVING A TRIAL BY JURY AND THE FOLLOWING RIGHTS TO WHICH YOU ARE ENTITLED IN THE EVENT OF A JURY TRIAL.

[text continues, partially cut off on left margin]

E *4-14-92*                          JUDGE

Comes the defendant in the above-styled cause and states to the Court that he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead guilty. Defendant further states to the Court that he is guilty as charged, in this case, and desires to plead guilty.

*4/14/92*                    DEFENDANT *Andrew P. Burden*

Comes the attorney for the above-styled defendant and certifies that the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, and that a written copy of the above rights was given the defendant or his attorney. Having gone over his rights with the defendant, in my judgment, the defendant understands his rights.

*4/14/92*                    ATTORNEY

In Office This Date: _____  SENEFIELD  Clerk _____ By _____

RECORD (Original)   DEFENDANT (Copy)   ATTORNEY (Copy)   119

| State of Alabama<br>Unified Judicial System | CRIMINAL<br>CASE ACTION SUMMARY | Case Number |
|---|---|---|
| m C-6    Rev 10/88 | | CC 92 020 |

CIRCUIT ————— COURT OF ————— RANDOLPH ————— COUNTY

☐ STATE OF ALABAMA
☐ City of _____

v.

Distinguishing Features:

| Defendant | Address | SSAN |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|---|
| Phillip Burden | | Sex | Race | DOB | Eyes | Hair | Height | Weight | |

| Case Number | Jury | Date Arrested | | Date War/Cap. Issued | Date Committed to Jail |
|---|---|---|---|---|---|
| CC 92 020 | Non Jury | 08-06-91 | X Incarcerated | (08-06-91) | (08-06-91) |
| Charges ☐ Misd. ☑ Fel. | | | ☐ On Bond | Date Released on Bond | Bond Amount |
| ☐ Mun. Ord. Viol. ☐ App. | Prosecutor<br>Hollis | Judge ID | Date Prelim. Hearing | Bond Type & Sureties |
| | Attorney(s) | | Grand Jury No.<br>88, 89 | **Filed in Office** |
| Burglary 3<br>Theft 2 | K. Warren, A | | Date of Indictment<br>02-12-02 | DEC - 2 2002<br>**KIM S. BENEFIELD**<br>Clerk of Circuit Court |
| | | | Date of Trial | |

| Defendant Index | Court Calendar | |
|---|---|---|
| Type of Officer: Surrett | ☐ Municipal  ☐ State<br>☑ County  ☐ Conservation | 4-14-92 *Burglary 3* |

_al Information And Remarks:_
DC 91 709
DC 91 710

---

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 2-92 *Affidavit Burget*<br>*Hardship & Under*<br>4-92 *Motion for Discovery* 4-16<br>9-92 *Motion for Discovery - State*<br>*Discovery Response* | Case No. CC 92-017, 020<br><br>    On this 12th day of March, 1992, came Honorable Rea Clark who prosecutes for the State of Alabama. Also came in open Court, the Defendant, *Phillip Burden*, in his/her own proper person and attended by his/her counsel, Honorable *Kevin Warren*, said counsel being appointed by the Court to represent the Defendant (retained by the Defendant). The Court hereby notes the above named attorney's appearance for said Defendant.<br>    The Defendant, being duly arraigned upon said indictment, reading of the indictment being duly waived, for his/her pleas thereto says, in the presence of and with the consent and approval of his/her counsel that he/she is not guilty in manner and form as charged.<br><br>    It is Ordered and Adjudged by the Court that the said Defendant be and he/she is hereby remanded to jail or released on bond, pending the trial of this cause. Existing bond continues in effect. The Court advised the Defendant that it will be necessary for said Defendant to be before the Court for trial on May 11,1992, at 9:00 a.m. The Defendant is given 10 days to file any special pleas or motions going to the form of the indictment.<br><br>    Done this 12th day of March, 1992. |

ALABAMA
H COUNTY
S. Benefield, Clerk of the Circuit Court of Randolph County, ___ hereby certify that the above and foregoing is a true and ___ copy of *CAS, Sent Order, Plea not guilty* ___ appears of record and on file in my office. ___ ___ and seal, this ___13th___ day of ___September___, 20_05_

Clerk of the Circuit Court of
Randolph County, Alabama

Lewis H. Hamner
Circuit Judge

State of Alabama
Unified Judicial System

Form C-7A (p.1)   10/88

## CASE ACTION SUMMARY (CONTINUATION)
## SENTENCING ORDER

| Case Number |
|---|
| CC 92-017 |
| CC 92-020 |

STATE OF ALABAMA  v.  PHILLIP BURDEN

Page Number ___1___ of ___2___ Pages

| DATE | JUDGE'S INITIALS | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|---|

15/92

### Sentencing Order

KIM S. BENEFIELD
Clerk of Circuit Court

The defendant and counsel, and counsel for the State of Alabama appeared in open court for the defendant to be sentenced on his/her conviction of <u>Burglary in the Third Degree in</u> in CC 92-017 and Burglary in the Third Degree in CC 92-020.

### *Habitual Felony Offender*

☐ The defendant has been given reasonable notice that the State intended to move the Court to sentence the defendant under the provisions of §§13A-5-9 and 10, *Code of Alabama, 1975.* The State's motion to sentence the defendant pursuant to the Habitual Felony Offender Act is ☐ granted; ☐ denied. The Court finds the defendant has _____ ☐ prior convictions:

### *Sentence*

☐ The defendant waived a sentencing hearing.

