*Porter*
*79331*

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555



RELEASED
JUN 10 2005
CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

### MEMORANDUM

CR-04-1260          Randolph Circuit Court CC-01-115.60

<u>Andrew Burden v. State of Alabama</u>

Baschab, Judge.

On October 30, 2002, the appellant was convicted of murder. On December 2, 2002, the trial court sentenced him, as a habitual offender, to serve a term of life in prison. See §13A-5-9(c), Ala. Code 1975. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on March 12, 2004. See <u>Burden v. State</u>, (CR-02-0682) ___ So. 2d ___ (Ala. Crim. App. 2003) (table). On January 18, 2005, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily dismissed his petition. This appeal followed.

I.



EXHIBIT
E

The appellant argues that the circuit court erroneously dismissed his petition without conducting an evidentiary hearing and without making specific findings of fact. In his petition, he contended that he was entitled to post-conviction relief because:

1) trial counsel rendered ineffective assistance;

2) appellate counsel rendered ineffective assistance because he did not adequately investigate his case, did not know applicable law regarding post-trial procedure, did not raise various issues in a motion for a new trial, did not challenge the sufficiency of the evidence on direct appeal, and raised issues on direct appeal that had not been preserved for appellate review;

3) appellate counsel rendered ineffective assistance because he did not preserve ineffective-assistance-of-trial-counsel claims for appellate review;

4) appellate counsel rendered ineffective assistance because he did not file a motion to extend the time for filing a motion for a new trial;

5) the trial court did not have jurisdiction to render a judgment and impose a sentence in his case because the trial court allegedly gave an erroneous and misleading instruction "on acquittal beyond a reasonable doubt" (appellant's brief at p. 8);

6) the trial court did not have jurisdiction to impose a sentence in his case because the State did not properly prove the prior convictions that were used to enhance his sentence; and

7) his due process rights were violated because the forensic pathologist who autopsied the victim did not testify at trial regarding her report that was admitted into evidence.

2

Claims 1 and 2 consisted of bare allegations that the appellant did not adequately support. Therefore, the appellant has not satisfied his burden of pleading pursuant to Rules 32.3 and 32.6(b), Ala. R. Crim. P., with regard to those claims.

With regard to Claim 3, the record from the appellant's direct appeal indicates that he was sentenced on December 2, 2002.[1] However, the record on appeal was not completed until March 24, 2003.

> "[I]n any cases in which the defendant is convicted after the date this opinion is released, an ineffective-assistance-of-counsel claim must be presented in a new trial motion filed before the 30-day jurisdictional time limit set by Rule 24.1(b), Ala. R. Crim. P., expires, in order for that claim to be properly preserved for review upon direct appeal.
>
> "...
>
> "When a defendant makes a claim of ineffective assistance of trial counsel, and that claim cannot reasonably be presented in a new trial motion filed within the 30 days allowed by Rule 24.1(b), Ala. R. Crim. P., the proper method for presenting that claim for appellate review is to file a Rule 32, Ala. R. Crim. P., petition for post-conviction relief."

Ex parte Ingram, 675 So. 2d 863, 865-66 (Ala. 1996). In this case, appellate counsel did not have access to the record on appeal in time to raise ineffective-assistance-of-trial-counsel claims within 30 days after the appellant was sentenced. Therefore, appellate counsel did not render ineffective assistance in this regard.

---

[1] We have taken judicial notice of the record from the appellant's direct appeal in this case. See Nettles v. State, 731 So. 2d 626 (Ala. Crim. App. 1998).

3

With regard to Claim 4, the appellant is apparently referring to the procedure set forth in Ex parte Jackson, 598 So. 2d 895 (Ala. 1995). However, in Ex parte Ingram, 675 So. 2d 863 (Ala. 1996), the Alabama Supreme Court overruled the Jackson procedure that allowed newly appointed appellate counsel to move to suspend the 30-day jurisdictional time limit for filing a motion for a new trial. Because the appellant was convicted after the supreme court released its decision in Ingram, appellate counsel did not render ineffective assistance when he did not file a motion to extend the time for filing a motion for a new trial.

Finally, Claims 5, 6, and 7 are nonjurisdictional claims that are precluded because the appellant could have raised them at trial and on appeal, but did not. See Rule 32.2(a)(3) and (5), Ala. R. Crim. P.

Because the appellant's claims were not sufficiently pled, without merit, or precluded, the circuit court properly dismissed his petition without first conducting an evidentiary hearing. See Rule 32.7(d), Ala. R. Crim. P. Also, a circuit court need not make specific findings of fact when it summarily dismisses a petition. See Fincher v. State, 724 So. 2d 87 (Ala. Crim. App. 1998). Therefore, the appellant's argument is without merit.

II.

The appellant also argues that the State's response did not adequately address all of the claims he presented in his petition. However, he did not present this argument to the circuit court. Therefore, it is not properly before this court. See Whitehead v. State, 593 So. 2d 126 (Ala. Crim. App. 1991).

For the above-stated reasons, we affirm the circuit court's judgment.

**AFFIRMED.**

McMillan, P.J., and Wise, J., concur; Cobb and Shaw, JJ., concur in the result.