*Porter*

*449348*
*Porter*
*SBD 5/20/03*

CR-02-682

IN THE ALABAMA COURT OF CRIMINAL APPEALS

ANDREW PHILLIP BURDEN,

APPELLANT,

VS.

STATE OF ALABAMA,

APPELLEE.

APPEAL FROM THE RANDOLPH COUNTY CIRCUIT COURT

BRIEF OF APPELLANT

Counsel for Appellant
Hon. Gregory M. Varner
P.O. Box 338
Ashland, AL 36251
(256) 354-5464



i

## STATEMENT REGARDING ORAL ARGUMENT

Phillip Andrew Burden, the appellant, does not request oral arguments of the issues presented in this appeal.

## TABLE OF CONTENTS

Oral Argument Request Statement      ii

Table of Contents      iii

Table of Authorities      iv

Statement of the Case      1

Issues Presented      2

Statement of Facts      3

Standard of Review Statement      5

Summary of Argument      6

Argument      8

Conclusion      17

Certificate of Service      19

Adverse Rulings to Defendant      20

## TABLE OF AUTHORITIES

Deramus v. State, 565 So.2d 1167
    (Ala.Crim.App.1990)                    14

Edwards v. State, 570 So.2d 829
    (Ala.Crim.App.1990)                    5,10,11

Houston v. State, 798 So.2d 704
    (Ala.Crim.App. 2000)                   15

Koppersmith v. State, 742 So.2d 206
    (Ala.Crim.App. 1999)                   9,10,13,14

Lovell v. State, 521 So.2d 1346
    (Ala.Crim.App 1987)                    14

McConnico v. State, 551 So.2d 424
    (Ala.Crim.App. 1988)                   13,17

McLaughlin v. State, 586 So.2d 267
    (Ala.Crim.App. 1991)                   10

Robinson v. State, 441 So.2d 1045
    (Ala.Crim.App.1983)                    5,15,16

Watson v. State, 504 So.2d 339
    (Ala.Crim.App 1986)                    13,14

## STATEMENT OF THE CASE

The Defendant was arrested and charged on July 5, 2001 for the Intentional Murder of Jermicah Foster. (C.107) His nephew was also arrested and charged as an accomplice for the same on June 18, 2001. (C.52) Both were indicted jointly for the murder. (C.6) Both pleaded not guilty and were jointly tried in November 2002.

A jury returned a verdict of murder against both Andrew Phillip Burden and Anthony Eugene Burden.

The Andrew Phillip Burden was sentenced for murder for a term of life imprisonment to the Department of Corrections and to pay fines.

The Defendant now appeals his convictions to this Court.

<u>STATEMENT OF ISSUE</u>

I.  WHETHER THE ACCUSED IS PREJUDICED AND DEPRIVED OF A

    FAIR TRIAL WHEN A JUDGE INCORRECTLY AND INSUFFICIENTLY

    INSTRUCTS THE JURY CONCERNING THE PRIMARY DEFENSE OF

    THE DEFENDANT.


II. WHETHER THE TRIAL COURT PREJUDICIALLY ERRS WHEN IT

    REFUSES TO CHARGE THE JURY CONCERNING A LESSER INCLUDED

    OFFENSE WHEN CLEAR EVIDENCE WAS PRESENTED THAT

    SUPPORTED SUCH AN INSTRUCTION

## STATEMENT OF FACTS

As stated earlier, Andrew Phillip Burden was indicted for the intentional murder of Jermicah Foster. (C.6)

The parties presented conflicting evidence concerning the events relating to the killing of Jermicah Foster. The victim was also known as "Rat." (R.75)

The evidence tended to show that Andrew Phillip Burden and Shawn Baker got into a fight on Sunday, June 17, 2003. (R.79, 346-347) They fought in a residential area on a crowded street. (R.75,79,90) During the fight, Shawn Baker busted Andrew Phillip Burden's eye. (R.347-348) This fight was broken up by Shawn Foster's mother.(R.98)

