# IN THE SUPREME COURT OF ALABAMA

EX PARTE BURDEN

PORTER
79331
7/20

IN RE
ANDREW PHILLIP BURDEN
PETITIONER,

VS.

STATE OF ALABAMA
APPELLEE

ON APPEAL FROM THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA (CC-01-115.60)

ON PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS (CR-04-1216)

PETITION FOR A WRIT OF CERTIORARI



ANDREW PHILLIP BURDEN
100 WARRIOR LANE
BESSEMER ALABAMA 35(?)

## PETITION FOR A WRIT OF CERTIORARI

THE PETITIONER PETITIONS THIS COURT TO ISSUE A WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS. THE PETITIONER REQUESTS THIS COURT RESOLVE THE CONFLICT BETWEEN THE COURT OF CRIMINAL APPEAL'S DECISION IN THE PRESENT CASE AND THE DECISION BY THIS COURT IN EX PARTE WALKER, 800 So. 2d 135 (ALA. CR. APP. 2000) AT 138, AND THE COURT OF CRIMINAL APPEAL'S DECISIONS IN SHEATS V. STATE, 556 So. 2d 1074, 1105 (ALA. CR. APP. 1989).

SPECIFICALLY, THE PETITIONER REQUESTS THIS COURT REVERSE THE CRIMINAL APPEAL'S DECISION AND GRANT PETITIONER RULE 32 PETITION WHEN THE CASES ABOVE REQUIRE A CIRCUIT COURT MAY SUMMARILY DISMISS A RULE 32 PETITION WITHOUT AN EVIDENTIAL HEARING IF THE JUDGE WHO RULES ON THE PETITION HAS "PERSONAL KNOWLEDGE OF THE ACTUAL FACTS UNDERLYING THE ALLEGATION IN THE PETITION" AND "STATE THE REASONS FOR THE DENIAL IN A WRITTEN ORDER.

IN SUPPORT OF ITS PETITION, THE PETITIONER SUBMITS THE FOLLOWING:

### PROCEDURAL HISTORY OF THE CASE

1. PETITIONER FILED THE PRESENT RULE 32 PETITION IN THE RANDOLPH COUNTY CIRCUIT COURT ON JANUARY 20, 2005. AFTER THE TRIAL COURT DENY POST-CONVICTION RELIEF, PETITIONER APPEALED.

2. THE COURT OF CRIMINAL APPEALS AFFIRMED THE DENIAL OF POST-CONVICTION RELIEF AND RULED AN UNPUBLISHED OPINION RELEASED ON JUNE 2005. THE PETITIONER IS ATTACHED A COPY OF COURT'S OPINION AS EXHIBIT A.

1

3. THE PETITIONER TIMELY FILED HIS APPLICATION FOR REHEARING, WHICH THE COURT OVERRULED ON JULY 1, 2005. THE PETITION HAS ATTACHED A COPY OF THE COURT'S NOTICE AS EXHIBIT B.

## STATEMENT OF THE FACTS

4. UNDER RULE 39(d)(5)(B) OF THE ALABAMA RULE OF APPELLATE PROCEDURE, PETITIONER VERIFIES THAT THE FOLLOWING IS A VERBATIM COPY OF THE "STATEMENT OF CASE AND FACT" IN THE PETITIONER APPLICATION FOR REHEARING SUBMITTED TO THE COURT OF CRIMINAL APPEALS:

PETITIONER WAS ARRESTED IN RANDOLPH COUNTY ALABAMA FOR MURDER IN VIOLATION OF 13A-6-2 CODE OF ALABAMA 1975.

PETITIONER WAS INDICTED BY THE RANDOLPH COUNTY GRAND JURY FOR MURDER ON THE 7TH DAY OF APRIL 2001.

PETITIONER WAS FOUND GUILTY PURSUANT TO A JURY TRIAL ON THE 30TH DAY OF OCTOBER 2002.

PETITIONER WAS SENTENCED TO LIFE IMPRISONMENT ON THE 2nd DAY OF DECEMBER 2002.

