THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ANDREW PHILLIP BURDEN, )
AIS 148280, )
 )
    Petitioner, )
 ) CIVIL ACTION NO. 05-CV-1128-F
vs. )
 )
WARDEN KENNETH JONES, and )
THE ATTORNEY GENERAL FOR )
THE STATE OF ALABAMA, )
 )
    Respondents. )

## SUPPLEMENTAL ANSWER

**GENERAL RESPONSE**

    Come the Respondents in the above-styled cause, by and through the Attorney General of the State of Alabama, and, in response to this Honorable Court's Order dated February 2, 2006 seeking a supplemental response from the Respondents on the issue of whether Burden's claim alleging ineffective assistance of appellate counsel for failing to challenge the sufficiency of the evidence has been procedurally defaulted, state the following:

    1. Without waiving any possible other defenses (e.g. time bar, unmeritorious or unsupported claims), Respondents assert that this particular

claim has been procedurally defaulted because Burden failed to "fairly present" it in the state court system.

2. Respondents again deny that Burden is innocent, that the State of Alabama has violated any of Burden's federal or state constitutional rights, and deny each and every ground that Andrew Phillip Burden ("Burden") asserts for relief and demand strict proof thereof.

3. Respondents again admit that Burden is currently in the custody of the State of Alabama pursuant to his conviction and sentence for murder. According to the State's most recent records, Burden is currently housed in the Donaldson Correctional Facility at 100 Warrior Lane; Bessemer, Alabama 36025.

## PROCEDURAL HISTORY

### Trial and Direct Appeal

4. On October 30, 2002, Burden was convicted of murder in Chambers County Circuit Court. (Exhibit A at R. 396) On December 2, 2002, Burden was sentenced to serve a life prison term on his murder conviction. (Id., at R. 466)

5. Burden filed a direct appeal of his conviction, and, on October 24, 2003, the Alabama Court of Criminal Appeals affirmed his conviction. (See Exhibit B.) Burden filed a petition seeking Supreme Court of Alabama

certiorari review; the Supreme Court of Alabama denied his petition, and, on March 12, 2004, the Alabama Court of Criminal Appeals entered the related certificate of judgment. (Exhibit C) In his direct appeal brief and state certiorari petition, Burden raised two issues: (1) that the trial court improperly charged the jury on the law governing accidental shootings, and (2) that the trial court should have instructed the jury on the crime of criminally negligent homicide. (See Exhibit W at pages 5-8 and Exhibit X.) The Alabama Court of Criminal Appeals rejected the first claim as unpreserved and rejected the second claim as unsupported. (Exhibit B at pages 5-8)

### Burden's Rule 32 Post-Conviction Petition

6. On January 20, 2005, Burden filed a Rule 32 post-conviction petition in Chambers County Circuit Court, alleging various claims. (Exhibit D at C. 9-71) On March 8, 2005, the trial court summarily dismissed Burden's Rule 32 petition. (Exhibit D at C. 139) On June 10, 2005, the Alabama Court of Criminal Appeals affirmed this dismissal. (Exhibit E) In the related petition for writ of certiorari to the Supreme Court of Alabama,

Burden raised the following claims:

    (a) the trial court judge allegedly improperly failed to grant an evidentiary hearing on his Rule 32 petition merely because such judge did not preside over the trial of his case (Exhibit Y at pages 3-4);

    (b) ineffective assistance (IA) by his trial and appellate counsel for failing to challenge the sufficiency of the evidence (Exhibit Y at page 4);

    (c) the trial court allegedly improperly instructed the jury on the concept of "reasonable doubt" (Exhibit Y at page 4), and

    (d) the trial court somehow did not have jurisdiction to try and sentence him (Exhibit Y at page 4). (No specifics were cited for this claim.)

