# IN THE SUPREME COURT OF ALABAMA



March 12, 2004

**1030378**

Ex parte Andrew Phillip Burden.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Andrew Phillip Burden v. State of Alabama)   (Randolph Circuit Court: CC01-114; 115; Criminal Appeals : CR-02-0682).

## CERTIFICATE OF JUDGMENT

### Writ Denied

The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.

**Writ Denied - No Opinion**

SEE, J. - Brown, Johnstone, Harwood, and Stuart, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this 12th day of  March,  2004

*Robert G. Esdale, Sr.*

Clerk, Supreme Court of Alabama

/tr

Exhibit

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA


ANDREW PHILLIP BURDEN,
Appellant,


vs.


STATE OF ALABAMA,
Appellee.


ON APPEAL FROM THE CIRCUIT COURT OF RANDOLPH COUNTY ( CC-115.60 )


BRIEF OF APPELLANT

Andrew Phillip Burden
W. E. Donaldson C.F.
100 Warrior Lane
Bessemer, Al  35023

Pro'Se

Exhibit

## TABLE OF CONTENTS

Page(s)

Table of Cases and Authorities - - - - - - - - - - - - - - - - - ii,iii

Statement of the Case and Facts - - - - - - - - - - - - - - - - - 1

Issues for Review - - - - - - - - - - - - - - - - - - - - - - - - 2

Argument I - - - - - - - - - - - - - - - - - - - - - - - - - - -3

Argument II - - - - - - - - - - - - - - - - - - - - - - - - -6

Argument III - - - - - - - - - - - - - - - - - - - - - - - - -8

Argument IV - - - - - - - - - - - - - - - - - - - - - - - - - -10

Argument V - - - - - - - - - - - - - - - - - - - - - - - - - -12

Argument VI - - - - - - - - - - - - - - - - - - - - - - - - - -17

Argument VII - - - - - - - - - - - - - - - - - - - - - - - - - -18

Conclusion - - - - - - - - - - - - - - - - - - - - - - - - -20

Certificate of Service - - - - - - - - - - - - - - - - - - - - -21

TABLE OF CASES AND AUTHORITIES

Page(s)

Allen v. State, 546 So.2d 1009 (Ala.Cr.App.1988) - - - - - - -- -   9

Arrington v. State, 645 So.2d 555 (Ala. 2003) -- - -- - - - - - -   13

Chaverst v. State, 517 So.2d 643,644 (Ala.Cr.App.1987) - - - - -   17

Gautney v. State, 284 Ala. 82, 222 So.2d 175 (1969) - - - - - --   9

Ex parte Glover, 508 So.2d 219 ( Ala. 1987) - - - - - - - - - -   3,10

Gray v. State, 597 So.2d 238 (Ala.Cr.app.1992) - -- -- - - ---- --   11

Gray v. State, 634 So.2d 1054 (Ala.Cr.App. 1993) -- - - - - - - -   17

Ex parte Hamilton, 396 So.2d 123-24 (Ala. 1980) - - - - - - - - -   3,9

Ex parte Hand, 472 So.2d 675 (Ala.1985) - - - - - - --- - -- -------   15

Hill v. State, 699 So.2d 974 (Ala.Cr.App.1997) - - - - - - - - -   16

Holland v. State, 621 So.2d 373 (Ala.Cr.App. 1993) - - - - - - - -

Ex parte Ingram, 675 So.2d 863 'Ala. 1996) - - - - - - - - ------ -   4

Johnson v. State, 835 So.2d 1077 (Ala.Cr.App. 2001) - - - - - - -   12

Morgan v. State, 733 So.2d 940 (Ala.Cr.App. 1999) - - -- - - - -   10

Owens v. State, 659 So.2d 977 (Ala.Cr.App. 1994) - - - - - - - -   13

Perry v. State, 861 So.2d 1 ( Ala.Cr.App. 2002) - - - - - - - - -   12

Pierce v. State, 851 So.2d 558 (Ala.Cr.App.1999) - - - - - - - -   18

Raines v. State, 455 So.2d 967 (Ala.Cr.App.1984) - - - - - - - -   6

Rouse v. State, 548 So.2d 643 (Ala.Cr.App.1989) - - - - - - - - -   14

Sheats v. State, 556 So.2d 1094-95 (Ala.Cr.App. 1989) - - - -- - -   17

Shumates v. State, 676 So.2d 1345 (Ala.Cr.App.1995) - - - -- - ---   10

Tillman v. State, 360 So.2d 1074 (Ala.Cr.App. 1978) - - - - - - -   8

Ex parte William, 570 So.2d 135 (Ala. 1987) - - - - -- -- - - - ----   3,10

Whitt v. State, 461 So.2d 29 (Ala.Cr.App.1984) - - - - - - - - - --   3

Flowers v. State, 799 So.2d 966 (Ala.Cr.App. 1999) - - - - - - - -   14

- CONT -

## FEDERAL AUTHORITIES

Page(s)

