THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION

ANDREW PHILLIP BURDEN
PETITIONER,

VS.

CIVIL ACTION NO: 05-CV-1128-F

WARDEN KENNETH JONES, AND THE ATTORNEY GENERAL FOR THE STATE OF ALABAMA.

PETITIONER "CAUSE" WHY HIS PETITION SHOULD NOT BE DISMISSED FOR UNEXHAUSTED AND PROCEDURALLY DEFAULTED.

COMES ANDREW PHILLIP BURDEN THE PETITIONER AND HEREBY GIVES CAUSE WHY HIS PETITION SHOULD NOT BE DISMISSED FOR UNEXHAUSTED AND PROCEDURALLY DEFAULTED AS FOLLOWS:

(1)

THIS COURT "HOPEFULLY" HAS THE STATE COURT RECORDS OF THE RULE 32. PROCEDURE PETITIONER DENY RESPONDENTS ANSWER AT "5" 6 7 8 9 10 11 12.

PETITIONER ARUES THAT THE CIRCUIT COURT OF RANDOLPH COUNTY JUDGE TOM F. YOUNG JR. DISMISSED PETITIONER RULE 32. AS BEING WITHOUT MERIT.

PAGE (1)

THE COURT ORDER DATED MARCH 8TH 2005, DOES NOT SHOWN ANY GROUNDS TO SUPPORT HIS DISMISSED REGARDING ANY ADEQUATE FINDINGS OF FACT BY THE TRIAL COURT. SEE PETITIONER EXHIBIT A.

IN THIS CASE THE TRIAL COURT IN IT ORDER DISMISSED PETITIONER RULE 32. PETITION WITHOUT RAISING ANY GROUNDS OF PRECLUDED WAS NOT FIRMLY ESTABLISHED BY THE TRIAL COURT. SEIBERT 334 F. 3D 1018; MOORE, 344 F. 3D 1313. (11TH CIR 2003) (SEE PETITIONER EXHIBIT A).

RESPONDENTS ANSWER AT PAGE(S) REGARDING AN OBVIOUS FAILURE TO PROPERLY PLEAD THE CLAIM UNDER RULE 32.6(B) A.R.CR.P. IS MISLEADING THE COURT CONCERNING THE COURT OF CRIMINAL APPEAL REJECTION THIS CLAIM SEE RESPONDENTS EXHIBIT E AT PAGE 3.

PETITIONER ARGUES THAT BECAUSE THE TRIAL COURT ORDER DATED MARCH 8TH 2005, RESTED ITS DECISION WITHOUT MERITS OF PETITIONER CLAIMS RATHER THAN THE APPLICABLE GROUNDS OF PRECLUSION IN THE TRIAL COURT BELOW THE STATE APPELLATE COURTS CANNOT RAISE THIS DEFENSE NOW. SEE SHUTTWITT VS. UNITED STATES, 973 F.2D 903, 904 (11TH CIR. 1992) (WHEN THE TRIAL COURT FAILURE TO RAISE PRECLUSION ISSUE IN THE TRIAL COURT IT IS WAIVED) SEE PETITIONER EXHIBIT A.

PETITIONER ARGUES THAT ON MARCH 10, 2005 PETITIONER FILED A MOTION FOR RECONSIDERATION OF THE COURT ORDER DISMISS THE RULE 32. PETITION DATED MARCH 8TH 2005, BECAUSE HIS ORDER

PAGE (2)

FAILURE TO RAISE ANY PREJUDICIAL GROUNDS FOR HIS DISMISSED WAIVED THAT DEFENSE. ON MARCH 31 2005, THE CIRCUIT COURT OF RANDOLPH COUNTY DENIED THIS MOTION. SEE PETITIONER EXHIBIT B.

(2)

THIS HONORABLE COURT ISSUE AN ORDER DENIED RESPONDENTS (COURT DOC. NO. 20), AS THE EXHIBIT ON FEBRUARY 23rd 2006. AND ISSUE A NEW ORDER GIVING THE RESPONDENTS UNTIL FEBRUARY 28, 2006, TO FILE A COPY OF THE STATE'S BRIEF FILED ON DIRECT APPEAL AS AN EXHIBIT TO THEIR ANSWERS.

ON FEBRUARY 24th 2006, THIS HONORABLE COURT ISSUE AN ORDER GRANTED THE RESPONDENTS EXHIBIT (COURT DOC. NO. 23)

THE MOTION FILED BY THE RESPONDENTS TO THIS HONORABLE COURT MOVEING THIS COURT TO ACCEPT EXHIBIT 2 IN SUPPORT OF THEIR SUPPLEMENTAL ANSWER DOES NOT REFUTE PETITIONER CLAIMS. RESPONDENTS EXHIBIT 2. REFLECT THAT THIS DIRECT APPEAL BRIEF BELONG TO "ANTHONY EUGENE BURDEN". THE ISSUE RAISE IN THIS BRIEF IS AS FOLLOWING:

I. THE TRIAL COURT PROPERLY DENIED ANTHONY BURDEN MOTION FOR MISTRIAL BASED UPON ALLEGED MISCONDUCT BY ALTERNATE JUROR PATRICIA BOYKIN BECAUSE HE FAILED TO ESTABLISH THAT BOYKIN HAD IMPROPER CONTACT WITH A WITNESS OR THAT ANY SUCH ALLEGED MIGHT HAVE PREJUDICED HIS CASE. SEE EXHIBIT 2 PAGE 11 OF THE RESPONDENTS.

