No. CR-02-0682

*In the COURT of CRIMINAL APPEALS of ALABAMA*

ANTHONY EUGENE BURDEN,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

*On Appeal From the Circuit Court of Randolph County (CC-01-114 and CC-01-115)*

**BRIEF OF APPELLEE**

William H. Pryor Jr.
*Attorney General*

Robin Blevins Scales
Assistant Attorney General

John Porter
*Assistant Attorney General*
Counsel of Record *

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7300*

May 27, 2003

EXHIBIT 2

## ARGUMENT

**I. The Trial Court Properly Denied Anthony Burden's Motion For Mistrial Based Upon Alleged Misconduct By Alternate Juror Patricia Boykin Because He Failed to Establish that Boykin Had Improper Contact With A Witness or That Any Such Alleged Contact Might Have Prejudiced His Case.**

Anthony Burden argues that the trial court abused its discretion when it denied his motion for mistrial because, he alleges, an alternate juror, Patricia Boykin, had improper contact with State witness Jeanette Baker. Brief of the Appellant, pp. 11-13. Because Burden failed to satisfy his burden of proving that juror misconduct actually occurred and also failed to show any possible prejudice from such alleged misconduct, the trial court properly denied his motion for mistrial.

Before Burden can prevail on his argument that alternate juror Boykin and witness Baker had improper contact, he must first show that the trial court abused its discretion and failed to conduct a reasonable inquiry into the matter. Taylor v. State, 808 So. 2d 1148, 1173-74 (Ala. Crim. App. 2000). Burden correctly states that the proper standard for determining whether improper contact between a witness and a juror requires reversal is whether such juror misconduct might have influenced the jury

11

its decision to deny Burden's motion for mistrial. See Lauderdale v. State, 22 Ala.App. 52, 54, 112 So. 92, 93 (1927)(the trial court's investigation into the alleged juror misconduct should be "painstaking and careful"); see also Reed v. State, 547 So. 2d 596, 597 (Ala. 1989)("Once the trial court investigates the misconduct and finds, based on competent evidence, the alleged prejudice to be lacking, this Court will not reverse.").

II. **The Trial Court Properly Denied Anthony Burden's Motion for Mistrial Based Upon Alleged Misconduct By Juror Detina Jones Because He Failed to Present Any Evidence That Jones Was Related to the Victim's Family.**

Burden argues that the trial court erred in failing to grant a mistrial because Juror Detina Jones committed misconduct by failing to respond during voir dire to questions asking if she was related to the victim's family. Brief of the Appellant, pp. 13-19. Because Burden has failed to present a shred of evidence that Jones was related to the victim's family, however, he has failed to show any misconduct on her part.

As stated above, Burden shoulders the initial burden of showing that juror misconduct has taken place. Dawson, 710 So. 2d at 475. To show that Juror Detina Jones committed

17