THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANDREW PHILLIP BURDEN, ) <br> AIS 148280, ) <br> ) <br> Petitioner, ) <br> ) CIVIL ACTION NO. 05-CV-1128-F <br> vs. ) <br> ) <br> WARDEN KENNETH JONES, and ) <br> THE ATTORNEY GENERAL FOR ) <br> THE STATE OF ALABAMA, ) <br> ) <br> Respondents. ) | |

**RESPONDENTS'S SECOND SUPPLEMENTAL ANSWER AND
MOTION TO SUBMIT REPLACEMENT EXHIBIT**

**MOTION TO SUBMIT REPLACEMENT EXHIBIT**

Come the Respondents and move this court to accept submission of its replacement Exhibit Z, a copy of the State of Alabama's brief filed in response to Andrew Phillip Burden's direct appeal. Burden and his brother, Anthony Eugene Burden, committed the instant crime together, were tried and convicted together, and their direct appeals were handled by the same State attorney and kept in a single file. Hence, (1) Respondents inadvertently included the State's direct appeal brief in Burden's brother's case; (2) Respondents hereby submit the correct brief (the new Exhibit Z),

1

and (3) move this court to accept this replacement submission, which incidentally, contains an almost identical Statement of the Facts as the State's brief filed in Burden's brother's direct appeal.

## RESPONDENTS'S GENERAL RESPONSE TO BURDEN'S LATEST FILING

Come the Respondents in the above-styled cause, by and through the Attorney General of the State of Alabama, and, in response to this Honorable Court's Order dated March 15, 2006 seeking a supplemental response from the Respondents to Burden's latest amendment to his petition, state the following:

1. Without waiving any possible other defenses (e.g. time bar, unmeritorious or unsupported claims), Respondents again assert that Burden's claim of ineffective assistance for not pursuing an evidentiary sufficiency challenge has been procedurally defaulted because Burden failed to "fairly present" throughout the state court system.

2. Respondents again deny that Burden is innocent, that the State of Alabama has violated any of Burden's federal or state constitutional rights, and deny each and every ground that Andrew Phillip Burden ("Burden") asserts for relief and demand strict proof thereof.

2

3. Respondents again admit that Burden is currently in the custody of the State of Alabama pursuant to his conviction and sentence for murder. According to the State's most recent records, Burden is currently housed in the Donaldson Correctional Facility at 100 Warrior Lane, Bessemer, Alabama 36025.

## PROCEDURAL HISTORY

### Trial and Direct Appeal

4. On October 30, 2002, Burden was convicted of murder in Chambers County Circuit Court. (Exhibit A at R. 396) On December 2, 2002, Burden was sentenced to serve a life prison term on his murder conviction. (Id., at R. 466)

5. Burden filed a direct appeal of his conviction, and, on October 24, 2003, the Alabama Court of Criminal Appeals affirmed his conviction. (See Exhibit B.) Burden filed a petition seeking Supreme Court of Alabama certiorari review; the Supreme Court of Alabama denied his petition, and, on March 12, 2004, the Alabama Court of Criminal Appeals entered the related certificate of judgment. (Exhibit C) In his direct appeal brief and state certiorari petition, Burden raised two issues: (1) that the trial court improperly charged the jury on the law governing accidental shootings, and (2) that the trial court should have instructed the jury on the crime of

criminally negligent homicide. (See Exhibit W at pages 5-8 and Exhibit X.) The Alabama Court of Criminal Appeals rejected the first claim as unpreserved and rejected the second claim as unsupported. (Exhibit B at pages 5-8)

### Burden's Rule 32 Post-Conviction Petition

6. On January 20, 2005, Burden filed a Rule 32 post-conviction petition in Chambers County Circuit Court, alleging various claims. (Exhibit D at C. 9-71) On March 8, 2005, the trial court summarily dismissed Burden's Rule 32 petition. (Exhibit D at C. 139) On June 10, 2005, the Alabama Court of Criminal Appeals affirmed this dismissal. (Exhibit E) In the related petition for writ of certiorari to the Supreme Court of Alabama, Burden raised the following claims, although most were stated in a minimal fashion:

(a) the trial court judge allegedly improperly failed to grant an evidentiary hearing on his Rule 32 petition merely because such judge did not preside over the trial of his case (Exhibit Y at pages 3-4);

(b) ineffective assistance (IA) by his trial and appellate counsel for failing to challenge the sufficiency of the evidence (Exhibit Y at page 4);

(c) the trial court allegedly improperly instructed the jury on the concept of "reasonable doubt" (Exhibit Y at page 4), and

4

(d) the trial court somehow did not have jurisdiction to try and sentence him (Exhibit Y at page 4). (No specifics were cited for this claim.)

