THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF ALABAMA, EASTERN DIVISION

RECEIVED

2006 MAY -2 A 9:28

| | | |
|---|---|---|
| ANDREW PHILLIP BURDEN, | ) | |
| AIS 148280, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 05-CV-1128-F |
| WARDEN KENNETH JONES, AND | ) | |
| THE ATTORNEY GENERAL FOR | ) | |
| THE STATE OF ALABAMA, | ) | |
| Respondants. | ) | |

**PETITIONER'S RESPONSE TO STATE'S SUPPLEMENTAL ANSWER**

Comes now the Petitioner in the above-styled cause, pro se, and, in response to this Honorable Court's Order dated April 4th, 2006 seeking response from the petitioner on the issue of whether Burden properly presented [those] claims, in which he seeks habeas review, to the State court(s) mannerably and in accordance to State's Rules of appellant procedure.

**FURTHER** the petitioner would show unto this Honorable Court that failure to review all of the claims, including, but not limited, to his assertions regarding misrepresentation of counsel, will result in a miscarriage of justice.

**Last and Foremost,** the petitioner, Andrew Phillip Burden, is entitled to relief by State and Constitutional law, in accordance with his Fifth, Sixth, and Fourteenth amendments of the United States Constiution.

## STATEMENT OF THE ARTICULATED FACTS

In this particular instance the respondant State advanced argument(s) attempting to default Burden's claims from habeas review. **Specifically,** the Respondants argue that [those] claims currently under federal review have not been respectfully presented to the state court in accordance to the State's Rules of Appellant procedures. **Thus,** the Respondants argues;

**BURDEN IS NOT ENTITLED TO ANY RELIEF BECAUSE HIS CLAIMS ARE MERITLESS AND UNSUPPORTED BY ANY EVIDENCE.**

## ARGUMENT AND SUPPORTING FACTS

In the presentation of this appeal, appellant Burden adopts and incorporates the argument and judicial authority set forth in his original petition for relief of his conviction and sentence, in it's entirety, as issue herewith. **Furthermore**, Burden adopts and incorporates each and every ground set forth in said petition (Rule 32), express or implied, as issue for the present appeal in accordance with the argument and judicial authority set forth below.

**WHETHER BURDEN'S RIGHT TO APPEAL AND RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WERE VIOLATED AT THE ORIGINAL PROCEEDINGS BEFORE THE TRIAL COURT , THUS ON APPEAL.**

Andrew Phillip Burden (petitioner) was arrested in Randolph County, Alabama for murder in violation of 13A-6-2 code of Alabama. Burden was subsequently found guilty by a jury trial on or about the 30th day of October, 2002. Burden was sentenced to life with the Commissioner for the Alabama Department Of Corrections.

Prior to the treat of this particular case Burden obtained hired representation to assist in the matter at issue. Unfortunately, this retained trial counsel failed in his prospective duties in properly preserving issues, in which, were critical and highly prejudicial in nature at the original proceedings, thus on appeal.

(2)

The dificient performances of Burden's trial counsel, Thomas R. Radney in failing to protect Burden's appellant right regarding issues which would normally be deemed appropriate for appellant review, has undoubtably denied the petitioner a substantial right to challenge the adversary process undertaken in which his conviction rest. Such misrepresentation of this trial counsel was so egregious as to warrant a violation of Burden's enstrinsic right of **Due process**. The Sixth Amendment, which is implied through the Fourteenth, clearly postulates this primise....

> "in all criminal prosecutions, the accused shall
> enjoy the right...to have the assistance of counsel
> for his defense."

The petition for relief of conviction and sentence (Rule 32) filed with the trial court was replete with a plethora of significant and particularized instances of ineffective assistance at the original proceedings before the trial court, along with other substantive Constitutional violations ( summarized briefly here ). Initially, attorney Thomas R. Radney represented the defendant as defense counsel. **However**, although the record indicates that this attorney of record submitted various motions, it is equally evidence that he did very little, if anything else in furtherance of Burden defense. He made no discovery, made no attempt to secure witnesses and made no other meaningful effort towards effective assistance during these initial proceedings.

(3)

**Indeed,** his only cognizable effort of any substance was to advise Burden to take the stand in his own defense which, as a result, 1) caused the defendant to become a witness agsinst himself; 2) eliminate any other possible defense hence defendant's testimony would sustain a conviction of murder or manslaughter whether intentional or unintentional.

