THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 MAY 23  P 2: 40

| | |
|---|---|
| ANDREW PHILLIP BURDEN,<br>AIS 148280,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN KENNETH JONES, and<br>THE ATTORNEY GENERAL FOR<br>THE STATE OF ALABAMA,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 05-CV-1128-F<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## RESPONDENTS' THIRD SUPPLEMENTAL ANSWER IN RESPONSE TO THIS COURT'S ORDER DATED MAY 4, 2006

Come the Respondents in the above-styled cause, by and through the Attorney General of the State of Alabama, and, in response to this Honorable Court's Order dated May 4, 2006 seeking a supplemental response from Respondents to Burden's latest amendment to his petition, state the following:

1. Without waiving any possible other defenses (e.g. time bar, unmeritorious or unsupported claims), Respondents assert that any claim of ineffective assistance as cause for procedural default, if actually made by Burden, has been itself procedurally defaulted. Any new substantive claims he makes in his latest May 1, 2006 filing are also procedurally defaulted.

2. Respondents again deny that Burden is innocent, that the State of Alabama has violated any of Burden's federal or state constitutional rights, and deny each and every ground that Andrew Phillip Burden ("Burden") asserts for relief and demand strict proof thereof.

3. Respondents again admit that Burden is currently in the custody of the State of Alabama pursuant to his conviction and sentence for murder. According to the State's most recent records, Burden is currently housed in the Staton Correctional Facility at P.O. Box 56, Elmore, Alabama 36025.

## PROCEDURAL HISTORY

### Trial and Direct Appeal

4. On October 30, 2002, Burden was convicted of murder in Chambers County Circuit Court. (Exhibit A at R. 396) On December 2, 2002, Burden was sentenced to serve a life prison term on his murder conviction. (Id., at R. 466)

5. Burden filed a direct appeal of his conviction, and, on October 24, 2003, the Alabama Court of Criminal Appeals affirmed his conviction. (See Exhibit B.) Burden filed a petition seeking Supreme Court of Alabama certiorari review; the Supreme Court of Alabama denied his petition, and, on March 12, 2004, the Alabama Court of Criminal Appeals entered the related certificate of judgment. (Exhibit C) In his direct appeal brief and state certiorari petition, Burden raised two issues: (1) The trial court improperly charged the jury on the law governing

accidental shootings, and (2) the trial court should have instructed the jury on the crime of criminally negligent homicide. (See Exhibit W at pages 5-8 and Exhibit X.) The Alabama Court of Criminal Appeals rejected the first claim as unpreserved and rejected the second claim as unsupported. (Exhibit B at pages 5-8)

### Burden's Rule 32 Post-Conviction Petition

6. On January 20, 2005, Burden filed a Rule 32 post-conviction petition in Chambers County Circuit Court, alleging various claims. (Exhibit D at C. 9-71) On March 8, 2005, the trial court summarily dismissed Burden's Rule 32 petition. (Exhibit D at C. 139) On June 10, 2005, the Alabama Court of Criminal Appeals affirmed this dismissal. (Exhibit E) In the related petition for writ of certiorari to the Supreme Court of Alabama, Burden raised the following claims, although most were stated in a minimal fashion:

   (a)   the trial court judge allegedly improperly failed to grant an evidentiary hearing on his Rule 32 petition merely because such judge did not preside over the trial of his case (Exhibit Y at pages 3-4);

   (b)   ineffective assistance (IA) by his trial and appellate counsel for failing to challenge the sufficiency of the evidence (Exhibit Y at page 4);

   (c)   the trial court allegedly improperly instructed the jury on the concept of "reasonable doubt" (Exhibit Y at page 4), and

   (d)   the trial court somehow did not have jurisdiction to try and sentence him.

(Exhibit Y at page 4) (No specifics were cited for this claim.)

3

7. No other claims were raised in Burden's petition for writ of certiorari regarding the dismissal of his Rule 32 petition. (Exhibit Y at pages 1-5)

8. On October 14, 2005, the Supreme Court of Alabama denied Burden's Rule 32-related petition for writ of certiorari. (Exhibit F)  On October 14, 2005, the same Court entered the related certificate of judgment. (Exhibit F)

### The Instant Federal Habeas Petition

9. On November 22, 2005, Burden filed the instant federal habeas petition, wherein, after first setting out a vague, generalized IA claim, he asserts the following less generalized, though still vague and unspecific, claims:

(1) IA of trial and appellate counsel for failure to challenge the sufficiency of the evidence;

(2) IA of trial counsel for failure to object to the trial court's instruction on "reasonable doubt";

(3) IA of trial counsel for alleged failure to object to the trial court's alleged lack of jurisdiction, particularly the jurisdiction to sentence him under the Alabama Habitual Felony Offender Act (AHFOA), assuming the State allegedly failed to prove his prior convictions;

(4) IA of trial counsel for alleged failure to subpoena a forensics expert;

(5) IA of trial counsel for alleged failure to object to an allegedly improper chain of custody;

(6) That the summary dismissal of his Rule 32 petition by the trial court judge was allegedly improper merely because the same judge did not hear the trial of his case;

4

(7) An allegedly improper failure by the trial court to instruct the jury on an unspecified lesser-included offense;

(8) An allegedly improper trial court jury charge on the "law of accident".

