IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANDREW PHILLIP BURDEN, #148280, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> KENNETH JONES, et al., ) <br> ) <br> Respondents. ) | <br><br><br><br><br> CASE NO. 3:05-CV-1128-WKW |

**O R D E R**

The respondents filed an answer, supplemental answers and supporting evidentiary materials in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that the present habeas corpus petition is due to be denied because the claims raised therein provide no basis for relief. Specifically, Burden's claims of ineffective assistance of trial and appellate counsel relating to sufficiency of the evidence entitle him to no relief because the state courts determined that Burden had failed to present any evidence to support these issues. *Williams v. Taylor*, 529 U.S. 362, 404-405, 120 S.Ct. 1495, 1518- 1523 (2000). The respondents further contend that Burden is entitled to no relief on any claim related to the sufficiency of the evidence as the State presented overwhelming evidence of Burden's guilt. Additionally, the respondents maintain that the remaining claims of ineffective assistance of trial counsel

raised in the initial petition, all other claims of ineffective assistance of trial or appellate counsel asserted as cause, and any new substantive claim , i.e., the assertion of juror misconduct, are procedurally defaulted as Burden never presented these claims to the state courts in accordance with the requirements of the state's procedural rules. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Teague v. Lane*, 489 U.S. 288 (1989); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).

With respect to the claims challenging the trial court's jury instructions and errors by the judge assigned to the Rule 32 proceeding, the respondents assert that these claims are issues of state law which fail to implicate the Constitution and therefore do not entitle Burden to relief from this court. The respondents also assert that the claim alleging trial court error in its instruction on the law of accident is procedurally defaulted because the last state court to address this issue determined that it was barred from review. *Harris v. Reed*, 489 U.S. 255, 263 (1989). Additionally, the respondents maintain that Burden has failed to meet his burden of proof on the fundamental miscarriage of justice claim as he has presented no new, reliable evidence not available to him at the time of trial demonstrating his factual innocence. The miscarriage of justice exception allows federal courts to address procedurally defaulted claims only when the petitioner shows that "a constitutional

violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 296 (1986). "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Id.* at 623-624.

It is likewise clear that to the extent any constitutional claims were raised and addressed on the merits by the state courts Burden is not entitled to federal habeas relief because the state courts properly adjudicates these claims on the merits. *See Williams v. Taylor*, 529 U.S. 362, 404-405, 120 S.Ct. 1495, 1518- 1523 (2000). In sum, § 2254(d)(1) places new constraints on the power of a federal court to grant a state prisoner's application for habeas corpus relief with respect to those claims adjudicated on the merits in state court. The statute allows this court to grant a writ of habeas corpus only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United

States.' (Emphases added.)" *Williams v. Taylor*, 529 U.S. at 404-405, 120 S.Ct. at 1519. "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). In the vast majority of cases, a federal district court will be faced with the contention that the state court unreasonably applied federal law.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 Ed.2d 389 (2000) ("Under §2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002). Additionally, the statute makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

A procedural default bars consideration of the merits of a claim unless the petitioner can establish "cause" for the failure to follow the state's procedural rules and show "prejudice" resulting from this failure. *Coleman v. Thompson*, 501 U.S. 722 (1991); *Wainwright v. Sykes*, 433 U.S. 72 (1977). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

Accordingly, it is

ORDERED that on or before June 8, 2006 the petitioner may file a response to the answers filed by the respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. The petitioner is advised that at any time after June, 2006 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*. **The petitioner**

***is advised that the court will consider all previously filed responses when addressing his claims for habeas corpus relief. Thus, it is not necessary to repeat any arguments presented to the court in prior documents.***

  The petitioner is instructed that when responding to the respondents' answers he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that the petitioner is entitled to relief on the grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks the respondents' answers by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

  The petitioner is cautioned that in responding to the respondents' assertion that his claims are procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue this claim in state court either at the trial court level, on appeal or in available post-conviction proceedings. The petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity. Moreover, if the petitioner claims that this court should address the procedurally defaulted claim under the fundamental miscarriage of justice exception, the petitioner must show

specific reasons for the application of this exception.

    DONE, this 25th day of May, 2006.


                                       /s/ Susan Russ Walker
                                       SUSAN RUSS WALKER
                                       UNITED STATES MAGISTRATE JUDGE