☒ The Court conducted a sentencing hearing.

☒ A pre-sentence report was requested by the defendant and considered by the Court.

☐ The defendant waived a pre-sentence investigation and report.

☒ The Court asked the defendant if he/she had anything to say why the sentence of law should not be imposed against him/her, and ☒ the defendant having had his/her say, ☐ the defendant had nothing to say, it is ORDERED as follows:

☒ The defendant is sentenced to the custody of the Commissioner of the Department of Corrections for a period of *fifteen (15)* year(s) and *in each case* day(s), _____ month(s) ☐ his/her life, ☐ his/her life without parole. *$ to run concurrent.*

☐ The defendant is sentenced to the custody of the Sheriff of _____ County, Alabama, for a period of _____ one year, _____ month(s), _____ day(s).

☐ The defendant is sentenced to the custody of the Warden of the City of _____ Alabama, Jail, for a period of _____ one year, _____ month(s), _____ day(s).

☐ The defendant is fined the sum of $ _____ .

☐ Y.O.A.

☐ Frank Lee Youth Center is recommended.

☐ The defendant's sentence shall be concurrent with the sentence(s) imposed in _____

☒ The defendant shall pay restitution in the amount of $ *745.00* .

☒ The defendant shall pay the costs of this case.

☒ The defendant shall pay the Alabama Crime Victims Compensation Commission the sum of $ *50.00 each case, $100.00 total.*

☒ The defendant shall reimburse the State of Alabama the costs of his/her appointed counsel in the amount of $ *to be determined and approved by the Court.*

☒ The payment of court ordered monies shall be a condition of parole, early release, S.I.R., or work release.

121

| State of Alabama<br>Unified Judicial System<br><br>C-7A (p.2)    10/88 | **CASE ACTION SUMMARY (CONTINUATION)**<br>**SENTENCING ORDER** | Case Number<br>CC 92-017<br>CC 92-020 |
|---|---|---|

| STATE OF ALABAMA    v.   PHILLIP BURDEN | Page Number _____ of _____ Pages |
|---|---|

| DATE | JUDGE'S<br>INITIALS | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|---|

/15/92

## Terms And Conditions Of Probation

[✓] The defendant's probation is conditioned on the defendant complying with the following conditions of probation:

[✓] The defendant shall not be arrested for any further offenses.

[ ] The defendant shall maintain full time employment.

[ ] The defendant shall secure full time employment within _____

[✓] The defendant shall not consume any alcoholic beverages or frequent any establishments that serve or sell alcoholic beverages as their primary service.

[✓] The defendant shall not have any contact with illegal drugs or associate with any persons who sell, furnish or use illegal drugs.

[✓] The defendant shall pay the Court ordered monies;  [ ] on or before _____ ;
  [ ] in installments commencing on _____ (date) at the rate of
  $ _____ per [ ] month  [ ] week  [ ] each two weeks, until paid in full.

[ ] The defendant shall appear in court on _____ (date),
  at _____ .M. for [ ] a restitution hearing  [ ] review.

[ ] The defendant shall not enter _____ during
  his/her probation.

[ ] The defendant shall complete the DUI level _____ program.

[ ] The defendant shall obtain his/her GED within _____

[ ] The defendant shall enroll in the  [ ] Lighthouse;  [ ] Cadet Center; or  [ ] _____
  _____ , and complete the program and any aftercare program that is recommended.

[ ] The defendant shall not have any contact with _____

[ ] The defendant shall remain a  [ ] full time student at _____
  [ ] part time student at _____ , and maintain a _____ grade point average.

[✓] The defendant shall comply with any other terms and conditions of probation that may be required by the Department of Probations and Parole.

[ ] The defendant shall be electronically monitored.

[ ] The defendant shall complete _____ hours of community service work

[✓] _Probation is Denied. Defendant shall receive credit for time served awaiting trial on these charges. Defendant is remanded to custody of Sheriff for delivery to Dept. of Corrections._

[✓] The defendant was advised that he has the right to appeal his conviction and sentence, and if indigent has the right to appointed counsel and the court reporter's transcript provided without cost to the defendant.

DONE and ORDERED in open court this   15th   day of   June   , 19 92

122
                                        CIRCUIT COURT JUDGE

<u>PLEA RECOMMENDATION</u>

| | | |
|---|---|---|
| ATE OF ALABAMA,<br>        PLAINTIFF, | *<br>*<br>* | IN THE CIRCUIT COURT OF<br>RANDOLPH COUNTY,<br>ALABAMA |
| VS. | *<br>* | |
| | *<br>* | |
| <u>Phillip Burden</u>        ,<br>        DEFENDANT | *<br>* | CASE #  <u>CC 92-020</u> |

COMES NOW the State of Alabama, by and through its District Attorney, and shows unto this Court that the defendant has been indicted by the Grand Jury of Randolph County, Alabama for the following offense(s):

1. <u>  Burglary 3°                              </u>

2. <u>  Theft 2°                                 </u>

3. <u>  .                                        </u>

4. <u>                                           </u>

The State of Alabama, by and through its District Attorney, )ter considering all the facts and law pertaining to the charge(s) against the defendant, and the defendant's Affidavit of Prior lony Convictions as shown on this form, recommends to this Court that ld the defendant desire to plead guilty, that the following di₃position of the case(s) be Ordered by this Court:

<u>Burglary 3rd — 15 years concurrent — State oppose probation</u>
<u>Theft 2nd — nolle prosse</u> ~~split 2 years serve, 8 years probation~~
<u>restitution of $745 to be paid</u>
<u>Court costs, $50 VCE award, attorney fees to be paid,</u>

It is further agreed to by the defendant and his attorney of record that should the hereinafter set out recommended disposition of the case(s) against the defendant be approved by the Court, that the defendant will enter a plea of guilty.