Andrew Phillip Burden left the scene and later came back with a shotgun searching for Shawn Baker. (R.349) Evidently, Shawn Baker, at some point, was verbally yelling and antagonizing toward Burden. (R.83,351) Andrew Phillip Burden began toward Shawn Baker, but several people were crowding around him. (R.352,353) Someone was pulling on his arm to stop him. (R.354) The victim, Jermicah Foster, was a part of this crowd trying to stop the appellant. (R.353)

The State presented evidence that Jermicah Foster was physically trying to stop Andrew Phillip Burden. (R.

3

According to the state's proof, at some point during this commotion, Anthony Eugene Burden yelled at Andrew Phillip Burden to shoot Jermicah Foster.(R.115-116) Then, Andrew Phillip Burden shot Jermicah Foster, killing him. (R.116)

According to Andrew Phillip Burden, he testified that during the commotion, "somebody pulled me and the gun went off." (R.354) He stated that he was not trying to shoot the victim. (R.354) According to Burden's testimony, the shotgun accidently discharged. (R.354) At the time of the shooting, Shawn Baker was not on the streets and near the scene of the shooting. (R.355). He had gone inside at some point. According to Burden, he had "no beef" with Jermicah Foster. (R.361) There was no threat of any confrontation between Jermicah Foster and the appellant. (R.353)

After the shotgun discharged and hit Jermicah Foster, Andrew Phillip Burden and his nephew fled from the scene. (R.355, 359)

## STATEMENT OF STANDARD OF REVIEW

In analyzing whether the trial court erred by not giving certain charges, the appellate court must review the evidence *de novo* to determine whether the evidence adduced at trial supports the theory that the appellant could have been found either not guilty by homicide by accident or guilty of criminally negligent homicide. Robinson v. State, 441 So.2d 1045 (Ala.Crim.App.1983) In determining whether an instruction was supported by the evidence the question is not whether the Supreme Court or Court of Appeals believes the evidence, but simply whether such evidence was presented. Edwards v. State, 570 So.2d 829 (Ala.Crim.App.1990)

5

## SUMMARY OF ARGUMENT

The trial court prejudicially erred in two respects. First, the trial court failed to adequately instruct the jury on the primary defense of Andrew Phillip Burden: an accidental shooting. Instead of instructing the jury on the issues requested by trial counsel, the court merely gave an anemic, misleading, and incomplete instruction of homicide by accident which amounted to no instruction at all. Burden's testimony presented the jury with a reasonable excuse to the shooting. However, because the jury was not adequately instructed on the law, Andrew Burden was deprived a fair trial.

Secondly, the trial court also refused to instruct the jury on the lesser included offense of criminally negligent homicide. While the evidence again presented some evidence of negligent behavior, the court refused to give such a charge. Your appellant was entitled to such a charge given the evidence adduced at trial whether the trial believed the evidence or not. A jury reasonably could infer that the act of retrieving a loaded weapon and searching for Shawn Baker on a crowded street indicates at a minimum that he failed to perceive a substantial and unjustifiable risk that the

6

weapon would discharge. His actions were not legally
reckless per se, but could be deemed as merely negligent.

In light of these errors, Andrew Phillip Burden was
denied a right to a fair trial and should receive a new
trial.

## ARGUMENT

**ISSUE ONE: WHEN THE TRIAL COURT BARELY REFERENCES THE LAW CONCERNING THE PRIMARY DEFENSE OF THE ACCUSED IN ITS JURY INSTRUCTIONS, THE TRIAL COURT ERRS AND UNDERMINES THE DEFENSE AND ULTIMATELY DEPRIVED HIM OF A FAIR TRIAL.**

The trial court failed to adequately instruct the jury on the primary defense of Andrew Phillip Burden: an accidental shooting. In fact, the trial court barely even mentioned this defense at all in its instructions.