ON DIRECT APPEAL THE ALABAMA COURT OF CRIMINAL APPEALS AFFIRMED HIS APPEAL OCTOBER 24TH 2003.

THE SUPREME COURT OF ALABAMA DENIED THE WRIT OF CERTIORARI ON MARCH 12, 2004.

THE 20TH DAY OF JANUARY 2005. YOUR PETITIONER FILED A RULE 32. PETITION IN THE CIRCUIT COURT OF RANDOLPH COUNTY.

ON MARCH 8, 2005. THE CIRCUIT COURT DENIED THE RULE 32. PETITION.

2

On March 16, 2005, Petitioner filed a Motion for Reconsideration of Ordered dated March 8, 2005.

On March 31, 2005, the Circuit Court denied the Motion for Reconsideration.

### Reasons for Granting the Petition

5. The Petitioner requests this Court grant certiorari under Rule 39(A)(1)(A) of the Alabama Rules of Appellate Procedure. In this case the Court of Criminal Appeals affirmed Petitioner Rule 32 and precluded as the Trial Court dismiss Petition Rule 32, Petition as been without merit.

6. Did the Court's error in dismissing Petitioner Rule 32, Petition by stating "without merit" when he did not have personal knowledge of the case, where he was not the Judge that presided over the case.

7. Petitioner states that the Trial Court Judge "Tom F. Young, Jr." is in error to deny Petitioner's Rule 32 Petition where he was not the Judge that presided over the "original trial" therefore lacking the "personal knowledge" required to dismiss said Petition, without addressing the "merit"

8. Petitioner states that Honorable Ray D. Martin was the Circuit Court Judge who presided over the Trial. See pg. 86 of Appeal Record. Also the Honorable Court has ruled in Ex Parte Walker, 800 So.2d 135 (Ala. 2001) at 139.

9. In Walker... a Circuit Court may summarily dismiss a Rule 32 Petition without any evide-

2

...TIARY HEARING IF THE JUDGE WHO RULED ON THE PETITION HAS "PERSONAL KNOWLEDGE OF THE ACTUAL FACTS UNDERLYING THE ALLEGATIONS IN THE PETITION" AND "STATE" THE REASON FOR THE DENIAL IN A WRITTEN ORDER. SHEATS V. STATE 556 So. 2D 1094, 1095 (ALA. CR. APP. 1989).

10. WHERE THE HONORABLE TIM E. YOUNG, JR. WAS IN ERROR TO DISMISS PETITIONER RULE 32 PETITION STATING "WITHOUT MERIT" AND NOT GRANTING A EVIDENTIARY HEARING TO PROPERLY RULE ON THE MERITS OF THE PETITION BECAUSE HE LACK THE PERSONAL KNOWLEDGE NEEDED TO MAKE A PROPER RULING.

11. DID THE TRIAL COURT ERROR TO REVERSE WHEN PETITIONER WAS DEPRIVED EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND ON APPEAL.

12. PETITIONER WAS DEPRIVED EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND ON APPEAL DUE TO COUNSEL FAILURE TO OBJECT TO THE INSUFFICIENCY OF THE EVIDENCE AT TRIAL AND ON APPEAL.

13. THE TRIAL COURT MISLEAD THE JURY WHEN IT INSTRUCTED THE JURY ON ACQUITTAL BEYOND A REASONABLE DOUBT.

14. THE TRIAL COURT ERROR WHEN IT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE SENTENCE

15. THE COURTS ERRED WHEN IT DISMISSED PETITIONER RULE 32 PETITION ONLY STATING "WITHOUT MERIT"; FURTHER DENYING HIM EQUAL PROTECTION AND DUE PROCESS OF THE LAW AFFORDED HIM BY THE STATE AND FEDERAL CONSTITUTION.

15. FINALLY, PETITIONER STATES THAT THE CIRCUIT COURT JUDGE TIM F. YOUNG, JR. IN HIS ORDER HAS FAILED TO FIRMLY ESTABLISH ANY PROCEDURAL GROUND SEE HUNT V. CAMPBELL, 329 F.3D 1085 (11TH CIR. 2003) AND HILL V. CAMPBELL, 344 F.3D 1313 (11TH CIR. 2003) AND ACCORDING TO SMITH V. UNITED STATES, 9TH F.3D 761 (11TH CIR. 1993).