7. No other claims were raised in Burden's petition for writ of certiorari regarding the dismissal of his Rule 32 petition. (Exhibit Y at pages 1-5)

8. On October 14, 2005, the Supreme Court of Alabama denied Burden's Rule 32-related petition for writ of certiorari. (Exhibit F)  On October 14, 2005, the same Court entered the related certificate of judgment. (Exhibit F)

### The Instant Federal Habeas Petition

9. On November 22, 2005, Burden filed the instant federal habeas petition, wherein, after first setting out a vague, generalized IA claim, he

4

asserts the following less generalized, though still vague and unspecific, claims:

(1) IA of trial and appellate counsel for failure to challenge the sufficiency of the evidence;

(2) IA of trial counsel for failure to object to the trial court's instruction on "reasonable doubt";

(3) IA of trial counsel for alleged failure to object to the trial court's alleged lack of jurisdiction, particularly the jurisdiction to sentence him under the Alabama Habitual Felony Offender Act (AHFOA), assuming the State allegedly failed to prove his prior convictions;

(4) IA of trial counsel for alleged failure to subpoena a forensics expert;

(5) IA of trial counsel for alleged failure to object to an allegedly improper chain of custody;

(6) That the summary dismissal of his Rule 32 petition by the trial court judge was allegedly improper merely because the same judge did not hear the trial of his case;

(7) An allegedly improper failure by the trial court to instruct the jury on an unspecified lesser-included offense;

(8) An allegedly improper trial court jury charge on the "law of accident".

5

## EXHAUSTION AND PROCEDURAL DEFAULT

10. Burden's claim (1) regarding his appellate counsel's handling of the sufficiency issue is unexhausted and procedurally defaulted because, although it was presented to the Supreme Court of Alabama, it was not "fairly presented" to either that court or to the Alabama Court of Criminal Appeals. In Baldwin v. Reese, 124 S. Ct. 1347 (2003), the Supreme Court defined what "fair presentation" of a federal claim to a state court is, ruling that "a state prisoner does not 'fairly present' a federal claim to a state court if that court must read beyond a petition or a brief (or a similar document) that [itself] does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 124 S. Ct. at 1351. Here, as shown by the Alabama Court of Criminal Appeals' rejection of this claim on procedural grounds regarding an obvious failure to properly plead the claim under Rule 32.6(b), A.R.Cr. P. (See Exhibit E at page 3.), Burden did not fairly present this claim.

11. The following excerpt from a 2000 recommendation by Southern District Federal Magistrate Kristi Lee buttresses this view:

> Concerning ineffective assistance of appellate counsel, respondent argues that the Alabama Court of Criminal Appeals' decision that dismissal was proper for failure to comply with Ala.R.Cr.P. 32.6(b) is a valid procedural bar to plaintiff's claim which requires this Court to decline review. Wainwright v. Sykes, 433 U.S. 62 (1977); Cooper v. Wainwright; 807 F.2d

6

881 (11th Cir. 1986). Second, respondent argues that the claim for ineffective assistance of appellate counsel is barred because the petitioner presented no facts to support this claim to the state court; grounds for relief not presented to the state courts and which have been procedurally barred under state rules are also procedurally barred from habeas corpus review in federal court. Parker v. Dugger, 876 F.2d 1470, 1478 (11th Cir. 1989), reversed on other grounds 498 U.S. 308 (1991).

     *     *     *

After consideration of all matters presented, the undersigned agrees that petitioner's claim of ineffective assistance of appellate counsel is procedurally defaulted because the claim was barred on independent and adequate state grounds by the Alabama Court of Criminal Appeals. That Court's determination that dismissal was proper because "Reed's petition failed to meet the requirement of Rule 32.6(b), that a petition 'contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds,' " constitutes a sufficient statement resting on independent and adequate state grounds to bar review of the appellate counsel claim by this Court.

Reed v. Jones, CV No. 97-563-RV-L, Mag. op., (S.D. Ala. Aug. 28, 2000).

12. In other words, Burden failed to "fairly present" this particular claim of ineffective assistance in state court, as required by Baldwin v. Reese, 124 S. Ct. at 1351, and it is now too late to do so. Hence, the claim is unexhausted and procedurally defaulted. [Where the claim is presented in state court and the last state court to review it states "clearly and expressly" that its judgment rests on a procedural

7

bar, and the bar is an independent and adequate state ground for denying relief, federal courts may not review the claim. Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989); Baldwin v. Johnson, 152 F.3d 1304, 1314 (11th Cir. 1989); Hill v. Jones, 81 F.3d 1015, 1022 (11th Cir. 1996), cert. denied, 519 U.S. 1119 (1997).]