Crawford v. Washington, 158 L.Ed2d 177 (200 ) - - - - - - - - -    14

Seibert v. Campbell, 334 F.3d 1018 (11th Cir.2003) - - - - - -    19

Shutwitt v. United States, 973 F.2d 903-904 (11th Cir. 1992) --    19

Wiggin v. Smith, 123 S.Ct. 2527 (2003) --- - --- - - ----- --    11

More v. Campbell, 344 F. 3d 1313 ( 11th Cir. 2003) - - - - - - -    19

Strickland v. Washington, 466 U.S. 668,104 S.Ct.2052, 80 L.Ed2d

674 (1984) - - - - - - - - - - - - - - --- - - - ---- --    3,11

Stutson v. United States, (1996) 133 L.Ed2d 571 - - - - - - -- 4

## STATEMENT OF THE CASE AND FACTS

Petitioner was arrested in Randolph County Alabama for Murder in viola-
tion of 13A-6-2 Code of Alabama 1975 .

Petitioner was indicted by the Randolph County grand jury for Murder on
the 7th day of August 2001 .

Petitioner was found guilty pursuant to a Jury Trial on the 30th day of
October 2002.

Petitioner was Sentenced to Life imprisonment on the 2nd day of December
2002 .

On direct Appeal the Alabama Court of Criminal Appeals affirmed his Appeal
October 24th, 2003 .

The Supreme Court of Alabama denied the Writ of Certiorari on March 12,
2004 .

The 20th day of Janurary 2005 your Petitioner filed a Rule 32 Petition
in the Circuit Court of Randolph County . ( C. 144).

On March 5, 2005, the Circuit Court dismissed the Rule 32 Petition(C.144).

On March 16, 2005, Petitioner filed a Motion for Application for rehearing
Ordered dated March ',2005. ( C.144 ).

On March 31, 2005, the Circuit Court denied Motion for reconsideration .
( C. 144 ).

Your Petitioner serves this Court with a notice to appeal said denial and
Conviction and Sentence . ( 144 ) .

1

## STATEMENT OF ISSUE PRESENTED

1.) DID THE TRIAL COURT ERROR TO REVERSE WHEN PETITIONER WAS DEPRIVED EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND ON APPEAL ? YES .

2.) PETITIONER WAS DEPRIVED EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND ON APPEAL DUE TO COUNSEL FAILURE TO OBJECT TO THE INSUFFICIENCY OF THE EVIDENCE AT TRIAL AND ON APPEAL ? YES .

3.) PETITIONER ARGUES THAT THE TRIAL COURT MISLEAD THE JURY WHEN IT INSTRUCTED THE JURY ON ACQUITTAL BEYOND A REASONABLE DOUBT .

4.) DID THE TRIAL COURT ERROR WHEN IT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE SENTENCE ? YES .

5.) THE TRIAL COURT ERRED WHEN IT DISMISSED PETITIONER'S RULE 32 PETITION ONLY STATEING WITHOUT MERIT: FURTHER DENYING HIM EQUAL PROTECTION AND DUE PROCESS RIGHTS OF THE LAW AFFORDED HIM BY THE STATE AND FEDERAL CONSTITUTION

6.) PETITIONER IS DUE A NEW TRIAL WHERE TRIAL COURT ERRONEOUSLY DISMISSED HIS RULE 32 PETITION STATING WITHOUT MERIT, ALSO THE PROSECUTOR NEVER ADDRESSED THE CHAIN OF CUSTODY

7.) DID THE TRIAL COURT ERROR IN DISMISSING PETITIONER RULE 32 PETITION STATING WITHOUT MERIT WHEN HE DID NOT HAVE PERSONAL KNOWLEDGE OF THE CASE WHERE HE WAS NOT THE JUDGE THAT PRESIDED OVER THE CASE .

## ISSUE ONE

DID THE TRIAL COURT ERROR TO REVERSAL WHEN PETITIONER
WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL AT
TRIAL AND ON APPEAL ? YES .

Petitioner maintains and avers that Counsel rendered Ineffective Assist-
ances at Trial in violation of Petitioner's 5th , 6th, and 14th Amendments Rights
was unreasonably and prejudicially to the outcome of the Trial, where under the
rule of Strickland v. Washington, 466, U.S. 688 (1984), that for a court to grant
a writ on ineffective assistance of counsel: Petitioner must show the following

1.) That his Counsel representation fell below the objective
standard of reasonableness that for Counsel's unprofess-
ional errors the verdict would have been different.

Petitioner asserts the following which will meet these requirements.

### A

Trial Counsel failure to object to the Court's Oral charge to the Jury
on acquittal beyond a reasonable doubt, Ex parte Hamilton, 396 So.2d 123-124 (Ala.
1960) See  exhibit  A .