(PAGE 3)

II. THE TRIAL COURT PROPERLY DENIED ANTHONY BURDEN MOTION FOR MISTRIAL BASED UPON ALLEGED MISCONDUCT BY JUROR DELINDA JONES BECAUSE HE FAILED TO PRESENT ANY EVIDENCE THAT JONES WAS RELATED TO THE VICTIM'S FAMILY. (SEE RESPONDENTS EXHIBIT Z PAGE 17).

THE RESPONDENTS EXHIBIT Z FAIL TO REFUTE THE ISSUE THAT SUFFICIENCY OF THE EVIDENCE CLAIM WERE NEVER PRESENTED TO THE SUPREME COURT OF ALABAMA. SEE RESPONDENTS EXHIBIT Y, A COPY OF THE PETITIONER WRIT OF CERTIORARI AT PAGE 4, PARAGRAPH 12.

THE RESPONDENTS IS MISLEADING THIS HONORABLE COURT CONCERN CLAIMS (1) THROUGH (3) HAVE NOT BEEN EXHAUSTED. SEE RESPONDENTS ANSWER EXHIBIT Y, A COPY OF THE PETITIONER WRIT OF CERTIORARI AT PAGE 4, PARAGRAPH 12-13-14. THESE ISSUE HAVE BEEN PRESENTED TO THE SUPREME COURT AS REQUIRED BY O'SULLIVAN VS. BOERCKEL 526 U.S. 838-845 (1999).

THE RESPONDENTS ANSWER IN HIS SUPPLEMENTAL IS MISLEADING THIS HONORABLE COURT CONCERN PETITIONER INEFFECTIVE ASSISTANCE CLAIM WHERE PRESENT IN STATE AS REQUIRED BY. ~~PARAGRAPH~~ Rule 32.3 SEE RESPONDENTS. EXHIBIT E. PAGE 2. OF THE MEMORANDUM AT PARAGRAPH 2-5-6. ALSO SEE RESPONDENTS EXHIBIT Y.

THE COURTS LONG HAVE TREATED INEFFECTIVE ASSISTANCE AS SUPPLYING "CAUSE" FOR A DEFAULT IN MURRAY HOWEVER, THE COURT DESCRIBED THE "RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL" AS A "SAFEGUARD AGAINST MISCARRIAGES OF JUSTICE". MURRAY VS. CARRIER, SUPRA AT 2656.

(PAGE 4)

AND DECLARED THAT "THE PRESENCE OF SUCH A SAFE-GUARD MAY PROPERLY INFORM THE COURT'S JUDGMENT IN DETERMINING WHAT STANDARDS SHOULD GOVERN THE EXERCISE OF THE HABEAS CORPUS COURT'S EQUITABLE DISCRETION WITH RESPECT TO PROCEDURALLY DEFAULTED CLAIMS" (ID AT 2650.) (QUOTING REED VS. ROSS, SUPRA, 468 U.S. AT 9.). SEE KIMMELMAN VS. MORRISON, 106 S. CT 2574, 2583 (1986). ESSENCE OF AN INEFFECTIVE ASSISTANCE CLAIM IS THAT COUNSEL'S UNPROFESSIONAL ERRORS SO UPSET THE ADVERSARIAL BALANCE BETWEEN DEFENSE AND PROSECUTION THAT THE TRIAL WAS RENDERED UNFAIR AND THE VERDICT RENDERED SUSPECT"); WAINWRIGHT VS. SYKES SUPRA, 433 U.S. AT 96.

(STEVENS J. CONCURRING); BECAUSE CONSTITUTIONALLY INEFFECTIVE ASSISTANCE REQUIRES THAT PREJUDICE BE SHOWN, STRICKLAND VS. WASHINGTON, 466 U.S. 668, 695 (1984), IT ACCORDINGLY, SIMULTANEOUSLY ESTABLISHES (1) AN INDEPENDENT CONSTITUTIONAL VIOLATION, (2) CAUSE AND PREJUDICE EXCUSING DEFAULTS BY COUNSEL, AND APPARENTLY, (3) A "MANIFEST MISCARRIAGE OF JUSTICE. COUNSEL'S FAILURE TO CREATE A "CONSTITUTIONAL" RECORD FOR THE BENEFIT OF THE STATE SUPREME COURT MIGHT WELL BE DEEMED UNREASONABLE. (SEE RESPONDENTS EXHIBIT W-AND-X-Z).