7. No other claims were raised in Burden's petition for writ of certiorari regarding the dismissal of his Rule 32 petition. (Exhibit Y at pages 1-5)

8. On October 14, 2005, the Supreme Court of Alabama denied Burden's Rule 32-related petition for writ of certiorari. (Exhibit F)  On October 14, 2005, the same Court entered the related certificate of judgment. (Exhibit F)

### The Instant Federal Habeas Petition

9. On November 22, 2005, Burden filed the instant federal habeas petition, wherein, after first setting out a vague, generalized IA claim, he asserts the following less generalized, though still vague and unspecific, claims:

(1) IA of trial and appellate counsel for failure to challenge the sufficiency of the evidence;

(2) IA of trial counsel for failure to object to the trial court's instruction on "reasonable doubt";

(3) IA of trial counsel for alleged failure to object to the trial court's alleged lack of jurisdiction, particularly the jurisdiction to sentence

him under the Alabama Habitual Felony Offender Act (AHFOA), assuming the State allegedly failed to prove his prior convictions;

(4) IA of trial counsel for alleged failure to subpoena a forensics expert;

(5) IA of trial counsel for alleged failure to object to an allegedly improper chain of custody;

(6) That the summary dismissal of his Rule 32 petition by the trial court judge was allegedly improper merely because the same judge did not hear the trial of his case;

(7) An allegedly improper failure by the trial court to instruct the jury on an unspecified lesser-included offense;

(8) An allegedly improper trial court jury charge on the "law of accident".

## BURDEN'S LATEST FILING

10. Burden's latest filing is largely illegible, nonsensical, and, at best, unsupported by relevant facts or controlling United States Supreme Court precedent. Federal courts have historically looked with disfavor upon such unsupported pleadings, whether unsupported from a factual standpoint or a legal one. Cases such as Davis v. State, 545 F. 2d 460, 466 (11th. Cir. 1977) and federal rules, such as Rule 9(a), Fed. R. Civ. P., indicate Congress's and the Eleventh Circuit's general negative view of claims unsupported by relevant legal precedent. Other cases indicate the Eleventh Circuit's

6

disrespect for bare factual allegations. Caderno v. U.S., 256 F. 3d 1213, 1217 (11th. Cir. 2001) (recognizing that, in a Section 2255 context, a petitioner is not entitled to habeas relief when his claims are merely conclusory allegations unsupported by specifics); Shelley v. Singletary, 955 F. 2d 1434, 1439 (11th. Cir. 1992); Tejada v. Dugger, 941 F. 2d 1551, 1559 (11th. Cir. 1991) (summary dismissal of a petition challenging a state conviction appropriate when a petitioner's responses "fail to state a claim for relief").

11. In any case, Burden has failed to refute any of the Respondents's assertions of either procedural default or of a failure to prove, or even allege, conflict with United States Supreme Court precedent. Hence, the Respondents hereby re-assert all of their previous defenses and arguments set out in their previously filed answer and other responses. Because Burden has failed to include material factual or legal support for any of his claims, his entire petition is due to be dismissed as an unsupported pleading offering no more than conclusory allegations. At a minimum, after all of the voluminous pleadings and exhibits have been filed and considered, Burden's latest petition amendment, and actually his entire petition, are due no more than a cursory consideration.