Despite of the fact that this attorney refused any other possible defense by rejecting the court's instructed jury charge on the crime **negligent homocide.**

The petitioner (Burden) adequately raised allegations concerning his trial counsel's ineffectiveness in his Rule 32 petition, in which, the trial court dismissed as barred and/ precluded pursuant to State's procedural rules of preclusion. Accordingly, Rule 32.2 (2) through 32.2(5), A.R.Cr.p., in which, is a series of mutually "exclusive" grounds of preclusion niether remedied nor specifically addressed by the trial court.

> "It is possible that each ground for preclusion set forth in Rule 32.2 is mutually exclusive." Contending that Rule Rule 32.2(a)(2) is a ground of preclusion while also contending that Rule 32.2(a)(3) is a ground of preclusion , amount to a factual impossibility, because Rule 32.2(a)(2) allows preclusion where the petitoiner's assertions was raised or addressed at trial, and (a)(3) allows preclusion where such issues could have been, but were not raised at trial. The same analysis can be applied to Rule 32.2(a)(4) and (a)(5).

(4)

Such rulings by the trial court warrants a reversible error in disposing the Rule 32 petition. Agee V. State, 639 so.2d 1388( Ala.Cr.App. 1990) Henderson V. State, 570 so.2d 879,880(Ala.Cr. App. 1990) In Burden's case and cases directly on point, it is well settled that a petitioner cannot be denied relief upon a series of "mutually exclusive" grounds of preclusion set out in Rule 32, A.R.Cr.P., nor may the court rely on the assertion that matters raised in the petition could have been but were not raised on appeal.

These findings by the trial court does not properly justify for the denial of Burden's assertions that his trial counsel rendered him ineffective assistance at the original proceedings before the trial court. Further, The court who denied Burden's Rule 32 petition (including ineffective assistance of counsel) could not have made an adequate finding based on personal knowledge observed at [the] original proceedings because this court was not the court who tried Burden's case. Although the record is devoid of any formal order (denying Burden's Rule 32 petition) by the trial court a copy of the court's order dated March 8, 2005 is included which reflects the ruling of the trial court as follows;

> "This matter coming before the court on petitioner's petition for relief of conviction and sentence(Rule 32) and the State Of Alabama's response to petitioner's Rule 32 petition and the court having considered the same, the court finds that the petition for relief of conviction and sentence pursuant to Rule 32 is without merit and therefore, said petition is dismissed."

No other findings were made by the trial court in further support in denying Burden's Rule 32 petition.

(5)

Moreover, in reviewing the State's response, the only prayer for relief relied upon is a dismissal of Burden's assertions on conflicting grounds of precedural default and non-merit; a nebulous indistinction, niether remedied nor specifically addressed by the trial court's ruling.

Therefore, on habeas review, Burden vigorously asserts that the rulings of the State appellant courts was sufficiently dificient as to deny him **Due Process**. (It is well settled that a petitoner is entitled to specific grounds of preclusion upon which the trial court relied in dismissing the petiton.) Ex parte Rice, 565 so. 2d 606 (Ala.Cr.App.1990) and Smith V. State, 598 so.2d 1009(Ala. Cr.App.1991) However, as clearly evidenced above, the trial court failed to set forth any distinguishable manner the basis for denying each of the numerous assertions respectfully submitted in Burden's Rule 32 petition, thus, deprived Burden of his **Due Process**. (CONST. AMEND.5,6, & 14)
It has been long recognized by the State courts that where a judge has personal knowledge of the facts underlying the allegations in a post-conviction proceeding, he may deny the allegations but, so long as he states the specific reasons for his denial.in a written order. ("using precise language") (emphasis added) Harper V. State, 676so.2d 949 (Ala.Cr.App. 1995) (It is equally well settled "that any time a circuit court disposes of a post-conviction petition on it's merits, it must provide specific findings of facts supporting it's decision, even if there has been no evidetiary hearing.)