## BURDEN'S LATEST FILING

10. Burden's latest filing is largely nonsensical, and, at best, unsupported by relevant facts or controlling United States Supreme Court precedent. Federal courts have historically looked with disfavor upon such unsupported pleadings, whether unsupported from a factual standpoint or a legal one. Cases such as Davis v. State, 545 F. 2d 460, 466 (5th Cir. 1977) and federal rules, such as Rule 9(a), Fed. R. Civ. P., indicate Congress's and the Eleventh Circuit's general negative view of claims unsupported by relevant legal precedent. Other cases indicate the Eleventh Circuit's disrespect for bare factual allegations. Caderno v. U.S., 256 F. 3d 1213, 1217 (11th Cir. 2001) (recognizing that, in a Section 2255 context, a petitioner is not entitled to habeas relief when his claims are merely conclusory allegations unsupported by specifics); Shelley v. Singletary, 955 F. 2d 1434, 1439 (11th Cir. 1992); Tejada v. Dugger, 941 F. 2d 1551, 1559 (11th Cir. 1991) (summary dismissal of a petition challenging a state conviction appropriate when a petitioner's responses "fail to state a claim for relief").

11. In any case, Burden has failed to refute any of the Respondents' assertions of either procedural default or of a failure to prove, or even allege,

5

conflict with United States Supreme Court precedent. His latest filing rests almost completely on references to state precedent and fails to assert any true federal claims and certainly asserts no conflict with United States Supreme Court authority. Hence, the Respondents hereby re-assert all of their previous defenses and arguments set out in their previously filed answer and other responses. Because Burden has failed to include material factual or legal support for any of his claims, his entire petition is due to be dismissed as an unsupported pleading offering no more than conclusory allegations. At a minimum, after all of the voluminous pleadings and exhibits have been filed and considered, Burden's latest petition amendment -- and actually his entire petition -- is due no more than a cursory consideration.

### RESPONDENTS' RESPONSE REGARDING ANY ALLEGED CAUSE FOR BURDEN'S PROCEDURAL DEFAULTS

12. This Court's May 4, 2006 order gives Burden credit for asserting ineffective assistance as cause for his procedural default. Respondents have carefully reviewed Burden's latest pleading a minimum of three times, and, although Burden does assert "miscarriage of justice" at page 11 of his latest pleading, Respondents found no assertion of cause. <u>Hence, Respondents move this Court to re-examine Burden's latest pleading, to recognize the apparent non-existence of such an assertion, and, in turn, to thus withdraw its order to answer same.</u>

13. If this Court still maintains that such an assertion was made, Respondents reply that it is itself procedurally defaulted, or alternatively, is unsupported. The following authority is instructive:

> However, we think that the exhaustion doctrine, which is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings," Rose v. Lundy, 455 U.S. 509, 518 (1982), generally requires that <u>a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default</u>. The question whether there is cause for a procedural default does not pose any occasion for applying the exhaustion doctrine when the federal habeas court can adjudicate the question of cause -- a question of federal law -- without deciding an independent and unexhausted constitutional claim on the merits. <u>But if a petitioner could raise his ineffective assistance claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available</u>. The principle of comity that underlies the exhaustion doctrine would be ill served by a rule that allowed a federal district court "to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," Darr v. Burford, 339 U.S. 200, 204 (1950), and that holds true whether an ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.
>
> \* \* \*
>
> . . . but, for the reasons already given, we hold that counsel's failure to raise a particular claim on appeal is to be scrutinized under the cause and prejudice standard when that failure is treated as a procedural default by the state courts. Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial. <u>To the contrary, cause for a procedural default on appeal</u>

7

<u>ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim.</u> (emphasis added)

Murray v. Carrier, 106 S. Ct. 2639, 477 U.S. 478, 488-492 (1986).

14. Here, Burden has failed to exhaust (and has also procedurally defaulted) any cause claim he here makes. <u>He failed to present his cause-related claim to any Alabama court, be it trial or appellate level</u>. The <u>only</u> ineffective assistance (IA) claim that Burden even attempted to present to the Alabama court(s) was one alleging IA of trial (and perhaps appellate) counsel for failure to properly challenge the sufficiency of the evidence. (Exhibit Y at page 4)  In this petition, Burden does not even assert a sufficiency claim.  Hence, necessarily, any IA claim he now asserts as cause for the procedural default of any other Section 2254 petition claim was never presented in the Alabama state court system, and it is now too late to do so.