DONE this the <u>14th</u> day of <u>April</u>, 19<u>92</u>.

<u>Andrew P. Burden</u>                    <u>John Byron Hollis</u>
        DEFENDANT                    ASSISTANT DISTRICT ATTORNEY

<u>JS Ware</u>
ATTORNEY OF RECORD FOR DEFENDANT    RESTITUTION DUE:
                                    <u>$745.00 (DALE HAY)</u>

Filed In Office
APR 14 1992
_____ TENEFIELD
Clerk of Circuit Court

State of Alabama
Unified Judicial System

**EXPLANATION OF RIGHTS AND
PLEA OF GUILT**
(AFTER INDICTMENT)

C-44    Rev 6/88

Case Number
*CC 92-017*
*CC 92-020*

Circuit _____ COURT OF *Randolph* _____ COUNTY

STATE OF ALABAMA v. *Phillip Burden*

## TO THE ABOVE NAMED DEFENDANT:

This is to inform you of your rights as a defendant in this criminal case. Under the indictment returned against you in this case by the Grand Jury of this county, you are charged with the crime of *Burglary 3rd* _____ which is a Class _*C*_ Felony. In the event you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for punishment by imprisonment in the penitentiary for not less than _*1yr1dy*_ nor more than _*10 yrs*_ for such offense and by imposition of a fine not to exceed $ _*5000*_ . Provided further that at a sentencing hearing should the State of Alabama prove by committing this offense, you have previously been convicted of any one (1) felony, then the said imprisonment term must be for not less than _*2 yrs*_ nor more than _*20 yrs*_ , and a fine not to exceed $ _*10000*_ . Likewise, if the State proves you have been so convicted of any two (2) prior felonies, then the said imprisonment term must be for not less than _*10 yrs*_ nor more than _*99 yrs or life*_ and a fine not to exceed $ _*20000*_ . And, if the State proves that you have been so convicted of any three (3) prior felonies, then the said imprisonment must be for not less than _*15 yrs*_ nor more than _*99 yrs or life*_ and a fine not to exceed $ _*2000*_ .

Further, you may be ordered to pay restitution in an amount determined by the court, for the use and benefit of the victim of your criminal offense.

In accordance with §15-23-17, Code of Alabama 1975, you shall be ordered to pay a victim compensation assessment of not less than $25,00 nor more than $10,000.

IN ENTERING A PLEA OF GUILTY IN THIS COURT, YOU ARE WAIVING A TRIAL BY JURY AND THE FOLLOWING RIGHTS TO WHICH YOU ARE ENTITLED IN THE EVENT OF A JURY TRIAL.

Under the Constitutions of the United States and of the State of Alabama, you have a right or privilege not to be compelled to give evidence against yourself. In the trial of your case before the jury, you have the right to take the witness stand and to testify on your own behalf, if you so desire, but no one can require you to so testify. If you testify, you can be cross-examined by the State. If you do not testify, no one can even comment to the jury as to your failure to testify. You have the right to remain absolutely silent, but anything that you voluntarily say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and cannot, and will not, be disclosed by your attorney.

You have the right to stand on your plea of not guilty, and the right to a public trial before a duly selected jury. In a jury trial, the jury would decide whether you are guilty or whether you are innocent, based on the evidence in the case.

In the trial of your case, your attorney could subpoena witnesses on your behalf, make legal objections to matters that he felt were objectionable, cross-examine the witnesses of the State, examine your own witnesses, and argue the matter before the jury. He would be bound to do everything that he could honorably and reasonably do to see that you obtain a fair and impartial trial. You have the right to have witnesses subpoenaed to testify as to pertinent facts in your favor.

In the trial of your case, you will come into court clothed with a presumption that you are not guilty and this presumption of innocence will follow you throughout the course of the trial until the evidence produced by the State convinces each juror, beyond a reasonable doubt of your guilt. The burden of proof is upon the State of Alabama to convince each and every juror, from the evidence in the case, that you are guilty beyond a reasonable doubt before the jury would be authorized to find you guilty. If the State does not meet such burden of proof, it will be the jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

To the charges set forth in the indictment, you have the right to enter a plea of guilty, not guilty, not guilty by reason of mental disease or defect, and not guilty and not guilty by reason of mental disease or defect . You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. IF YOU PLEAD GUILTY, THERE WILL BE NO JURY TRIAL, AS HAS BEEN HERETOFORE EXPLAINED TO YOU.

Your attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned judge and he make further explanation thereof to you.

Date _*4-14-92*_ _____    JUDGE _____

Comes the defendant in the above-styled cause and states to the Court that he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead guilty. Defendant further states to the Court that he is guilty as charged, in this case, and desires to plead guilty.

Date _*4/14/92*_ _____    DEFENDANT *Andrew P. Burden*

I, times the attorney for the above-styled defendant and certifies that the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, and that a written copy of the above rights was given to the defendant or his attorney. Having gone over these rights with the defendant, in my judgment, the defendant understands his rights.