Through the testimony of Andrew Phillip Burden, the Defense presented evidence of accident. Phillip testified about the events of the killing of Jermicha Foster a.k.a. "Rat." He first testified that he and Shawn Baker had been in a fight. He later came back to the scene with a shotgun looking for Shawn Baker. A crowd gathered around him. He testified that during the commotion on the street, "somebody pulled me and the gun went off." (R.354) He stated that he was not trying to shoot the victim Foster. (R.354) He further specifically stated that the gun discharging was an "accident." (R.354, 359) When he returned to the scene, he was going after Shawn Baker and not the victim. According to testimony, the victim and the appellant "didn't have no beef

8

against each other," according to his testimony (R. 361) He was not shooting at Shawn Baker, either; Baker was not even at the scene at the time of the shooting. (R.355)

Andrew Phillip Burden never denied shooting Jermicah Foster; he only claimed to have shot him when his shotgun discharged accidentally. Nevertheless, in light of this clear testimonial evidence, the trial court only gave the following limited instruction concerning the law of accidental homicide: "A homicide is not excusable on the ground of accident or misadventure unless it appears that the act of the slayer was lawful." (R.389) By this charge, the trial court barely mentioned the primary excuse of the Defendant.

The Defendant was entitled to a much more thorough and complete explanation of the law. "Every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however, weak, insufficient, or doubtful." Koppersmith v. State, 742 So.2d 206, 208 (Ala.Crim.App. 1999)

Burden's testimony presented the jury with a reasonable excuse to the shooting. In Alabama, "a homicide by accident is an excusable homicide. It is an unintended homicide which occurs in the course of performing a lawful act, without

9

criminal negligence." <u>McLaughlin v. State</u>, 586 So.2d 267, 272 (Ala.Crim.App. 1991) "Where the death of a human being is the result of accident or misadventure, in the true meaning of the term, no criminal responsibility attaches to the act of the slayer." <u>McLaughlin</u> at 273. Wherefore, when evidence of an accidental shooting is presented, the Court should, at least, instruct that, if the jury has such evidence, then that finding would require a verdict of not guilty. In Burden's trial, even this basic explanation was not offered.

The courts have further held that "[i]n determining whether an instruction was supported by the evidence the question is not whether the Supreme Court or Court of Appeals believes the evidence, but simply whether such evidence was presented." <u>Edwards v. State</u>, 570 So.2d 829, 831 (Ala.Crim.App.1990) Certainly some evidence of an accidental shooting was presented, whether considered "weak, insufficient, or doubtful in credibility." <u>Koppersmith</u> at 208

The testimony of Burden provided evidence from which a reasonable theory of homicide by accident could be sustained.

An homicide by accident occurs "[i]f by misfortune or misadventure, while in the performance of a lawful act, exercising due care, and withoút intention to do harm, human

life is taken, . . . ." Edwards at 830. First, Andrew Phillip Burden was not committing an unlawful act by walking down a street with a shotgun. Secondly, he specifically testified that he did not intend to shoot Jermicah Foster or anyone else for that matter at the time of the shooting. He acted with no wrongful purpose toward the victim. Finally, some evidence was submitted that the shooting was not the result of negligence. Evidence was presented that this was a high crime area (R.303) and therefore his acts, of carrying a loaded weapon, were not per se outside the norm for this area.

In light of this evidence and especially considering its significance to the defense, Andrew Phillip Burden was entitled to a full and complete explanation of the law of homicide by accident. However, the jury was barely made aware that homicide by accident was even an issue. The court never explained the elements of the defense. The Court never even explained the relative burdens of proof concerning this affirmative defense. The trial court never mentioned that a verdict of not guilty was warranted if the jury believed Burden's testimony.

The jury instruction given unto the jury was wholly inadequate. Considering the placement within the entire

instruction and its relative length, the court might as well not have mentioned accident at all. The jury instruction given should have accompanied a much larger and specific definition of homicide by accident. Instead, this isolated modifier was inserted haphazardly between an extensive and lengthy instruction on the elements of murder and an equally extensive instruction on complicity.