16. THE CIRCUIT COURT HAS PRECLUDED THEMSELVES FROM FURTHER RESPONSE, RULE X(A) OF THE ALA. R. CIV. P.. PETITIONER STATES THAT HE'S NOT PRECLUDED FROM THE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL OR ANY OTHER OF THE ISSUES RAISED, WHERE THIS FIRST RULE 32. PETITION THE D.A. AND TRIAL COURT HAS FAILED TO PROPERLY "ADJUDICATE" ANY OF THE SEE RECORD ON APPEAL PG. 139.

THE PETITIONER MAINTAINS THAT THE STATE HAS NOT MET THE BURDEN TO HAVE JUDGMENT IN IT'S FAVOR DUE TO THE FACT THERE IS STILL A GENUINE ISSUES AS TO MATERIAL FACTS THAT ARE STILL IN DISPUTE. FITZPATRICK VS. CITY OF ATLANTA, 2F, 2D, 1112. (11TH CIR. 1993); BARKS VS. CITY OF WARNER ROBIN GA. 47 F. 3D 647 (11TH CIR. 1995).

17. BECAUSE THIS COURT THE TRIAL COURT FAILED TO FIRMLY ESTABLISH ANY PROCEDURAL GROUNDS IN IT ORDER. AND BECAUSE THE TRIAL COURT JUDGE IS IN ERROR TO DENY PETITIONER RULE 32. WHERE HE WAS NOT THE JUDGE WHO PRESIDED OVER THE ORIGINAL TRIAL. EX PARTE WALKER. THIS COURT SHOULD GRANT THE PETITIONER PETITION FOR A WRIT OF CERTIORARI.

Conclusion

FOR THE REASONS STATED IN THIS PETITION, THE PETITIONER'S RESPECTFULLY REQUEST THIS COURT GRANT THE WRIT OF CERTIORARI AND ORDER BRIEFING IN THIS CASE.

RESPECTFULLY SUBMITTED
*Andrew Phillip Burden*
100 WARRIOR LANE
BESSEMER ALA 35023

### CERTIFICATE OF SERVICE

I CERTIFY THAT ON July 6, 2005, I SERVED A COPY OF THE FOREGOING PETITION ON THE HONORABLE LANE MANN, CLERK OF THE COURT OF CRIMINAL APPEALS, AND ON THE ATTORNEY FOR THE RESPONDENT, BY PLACING A COPY IN THE UNITED STATES MAIL FIRST CLASS POSTAGE PREPAID, AND ADDRESSED AS FOLLOWS:

LANE MANN
COURT OF CRIMINAL APPEALS
STATE OF ALABAMA
300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, ALABAMA 36130-1555


STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA 36130-0152

*Andrew Philly Buds*
160 WARRIOR LANE
BESSEMER, ALABAMA

EXHIBIT A

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
## State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555



RELEASED
JUN 10 2005
CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM



CR-04-1260        Randolph Circuit Court CC-01-115.60

<u>Andrew Burden v. State of Alabama</u>

Baschab, Judge.

On October 30, 2002, the appellant was convicted of murder. On December 2, 2002, the trial court sentenced him, as a habitual offender, to serve a term of life in prison. See §13A-5-9(c), Ala. Code 1975. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on March 12, 2004. See <u>Burden v. State</u>, (CR-02-0682) ___ So. 2d ___ (Ala. Crim. App. 2003) (table). On January 18, 2005, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily dismissed his petition. This appeal followed.

I.