### ALTERNATIVE ARGUMENT ON BURDEN'S INEFFECTIVE ASSISTANCE CLAIM ALLEGING FAILURE TO CHALLENGE THE SUFFICIENCY OF THE STATE'S PROOF OF GUILT

13. If this ineffective assistance claim was somehow not procedurally defaulted, it is, alternatively, destined to fail on the merits.

14. To establish ineffective assistance under the oft-cited Strickland test, a petitioner must, in summary, prove:

(1) that his counsel's performance was deficient, which requires a showing that his counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and,

(2) that the deficient performance prejudiced the defendant, which requires a showing that a different outcome of the trial probably would have resulted but for counsel's allegedly ineffective performance.

Strickland v. Washington, 466 U.S. 668, 687-690 (1984).

15. Again, the proper standard for judging attorney performance is reasonably effective or reasonably competent assistance. Strickland, 466 U.S. at 688. This standard is objective, that is, reasonableness must be

8

judged under prevailing professional norms. Strickland, 466 U.S. at 688. Judicial scrutiny of defense counsel's performance must be highly deferential. Strickland, 466 U.S. at 689. Courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and the burden is on the defendant to overcome this presumption, particularly a presumption that counsel's action might be considered sound trial strategy. Strickland, 466 U.S. at 689.

16. Burden has simply failed to set out any supported allegation that his counsel's alleged failure to challenge the sufficiency of the State's proof of guilt represented deficient performance outside of sound strategy, and certainly has failed to even allege any true prejudice therefrom, i.e. a changed result, namely, as to this claim, a reversed conviction premised upon insufficient evidence of guilt. First, his appellate counsel may have failed to raise this claim because he believed his trial counsel failed to adequately preserve it at trial. Trial counsel failed to challenge any particular element of murder that the State failed to prove and failed to allege that the State "failed to set out a prima facia case of murder", which is the commonly accepted method of challenging the State's proof on all elements. (Exhibit A at pages R. 296-297) Second, given the monumental level of inculpatory evidence (See Exhibit Z at pages 3-7 for a summary of

9

this evidence.), raising this claim on appeal would have been a fruitless endeavor. His appellate counsel, therefore, is not to be faulted for focusing on other more promising appellate claims. In summary, this IA claim is, alternatively, due to fail as unsupported.

## **CONCLUSION**

Because this particular claim and all other claims in Burden's 28 U.S.C. Section 2254 petition are procedurally defaulted, and/or constitute state law claims not cognizable under federal law, or, alternatively, are completely unsupported by allegations and proof of conflict with United States Supreme Court authority, his petition is due to be dismissed with prejudice.

                                              Respectfully submitted,

                                              Troy King
                                              Attorney General
                                              By:

                                              /s/Hense R. Ellis II
                                              Deputy Attorney General

# EXHIBITS

(Exhibits A-F and W-Y previously submitted, Exhibit Z )

| | |
|---|---|
| Exhibit A | Chambers County Circuit Court Clerk's record of Burden's conviction; |
| Exhibit B | Alabama Court of Criminal Appeals affirmance of Burden's conviction; |
| Exhibit C | Certificate of Judgment regarding Burden's direct appeal; |
| Exhibit D | Chambers County Circuit Court Clerk's record of Burden's Rule 32 petition proceedings; |
| Exhibit E | Alabama Court of Criminal Appeals' affirmance of the dismissal of Burden's Rule 32 petition; |
| Exhibit F | Certificate of Judgment regarding Burden's Rule 32 petition appeal; |
| Exhibit W | Burden's brief on direct appeal; |
| Exhibit X | Burden's petition for writ of certiorari on direct appeal; |
| Exhibit Y | Burden's petition for writ of certiorari regarding the affirmance of the summary dismissal of his Rule 32 petition; |
| Exhibit Z | State of Alabama's brief on direct appeal. |

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2006, I electronically filed the foregoing, (excluding Exhibit Z, which will be filed on February 21, 2006) with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service this Answer to the following non-CM/EFC participant to the address follows:

>Andrew Phillip Burden
>AIS #148280
>Donaldson Correctional Facility
>100 Warrior Lane
>Bessemer, AL  35023

_/s/ Hense R Ellis II_
Hense R. Ellis II
Deputy Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery AL  36130-0152
(334) 242-7300
100229/BURDEN
88441-001