### B

Trial Counsel failure to object to the priors the State used for enhanc-
ement and failed to investigate the record to determine if they were valid to be
used,, Whitt v. State, 461 So.2d 29 (Ala.Cr.App.1984). See record on appeal Pg.
41-56.

### C

Trial Counsel failure to object at Sentencing to the inadequate notice
by the State to use the Habitual Felony Offenders Act is not Self-Executing ,
Ex parte Glover, 508 So.2d 219 ( Ala.1987) and it is invoked by the Prosecutor
giving notice, See Ex parte William, 570 So.2d 135 (Ala.1987) also see record
no Appeal Pg. 57 .

3

D

Trial Counsel was Ineffective for failure to file a timely Motion to Servance of Petitioner's Case for a Separate Trial.

E

Appellant Counsel was Ineffective for failure to file a Motion in accordance with the provision mandated in Ex parte Ingram, 675 So.2d 863 (Ala.1996) in order to bring forth the claim of Ineffective Assistance of Counsel, counsel must file within Thirty (30) days after his appointment.

F

Appellant Counsel was Ineffective for raised issue on appeal that were not objected to at Trial and preserved for review. See record on appeal Pg. 58 .

G
C

Appellant Counsel failure to do any investigation into petitioner's case, Attorney Varner failed to know the applicable law and failed to bring forth claims that were meritiorious on a properly filed motion for a New Trial, this attorney inability to know proper Post-Trial procedures was reflected in petitioner's direct appeals Memorandum. Andrew Phillip Burden v. State, CR-02-0682 (2003). See record on appeal at Pg. 58 .

> " The Petitioner agrees with the States position that
> this issue was not first presented to the Trial Court
> and therefore, would not ordinarily be preserved for
> review."

1.) Petitioner argues that because petitioner appeal attorney Gregory M. Varner, failed to provide effective assistance of counsel from the first day he was appointed on appeal and waived all vaild claims of denial of effective assistance of counsel . The United State Supreme Court held in the case of Stutson v. United States, (1996) 133 L.ed2d 571 .

4

" The jutices held that under the totality of
extraorinary circumstantials excusable neglect ca
can justify a tardy filing of appeal of crim-
inal conviction."

The tardy filing of the claim of ineffective assistance cannot be weighed against petitioner but his attorney Gregory M. Varner, failure to provide effective assistance during Post-Trial procedures after his appointment.

2.) Petitioner argues that appeal counsel failure to investigate the Trial Transcript before raising the issue that the Trial Court incorrectly and insufficiently instructed the jury regarding an accidental shooting.

Petitioner argues that he was entitled to effective assistance of counsel on Post-Trial and on appeal by Gregory M. Varner as counsel raised issue on appeal that were not objected to at Trial and preserved for review. See record on appeal at Pg. 58 .

3.) Trial Counsel and Appellate Counsel provided Ineffective Assistance for thier failure to object at Trial and on Appeal Counsel's failure to preserve a prejudical error for Appellant review being the absent of the expert witness to testfy to the manner and cause of death of the Decease, where she was not subponaed to testify and said issue was in conflict and her testimony would of aided the Jury in thier fact finding role thus showing both counsel's were ineffective and Violated Petitioner's 6th , and 14th U.S. Const. Amend. Rights and Ala. Const. of 1901 Art. 1 , Sec. 6 , and Art 1 Sec. 14 of thier client .

## ISSUE TWO

PETITIONER WAS DEPRIVE OF EFFECTIVE ASSISTANCE OF
COUNSEL AT TRIAL AND ON APPEAL DUE TO COUNSEL
FAILURE TO OBJECT TO THE INSUFFICIENCY OF THE
EVIDENCE AT TRIAL AND ON APPEAL ? YES .

Petitioner argues that the evidence at Trial failure to proofing the element
of " Intent " or " Intentionally " to causing the death of the decease, on direct
examination Marquail Trammel testified for the state and no where in her testimony
does this witness testify at Trial of Bad Blood or Ill Will between the Petitioner
and the deceased. See record on appeal at Pg. 59 .

Latanya Winston testified for the State, See record on appeal at Pg. 60 .

Jeanette Baker testified for the State, See record on appeal at Pg. 63 .

Lenice Baker testified for the State,  See record on appeal at Pg. 67-68 .

On direct examination nowhere in thier testimony is there any statement of
bad blood or ill will between the accused and the deceased . See Raines v. State,
455 So.2d 967 (Ala.Cr.App. 1984) .

Petitioner argues that no rational Jury viewing the evidence in this case
in a reasonable manner could have found the Petitioner guilty of Intent or Intentie-
nally  causing the Death of the deceased Beyond a Reasonable Doubt none of the State's
witness testified to any bad blood or ill will between the Petitioner and the Decease
each witness for the State testified that the Petitioner and Shawn was fighting .