THE UNREASONABLESS OF COUNSEL'S FAILURE TO INVESTIGATE ARE MORE THAN SUFFICIENT TO ESTABLISH A VIOLATION OF THE SIXTH AMENDMENT AND TO ENTITLE PETITIONER TO A NEW SENTENCING PROCEEDING.

(PAGE 5)

This court has not elaborated on the meaning of the constitutional requirement of effective assistance of the latter class of cases—that is those presenting claims of "actual ineffectiveness."

In giving meaning to the requirement however we must take its purpose—to insure a fair trial—as the guide.

The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. See Amadeo vs. Zant, 108 S. Ct 1771 (1988). (See Respondent's Exhibit W and X, Direct Appeal Brief; And Writ of Certiorari on Direct Appeal).

When an attorney fails to conduct a substantial investigation into any of his client plausible lines of defense, the attorney has failed to render effective assistance of counsel. The attorney equally fails to render effective assistance when he chooses among several plausible lines of defense, thereby excluding certain ones of them, for no strategic reasons.

The clearest example of this breach of the investigate appears in, Gaines vs. Hopper, 575 F. 2D at 1147. In that case the attorney's policy against interviewing any witnesses before trial left him in no better position than his jailed client to evaluate the legal and factual realities of the case Id at 1149.

(Page 6)

THE ATTORNEY DID NOT CHANNEL HIS INVESTIGATION ON BASIS OF A PROFESSIONAL ASSESSMENT OF THE PROSPECTS FOR SUCCESS. RATHER, HE ABANDONED HIS OBLIGATION TO DEVELOP A CASE FOR HIS CLIENT. SEE ALSO POWELL VS. ALABAMA, 287 U.S. 45-58-53. S.CT.55.60.77 L.ED 158 (1932) UNITED STATES VS. PORTERFIELD, 624 F.2D 122-125 (1980); UNITED STATES VS. BOSCH, 584 F.2D AT 1122".

WHERE DEFENSE COUNSEL DISCERNS ONLY ONE PLAUSIBLE LINE OF DEFENSE TO SERVE HIS CLIENT'S INTEREST, EFFECTIVE COUNSEL IS OBLIGED TO CONDUCT REASONABLY SUBSTANTIAL INVESTIGATION INTO SUCH LINE BEFORE PROCEEDING TO TRIAL, AND FAILURE TO PERFORM INVESTIGATION IS A CLEAR EXAMPLE OF BREACH OF DUTY TO INVESTIGATE. U.S.C.A. Const AMEND. SIX. (SEE RECORD BEFORE THIS COURT)

ACTUALLY PRESENTING THE CLAIM ON DIRECT APPEAL EXHAUSTS IT WHETHER OR NOT THE STATE COURTS EXPLICITLY RULED ON IT. RIDGWAY VS. BAKER, 720 F.2D 1409, 1412-13 (5TH CIR. 1983).

THE STATE APPELLATE COURT MAY NOT THWART THE EXHAUSTION REQUIREMENT BY REFUSING TO RULE INCONCLUSIVELY. CARTER VS. ESTELLE, 677 F.2D 427-449 (5TH CIR. 1982)

THE STATE HAS NOT MET THE BURDEN TO HAVE JUDGMENT IN ITS FAVOR DUE TO MATERIAL FACTS THAT ARE STILL IN DISPUTE. SEE FITZPATRICK VS. CITY OF ATLANTA, 2 F.3D 1112 (11TH CIR. 1993); PARKS VS. CITY OF WARNER ROBINS GA. 43 F 3D 609 (11TH CIR. 1995). (SEE PETITIONER EXHIBIT A-B- AND SEE RESPONDENTS EXHIBIT Z

(PAGE 7)

ACCORDINGLY, FOR THE ABOVE AND FOREGOING REASON PETITIONER'S WRIT OF HABEAS CORPUS PETITION MUST BE GRANTED BECAUSE PETITIONER IS ENTITLED TO A HEARING BEFORE THIS COURT ON THE MERITS OF THESE ISS-UE PRESENTED WITH THE APPOINTMENT OF COUNSEL TO REPRESENT THE PETITIONER.

*Andrew Phillip Burden*
100 WARRIOR LANE
BESSEMER AL. 35023

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE FOREGOING UPON THE RESPONDENTS BY PLACING SAME IN THE U.S. MAIL WITH FIRST CLASS POSTAGE ON THIS THE 9 DAY OF MARCH 2006. AND ADDRESS AS FOLLOWING:

STATE OF ALABAMA
  OFFICE OF
ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY AL. 36130-0152

*Andrew Phillip Burden*
100 WARRIOR LANE
BESSEMER AL. 35023