## RESPONDENTS'S SPECIFIC RESPONSE TO BURDEN'S LATEST FILING AS IT IMPACTS EXHAUSTION AND PROCEDURAL DEFAULT

12. Specifically, the State re-asserts all of its previous procedural default defenses, including its defense regarding Burden's claim regarding his appellate counsel's handling of the sufficiency issue. Again, as set out in the Respondents's first Supplemental Response dated February 16, 2006, this claim is unexhausted and procedurally defaulted because, although it was presented to the Supreme Court of Alabama, it was not "fairly presented" to either that court or to the Alabama Court of Criminal Appeals. In Baldwin v. Reese, 124 S. Ct. 1347 (2003), the Supreme Court defined what "fair presentation" of a federal claim to a state court is, ruling that "a state prisoner does not 'fairly present' a federal claim to a state court if that court must read beyond a petition or a brief (or a similar document) that [itself] does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 124 S. Ct. at 1351. Here, as shown by the Alabama Court of Criminal Appeals' rejection of this claim on procedural grounds regarding an obvious failure to properly plead the claim under Rule 32.6(b), A.R.Cr. P. (See Exhibit E at page 3.), and as shown by Burden's bare allegation of this

8

claim in the related petition for writ of certiorari (See Exhibit Y at page 4.), Burden did not fairly present this claim in either Alabama appellate court.

13. Burden's new assertion resting upon the Alabama trial court's alleged failure to apply Rule 32.6 is meaningless. It is the ruling of the <u>last state court</u> to consider a direct appeal or Rule 32 petition-based claim that governs whether a claim is viewed as procedurally defaulted for Section 2254 purposes. <u>See, e.g., Harris v. Reed</u>, 489 U.S. 255, 263 (1989); <u>Baldwin v. Johnson</u>, 152 F. 3d 1304, 1314 (11th. Cir. 1989); <u>Hill v. Jones</u>, 81 F. 3d 1015, 1022 (11th. Cir. 1996), <u>cert. den.</u>, 519 U.S. 1119 (1997). The last Alabama court to consider this claim was the Alabama Court of Criminal Appeals, and it clearly rejected it on state procedural grounds. Hence, Burden's new assertion has no effect on the Respondents's procedural default defense.

## CONCLUSION

Because all claim in Burden's 28 U.S.C. Section 2254 petition are procedurally defaulted, and/or constitute state law claims not cognizable under federal law, or, alternatively, are completely unsupported by allegations and proof of conflict with United States Supreme Court authority, his petition is due to be dismissed with prejudice.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:

/s/Hense R. Ellis II
Deputy Attorney General
IDELLI9296

10

# EXHIBITS

(Exhibits A-F and W-Y previously submitted, new Exhibit Z attached or filed separately)

| | |
|---|---|
| Exhibit A | Chambers County Circuit Court Clerk's record of Burden's conviction; |
| Exhibit B | Alabama Court of Criminal Appeals affirmance of Burden's conviction; |
| Exhibit C | Certificate of Judgment regarding Burden's direct appeal; |
| Exhibit D | Chambers County Circuit Court Clerk's record of Burden's Rule 32 petition proceedings; |
| Exhibit E | Alabama Court of Criminal Appeals' affirmance of the dismissal of Burden's Rule 32 petition; |
| Exhibit F | Certificate of Judgment regarding Burden's Rule 32 petition appeal; |
| Exhibit W | Burden's brief on direct appeal; |
| Exhibit X | Burden's petition for writ of certiorari on direct appeal; |
| Exhibit Y | Burden's petition for writ of certiorari regarding the affirmance of the summary dismissal of his Rule 32 petition; |
| Exhibit Z | State of Alabama's brief on direct appeal. |

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April, 2006, I electronically filed the foregoing document and Exhibit Z, with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document, including exhibit to the following non-CM/ECF participant:

    Andrew Phillip Burden
    AIS #148280
    Donaldson Correctional Facility
    100 Warrior Lane
    Bessemer, AL  35023

    s/Hense R. Ellis II
    Hense R. Ellis II (ELLI9296)
    Office of the Attorney General
    Alabama State House
    11 South Union Street
    Montgomery, AL  36130-0152
    Telephone:  (334) 242-7300
    Fax:  (334) 242-2848
    E-Mail:  hrellis@peoplepc.com

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, AL  36130
 (334) 242-7300
101297/BURDEN
88441-001