(6)

It is readily apparent in the instant case, the brevity and paucity of the trial court's ruling rendered the basis, or rationale for the denial of the petition indiscernable. Burden avers to this honorable court in **Alvis**, 1999 Wl 171213 (Ala.Cr.App.1999)(Op.3/26/99)(also involving ineffective assistance of counsel claim) as here the court's order failed to specifically state whether the claims contained in the petition were rejected on their merits or on prcedural default. Therefore that case was remanded by the higher State appellant court for further proceedings. This did not happen in Burden's case. The Appellant (Burden) would further aver that the actions of the State Appellant courts, taken in contravention of established precudural and judicial authority, violated his enstrinsic right of Due process under the Fifth, Sixth, and Fourteenth Amendment of the United States Constitution. In an analogous case, Monroe V. State, 659so.2d 975(Ala.Cr.App.1994) this court refusing to uphold the denial of a Rule 32 petition on Constitutional grounds referenced the decision of the trial court in dismissing a Rule 32 petition, which stated....

> "This case came upon the motion for post-conviction relief from the trial court in this court. Upon due and proper consideration of all matters presented to the court, it is ordered Adjudged and decreed that the relief be and hereby is denied in that the grounds asserted were addressed or raised at trial and also that said grounds could have been but were not raised on appeal."

The State Appellant Courts, in remanding the case vack to the trial court for further proceedings, specifically found that the the court's ruling, more extensive than the one currently under habeas review, did not satisfy the **Due process** requirements of <u>Rule 32.3, Ala.R.Cr.P.</u>, see also <u>Hughley, Id. at 976</u>. A similar ruling made by the higher appeals court (State) in <u>Wiggins, 651 so. 2d 1127 (Ala.Cr.App.1994)</u>. Accordingly, when comparing the instant case to cases directly on point, such rulings by State Appellant courts were clearly in derogation of significant Constitutional rights, thus, were suffiently egregious as to warrant Burden's trial & appellant proceedings in State court manifestly unjust.

Section 2254(d)(1) of the AEDPA significantly "modifies the Role of the federal habeas courts in reviewing peititons filed by state prisoners." **Wlliams V. Taylor, 529 U.S. 362, 403, 120 S.Ct. 1495, 1518 (2000).** In sum, §2254(d)(1) places new constraints on the power of a federal court court to grant a state prisoner's application for habeas corpus relief with respect to [those] claims in which, were adjudicated on there merits in state court. Specifically, the statute allows this court to grant a writ of habeas corpus only " if the relevant state-court decision was either (1)"contrary to...clearly established Federal law, as determined by the Supreme Court of the United States,' or (2)' involved an unreasonable application of...clearly established Federal law, as determined by the Supreme Court of the United States.'(Emphasis added.)"

(7)

It is Burdens contentions that the State Courts failed to apply applicable law to the facts of his case in reviewing the assertions contained in his petition 32. This action of the State Courts non-the-less deprived the petitioner (Burden) of the right to have the equal protection of the law applied in his fact situation, according his Fourteenth Amendment of the United States Constitution.

**THE STATE COURTS REVERSIBLY ERRED IN DENYING THE RULE 32 PETITION PRESENTED BY THE PETITIONER, ON VIRTUALLY ALL ASSERTIONS, WHEREIN, SUCH RULLINGS WERE CONTRARY TO PRIOR CONSTITUTIONAL PRECEDENTS,THUS, VIOLATIVE OF BURDEN'S RIGHT OF DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL.**

The Constitutional mandates of due process set forth in the Fifth and Fourteenth Amendments clearly evince a definative and substantial right to a fair trial inherit to each defendant in a criminal case. Further, these Constitutional precepts evidence an undeniable anticipation that the right to a fair trial encompasses the right to a fair and impartial tribunal. Thus, it is asserted that where, as here, members of the jury failed to respond on voir dire to crucial inquiry by defense counsel, a defendant's enstrinsic right to effective assistance of counsel, as set forth by the Sixth Amendment of the United States Constitution, is effected and prejudicially abrogated as well.

In the instant case it was discovered after Burden was tried and convicted of allegedly causing the death of Jermicah Foster, that at least one of the prospective jurors was related by blood or marriage to the victim or victims family. However, this prospective juror was allowed to remain on the defendant's jury trial.Specifically, Detina Jones, a potential juror had personal aquantances with the

victim's family. Also, Potential juror Patricial Boykins was observed conversing with Jeanette Baker in the hall a few hours earlier. Although the State argues that the defendant failed to present any evidence in support of his contentions in this regard, it is equally evidence that the State failed in disproving the defendant's assertions that...[sic]...this alleged conduct may have influenced this potential juror (Patricia Boykins) to convict.