15. Under Murray v. Carrier and its progeny, this failure is fatal to any cause claim Burden here asserts.

16. Even if he had not procedurally defaulted any cause claim he theoretically makes, Burden has not alleged or shown the manner of counsel error sufficient to merit a finding of cause.  Again, "[a]ttorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial. To the contrary, cause for a procedural default on appeal ordinarily requires a showing of some external

8

impediment preventing counsel from constructing or raising the claim." Murray v. Carrier, 106 S. Ct. 2639, 477 U.S. 478, 492 (1986). Burden has shown no attorney error at all -- and certainly none rising to the level of ineffective assistance, i.e. he has alleged no "error" that cannot be attributed to trial or appellate strategy -- and certainly no error that would have yielded a changed result (a "not guilty" verdict). Finally, he has established no "external impediment". The evidence against him was overwhelming and not even the most cunning of defense counsel could have changed its necessary result. (See Exhibit Z at pages 3-7 and see Exhibit B at pages 1-2.)

## ANY FUNDAMENTAL MISCARRIAGE OF JUSTICE CLAIM BURDEN ASSERTS MUST FAIL AS UNSUPPORTED

17. Although Burden does use the magic words "fundamental miscarriage of justice" at page 11 of his latest amendment, his fails to go further and establish or even support such a claim. This standard requires Burden to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. at 496. Such a claim "requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). In fact, he "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new

9

evidence." Id., 513 U.S. at 327. This is patently a high hurdle, and, by presenting no such evidence, Burden has not even made a cognizable attempt to clear it.

**NEW CLAIMS ASSERTED IN BURDEN'S LATEST AMENDMENT**

18. In his eleventh-hour amendment dated May 1, 2006, Burden sets forth a "grab bag" of new claims, all of which are procedurally defaulted under binding precedent such as O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (to satisfy the exhaustion requirement, claims must be fairly presented throughout a state court review system, including to a state supreme court in a petition for discretionary review, when discretionary review is part of the state's ordinary appellate review procedure), plus it is now too late to so present them. Hence, these claims are unexhausted and procedurally defaulted. For instance, Burden failed to assert any of his jury misconduct claims (May 1 amendment at pages 8-10) on direct appeal (See Exhibit W and Exhibit X.); therefore, they are here procedurally defaulted.

19. Likewise, all of his new IA claims, if presented as substantive claims -- and not as cause for his procedural default -- are procedurally defaulted as independent IA claims. This is true for, but not necessarily limited to, his claims of counsel's failure to engage in discovery, failure to seek witnesses (May 1 amendment at page 3), counsel's alleged advice for Burden to take the stand (May 1 amendment at page 4), failure to object to the lack of a manslaughter jury charge (May 1 amendment at page 12), failure to move for a severance (Id.), failure to

10

accept an alleged offer of a manslaughter charge (May 1 amendment at page 13), and an alleged failure of his appellate counsel to follow his instructions (May 1 amendment at page 13). None of these claims were fully and fairly presented throughout the state court review system, none are now eligible for such review, and hence, all must fail here as procedurally defaulted.

## CONCLUSION

Because all claims in Burden's Title 28 U.S.C. Section 2254 petition are procedurally defaulted, and/or constitute state law claims not cognizable under federal law, or, alternatively, are completely unsupported by allegations and proof of conflict with United States Supreme Court authority, his petition is due to be dismissed with prejudice.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:

/s/ Hense R. Ellis II
Hense R. Ellis II (ELLI9296)
Deputy Attorney General

# EXHIBITS

(Exhibits A-F, W-Y and Z previously submitted)

| | |
|---|---|
| Exhibit A | Chambers County Circuit Court Clerk's record of Burden's conviction; |
| Exhibit B | Alabama Court of Criminal Appeals affirmance of Burden's conviction; |
| Exhibit C | Certificate of Judgment regarding Burden's direct appeal; |
| Exhibit D | Chambers County Circuit Court Clerk's record of Burden's Rule 32 petition proceedings; |
| Exhibit E | Alabama Court of Criminal Appeals' affirmance of the dismissal of Burden's Rule 32 petition; |
| Exhibit F | Certificate of Judgment regarding Burden's Rule 32 petition appeal; |
| Exhibit W | Burden's brief on direct appeal; |
| Exhibit X | Burden's petition for writ of certiorari on direct appeal; |
| Exhibit Y | Burden's petition for writ of certiorari regarding the affirmance of the summary dismissal of his Rule 32 petition; |
| Exhibit Z | State of Alabama's brief on direct appeal. |

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2006, a copy of the foregoing was served on the petitioner by placing the same in the United States mail, first class postage prepaid and addressed as follows:

>Andrew Phillip Burden
>AIS #148280
>Staton Correctional Facility
>P.O. Box 56
>Elmore, AL  36025

*Hense R. Ellis II*
Hense R. Ellis II (ELLI9296)
Deputy Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, AL  36130
(334) 242-7300
136265/BURDEN
88441-001