_*4/14/92*_ _____    APR 14 1992    ATTORNEY _____

Filed in Office This Date: _____    KIM S. BENEFIELD _____    Clerk _____ By _____
Clerk of Circuit Court

COURT RECORD (Original)    DEFENDANT (Copy)    ATTORNEY (Copy)    124

preparation for our testimony tomorrow.

THE COURT:  Grant your Motion in Limine as to the offenses past ten years.  Those offenses being over ten years from date of conviction.

MR. RADNEY:  If Defendant Burden chooses to testify, the only conviction that can be brought out to impeach is a 1995 conviction for assault; correct?

THE COURT:  This is strictly limited to the purpose of impeachment.  What they've done in that paper is put you on notice of Habitual Offender.

MR. RADNEY:  Sure.  We are not talking about that today.  Hope that never matters.

THE COURT:  Should there be a conviction, they are there.

MR. RADNEY:  That's for hearing on another day, but as for impeachment it is simply the '95 assault; correct?

MR. OWENS:  Judge, I've got one motion.  The State has rested.

We would ask the Court, as a matter of law, to direct a verdict in favor of Mr. Anthony Burden, that the State has failed to meet its burden in regard to a charge of murder in this case.  Judge, we have heard everything they have got, and they have failed to meet their burden.

MR. RADNEY:  Your Honor, I make the same motion on behalf of Defendant Phillip Burden.

*** Frances L. _____ ***

THE COURT:  Your motion is denied, Mr. Radney.
After reviewing the State's evidence in the light I am
required to do so by law, I find there is a basis for
submission, and your motion is likewise denied.

MR. RADNEY:  Judge, I realize it is early, but are
we going to go ahead and stop until tomorrow?

THE COURT: Well, I had told you that.  I am not
going to back out on it.

MR. RADNEY:  Thank you.

THE COURT:  Bring the jury in.

(JURY PRESENT)

THE COURT:  Ladies and gentlemen, I'm going to
share something with you at this point.  We are going to be
in recess for today.  And, I somewhat regret that we have got
several more hours we could be going on, but in all honesty
and candor, I did not expect for us to be moving along quite
as well as we are.  I had allotted time for the State to
finish today, and they have finished today.  I had basically
told the Defense that they would begin tomorrow, and they
will begin tomorrow.  So, I'm not going back on what I told
the attorneys on both sides.  Even if you have been doing it
over 20 years, sometimes things just happen a little bit
differently than you think.  This is not court TV.  This is
the way it really is, and this is the way we do it here, and
it is not Hollywood, it is not actors.  This is very real for

126

Q        High crime area over there, ma'am?  Lot of crime?
Drugs?  High crime area over there?

        Drugs?  Drugs are everywhere, sir.

Q        But you feel like that is a problem in that area, don't
you?

STATE'S
EXHIBIT
G

                MS. BALDWIN: Judge, I'm going to object.

                THE COURT: Sustained.

                MR. RADNEY:  Nothing further, Judge.

                THE COURT:  Anything further?

        You may step down.  Thank you, ma'am.

(WHEREUPON, THE WITNESS WAS EXCUSED.).

                THE COURT:  Call your next witness.

WHEREUPON, THERE WAS A SIDE BAR HELD OFF THE RECORD.)

                THE COURT:  Ladies and gentlemen, I need for you to
step back to the jury room for a few minutes.

(WHEREUPON,  A SIDE BAR WAS HELD OFF THE RECORD.)

                MR. RADNEY:  We want -- the State has made us aware
of some issues as relates to serving a particular witness and
we have reached some stipulations as regards to that, and I
would like to put it on the record with both Defendants here
to show that they acquiesce in their decision, and that the
decision is that the report of the medical examiner would be
admissible.  Additionally, Judge, that the report of Ms.
ish that would testify whose evidence is that the victim
marijuana in his system would also be admissible.

                                127

MS. BALDWIN: Specifically in his urine.

MR. RADNEY: Specifically in his urine.

MS. BALDWIN: That's all they tested.

MR. RADNEY: Correct. And that these photographs taken by the medical examiner, which you will mark as 8, 9, 10 or whatever they are, one picture of the victim, an X-ray picture, and a picture of the belongings. We stipulate to the admissibility of those.

MR. OWENS: Also that there was a box cutter found.

MS. BALDWIN: It is in the picture.

MR. RADNEY: That is in this particular picture.

THE COURT: Have you got all of that?

MR. RADNEY: You and Tony agree with our decision; correct?

THE COURT: No, you have to answer out.

MR. RADNEY: You have to answer out loud. Phillip, do you agree with that decision?

DEFENDANT PHILLIP BURDEN: Yes.

MR. OWENS: Tony?

DEFENDANT TONY BURDEN: Yes.

THE COURT: Thank you, Judge.

MR. CLARK: Thank you, Thomas.

THE COURT: It is admitted. Right now that is 9 through 12. These were admitted by stipulation.