By failing to instruct the jury on the law of homicide by accident, the trial court substantially prejudiced and undermined the primary defense of Andrew Phillip Burden. Andrew Phillip Burden took the stand and testified that the gun discharged accidentally. If believed, he would be entitled to an acquittal. However, the jury was not instructed that this was even an option. Wherefore, the court committed reversible error and Andrew Phillip Burden was denied a fair trial because of this error.

**II. A TRIAL COURT COMMITS ERROR WHEN IT REFUSES TO GIVE JURY CHARGES OF LESSER INCLUDED OFFENSES WHEN THE EVIDENCE SUPPORTS SUCH A CHARGE AND THE DEFENDANT REQUESTS SUCH A CHARGE.**

In addition to the above, the Court erred by refusing to charge the jury on the lesser included offense of criminally negligent homicide. Criminally negligent homicide may be a

lesser included offense of murder.

Andrew Phillip Burden was indicted for the intentional murder of Jermicah Foster. Criminally negligent homicide may be a lesser included offense of murder. See <u>Watson v. State</u>, 504 So.2d 339 (Ala.Crim.App 1986)

"An individual accused of the greater offense has a right to have the court charge on the lesser included [offense] in the indictment, when there is a reasonable theory from the evidence supporting his position." <u>Koppersmith</u> at 208. in fact, "[i]t is the safer rule to charge upon all the degrees of homicide included in the indictment, when a party is on trial for murder unless it is perfectly clear to the judicial mind that there is no evidence tending to bring the offense within some particular degree." <u>McConnico v. State</u>, 551 So.2d 424, 426 (Ala.Crim.App. 1988)

Andrew Phillip Burden presented direct and indirect evidence from which a reasonable theory of criminally negligent homicide could be derived. In light of the above referenced case law and policy, he was entitled a charge on criminally negligent homicide, the lesser included offense of murder.

Andrew Phillip Burden testified that "somebody pulled

[him] and the gun went off," that the gun discharged accidentally, and that he was not trying to shoot the victim nor Shawn Baker. (R.354-355) "Under Alabama law, an accidental killing may support a conviction for murder, manslaughter, or negligent homicide, depending on the circumstances of the case." Watson v. State, 504 So.2d 339 (Ala.Crim.App 1986)

However, the courts have restricted the requirement that criminally negligent homicide be charged in certain homicide cases. "An instruction of criminally negligent homicide is proper only where the victim's death was caused by the inadvertent creation and subsequent disregard of a risk of harm of which he should have been aware." Deramus v. State, 565 So.2d 1167 (Ala.Crim.App.1990)

The courts typically describe criminally negligent homicide in comparison with reckless homicide. "The difference between the terms 'recklessly' and negligently' is one of kind. The reckless actor is aware of the risk and disregards it; the negligent actor is not aware of the risk but should have been aware of it." Koopersmith at 208. "A negligent actor disregards a risk of which he 'should have been aware,' rather than consciously disregarding a risk as is required for recklessness." Lovell v. State, 521 So.2d 1346, 1351

14

(Ala.Crim.App 1987)

In the present case the evidence, at least, supports a reasonable theory of accidental killing by criminally negligent homicide. The evidence demonstrated the defendant and Shawn Baker had been involved in a fight, in which, the defendant had received several blows. After the fight had been broken up, the Defendant left the scene of the fight. He went and retrieved a shotgun and walked back to the scene with the firearm. He was searching for Shawn Baker. However, a crowd of people was still on the streets. Several people tried to intervene in the matter and to calm the defendant. In fact, they crowded around the defendant. The victim, Jermicah Foster, was part of this crowd. Andrew Phillip Burden did not have any "beef" with the victim. In fact, Shawn Baker was no longer on the scene but had entered a residence at this point. (R.171) Someone pulled on his arm and the gun discharged, shooting the Defendant.