The appellant argues that the circuit court erroneously dismissed his petition without conducting an evidentiary hearing and without making specific findings of fact. In his petition, he contended that he was entitled to post-conviction relief because:

1) trial counsel rendered ineffective assistance;

2) appellate counsel rendered ineffective assistance because he did not adequately investigate his case, did not know applicable law regarding post-trial procedure, did not raise various issues in a motion for a new trial, did not challenge the sufficiency of the evidence on direct appeal, and raised issues on direct appeal that had not been preserved for appellate review;

3) appellate counsel rendered ineffective assistance because he did not preserve ineffective-assistance-of-trial-counsel claims for appellate review;

4) appellate counsel rendered ineffective assistance because he did not file a motion to extend the time for filing a motion for a new trial;

5) the trial court did not have jurisdiction to render a judgment and impose a sentence in his case because the trial court allegedly gave an erroneous and misleading instruction "on acquittal beyond a reasonable doubt" (appellant's brief at p. 8);

6) the trial court did not have jurisdiction to impose a sentence in his case because the State did not properly prove the prior convictions that were used to enhance his sentence; and

7) his due process rights were violated because the forensic pathologist who autopsied the victim did not testify at trial regarding her report that was admitted into evidence.

2

Claims 1 and 2 consisted of bare allegations that the appellant did not adequately support. Therefore, the appellant has not satisfied his burden of pleading pursuant to Rules 32.3 and 32.6(b), Ala. R. Crim. P., with regard to those claims.

With regard to Claim 3, the record from the appellant's direct appeal indicates that he was sentenced on December 2, 2002.[1] However, the record on appeal was not completed until March 24, 2003.

> "[I]n any cases in which the defendant is convicted after the date this opinion is released, an ineffective-assistance-of-counsel claim must be presented in a new trial motion filed before the 30-day jurisdictional time limit set by Rule 24.1(b), Ala. R. Crim. P., expires, in order for that claim to be properly preserved for review upon direct appeal.
>
> "...
>
> "When a defendant makes a claim of ineffective assistance of trial counsel, and that claim cannot reasonably be presented in a new trial motion filed within the 30 days allowed by Rule 24.1(b), Ala. R. Crim. P., the proper method for presenting that claim for appellate review is to file a Rule 32, Ala. R. Crim. P., petition for post-conviction relief."

Ex parte Ingram, 675 So. 2d 863, 865-66 (Ala. 1996). In this case, appellate counsel did not have access to the record on appeal in time to raise ineffective-assistance-of-trial-counsel claims within 30 days after the appellant was sentenced. Therefore, appellate counsel did not render ineffective assistance in this regard.

---

[1] We have taken judicial notice of the record from the appellant's direct appeal in this case. See Nettles v. State, 731 So. 2d 626 (Ala. Crim. App. 1998).

3

With regard to Claim 4, the appellant is apparently referring to the procedure set forth in Ex parte Jackson, 598 So. 2d 895 (Ala. 1995). However, in Ex parte Ingram, 675 So. 2d 863 (Ala. 1996), the Alabama Supreme Court overruled the Jackson procedure that allowed newly appointed appellate counsel to move to suspend the 30-day jurisdictional time limit for filing a motion for a new trial. Because the appellant was convicted after the supreme court released its decision in Ingram, appellate counsel did not render ineffective assistance when he did not file a motion to extend the time for filing a motion for a new trial.

Finally, Claims 5, 6, and 7 are nonjurisdictional claims that are precluded because the appellant could have raised them at trial and on appeal, but did not. See Rule 32.2(a)(3) and (5), Ala. R. Crim. P.

Because the appellant's claims were not sufficiently pled, without merit, or precluded, the circuit court properly dismissed his petition without first conducting an evidentiary hearing. See Rule 32.7(d), Ala. R. Crim. P. Also, a circuit court need not make specific findings of fact when it summarily dismisses a petition. See Fincher v. State, 724 So. 2d 87 (Ala. Crim. App. 1998). Therefore, the appellant's argument is without merit.

II.

The appellant also argues that the State's response did not adequately address all of the claims he presented in his petition. However, he did not present this argument to the circuit court. Therefore, it is not properly before this court. See Whitehead v. State, 593 So. 2d 126 (Ala. Crim. App. 1991).

For the above-stated reasons, we affirm the circuit court's judgment.

**AFFIRMED.**

McMillan, P.J., and Wise, J., concur; Cobb and Shaw, JJ., concur in the result.

4