Petitioner also argues that it is impossible to find beyond a reasonable
doubt that the State witnesses, Marquail Trammel, at Pg.(59) Latanya Winston at Pg.
(60), Jeanette Baker at Pg. (63) and Lenice Baker at Pg. (67-68) was telling the t
truth and the witness for the defense Katie Hendria was lying or mistaken. See
record on appeal at Pg. 69-70 . The evidence in this case is constitutionally insu-
fficient to support the conviction of the petitioner under the Due Process require-
ment of the Fifth (5) Amendment and Fourteenth (14th) Amendment .

6

Petitioner argues that the United States Constitution does not accept mere Trial ritual it requires that the Factfinder will rationally apply the Beyond a Reasonable Doubt Standard to the facts in evidence, this did not happen in the Case at Bar .

## ISSUE THREE

**PETITIONER ARGUES** THAT THE TRIAL COURT MISLEAD THE JURY
WHEN IT INSTRUCTED THE JURY ON ACQUITTAL BEYOND A REAS-
ONABLE DOUBT ? YES

Petitioner argues that the Trial Court denied him a fair trial when the Court

error and misleading instructed the Jury on Acquittal Beyond a Reasonable Doubt.

This only recites the court oral charge to the Jury,

> Now this has invovled two Defendants it is in legal effect two
> seprate trial being tried at one time. I have two seprate
> verdict forms. The first reads as follows:
>
> And it noted at the top State verue Andrew Phillip Burden. If
> you find from the evidence and the law that I have charge you
> that the State has proven beyond a reasonable doubt that the
> Defendant. Andrew Phillip Burden is guilty of murder then your
> verdict should read as follows: We the jury find the defendant
> Andrew Phillip Burden guilty of the offense of murder as charged.
> ( See record on Appeal at Pg. 39-40 )
>
> If you on the other hand after consideration of all evid-
> ence to light of the law that I have charged you. You have found
> that the State has not met thier burden of proof than it would
> be your duty to acquit the Defendant .

Petitioner argues this is not the law in Alabama on the Principle of Acquittal

Beyond a Reasonable Doubt. Reasonable doubt may be based on the evidence adduced,

on any part of the Evidence or lack of evidence for that matter. Tillman v. State,

360 So.2d 1074 (Ala.Cr.App.1978) Record on appeal at Pg. 40 .

Petitioner argues that this only recites the oral charge to the Jury: on the

other hand a defendant may testify as a witness on his on behalf. When he does

so you may consider his testimony along with all other evidence inlight of the

fact that he is the Defendant and the intrest he has in your verdict, this is to

be taken into consideration together with all other evidence or lack of evidence.

Record on appeal Pg. 39-40 .

Leaving the obviously , the trial court in petitioner case instructed that acquittal must be based on all the evidence instead of part of the evidence at Pg. 40 are the record on appeal.

Petitioner argues that this court effert at curative language doesn't eradicate the unconstitutional improper Jury Instruction that is confusing on the point of acquittal beyond a reasonable doubt. Ex parte Hamilton, 366 So.2d 123-24 (Ala.1980), record on appeal at Pg. 40 .

Every accused is entitled to have charges given which are not misleading Allen v. State, 546 So.2d 1009 (Ala.Cr.App.1988), the entire charge at 39-40 of the record on appeal does not cure the continues misleading erroneous instruction to the jury on the evidence to be considered to cause a reasonable doubt to acquit, at Pg. 39-40 .

Petitioner that charge is not correct on acquittal beyond a reasonable doubt. Therefore petitioner was denied a faor and improperTrial due to this court instruction and because this error reflects from the face of the record of the Trial itself your petitioner is entitled to the relief sought by this Petitioner.

Therefore, petitioner Jury deliberation cannot be trusted to have come about in a Just result and your petitioner is entitled to a New Trial as pled for on the point of beyond a reasonable doubt to acquit, where instructed by the Trial Court should be seen as misleading and deprived this Petitioner a fair and Impar- tal Trial .

Petitioner states that the Trial Court is bound by the Constitutional 1901 Art. 1 Sec. 6 of the State of Alabama with the duty to conduct a fair trial and a fair minded Jury to rule on the evidence that is produced before it, and was denied the right to have the Jury properly charge. This claim is Jurisdictional by nature .

ISSUE FOUR

DID THE TRIAL COURT ERROR WHEN IT WAS WITHOUT JURISDICTION
TO RENDER JUDGMENT OR TO IMPOSE SENTENCE ? YES .

Petitioner argues that counsel failed to discuss the priors to be used to
enhencement of his sentence and failed to investigate the record to determine
if Case No. CC 92-017, CC 92-020 and CC 86-037 also CC 86-054 , were vaild to
be used for enhancement at the sentencing, Whit v. State, 461 So.2d 29 ( Ala.
Cr. App. 1984 ) .