It is also noted, as the record would reflect, that Jeanette Baker had been very upset and every one, even the potential jurors were sharing her grief, thus, sympathized with her. It is further noted that "because of this displayed conduct, the trial proceedings had been delayed."

Dispite of the crucial inquiry advanced by Burden's defense counsel during voir dire examination, these potential jurors along with the State's star witness (Jeanette Baker) chose to conceal their relations, relationships, aquantances or familiaralities, in which, was prejudicial and highly imflammatory towards Burden's defense and effective assistance of counsel.

Questions were clearly directed to these familiaralities with the persons involed in this particular case, specifically the victims and the defendant, Andrew Phillip Burden, wherein, had there been a record of the voir dire proceedings, it would indicate that no responses had been forthcoming.

It has been well established that a criminal defendant has a basic and inalienable Constitutional right to strike a jury from a fair minded selection of jurors. <u>Not in this particular case</u>.

(9)

Therefore, where as here, challenges are raised to the propriety of the jury selection process, the test is not whether the defendant was actually prejudiced by the misconduct of prospective jurors, deliberate or unintentional, but whether or not the defendant may have been prejudiced by such misconduct. **Beargaurd v. State, 372 so.2d 37 (1979); Ex parte O'Leary, 438 so.2d 1372 (Ala.1983)** This premise has been held to encompass even the appearance of prejudice. **Wright v. State, 678so.2d 1216 (Ala.Cr.App.1996)** In such instances as this particular case at issue, the burden of proving prejudice upon the defendant has been held to be light. **Ex parte Troha, 462 so.2d 953 (Ala.1984)** Despite of these prior constitutional precedents that has been long recognized by the State Appellate Courts, the State Appellate Courts in Burden's case failed to apply the proper analysis to his fact situation, thus, deprived Burden of a fair adversarial process to have [those] claims properly adjudicated on their merits. Thus, it is asserted by the petitioner that State Appellate Courts has consistently held that where, as here, prospective jurors fail to respond to crucial inquiry by defense counsel during jury voir dire in selection process, such miconduct will almost always warrant reversal on appeal.

Accordingly, Burden re-iterates that the actions of the State trial and appellate courts are clearly in derogation of significant Constitutional precedents and were also contrary to prior rulings in cases similar to the instant case, thus, were sufficiently egregious as to render the proceedings before the State Courts (trail and Appellate Courts) <u>manifestly unjust</u>.

## BURDEN ASK THAT HIS CLAIMS BE REVIEWED UNDER THE MISCARRIAGE OF JUSTICE EXCEPTION

In the instant case Burden asks that his claims, in which the State Court Ruled "defaulted" or "Precluded", be reviewed under the exception to [the] Rule. In support of this "exception" Burden shows the following;

In this particular case the petitioner (Burden) presented each of the claims under habeas review to the trial court in his Rule 32 petition. Although the District attorney for the Circuit Court of Randolph County, Alabama attempted to address Burden's assertions, the trial court failed to specify whether Burden's Rule 32 petition was being dismissed on it's "merits" or dismissed on State's Precedural Rules Of "preclusions". Further, the court who dismissed Burden's Rule 32 petition was not the court who tried Burden's case.

Specifically, Burden was tried and convicted of murder, a case, in which, the Honorable judge Ray D. Martin presided. However, the Rule 32 petition submitted by the petitioner was dismissed by the Honorable judge Tom F. Young Jr., a judge who new nothing of the facts and circumstances surrounding the assertions respectfully presented in Burden's Rule 32 petition.

> "It is recognized that where the trial court judge has personal knowledge of the facts underlying the allegations in a post-conviction proceeding, he may deny the allegations without further proceedings but only so long as he states the

(11)

specific reasons for his denial in a written Order. **676 so.2d 949 (Ala.Cr.App.1995)** and preferably "using precise language". (emphasis added) **724 so.2d 87 (Ala.Cr.App.1998)**

Despite of the non-specific Order entered by the trial court, Burden appealed the judgment to the Alabama Court Of Criminal Appeals who upheld the lower court's judgment and further added that Burden's claims were defaulted or precluded from review. (Reh. Denied) (Cert. denied)

Thereby, Burden's claims are exhausted for purpose of habeas review. Furthermore, the State Of Alabama does not have any other available State court remedy in which the petitioner could pursue to have [those] assertions properly presented and adjudicated on their merits to any court within the State.