(WHEREUPON, STATE EXHIBITS 9 THROUGH 12 WERE MARKED FOR

IN THE CIRCUIT COURT OF RANDOLPH COUNTY

STATE'S
EXHIBIT
H

STATE OF ALABAMA,                )
                                 )
Vs.                              )         Case number  CC-01-115
                                 )
ANDREW PHILLIP BURDEN,           )
                                 )         **Filed in Office**
    Defendant.                   )

DEC 3 0 2002

KIM S. BENEFIELD
Clerk of Circuit Court

## MOTION TO WITHDRAW AND MOTION
## TO APPOINT APPELLATE COUNSEL

Comes now the undersigned attorney of record, Thomas A. Radney, and moves

this Honorable Court to allow him to withdraw as counsel for the Defendant, and for the

Court to appoint new counsel to represent this Defendant on appeal.  As grounds

therefore, the undersigned states as follows:

1.     The undersigned was retained for purposes of pretrial and trial matters only.

2.     The undersigned's services have concluded.

3.     The Defendant is now indigent and unable to afford to hire his own attorney.

4.     The Defendant is incarcerated and has no way to earn any money.

5.     The Defendant believes that he has valid grounds for appeal.

6.     The Defendant requests appointed counsel to represent him on appeal.

7.     The Honorable Greg Varner has agreed to accept an appointment to represent

       the Defendant.


       WHEREFORE, the above premises considered, the Defendant respectfully

requests said relief.

Respectfully submitted this the __27__ day of December, 2002.

Thomas A. Radney, Esquire
Radney, Radney and Brown, P.A.
Post Office Box 819
Alexander City, Alabama  35011
(256) 234-2547


### Certificate of Service

I hereby certify that a copy of the foregoing has been served upon the District Attorney for Randolph County by placing it in the U.S. Mail to her proper address on this the __27__ day of December, 2002.

OF COUNSEL

STATE'S
EXHIBIT
1

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| | ) | |
| VS. | ) | CASE NO. CC-01-115 |
| | ) | |
| ANDREW PHILLIP BURDEN | ) | |

### ORDER

It is hereby Ordered that Hon. Greg Varner be appointed in the above cause for the purpose of appeal.

Let a copy of this Order issue.

Signed this the 10th day of January, 2003.

_Ray D. Martin_
RAY D. MARTIN
CIRCUIT JUDGE

**Filed in Office**

JAN 1 3 2003

KIM S. BENEFIELD
Clerk of Circuit Court

131

STATE OF ALABAMA
100 SOUTH DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

W. "Bucky" McMILLAN
Presiding Judge
  BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

March 18th, 2003

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

IMPORTANT NOTICE

Frances Roark, Court Reporter
Court Reporter
P. O. Box 763
Wedowee, AL 36278

RE: CR-02-0682
    Anthony Eugene Burden v. State of Alabama
    (Appeal from Randolph Circuit Court: CC01-114).

Dear Frances Roark:

    Our records indicate that the transcript in the above referenced case was due to be filed with the circuit clerk by March 10th, 2003. However, we have not yet received your certificate of completion indicating that you have completed and filed said transcript. If for some reason our information is incomplete or incorrect, you should promptly contact this Court to resolve this discrepancy. Otherwise, to keep this court from remanding this cause to the trial court with directions that it take specific action regarding the delinquent transcript, please be advised that you should complete and file this transcript by no later an April 8th, 2003, and make sure that a copy of your certificate of completion is filed h this Court.

Sincerely,

Lane W. Mann, Clerk
Court of Criminal Appeals

LWM/di

cc:  Honorable Ray D. Martin, Circuit Judge
     Honorable Kim S. Benefield, Circuit Clerk
     Honorable Nathaniel Owens, Attorney, Appellant
     Office of Attorney General

# Filed in Office

MAR 2 1 2003

KIM S. BENEFIELD
Clerk of Circuit Court

132

IN THE CIRCUIT COURT

FIFTH JUDICIAL CIRCUIT OF ALABAMA
RANDOLPH COUNTY

STATE'S
EXHIBIT

'ATE OF ALABAMA,    *  CR-02-0954
                      *  CRIMINAL NO.
rsus              *  CC-2001-000115, CC-2001-000114
                      *  Wedowee, Alabama
                      *  2 December, 2002
DREW PHILLIP BURDEN  *
THONY EUGENE BURDEN,  *
  Defendants.      *

* * * * * * * * * * * * * * * * * * * * * * *

C E R T I F I C A T E

TE OF ALABAMA  )

LARGE        )

I do hereby certify that the above and foregoing script of testimony in the matter aforementioned was own by me in computerized machine shorthand and scribed under my supervision, and that the foregoing esents a true and correct transcript of the proceedings upon said hearing.

*Frances L. Roark*

FRANCES L. ROARK, CSR, OFFICIAL
COURT REPORTER, NOTARY PUBLIC
STATE OF ALABAMA AT LARGE

My Commission Expires 09/23/06.

ered and filed with the Circuit Clerk

___ day of _____, 2003. **Filed in Office**

MAR 2 4 2003

KIM S. BENEFIELD
Clerk of Circuit Court

133

ANDREW P. BURDEN
        DEFENDANT.

VS,

                                    CASE NO: CC-01-15

                                    **Filed in Office**

STATE OF ALABAMA
        RESPONDENT,

                                    MAR - 2 2005

                                    KIM S. BENEFIELD
                                    Clerk of Circuit Court

## DEFENDANT RULE 32.3, A.R. CR.P., "TRAVERSE TO STATE RESPONSE

COMES NOW DEFENDANT, AND HEREBY IN A PREPOND-
RANCE OF THE EVIDENCE AS REQUIRED BY RULE 32.3,
= ALABAMA RULES OF CRIMINAL PROCEDURE MAKES
  'ERSE TO THE STATE RESPONSE AS FOLLOWS TO WIT:

1. DEFENDANT SUBMITTED AND DENIES EVERY
ALLEGATION IN THE RESPONDENT SPECIAL DEFENSES
_ THROUGH 13.

2. AS TO THE APPELLATE COUNSEL HE WAS INEFFE-
IVE FOR NOT FILED A MOTION UNDER RULE 24.1 (B);
    "IN EX-PARTE INGRAM, THE ALABAMA SUPREME
    COURT CREATED AN EXCEPTION TO RULE 24.1 (B)
    THE COURT HELD THAT THE TIME PERIOD WITHIN
    WHICH TO FILE A NEW TRIAL MOTION MAY BE EXT-
    _ ENDED BY A CRIMINAL DEFENDANT IF AN ATTORNEY
    DIFFERENT FROM TRIAL COUNSEL IS APPOINTED FOR
    THE DEFENDANT'S APPEAL.