A jury reasonably could infer that the act of retrieving a loaded weapon and searching for Shawn Baker on a crowded street indicates at a minimum that he failed to perceive a substantial and unjustifiable risk that the weapon would discharge. *See* <u>Houston v. State</u>, 798 So.2d 704, 709

15

(Ala.Crim.App. 2000)(a defendant that retrieved a firearm and then entered a house in search of his victim was rightly convicted of criminally negligent homicide)

This case is distinguishable from the line of cases which deny the applicability of criminally negligent homicide to situations where the accused brandished a firearm. *See* Robinson v. State, 441 So.2d 1045 (Ala.Crim.App.1983). In the present case, the victim nor anyone else posed a threat of imminent confrontation. Andrew Burden was in search of Shawn Baker and not the victim. The victim and Andrew Burden did not wrestle over the gun, nor did Andrew Phillip Burden shoot at Shawn Baker and accidently hit Jermicah Walker. At the time of the shooting, Shawn Baker was not on the scene. Accordingly, there was no imminent threat that the gun might discharge as in Robinson and its progeny.

Andrew Phillip Burden was potentially criminally liable of carrying a loaded gun in the public; but this act was negligent and not reckless. Because the imminent threat of confrontation was not present, it could not be said that he was "certainly aware of the risk that the gun might discharge." Robinson at 1047

In addition, it had been'shown that the Defendant had

16

been drinking alcohol earlier in the day. The jury could infer
that the alcohol could affect his ability to be aware of the
risk which his acts were causing. "While this evidence does
not conclusively prove that the appellant was intoxicated when
he shot the victim, it does raise the possibility." McConnico
v. State, 551 So.2d 424, 426 (Ala.Crim.App.1988) Wherefore,
this possible intoxication could have inhibited the Andrew
Phillip Burden from forming the requisite certainty of
awareness of risk which legally forecloses a criminally
negligent homicide instruction.

Wherefore, because evidence to support a reasonable
theory of criminal negligence was present, Burden was entitled
to such a charge. The Court's refusal to grant such a charge
prejudiced Andrew Phillip Burden to an extent that he did not
receive a fair trial. His acts, while very possibly legally
negligent, did not rise to the level of reckless *per se*.

## CONCLUSION

Andrew Phillip Burden was entitled to a charge
concerning homicide by accident as well as criminally
negligent homicide. The trial court refused to instruct the
jury on criminally negligent homicide and barely referenced
homicide by accident. Instead, the court thoroughly

17

instructed the jury concerning the elements of murder and complicity and gave a sparse, misleading and incomplete charge on accident.

However, because substantial evidence was presented that the shooting was done accidently, Andrew Burden was entitled to a full and complete instruction to the jury on accident. His acts, while very possibly legally negligent, did not rise to the level of reckless *per se*.

Further, because a reasonable theory of criminally negligent could be found in the testimony, Andrew Burden was entitled to such a charge.

Accordingly, Andrew Burden is entitled to a new trial and he requests remand to the Circuit Court of Randolph County for such new trial.

Submitted,

Gregory M. Varner

## CERTIFICATE OF SERVICE

I, hereby, certify that I have served a copy of the foregoing BRIEF upon the following, by hand delivery or by placing said copy in the United States Mail, postage prepaid, to the respective mailing address on this date, the ___29___ day of ___April___, 2003.

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, AL 36130-0152

Gregory M. Varner

## LIST OF ADVERSE RULINGS

DEFENDANT'S JURY CHARGE REQUEST
FOR CRIMINALLY NEGLIGENT HOMICIDE                    DENIED R.376

DEFENDANT'S OBJECTION TO STATE'S
REQUEST FOR CHARGE ON ACCIDENT                       DENIED R.379

DEFENDANT'S JURY CHARGE REQUEST
INCORPORATING ACCIDENT                               DENIED R.379

MOTION FOR NEW TRIAL ALLEGING
IMPROPER JURY CHARGES                                DENIED C.106