Petitioner contends that the Trial Court committed error when it allowed
late evidence and considered as Prior Convictions, record on appeal at Pg. 43-47
Shumate v. State, 676 So.2d 1345 (Ala.Cr.App. 1995) .

Petitioner also contends that in order to prove a prior Felony conviction
the State must present a certified copy of each convictions to the trial court
at the time of sentencing hearing, see record on appeal at Pg. 43-47 and Pg. 56.

Petitioner argues that the State did not properly prove his proir
convictions for purposes of habitual offender application and counsel failed to
object at sentencing to the inadequate notice by the State the Habitual Felony
Offender Act is not self-executing certains triggering requistes. Ex parte Glover,
508 So.2d 219 (Ala. 1987) and it is envoked by the prosecutor giving notice
see also Ex parte William, 570 So.2d 135 (Ala.1987) .

Petitioner also contends that the record fails to show that Petitioner
was served with a copy of the Document entitled Habitual Felony Offender notice
which would have informed the Petitioner that it intended to invoke the Habitual
Felony Offender Act . Morgan v. State, 733 So.2d 940 (Ala.Cr.App.1999) Record on
appeal at Pg. 57, this document does not have Petitioner's Signature on it .

Petitioner have showing that this Counsel's representation fell below the objective standard of reasonableness or that there was a reasonable probality that but for Counsel unprofessional errors the outcome of his Sentencing would have been different . Strickland v. Washington, 466 U.S. 668. 104 S.Ct. 2052, 80 L.Ed2d 674 (1984): See Wiggin v. Smith, 123 S.Ct. 2527 ( 2003) see record on appeal at Pg. 56 .

Petitioner contends that the State did not properly prove his prior convictions for the purposes of Habitual Offenders Proceedings: Clerk of Court certification " that " forgoing was true copy of instrument herein setout , which appeared under two of 3 case action summaries reflecting prior convictions did not apply to two case action summary which consequently could not be considered, Code of Alabama 1975, Sec. 13A-5-9, Gray v. State, So.2d 238 (Ala.Cr.App. 1992) See record on appeal at Pg. 41-47.

Trial Strategy

### ISSUE FIVE

THE TRIAL COURT ERRED WHEN IT DISMISSED PETITIONER'S
PETITION ONLY STATING WITHOUT MERIT: FURTHER DENYING ... HIS
EQUAL PROTECTION AND DUE PROCESS RIGHTS OF THE LAW AFFORDED
HIM BY THE STATE AND FEDERAL CONSTITUTION

Petitioner was due an Evidentiary Hearing when he submitted a timely and
properly filed Rule 32 petition. The State D.A. failed in meeting its burden of
pleading assigned to the State by way of Rule 32.3, Ala.R. Cr.P., also the Trial
Court erred in dismissing petitioner Rule 32 Stating it was Without Merit, thus
denying him the opportunity to present the Evidence to satisfy his burden of proof.
Johnson v. State, 835 So.2d 1077 (Ala.Cr.App. 2001 ) states;

> In Johnson; initially, it is important to distinguish
> between a petitioner's burden to plead and a Petitioner's
> burden to prove.
>
> " (A)t the pleading stage of Rule 32 proceedings,
> a Rule 32 petitioner does not have the burden of proving
> his claims by a preponderance of the Evidence. Rather, at
> the pleading stage, a petitioner must only provide a clear
> and specific statement of the grounds upon which relief is
> sought.' Rule 32.6 (b), Ala.R.Cr.P. Once a petitioner has
> met his burden of pleading so as to avoid summary dispos-
> ition pursuant to Rule 32.7(a), Ala.R.Cr.P., he is then
> entitled to an opportunity to present evidence inorder to
> satisfy his burden of proof."

Also see Perry v. State, 861 So.2d 1 (Ala.Cr.App. 2002) which states;

> In Perry; " Perry raises what to be Five issue on Appeal. His
> arguements with respect to Four of those issues do not comply
> with Rule 28 (a) (10), Ala.R.App.P., which requires that an
> arguement contain " the contentions of the appellant with
> respect to the issues presented and the reasons therefor.
> with citations, to the case, statutes, other authorities, and
> parts of the record relied on." Recitation of allegations
> without citation to any legal authority and without adequate
> recitation of the facts relied upon has been a waiver of the
> arguement listed." Hamm v. State, ( Ms. Cr-99-0654: Feb. 1,
> 2002 ) .

12

Petitioner states that the " District Attorney and Trial Court " response is not sufficiently clear and fails to properly refute the issues of his Rule 32 petition where no " Cites " or Grounds of Preclusions " were cited inthier denial therefore Petitioner is entitled to a New Trial by showing this Hon. appeals Court the issue is not in " Dispute " and should be accepted as true, as the D.A. responded to issue Five (5) of the Rule 32 petition Pg. 29-33 states in Her , Response of the Respondent No. (8) Pg. 77 goes against the ruling in Owens v. State, 659 So.2d 977 (Ala.Cr.App.1994) quoting Ex parte Rice, 565 So.2d 606,608 (Ala. 1990) stated .