The petitoner further contends that this HOnorable Court should review his assertions in order to protect his substantial rights of **due process** gaurded by the 5th, 6th and 14th Amendment. Failure of this Court to review such egregious constitutional violations would never-the-less deny Burden the benefit of having the equal protection of the laws applied to the facts of his case.

**First** Burden avers to this court that he was denied effective assistance of counsel at the original proceedings before the trial because his counsel chose not to enter timely and contemporaneous objectionsregarding the court's failure to give defendant's request (jury charge) of reckless manslaughter when the evidence adduced at trial was sufficient to support such charge; 2) Failure of this counsel to motion the trial court for a severance of defendant and alleged co-defendant wherein co-defendant's testimony would implicate Burden's actions "diliberate" and "intentional" regarding the death of the victim Jermicah Foster.

(12)

This counsel for the defendant committed a grave error for failing to accept the court's offer in instructing the jury on the charge of "manslaughter" which was not only a lesser degree of the crime for which the defendant was indicted, but would have also gave the jury in Burden's case the benefit of convicting Burden of a crime other than "murder". It is apparent that this counsel's conduct falls outside the range of competent counsel, thus, deprived the defendant of his right to have the assistance of competent counsel for his defense.

It is readily apparent that counsels in like instances would have properly advised the defednant of the offer (manslaughter) after learning that his defense of "accidental" homocide had failed.

After Burden's conviction of murder and subsequent sentence of life in prison, Burden sought to appeal his conviction, wherein, attorney Gregory M. Varner was appellate counsel. On appeal, Burden wished to have Mr. Varner raise issues regarding his trial counsel's errors regarding the allegations now before this honorable court on habeas review. Instead, this attorney of record submitted claims which were already pre-determined to be defaulted due to trial counsel's failure to enter timely objections.

Because of the facts previously stated Burden has been constantly denied relief in State Courts, notwithstanding the factual assertion of ineffective assistance provided by Burden's trial and appellate counsels, wherein, when viewed together, resulted in a denial to have a fair trail by a fair and impartial jury, along with the enjoyment of effective representation for his defense.

(13)

## CONCLUSION

In this particular case it was evidenced at trial that there were several indivisuals drinking and consuming alcohol which would cast doubt on the presumption that Burden's actions (causing the death of Jermicah Foster) were "intentional". It is further evidence that several of Jermicah's (deceased) family members, along with himself, made attempts to take the firearm from Andrew Burden prior to the shooting which caused the death of Jermicah Foster.

It was equally evidenced at trial that Andrew Burden and Jermicah Foster (deceased) had no bad blood or ill wills against one another prior to the shooting that took the life of Jermicah Foster.

Despite of the fact that the juror Patricia Boykins and/Detina Jones engaged in conduct which may have influenced their ability(ies) to render an impartial verdict in this particular case, evidence in this case would show that these jurors were friends with the State's "star witness" Jeanette Baker who displayed conduct deserving of an Oscar's Award which undoutably infringed upon the minds of this jury which consisted of mostly women who were sensitive and very sympathetic, thus, easily motivated by feelings.

Burden further contends that the State trial and Appellate Courts failed to apply the applicable law to the facts of his case, thus, applied law which was contrary to prior constitutional precedents and unreasonable. Petitioner Burden does not deny being responsible for causing the death of Jermicah Foster but does contest the fact that such actions were in fact unintentional and "reckless" constituting a lesser included offense of "manslaughter".

Wherefore, the petitioner asks that his claims be reviewed by this honorable Court under the "exception" thereby granting the habeas petitioner, Andrew Phillip Burden the benefit to plead his case before a fair and impartial selection of jurors. Alternately, grant the relief in which this Court finds just and proper.

## CERTIFICATE OF SERVICE

I, Andrew Phillip Burden, swear, verify, or states that the foregoing is true and correct and a copy of the same has been respectfully submitted upon the Office of the Attorney General for The State Of Alabama by placing in the United States Mail Postal/prepaid to the address provided;

OFFICE OF THE ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY , ALABAMA 36130-0152

Done this____day of_____20___.

## NOTARY PUBLIC

Sworn to and subscribed before me this be the ____1st____, day of ___May___,20 _06_.

_____
ANDREW PHILLIP BURDEN

_____
NOTARY'S SIGNATURE

(END)