134

MUST FILE A MOTION WITHIN (14) DAYS AFTER
APPOINTMENT, REQUESTING THAT THE (30) DAYS
PERIOD WITHIN WHICH TO FILE A NEW TRIAL
MOTION BE COMPUTED FROM THE DATE THE
REPORTER'S TRANSCRIPT IS FILED RATHER THAN
FROM THE DATE SENTENCE IS PRONOUNCED. THE
STATE EXHIBIT H, I, J, K REFLECT THAT
APPELLANT COUNSEL FAILURE TO FILE MOTION
FOR NEW TRIAL PREJUDIC THE DEFENDANT AND
~~BEING~~ DENIED HIM DUE PROCESS.


3. DEFENDANT SUBMITTED THAT TRIAL COUNSEL
ILURE TO OBJECT TO THE STATE ADMITTANCE OF EVIDence
HEN NO PROPER CHAIN OF CUSTODY WAS NEVER ESTABLIT-
-D PREJUDICE THE DEFENDANT AND DENIED HIM
± PROCESS.

"DEFENDANT SHOWS TO THIS COURT THAT DEFENDANT
COUNSELOR HAD A DUTY TO INSPECT THE ALLEGED
EVIDENCE, CHECK FOR CHAIN OF CUSTODY, CHALL-
-ENGE THE EVIDENCE. DEFENDANT SHOWS TO
THIS COURT THAT HIS RIGHTS PURSANT TO: ALA-
-BAMA CONSTITUTION, 1901, ARTICLE I, AMEND-
-MENT (6) RIGHT OF ACCUSED IN ALL CRIMINAL
PROCEEDINGS, DUE PROCESS OF LAW, AND AME-
-NDMENT (14) EQUAL PROTECTION OF THE LAW
HAVE BEEN VIOLATED BY DEFENDANT ATTORNEY.

LLEGATION IN THE STATE SPECIAL DEFENSES.

THE FAILURE OF TRIAL COUNSEL TO OBJECT
TO THE JURY ON ACQUITTAL BEYOND A REA-
-SONABLE DOUBT VIOLATING THE DEFENDANT
RIGHT OF FUNDAMENTAL FAIRNESS GIVEN TO
THE DEFENDANT BY THE 5TH, 6TH AND 14TH AMEN-
-DMENT TO A FAIR TRIAL CANNOT BE GIVEN IF
THE STATE TILTED THE SCALES OF JUSTICE TOT-
-ALLY IN THE STATE'S FAVOR RENDERING THE DEFE-
-NDANT 5TH, 6TH AND 14TH AMENDMENT RIGHT TO
NOTHING.

5. DEFENDANT SUBMITTED AND DENIES EVERY
LLEGATION IN THE STATE SPECIAL DEFENSES.

THE FAILURE OF TRIAL COUNSEL TO OBJECT
TO TWO PRIOR CONVICTIONS CASE NO. CC-86-007
AND CC-87-054 FOR PURPOSES OF HABITUAL
OFFENDER PROCEEDING WAS NOT PROPERLY
PROVE BECAUSE THESE TWO CASES WAS NOT
CERTIFIED BY THE CLERK. (TR-123, THRU132)

THE FAILURE OF TRIAL COUNSEL TO OBJECT
T SENTENCING TO INADEQUATE NOTICE OF STATE
TENT TO USE THE HABITUAL FELONY OFFENDER ACT
NIED HIM DUE PROCESS OF THE LAW.

THE LAW ALSO IMPOSES NO DUTY WHEN
THE ACCUSED IS TO KNOW WHICH PRIOR
CONVICTION THE STATE WILL USE TO ENHANCE

TEMP. P. CR. 6 (B)(3)(1) AT A REASONABLE TIME PRIOR TO THE HEARING THE DEFENDANT SHALL BE GIVEN OF THE PRIOR CONVICTION OR CONVICTIONS UPON WHICH THE STATE INTENDS TO PROCEED, MORE IMPORTANTLY DUE PROCESS REQUIRES THAT REASON-ABLE NOTICE AND AN OPPORTUNITY TO BE HEARD RELATIVE TO THE RECIDIVIST CHARGE. (TR_460)

THE PROSECUTOR HAS MERELY MADE BROAD GENERAL ARGUMENTS THAT DO NOT ADDRESS THE DEFENDANT SPEC-FIC CLAIMS, AND THEREFORE THE STATE HAS FAIL TO RFUTE DEFENDANT FACTS AND BY LAW THOSE FACTS MUST E TAKEN AS TRUE, OSBORN VS, STATE, 689 SO.2D 999 AT 1000 (ALA. CR. APP. 1996). SEE DEFENDANT EXHIBIT ATTCH TO FENDANT RULE 32.