> In Owens; " ' Under,,,(A.R.CR.P.Temp.) Rule (20.3, new A.R.Cr.P. 32.3), the state is required to plead the ground or grounds of preclusion that it believes applyto the petitioner's case, thereby giving the petitioner the notice he needs to attempt to formulate arguments and present evidence." Temp. Rule 20 .3, Ala.R.Cr.P. A general allegation that merely refers to the Rules does not provide the type notice neccessary to satisfy the requirements of due process and does not meet the burden of pleading assinged to the state by Rule 32.3; See also Richardson v. State, 580 So.2d 591 (Ala.Cr.App.1991) Black v. State, 580 So.2d 588 (Ala.Cr.App.1991); Coleman v. State, 571 1289 (Ala.Cr.App. 1990); Snipes v. State, 571 So.2d 398 (Ala.Cr.App.1990)."

Petitioner states " HAD " Dr. Ward testifed to her written report that her testimony would of disputed he " Intentionally " killed the decease before the Jury and the Court, therefore deprived him the opportunity to present favorable evidence , or cross-examine the only " Witness " who could testify on the subject Matter. Arrington v. State, 869 So.2d 531 (Ala.2003) states;

> In Arrington; " This Court, in Jeffersonv. State, 645 So.2d 313 (Ala.Cr.App.1994). Stated that the existance of any small piece of evidence favorable to the defense may, in a particular case, create just the doubt that prevents the jury from returning a verdict of guilt." Jefferson v. State, 645 So.2d at 136-17 (quoting United States v. Bagley, 473 U.S. 667, 692-93, 105 S.Ct. 87 L.ED2d 481 (1985) ,,,

The United States Supreme Court rules in <u>Crawford v. Washington,</u> (2004)
158 L.Ed2d 177, that it' a violation of the 6th Amendment Right to Confrontation
when denied the right to confront and cross-examine the witness making said stat-
ement .

> In Crawford; In this case, the state admitted Sylvia's
> testimonal statement against petitioner, despite the
> fact that he had no opportunity to cross-examine her.
> That alone is sufficient to make out a violation of the
> Sixth Amendment. Roberts not withstanding, We decline
> to mine the record in search of indicia of relibity .
> There testimonal statement are at issue, the only ind-
> icium of reliability sufficient to satisfy constitution
> acutally prescribes: Confrontation .

Petitioner states Dr. Emily Ward AutopsyReport was admitted into
Evidence without him having the opportunity to cross-examine her and, <u>The State</u>
<u>failed to make a proper showing of an Attempt to locate the Witness,</u> " which was
on the State as a witness." This Court has ruled in <u>Flowers v. State,</u> 799 So.2d
966 (Ala.Cr.App.1999).

> In Flowers: As stated in our previous opinion, our review
> of the issue is governed by the Alabama Supreme Court's
> holding in Ex parte Scroggins, 727 So.2d 131 (Ala.1998).
> On remand, 727 So.2d 138 (Ala.Cr.App. 1999). The Court in
> Scroggins stated that, before prior testimony may be admi-
> tted, a two-prong test must be satisifed, the court stated.
>
> " First, the prosecution must show that the witness
> who made the out-of-court statement is unavailable for trial
> despite good-faith efforts to locate and present that witness
> (Ohio v. Roberts, 448 U.S. 56) at 65, 74, 100 S.Ct. 2531, 65
> L.Ed2d ()1980)). Accord Barber v. Page, 390 U.S. 719, 724-25
> 88 S.Ct. 1318, 20 L.Ed2d 255 (1968) ('Awitness is not avail-
> able " for purposes  of the... exception to confrontation
> requirement unless the prosecutoral authorities have made
> a good-faith effort to obtain his presence at trial').
> Second, the out-of-court statement must be supported by
> indicia of trustworthiness.

Petitioner Rule 32 was Erroneously dismissed and at Trial Petitioner
induced to forego the one witness who could support his " <u>Assertion</u> " that the Gun
discharged when he was Grabbed, Petitioner cited a parallel case to show and sup-
port the need for the attendance of Dr. Ward, <u>House v. State,</u> 548 So.2d 543 (Ala.

Cr.App.1989). Thus showing Counsel's ineffectiveness to only rely on his Client Assertion and forego the Expert who could of possibily removed the doubt that he committed the crime Intentionally and only relied on his testimony is <u>Error and Injury</u>. In Ex parte Hand, 472 So.2d 675 (Ala.1985) the state Supreme has ruled.