AS SET FORTH THE APPELLANT WAS ENTITLED TO A VIDENTIARY HEARING ON HIS PETITION FOR POST-CON-CTION RELIEF ALLEGING INEFFECTIVE ASSISTANCE OF UNSEL.

DONE THIS 1 DAY OF MARCH 2005

_Andrew P. Burden_ #148280
100 WARRIOR LANE
BESSEMER ALABAMA 35023

# IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

STATE OF ALABAMA,           )
     Plaintiff,            )
                     )
vs.                       )     Case No. CC-01-115
                     )
ANDREW PHILLIP BURDEN,  )
     Defendant.         )

## ORDER

This matter coming before this Court on a request to Proceed In Forma Pauperis and after consideration of the same, it is ORDERED that the Petitioner shall be allowed to proceed in forma pauperis.

The Clerk of this Court is directed to mail a copy of this Order to the Office of the District Attorney and to the Defendant.

DONE this the 2nd day of March, 2005.

TOM F. YOUNG, JR.
Circuit Judge

Filed in Office

MAR - 2 2005

KIM S. BENEFIELD
Clerk of Circuit Court

# IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

STATE OF ALABAMA,                    )
      Plaintiff,                   )
                          )
vs.                                  )    Case No. CC-01-115
                          )    **Filed in Office**
ANDREW PHILLIP BURDEN,               )
   Defendant.                        )    MAR - 8 2005

                                **KIM S. BENEFIELD**
## <u>O R D E R</u>          Clerk of Circuit Court

    This matter coming before the Court on Petitioner's Petition for Relief from Conviction or Sentence Pursuant to Rule 32 and the State of Alabama's Response to Petitioner's Rule 32 Petition and the Court having carefully considered same, the Court finds that the Petition for Relief from Conviction or Sentence Pursuant to Rule 32 is without merit and therefore, said petition is dismissed.

    The Clerk of the Court is directed to mail a copy of this Order to the Defendant and to the Office of the District Attorney.

    SIGNED this 8th day of March, 2005.

                                _____
                                TOM F. YOUNG, JR.
                                Circuit Judge

ANDREW PHILLIP BURDEN

DEFENDANT,

VS,                                                    CASE NO: CC-01-115

STATE OF ALABAMA

RESPONDENT,

**Filed in Office**

MAR 1 6 2005

KIM S. BENEFIELD
Clerk of Circuit Court

## MOTION FOR APPLICTION OF RECONSID-
## ERATION OF ORDER DATED MARCH 8TH 2005

COMES NOW ANDREW PHILLIP BURDEN, AND
DEBY PURSUANT TO RULE 40, A.R.A.P., APPLYS FOR
RECONSIDERATION OF THE COURT ORDER DATE MAR
8TH 2005.

THE ORDER OF THIS COURT DECISION IS CONTR-
UT TO THE RECORD IN THIS PETITION, THE DECISION
THE COURT OF CRIMINAL APPEALS, SHEATS VS. STATE
So.2D 1094, B95 (ALA. CRIM. APP. 1989);

AS TO THE CLAIM THAT HE HAD INEFFECTIVE ASSIS-
XE OF APPELLATE COUNSEL IS WITHOUT MERIT, THE
AL COURT DID NOT HAVE PERSONAL KNOWLEDGE OF
PERFORMANCE OF PETITIONER LAWYERS ON APPEAL,
TIONER CLAIMS ALLEGING INEFFECTIVE ASSISTANCE
APPELLATE COUNSEL IS BASED UPON CONDUCT OF THOSE
YERS THAT THE TRIAL COURT COULD NOT HAVE OBSERVED.

...ITION RULE 32. PETITION.

4. DEFENDANT ASSERTS IN HIS RULE 32. PETITION HE
...E A FACIALLY VALID JURISDICTIONAL CLAIMS. HERE
...E TRIAL COURT JURISDICTION HAS BEEN CHALLENGED
...TO PRIOR CONVICTIONS USED BY THE COURT FOR ENH-
...NCEMENT PURPOSES. JENKINS VS. STATE. 591 So. 2D 149
...A. CRIM. APP. 1991).

THE COURT ORDER MARCH 8TH 2005. DISMISS PETITI-
...ER RULE 32 WITHOUT RAISE ANY GROUND ~~too~~ FOR DIS-
...ISS THAT WAIVED ~~their~~ ANY DEFENSE. SHULTUT VS.
...ITED STATES. 973 F. 2D 903-904 (11TH CIR. 1992)

1. PETITIONER ARGUED THAT THE TRIAL COURT ABUSED
DISCRETION IN DENYING THE RULE 32. PETITION WITHOUT
EVIDENTIARY HEARING. PETITIONER HAS PRESENTED CLAIMS
...T ARE MERITORUS ON THEIR FACE ... THIS ORDER DOES NOT
...3 FORTH THE PROPER FACTUAL PREDICATE TO SUPPORT THE
...ER. ALVIS VS. STATE. 762 S. 2D 380 (ALA. CR. APP 1999).
...HEREFORE. PREMISES CONSIDED PETITIONER RESPECTFULLY
...UESTS THIS HONORABLE COURT TO RECONSIDER ITS ORDER
MARCH 8. 2005. IS DUE TO BE VACATED AND FOR A NEW
...ER ENTRY PURSUANT TO EX PARTE BOATWRIGHT. 471 S. 2D
...(ALA. 1985). SET FOR AN EVIDENTIARY HEARING.)