> In Hand; " The trial Court excluded the testimony of inde-
> pendent witnesses, but allowed the defendant himself to
> testify regarding the matter which is the same scenario as
> the one in the case subjudice. Addressing the contention
> that the exclusion was " error without injury." this court
> stated:
>
> The State insists that this was error without injury,
> because the accused was himself allowed to testify to such
> facts . We cannot agree that, if error, it was without
> injury for that reason, To restrict the Defendant to prov-
> ing his defense by his own evidence is both error and
> injury. Spicer v. State, 188 Ala.at 32,65 So.at 979.

Petitioner was <u>denied</u> his <u>Federal</u> and <u>State Constitution Rights to present</u> <u>evidence in his favor</u> where the <u>Trial Court, D.A. and Trial Counsel are in Error</u> <u>by agreeing to forego one of the Essential Elements of Due Process.</u>

The **referred** violation spoken of is at <u>Pg. 127 of</u> the transcript and proves the State has failed to satify the showing needed to show <u>Dr. Ward</u> was unavailable the first paragraph states:

> Mr. Radney; " We want---the State has made us aware of some
> issue as relates to serving a particular witness and we have
> reached some stipulations as regards to that, and I would
> like to put it on the record with both Defendants here to
> show that they acquince in thier decision, and that the
> decision is that the report of the Medicial Examiner would
> be admissible.

The record clearly shows after the side bar and jury excused Counsel did not converse with his Client about the " <u>Relevent Information but had him forego</u> <u>the only witness who could support his Defense of what had taken place.</u>"

This Court has rule accordingly in Hill v. State, 699 So.2d 974
(Ala.Cr.App. 1997).

> In Hill; " Although in the instant case there was no offer
> of proof after an objection was sustained, the result of
> the Court's cutting off the defense questioning on its
> own initiative is no different,. We are left with no
> opportunity to deduce from the record whether the testimony
> sought by the defense was properly disallowed. The trial
> court committed reversible error when it denied Hill the
> opportunity to make an offer of proof concerning the
> testimony he expected from Dr. Davis .

The Jury was never afforded the opportunity to hear Dr. Emily Ward
testify to her finding, " On the Manner and Cause of Death," nor did the State
adequately show that she was " UNAVAILABLE ". Whereas effecting Petitioner Subs-
tantial Rights because of Trial Counsel Error, Trial Court Error and District At-
torney Error, When they agreed to forego Dr. Ward attendance thus Petitioner was
unable to properly develope " the CRITICAL EVIDENCE " before the Jury that in fact
did " EXISTED "  accordingly this Appeals Court should grant a New Trial .

PETITIONER IS DUE A NEW TRIAL WHERE THE
TRIAL COURT ERRONEOUSLY DISMISSED HISS
RULE 32 PETITION STATING WITHOUT MERIT
ALSO THE PROSECUTOR NEVER ADDRESSED THE
CHAIN OF CUSTODY ISSUE

The Trial Court and District Attorney failed to meet the requirement
of Rule 32.3 and 32.7 (d) Ala. R.Cr. P. , whereas they failed to provide the type
notice necessary to satisfy the " Due Process " requirements of the United States
Constotution 14th Amendment. The Alabama Court of Criminal Appeals in case of
Chaverst v. State, 517 So.2d ( Ala.Cr.App. 1992) has ruled ;

> In Chaverst: The State did not respond to the allegation
> of the appellant therefore, " the unrefuted facts set out
> by the petitioner must be taken as true." Ex parte Floyd,
> 457 So.2d 961 (Ala.Cr.App.1986); Hall v. State, 495 So.2d
> 717,718 (Ala.Cr.App. 1986). Because the petitioner is
> meritorious on it face, this cause is reversed and rema-
> nded with directions that an evidentiary hearing be held.
> Id at 718 .

Petitioner " HUMBLY " ask this Court to take Judicial Notice of the Dist-
rict Attorney's Response of the Respondent where there's no referral to the Chain
of Custody issue and the Trial Court order of Dismissal only state's a claim of
" Without Merit " as reason. The failure to respond and lack of response should
be seen as a violation of Sheats v. State, 556 So.2d 1094 ( Ala.Cr.App. 1989)

> In Sheats : " (w)here the trial court does not make a
> finding in the record based upon it personal knowledge
> and where the state does not file an answer or return
> denying the allegations of facts in the petition, those
> facts must be accepted as true." Colvin v. State, 521
> So.2d 1352,1353 (Ala.Cr.App. 1987) .

The failure to address this issue should be taken in the same context,
see Gray v. State, 634 So.2d 1054 (Ala.Cr.App.1993) accordingly this Appeal should
be " Granted in Favor of Appellant," where the Trial Court and D.A. failed to
properly address the issue and Issue Number 6 SIX stand unrefuted and should be
taken as true .