141

I HEREBY CERTIFY THAT ON THIS 10th OF MARCH, 2005
+. DID SERVE A COPY OF THE FOREGOING ON THE CIRCUIT
CLERK OF RANDOLPH COUNTY ALABAMA BY PLACING
THE SAME IN THE UNITED STATES MAIL, FIRST CLASS
POSTAGE PREPAID AND ADDRESSED AS FOLLOWS:

KIM S. BENEFIED
CIRCUIT CLERK OF RANDOLPH
COUNTY, P.O. BOX 328
WEDOWEE, ALABAMA 36278

Andrew P. Burden #148280
100 WARRIOR LANE
BESSEMER ALA 35023

# IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

STATE OF ALABAMA,
    Plaintiff,

vs.

ANDREW PHILLIP BURDEN,
    Defendant.

)
)
)
)
)
)
)

Case No. CC-01-115

**Filed in Office**

MAR 3 1 2005

**KIM S. BENEFIELD**
Clerk of Circuit Court

## ORDER

    This matter came before the Court on a Motion for Application of Reconsideration of Order Dated March 8, 2005, filed by the Defendant and after carefully considering the same, said motion is Denied.

    The Clerk of the Court is directed to mail a copy of this Order to the Office of the District Attorney and to the Defendant.

    DONE this the 31st day of March, 2005.

                        TOM F. YOUNG, JR.
                        Circuit Judge

AMY NEWSOME
ANDREW PHILLIP BURDEN
#148280   B-52
100 WARRIOR LANE
BESSEMER AL  35023

143

```
       70                ALABAMA JUDICIAL INFORMATION SYSTEM          CASE: CC 2001 000115.60
         MAL                      CASE ACTION SUMMARY
AC:     1                          CIRCUIT  CRIMINAL                  RUN DATE: 01/20/2005
       ========================================================================
  E CIRCUIT COURT OF RANDOLPH
                                                                     JUDGE: TFY
T  OF  ALABAMA                     VS        BURDEN ANDREW PHILLIP
                                             #148280 B-52
ASE: CC 2001 000115.60                       100 WARRIOR LANE
                                             BESSEMER, AL  35023 0000
OB: 06/27/1963        SEX: M  RACE: B  HT: 5 09  WT: 188   HR: BLK EYES: BRO
SN: 420025777  ALIAS NAMES:
========================================================================
HARGE01: RULE 32-FELONY      CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
FFENSE DATE:                        AGENCY/OFFICER: 0560000
ATE WAR/CAP ISS:                    DATE ARRESTED:
ATE    INDICTED:                    DATE    FILED: 01/20/2005
ATE    RELEASED:                    DATE  HEARING:
     BOND AMOUNT:           $ .00       SURETIES:
TE-1-:               DESC:           TIME: 0000
TE 2:                DESC:           TIME: 0000
ACKING NOS: CC 2001 000115 00  /                        /
   DEF/ATY:                   TYPE:                              TYPE:
                          00000                              00000
OSECUTOR: LISENBY WILLIAM A JR
========================================================================
 CSE: CC200100011500 CHK/TICKET NO:                    GRAND JURY:
 T REPORTER: _____ SID NO: _____
  TATUS: PRISON          DEMAND:     000000000
                                                  OPER: MAL
 F  DATE     ACTIONS, JUDGEMENTS, AND NOTES                       OPE
1/20/2005  ASSIGNED TO: (TFY) TOM. F. YOUNG JR.       (AR01)    MAL
1/20/2005  CHARGE 01: RULE 32-FELONY/#CNTS: 001       (AR01)    MAL
1/20/2005  FILED ON: 01/20/2005                       (AR01)    MAL
1/20/2005  IN FORMA PAUPERIS DECLARATION                        MAL
1/20/2005  CASE ACTION SUMMARY PRINTED                (AR08)    MAL
```

2-18-05 Response of the Respondent
3-8-05 Defendant/Rule 32 Traverse to State Response
3-8-05 Order filed - Request to Proceed in Forma Pauperis Granted copy to DA & cle
3-8-05 Order filed - Dismissed - copy to DA & cle
3-16-05 Motion for Application of Reconsideration of Order Dated March 8, 2005
3-31-05 Order denying Motion for Reconsideration. Copies mailed.
3-29-05 Petitioner's Notice of Appeal
3-29-05 Reporter's Transcript Order / Docketing Statement
3-29-05 Notice of Appeal to the Al Crt of Criminal Appeals By the Trial Court Clerk - copy mailed to Crt of Criminal

CRO369    A L A B A M A    J U D I C I A L    I N F O R M A T I O N    C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2001 000115.60
JUDGE ID:  TFY

OF ALABAMA                          VS    BURDEN ANDREW PHILLIP

DATE            ACTION, JUDGMENTS, CASE NOTES

AG, DA & defendant

CERTIFICATE OF COMPLETION AND
TRANSMITTAL OF RECORD ON
APPEAL BY TRIAL CLERK

TO: THE CLERK OF
    THE COURT OF CRIMINAL APPEALS OF ALABAMA

DATE OF
NOTICE OF APPEAL:   March 28, 2005

APPELLANT

   ANDREW PHILLIP BURDEN

V.   STATE OF ALABAMA

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of ___146___ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

Dated this ___4th___ day of ___April___, 200_5_.

_Kim S. Benefield_
Circuit Clerk

RANDOLPH