17

ISSUE SEVEN

DID THE TRIAL COURT ERROR IN DISMISSING PETITIONER'S RULE
32 BY STATING " WITHOUT MERIT " WHEN HE DID NOT HAVE PERS●
ONAL KNOWLEDGE OF THE CASE, WHERE HE WAS NOT THE JUDGE THAT
PRESIDED OVER THE CASE

Petitioner states that the Trial Court Judge " Tom F. Young, Jr. " is in

error to deny petitioner's Rule 32 petition where he was not the Judge who presided

over the " Orriginal Trial " , therefore lacking the " Personal Knowledge required

to Dismiss said petition, " without addressing the " MERITS " this Honorable Court

has ruled in Pierce v. State, 851 So.2d 588 (Ala.Cr.App.1999) which states;

> In Pierce; " Finally, the Judge who presided over the appellant's
> trial also presided over the Rule 32 proceedings." In some cases,
> recollection of the events at issue by the judge who presided at
> the original conviction may enable him summairly to dismiss a
> motion for post-conviction relief." Little v. State, 426 So.2d
> 527,529 (Ala.Cr.App.1983). See also Holland v. State, 621 So.2d
> 373,375 (Ala.Cr.App.1993), opinion extended after remand, 654
> So.2d 77 (Ala.Cr.App.1994); Ex parte Hill, 591 So.2d 462,463
> (Ala.1991); Sheats v. State, 556 So.2d 1094,1095 (Ala.Cr.App.1989)

Petitioner states the Honorable Ray D. Martin was the Circuit Court Judge

who " Presided over the trial see Pg. 86 of Appeal record also this Honorable

Court has ruled in Ex parte Walker, 800 So.2d 135 (Ala.Cr.App. 2000) at 138,

> In Walker; " ... A Circuit Court may summarily dismiss a Rule
> 32 petition without an evidentiary hearing if the Judge who
> rules on the petition has " personal knowledge of the actual
> facts underlying the allegation in the petition " and " states
> the reasons for the denial in a written order." Sheats v. State,
> 556 So.2d 1094,1095 (Ala.Cr.App.1989) .

Whereas the Honorable Tom F. Young, Jr. was in error to dismiss petitioner

Rule 32 petition Stating " Without Merit " and not granting a Evidentiary Hearing

to properly rule on the Merits of the Petition  because he did lack the Personal

Knowledge needed to make a proper Ruling.

Petitioner states that the Circuit Court Judge Young, Jr. in his order has failed to firmly establish any procedural grounds, Seibert v. Camp bell, 334 F.3d 1018 ( 11th Cir. 2003) and Moore v. Campbell, 344 F.3d 1313 (11th Cir. 2003) and according to Shutwit v. United States, 973 F.2d 903-904 (11th Cir.1992) the Circuit Court has precluded themsalves from further response, Rule 8 (d) of the Ala.R.Civ.P. . Petitioner also states that he's not precluded from the claim of ineffective assistance of counsel or any other of theissues raised, where this is his 1st First Rule 32 Petition also the D.A. and Trial Court has failed to pr properly " ADJUDICATE " any of the Petitioner's Issues, see record on appeal Pg. 139 , and should be seen as a denial of his Fundamental Right to Due Process which leaves this Court to make a De Novo Review of th Petitioner Rule 32 Petition.

<u>CONCLUSION</u>

Wherefore, premises considered your Petitioner request this Honorable Criminal Court of Appeals of Alabama would reverse and remand this case for a New Trial, where it's nothing in dispute also the Trial Judge Tom F. Young, Jr. was not the Judge who presided over the Petitioner's Original Trial thus lacked the Personal Knowledge neccessary to dismiss Petitioner's Rule 32 petition without conducting an Evidentiary Hearing. Petitioner hopes this Homorable would grant a New Trial or Other Relief it's deem proper.

Done this the 28 day of April, 2005

Respectfully Submitted

Andrew P. Burden

Andrew Phillip Burden
AIS # 148280   B- 52
W. E. Donaldson C.F.
100 Warrior Lane
Bessemer , Al  35023-7299

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Appeal on the undersigned postage prepaid and properly addressed by placing the said in the Prison mail box.

CC: The Court of Criminal Appeals of Alabama

CC: The State Attorney General, Troy King

Done this the 28 day of April - 2005

Respectfully Submitted

*Andrew P. Burden*

Andrew Phillip Burden

21

*19331 Porter*

# IN THE SUPREME COURT OF ALABAMA



October 14, 2005

**1041520**

Ex parte Andrew Burden. PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS (In re: Andrew Burden v. State of Alabama) (Randolph Circuit Court: CC01-115.60; Criminal Appeals : CR-04-1260).

## CERTIFICATE OF JUDGMENT

## Writ Denied

The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.

BOLIN, J. - Nabers, C.J., and See, Harwood, and Stuart, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the Instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this *14th* day of *October,* *2005*

*Robert G Esdale Sr.*

Clerk, Supreme Court of Alabama

/bb

*Exhibit*