IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW PHILLIP BURDEN, | ) | |
| AIS #148280, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:05-CV-1128-WKW |
| | ) | [WO] |
| | ) | |
| KENNETH JONES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Andrew Phillip Burden ["Burden"], a state inmate, on November 22, 2005.  In this petition, Burden challenges a conviction for murder imposed upon him by the Circuit Court of Randolph County, Alabama on October 30, 2002.[1]  The trial court sentenced Burden as an habitual felony offender to life imprisonment for this conviction.

Burden filed a direct appeal of his murder conviction in which he argued:  (1) the trial court deprived him of a fair trial when it failed to instruct the jury adequately on the primary defense of petitioner, i.e., accidental shooting, and (2) the trial court erred when it refused to charge the jury on the lesser included offense of criminally negligent homicide.

---

[1]Under the relevant code section "[a] person commits the crime of murder if ... [w]ith intent to cause the death of another person, he causes the death of that person or of another person...."  *Ala. Code* § 13-6-2(a)(1).

On October 24, 2003, the Alabama Court of Criminal Appeals affirmed Burden's murder conviction in an unpublished memorandum opinion. *Respondents' Exhibit B - Court Doc. No. 15-6 -- Burden v. State*, 897 So.2d 1247 (Ala.Cr.App.)(table decision), *rehearing denied* (Nov. 21, 2003), *cert. denied*, *Ex parte Burden*, 899 So.2d 319 (Ala. 2004). The portion of the appellate court's opinion relevant to the claims raised in the instant habeas petition reads as follows:

> Appellant Andrew Phillip Burden ("Phillip") was charged with murder. His nephew, appellant Anthony Eugene Burden ("Tony"), was charged as an accomplice in the crime. Both of them were found guilty at trial. The circuit court sentenced Phillip to life imprisonment.... The State's evidence tended to show that on June 17, 2003, Phillip got into a fight with Shawn Baker on a crowded residential street. Baker's mother Jeanette broke up the fight, and Phillip left the scene. He returned a few minutes later with a shotgun, upset and looking for Baker. Baker began to curse and taunt Phillip, and Phillip walked toward him with the gun. Several people in the crowd, including Ms. Baker and victim Jermicah Foster, tried to take away the shotgun and get Phillip to go home. Phillip's nephew Tony began to yell for Phillip to "kill them" and "[s]hoot him." Foster said, "I haven't done anything to you," and Tony hit [Foster]. Tony then told Phillip, "Shoot the MF. Bust them out. Shoot the SB." Phillip's gun went off, and the bullet struck Foster in the head. Foster fell dead in the street, and Phillip and Tony fled. Phillip testified in his own behalf that he did not argue with the victim just before the shooting. He said that he was mad at Baker, not the victim, and that Baker was not outside when the gun went off. He said that Jeanette Baker was hitting him on the arm and then "somebody pulled me and the gun went off." He said that he did not hear Tony yelling or saying anything to him before the gun went off.

I.
Anthony Eugene Burden, Tony, presents three issues on appeal.[2]

---

[2]Each issue raised by Tony Burden is separate and distinct from the issues raised on direct appeal by Andrew Phillip Burden. However, this court will reference those portions of the memorandum opinion on the two issues

2

A.

Tony contends that the trial court abused its discretion by denying his motion for mistrial because, he says, two jurors behaved improperly. He first argues that one juror, Patricia Boykin had improper contact with prosecution witness Jeanette Baker. He argues that the court should have granted a mistrial because, even though Boykin was an alternate juror, she might have influenced the jury's verdict.

After the jury had found the appellants guilty, Tony's mother told the defense counsel that she had seen juror Patricia Boykin sitting and talking with Jeanette Baker in the hall a few hours earlier. The trial court conducted a hearing, at which Gwendolyn Phillips [Tony's mother], Boykin and Baker testified. Phillips said that she had seen Boykin and Baker conversing, but she did not hear what they said. [At the hearing on the motion for new trial, the appellants submitted affidavits to the trial court from six other individuals stating they had observed Jeanette Baker having a conversation with a white woman who had salt and pepper hair. The affidavits did not identify this woman as Patricia Boykin nor did they indicate the witnesses heard the conversation. Additionally, the affidavits were not made a part of the record on appeal.] Patricia Boykin testified that she had seen Baker a few times at church and had said "hello" to her once during the trial, when Baker was sitting on a bench in the hall. She said that she did not indicate that she knew Baker during voir dire because she did not know Baker's name until Baker testified. She said that her conversation with Baker was not improper and that she did not discuss Baker with any of the other jurors. Jeanette Baker testified that she had a conversation with a white woman with gray hair while she was sitting on a bench in the hall. She said that the woman she talked to was not one of the jurors but a person who was waiting to get a shot at the Health Department.

The defendant has the initial burden of proving that a juror accused of misconduct did, in fact, commit the act alleged. *Dawson v. State*, 710 So. 2d 472 (Ala. 1997). The trial court then has the duty of conducting a painstaking and careful inquiry, determining whether a remark was made and whether the remark had a prejudicial effect on the jury. *Taylor v. State*, 808 So.2d 1148 (Ala. Crim. App. 2000). A motion for mistrial is a drastic remedy which should be used only to prevent manifest injustice. *Ex parte Thomas*, 625 So.2d 1156 (Ala. 1993).

---

raised by Tony which are relevant to claims now raised by Andrew Phillip Burden.

Here, the appellant offered evidence of an improper communication. The trial court conducted a thorough inquiry, and the appellant failed to offer any evidence that the communication could have influenced the jury. Boykin, an alternate, did not serve on the jury, and her testimony that she did not discuss Jeanette Baker with anyone who served on the jury [constituted the only testimony presented on this point.] Therefore, the trial court did not abuse its discretion by determining that a mistrial was not warranted.

B.

Tony contends that a mistrial also should have been declared because another juror, Detina Jones, intentionally failed to disclose her personal relationship with the ... family [of Jeanette Baker]. At the hearing, Tony offered the affidavits of three witnesses who saw Jones leave the courthouse and ride in a vehicle with a man named John Wesley Bell. Tony argues that Bell is married to the sister of Jeanette Baker, the State's chief witness and [aunt] of the victim, and that Jones should have disclosed her relationship with [Bell] during voir dire.

When the trial court asked the jurors if they knew the victim or his family, Detina Jones did not respond. Jeanette Baker then testified that her sister was married to John Wesley Bell. However, the appellant failed to offer any evidence that Detina Jones had been aware of this fact during voir dire....

.... Jeanette Baker testified that she recognized Detina Jones as a person she knew. She said that she had not realized that Jones was related to John Wesley Bell or recognized Jones' name. There was no evidence that Detina Jones connected Bell to the victim. The appellant failed to meet his initial burden of proving that the juror committed an act of misconduct. Therefore, the trial court did not abuse its discretion by denying [the defendants'] motion for mistrial....

****

II.

Andrew Phillip Burden presents two issues on appeal.

A.

Phillip's first contention is that he was prejudiced because the trial court incorrectly and insufficiently instructed the jury regarding an accidental shooting, which was his primary defense. He argues that his own testimony established a reasonable theory of homicide by accident and that he was entitled to a more thorough and complete explanation of the law on this defense. More specifically, he argues that the court did not explain the elements or the relative burdens of proof and also failed to instruct the jury

4

that a not-guilty verdict was warranted if they believed his testimony regarding this defense.

> The trial court instructed the jury as follows in the oral charge:
> "A homicide is not excusable on the ground of accident or misadventure unless it appears that the act of the slayer was lawful."

After the charge, the appellant stated that he wanted to renew the objections he had made during the charge conference. At the conference, [Andrew Phillip Burden] had discussed charges on criminally negligent homicide and manslaughter and had stated that [he was] requesting a charge on criminally negligent homicide only. The judge refused to give the charge, stating, "I don't see how the jury could find a basis of negligence." After the parties discussed the court's charge on aiding and abetting and the various verdicts available to the jury, the defense counsel stated [during the charge conference]:

> "Prosecution requested charge number four, Defendant Phillip Burden vehemently objects to the giving of this charge unless it is given in ... conjunction with the previously [requested charge on] criminally negligent homicide. They are intertwined and I guess the term negligence as previously discussed before the Court."

The words "and free from negligence" have been crossed out on the written copy [and were not referenced in the oral charge to the jury], apparently in response to the counsel's objection during the [charge] conference. Nothing further regarding Charge No. 4 appears in the record, [specifically, Phillip Burden did not challenge the charge on accident as incorrect, insufficient or incomplete] and the appellants apparently did not request any instructions of their own [regarding accident].

Rule 21.2, Ala. R. Crim. P., provides that a party may not assign as error the court's failing to give a written instruction or the giving of an incomplete oral charge, unless the party objects before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of the objection. Here, [Andrew Phillip Burden] failed to properly object to the trial court's charge [with respect to accident]. An appellant is bound by his objections at trial. *Reynolds v. State*, 484 So.2d 1171 (Ala. Crim. App. 1985). A failure to object and get a ruling on the record preserves nothing to review. *Robinson v. State*, 441 So.2d 1045 (Ala. Crim. App. 1983).

### B.

Phillip contends that the trial court erred in refusing to charge the jury

on the lesser included offense of criminally negligent homicide.  He argues that the jury could have reasonably inferred that his act of retrieving a loaded weapon and searching for Shawn Baker on a crowded street showed that he failed to perceive a substantial and unjustifiable risk that the weapon would discharge.  He argues that neither "the victim nor anyone else posed a threat of imminent confrontation" because he was searching for Shawn Baker, who was not on the scene.  He further argues that because he did not wrestle over the gun or fire the gun at Baker and accidentally hit Foster, there also was "no imminent threat that the gun might discharge."  He argues that because he testified that he had been drinking alcohol earlier in the day, the jury also could have inferred that the alcohol affected his ability to perceive the risk of his act.

The Commentary to § 13A-6-4, Ala. Code 1975, explains the difference between reckless behavior and criminal negligence:

"A common denominator in both is that in each instance the underlying conduct must involve a 'substantial and unjustifiable risk' that a result or circumstance described in the penal statute will occur or exists.  The reckless offender is aware of the risk and 'consciously disregards' it.  On the other hand, the criminally negligent defendant is not aware of the risk created ('fails to perceive') and, therefore, cannot be guilty of consciously disregarding it."

The appellant testified that he had retrieved the loaded shotgun in response to his earlier argument with Shawn Baker.  "One who intentionally draws a gun in response to or in anticipation of confrontation with another is certainly aware of the risk that the gun might discharge; therefore, he cannot be guilty of mere criminal negligence."  *Robinson v. State*, *supra*, at 1047.  Here, it was undisputed that Phillip brandished a loaded gun in a crowd, seeking confrontation.  The risk that the gun might fire was not lessened because his original target went inside....

With regard to the issue of intoxication, this court stated in *Williams v. State*, 506 So.2d 368 (Ala. Crim. App. 1986):

"The fact that the defendant had several drinks before the fatal encounter with the victim did not entitle him to a charge on criminally negligent homicide.  Even if he had been intoxicated, that circumstance would not have been legally sufficient to render him unaware of the risk he created by drawing his pistol.  Ala. Code 1975, § 13A-3-2(b).  ('When recklessness establishes an element of an offense and the actor

is unaware of a risk because of involuntary intoxication, his
unawareness is immaterial in a prosecution for that offense.')
Voluntary intoxication can never, therefore, reduce [the greater
felony offense] to criminally negligent homicide."
For the foregoing reasons, the convictions and sentences of both
appellants are due to be affirmed.

*Respondents' Exhibit B - Court Doc. No. 15-6* at 1-8 -- *Burden v. State*, 897 So.2d 1247

(Ala.Cr.App.)(table decision) (internal footnote omitted) (footnote added), *rehearing*

*denied* (Nov. 21, 2003), *cert. denied*, *Ex parte Burden*, 899 So.2d 319 (Ala. 2004).

On January 18, 2005, Burden filed a *pro se* state post-conviction petition pursuant

to Rule 32 of the Alabama Rules of Criminal Procedure with the Circuit Court of Randolph

County, Alabama in which he alleged that: (1) trial counsel provided ineffective assistance

because he (i) failed to object to the jury charge on acquittal beyond a reasonable doubt,

(ii) failed to object to the prior convictions on which the State relied for purposes of

sentence enhancement, (iii) failed to investigate such convictions to determine their

validity, (iv) did not object at sentencing to the notice by the State of its intent to seek

sentence enhancement under the Habitual Felony Offender Act, *Ala. Code* § 13A-5-9, *et*

*seq.*, as inadequate, (v) failed to seek severance of petitioner's case from that of his

nephew/co-defendant, (vi) failed to object to the absence of an expert witness to testify

regarding the manner and cause of death, (vii) did not present a challenge to the sufficiency

of the evidence as the record contains no evidence of bad blood or ill will between the

petitioner and the victim, (viii) failed to vociferously advance the defense of accidental

shooting, (ix) failed to attack petitioner's lack of intent to kill the victim, and (x) failed to object to admittance of evidence/exhibits submitted by the State when a proper chain of custody had not been established; (2) appellate counsel provided ineffective assistance because he (i) failed to file a motion to suspend the time applicable to filing a motion for new trial in order to preserve claims of ineffective assistance of trial counsel, (ii) failed to file a motion for new trial challenging the effectiveness of trial counsel, (iii) raised issues on appeal which were not preserved for review, (iv) failed to properly investigate the case, (v) did not apprise himself of applicable law, (vi) failed to raise meritorious issues in a motion for new trial so as to preserve the issues on direct appeal, (vii) did not adequately investigate the transcript before raising the issue that the trial court incorrectly and insufficiently instructed the jury on accidental shooting, (viii) failed to preserve for appellate review the absence of expert testimony regarding the manner and cause of the victim's death, (ix) failed to challenge the sufficiency of the evidence in the absence of any evidence indicating bad blood or ill will towards the victim, and (x) failed to file a motion for new trial challenging the lack of a chain of custody for the State's exhibits so as to preserve this issue for review on appeal; (3) the trial court lacked jurisdiction to render judgment or impose conviction due to its erroneous and misleading instruction on acquittal beyond a reasonable doubt; (4) the trial court was without jurisdiction to impose sentence as (i) the State failed to introduce certified copies of each prior felony conviction listed in its notice of intent to proceed under the Habitual Felony Offender Act, and (ii) the notice

fails to demonstrate that the State personally served a copy of the notice on the petitioner; and (5) petitioner's equal protection and due process rights were violated when the forensic expert did not testify to her written report admitted into evidence as to the manner and cause of the victim's death. *Respondents' Exhibit D (Rule 32 Petition of Andrew Phillip Burden) - Court Doc. No. 15-8 at 21-38.*

On March 8, 2005, the trial court entered an order denying Burden's Rule 32 petition. In this order, the court deemed the claims raised in such petition "without merit" and dismissed the petition. *Respondents' Exhibit D - Court Doc. No. 15-9 at 67.* Burden appealed the trial court's denial of his Rule 32 petition presenting the following issues for appellate review:  (1) the trial court erred in dismissing his petition without sufficiently addressing the merits of his claims; (2) trial counsel provided ineffective assistance; (3) trial and appellate counsel deprived him of effective assistance in failing to challenge the sufficiency of the evidence; (4) the trial court was without jurisdiction to render judgment due to the misleading jury instruction on acquittal beyond a reasonable doubt; (5) the trial court was without jurisdiction to impose sentence; (6) violation of his rights to equal protection and due process; and (7) trial counsel failed to challenge the chain of custody for submission of the State's exhibits. *Respondents' Exhibit D - Court Doc. No. 15-8 at 7.* The Alabama Court of Criminal Appeals issued an unpublished memorandum opinion on June 10, 2005 affirming the trial court's decision to deny Burden post-conviction relief. *Respondents' Exhibit E - Court Doc. No. 15-10 -- Burden v. State*, 926 So.2d 1092

(Ala.Crim.App. 2005) (table decision), *rehearing denied*, 945 So. 2d 1101, *cert. denied*,

*Ex parte Burden*, 954 So.2d 624 (Ala. 2005).   This memorandum opinion reads, in

pertinent part, as follows:

> The appellant argues that the circuit court erroneously dismissed his petition without conducting an evidentiary hearing and without making specific findings of fact.  In his petition, he contended that he was entitled to post-conviction relief because:
>
> > 1)  trial counsel rendered ineffective assistance;
> >
> > 2)  appellate counsel rendered ineffective assistance because he did not adequately investigate his case, did not know applicable law regarding post-trial procedure, did not raise various issues in a motion for new trial, did not challenge the sufficiency of the evidence on direct appeal, and raised issues on direct appeal that had not been preserved for appellate review;
> >
> > 3)  appellate counsel rendered ineffective assistance because he did not preserve ineffective-assistance-of-trial-counsel claims for appellate review;
> >
> > 4)  appellate counsel rendered ineffective assistance because he did not file a motion to extend the time for filing a motion for new trial;
> >
> > 5)  the trial court did not have jurisdiction to render a judgment and impose a sentence in his case because the trial court allegedly gave an erroneous and misleading instruction "on acquittal beyond a reasonable doubt" (appellant's brief at p. 8);
> >
> > 6)  the trial court did not have jurisdiction to impose a sentence in his case because the State did not properly prove the prior convictions that were used to enhance his sentence; and
> >
> > 7)  his due process rights were violated because the forensic pathologist who autopsied the victim did not testify at trial regarding her report that was admitted into evidence.
>
> Claims 1 and 2 consisted of bare allegations that the appellant did not adequately support.  Therefore, the appellant has not satisfied his burden of

pleading pursuant to Rules 32.3 and 32.6(b), Ala. R. Crim. P., with regard to those claims.

With regard to Claim 3, the record from the appellant's direct appeal indicates that he was sentenced on December 2, 2002. However, the record on appeal was not completed until March 24, 2003.

> "[I]n any cases in which the defendant is convicted after the date this opinion is released, an ineffective-assistance-of-counsel claim must be presented in a new trial motion filed before the 30-day jurisdictional time limit set by Rule 24.1(b), Ala. R. Crim. P., expires, in order for that claim to be properly preserved for review upon direct appeal.
>
> " . . .
>
> "When a defendant makes a claim of ineffective assistance of trial counsel, and that claim cannot reasonably be presented in a new trial motion filed within the 30 days allowed by Rule 24.1(b), Ala. R. Crim. P., the proper method for presenting that claim for appellate review is to file a Rule 32, Ala. R. Crim. P., petition for post-conviction relief."

*Ex parte Ingram*, 675 So.2d 863, 865-66 (Ala. 1996). In this case, appellate counsel did not have access to the record on appeal in time to raise ineffective-assistance-of-trial counsel claims within 30 days after the appellant was sentenced. Therefore, appellate counsel did not render ineffective assistance in this regard.

With regard to Claim 4, the appellant is apparently referring to the procedure set forth in *Ex parte Jackson*, 598 So. 2d 895 (Ala. 1995). However, in *Ex parte Ingram*, 675 So.2d 863 (Ala. 1996), the Alabama Supreme Court overruled the *Jackson* procedure that allowed newly appointed appellate counsel to move to suspend the 30-day jurisdictional time limit for filing a motion for a new trial. Because the appellant was convicted after the supreme court released its decision in *Ingram*, appellate counsel did not render ineffective assistance when he did not file a motion to extend the time for filing a motion for a new trial.

Finally, Claims 5, 6, and 7 are nonjurisdictional claims that are precluded because the appellant could have raised them at trial and on [direct] appeal, but did not. *See* Rule 32.2(a)(3) and (5), Ala. R. Crim. P.

Because the appellant's claims were not sufficiently pled, without merit, or precluded, the circuit court properly dismissed his petition without first conducting an evidentiary hearing. *See* Rule 32.7(d), Ala. R. Crim. P. Also, a circuit court need not make specific findings of fact when it

summarily dismisses a petition. *See Fincher v. State*, 724 So.2d 87 (Ala. Crim. App. 1998). Therefore, the appellant's argument is without merit.

II.

The appellant also argues that the State's response did not adequately address all of the claims he presented in his petition. However, he did not present this argument to the circuit court. Therefore, it is not properly before this court. *See Whitehead v. State*, 593 So.2d 126 (Ala. Crim. App. 1991).

For the above-stated reasons, we affirm the circuit court's judgment.

*Respondents' Exhibit E - Court Doc. No. 15-10* at 2-4 (footnote omitted).

The Alabama Court of Criminal Appeals denied Burden's application for rehearing on July 1, 2005. *Burden v. State*, 945 So.2d 1101 (Ala. Crim.App. 2005). Burden then filed a petition for writ of certiorari with the Alabama Supreme Court in which he presented seven issues for review. Specifically, Burden argued that: (1) the trial court erred in dismissing his Rule 32 petition without an evidentiary hearing as the judge assigned such petition was not the judge who presided at petitioner's trial; (2) the trial court erred in finding petitioner entitled to no relief on his claims of ineffective assistance of trial and appellate counsel; (3) trial and appellate counsel deprived petitioner effective assistance by failing to challenge the sufficiency of the evidence; (4) the trial court erred in its instruction to the jury on acquittal beyond a reasonable doubt; (5) the trial court was without jurisdiction to enter judgment or impose sentence; (6) the trial court erred in summarily dismissing his Rule 32 petition without merit; and (7) the State failed to prove entitlement to judgment in its favor on the Rule 32 petition. *Respondents' Exhibit Y - Court Doc. No. 15-14* at 4-6. On October 14, 2005, the Alabama Supreme Court denied the request for writ

of certiorari. *Ex parte Burden*, 954 So.2d 624 (Ala. 2005).

Burden initiated this 28 U.S.C. § 2254 action on November 22, 2005 and thereafter filed amendments to his initial petition in which he asserts the following claims for relief:

1.      Trial and appellate counsel failed to challenge the sufficiency of the evidence as the State did not prove the element of intent or that petitioner intentionally acted to cause the death of the victim where the evidence indicated no bad blood or ill will between the petitioner and the victim.

2.      The trial court was without jurisdiction to render judgment or impose conviction and denied petitioner a fair trial due to the erroneous and misleading jury instruction on acquittal beyond a reasonable doubt as acquittal may be based on the evidence adduced, any part of the evidence or a lack of evidence whereas the jury instruction merely stated that if the State had not met its burden of establishing guilt beyond a reasonable doubt then the jury must acquit and thereafter referenced the use of all other evidence or lack of evidence when addressing testimony provided by the defendant.[3]

3.      Trial counsel failed to object to the erroneous and misleading jury instruction on acquittal

---

[3]The court has carefully reviewed the reasonable doubt charge challenged by Burden and the jury instructions as a whole. Upon such review, it is clear that the reasonable doubt instruction provided by the trial court did not mislead the jury as to the State's burden of proof. The instruction given by the court clearly and correctly advised the jury that it could convict Burden only if the State had proven his guilt beyond a reasonable doubt. There is no "reasonable likelihood" that the jury understood the instruction to lower the required threshold of proof. *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 482 (1991); *Victor v. Nebraska*, 511 U.S. 1, 5-6, 114 S.Ct. 1239, 1243 (1994) ("The constitutional question ... is whether there is a reasonable likelihood that the jury understood the instruction to allow conviction based on [insufficient] proof...."). Thus, the challenged instruction did not deprive Burden of any constitutional right.

beyond a reasonable doubt.[4]

4.    The trial court lacked jurisdiction to impose an enhanced sentence because the State failed to provide proper notice of its intent to proceed under the Habitual Felony Offender Act due to a lack of service of the notice personally on the petitioner and the failure of the State to provide certified copies at sentencing of all noticed prior convictions.[5]

---

[4]The reasonable doubt charge did not run afoul of the Constitution. *Infra* n.3. Hence, no basis existed for a challenge to this instruction.

[5]Murder is a Class A felony, *Ala. Code* § 13-6-2(c), and, without aggravating circumstances or enhancement under the Habitual Felony Offenders Act, *Ala. Code* § 13A-5-9, *et seq.*, the punishment allowed for such offense is imprisonment "for life or not more than 99 years or less than 10 years." In all cases where the petitioner "has been previously convicted of any three felonies[,]" none of which is a Class A felony, and is thereafter convicted "of a Class A Felony, ... he ... must be punished by imprisonment for life or life without the possibility of parole, in the discretion of the trial court." *Ala. Code* § 13A-5-9(c)(3). The State provided petitioner, through his counsel, notice of intent to proceed under the Habitual Felony Offender Act and listed five (5) prior felony convictions, none of which constituted a Class A felony, on which it could possibly rely for purposes of sentence enhancement under such Act. *Respondents' Exhibit D - Court Doc. No. 15-9* at 11*; Respondents' Exhibit A1 (Volume I of Trial Transcript) - Court Doc. No. 47-2* at 74. Counsel for petitioner acknowledged receipt of this notice by his signature on the notice. *Id.* It is therefore clear that petitioner, through his counsel, received adequate notice of the State's intention to seek enhancement of his sentence under the provisions of the Habitual Felony Offender Act. Additionally, during trial while in discussions regarding use of prior convictions for impeachment purposes, counsel again acknowledged he had been served with the State's notice of intent to seek sentence enhancement under the Habitual Felony Offender Act. *Respondents' Exhibit A (Volume II of Trial Transcript) - Court Doc. No. 15-4* at 33-34. During his testimony at trial, the petitioner admitted conviction of assault in 1995. *Id.* at 86. Under well settled Alabama law, when a defendant "admits prior felony convictions, they are deemed proven for purposes of § 13A-5-9, *Ala. Code* 1975." *Kaska v. State*, 740 So.2d 475, 477 (Ala.Cr.App. 1998); *Ex parte Chambers*, 522 So.2d 313 (Ala. 1987) (defendant's admission of prior felony convictions sufficient proof for purposes of sentence enhancement under the Habitual Felony Offender Act); *Whitt v. State*, 461 So.2d 29, 30 (Ala.Cr.App. 1984) (stipulation of prior felony convictions by a defendant sufficiently admits all elements necessary to prove the convictions and such stipulation relieves the State of the burden of otherwise proving the prior convictions); *Burrell v. State*, 429 So.2d 636, 640 (Ala.Cr.App. 1982) (same). The record demonstrates that this conviction was for second degree assault, a Class C felony. *Ala. Code* § 13-6-21(b). At sentencing, the State produced certified copies of two convictions imposed upon Burden in 1992 for third degree burglary. *Respondents' Exhibit D - Court Doc. No. 15-9* at 45 and 48; *Wright v. State*, 709 So.2d 1318, 1320 (Ala.Crim.App. 1997) (proper method for proving prior felony convictions is introduction of certified copies of such convictions). "Burglary in the third degree is a Class C felony." *Ala. Code* § 13A-7-7(b). Although the State also submitted copies of documents indicating two other prior felony convictions for first degree theft of property and first degree receiving stolen property, it does not appear that these documents bear the proper form of certification such that they could be utilized for purposes of sentence enhancement. *Wright*, 709 So.2d at 1320 (noting a certified copy is one signed and certified as a true copy by the officer having lawful custody of the original). Nevertheless, based

14

5.      Trial counsel (i) failed to object to the jurisdiction of the trial court to impose sentence under the Habitual Felony Offender Act as the State failed to provide certified copies of each prior felony conviction listed in the notice of intent to seek enhanced sentence, (ii) failed to investigate the record to determine validity of the noticed prior felony convictions, and (iii) failed to challenge the adequacy of the notice of prior convictions as the record fails to show petitioner personally received a copy of the notice.

6.      Trial counsel provided ineffective assistance because he failed to make an objection to application of the Habitual Felony Offender Act under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004) as petitioner's prior convictions could not be used for purposes of sentence enhancement because these convictions had not been alleged in the indictment and proven to the jury beyond a reasonable doubt.[6]

7.      Petitioner was denied equal protection and due process when the forensic expert did not testify to her written report identifying cause and

_____

on Burden's admission of one prior felony conviction for second degree assault and the submission of certified copies of two other prior felony convictions for theft and receiving stolen property, the State properly proved three prior felony convictions on which the trial court could rely for enhancement of his sentence. Thus, "imprisonment for life or life without the possibility of parole" constituted the possible range of enhanced punishment for Burden. *Ala. Code* § 13A-5-9(c). It is therefore clear that the trial court did not err in imposing a sentence of life imprisonment upon Burden. Accordingly, with respect to Burden's claims of ineffective assistance of counsel regarding this issue, any objection by trial counsel or issue raised by appellate counsel would have again been meritless.

[6]This claim is foreclosed by the decision of the United States Supreme Court in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). In this case, the Supreme Court held that a defendant's prior felony convictions may be used to enhance his sentence without having been alleged in the indictment or proved to the trier of fact beyond a reasonable doubt. *Almendarez-Torres*, 523 U.S. at 244-246. The Supreme Court has not specifically overruled *Almendarez-Torres* and it therefore remains binding precedent. *United States v. Greer*, 440 F.3d 1267, 1273 (11th Cir. 2006).

15

manner of death, i.e., shotgun wound to the head by homicide, which was admitted into evidence by stipulation of the parties.

8.  Trial counsel failed to subpoena the forensic expert to testify to the contents of her written report with respect to the manner and cause of death and did not object to the absence of the forensic expert subpoenaed by the State. Appellate counsel failed to present this issue in a motion for new trial so as to preserve such issue for review on direct appeal.

9.  Trial counsel failed to object to submission of evidence by the State when no proper chain of custody had been established. Appellate counsel failed to present a chain of custody issue in a motion for new trial so as to preserve the issue for review on direct appeal.

10. The trial court erred in dismissing the Rule 32 petition because the judge assigned the petition did not have personal knowledge of the trial as he did not preside over the original trial.

11. The trial court erred when it refused to charge the jury on the lesser included offense of criminally negligent homicide.

12. The trial court erred and deprived petitioner of a fair trial when it provided an erroneous and misleading instruction to the jury on the law of accident.

13. Trial counsel was ineffective for failing to file a timely motion for severance of petitioner's case from that of his co-defendant.

14. Appellate counsel was ineffective because

counsel (i) failed to file a motion in accordance with state law as established in *Ex parte Ingram*, 675 So.2d 863 (Ala. 1996), in order to raise claims of ineffective assistance of trial counsel in a motion for new trial before the trial court, (ii) raised issues on appeal which had not been preserved for review by proper objection at trial, (iii) did not undertake an adequate investigation of petitioner's case or transcript, (iv) failed to know applicable law, and (v) failed to present meritorious claims in a properly filed motion for new trial.

15. An alternate juror and jury member failed to respond properly to voir dire questions regarding their familiarity and/or relationships with Jeanette Baker, a witness for the State and aunt of the victim, or members of her extended family.[7]

16. Trial counsel failed to object to the court's failure to give the petitioner's requested jury charge on reckless manslaughter.

17. Trial counsel erred by rejecting the court's offer to charge the jury on manslaughter.[8]

18. This court's failure to address his claims will result in a fundamental miscarriage of justice because the testimony of petitioner at trial

---

[7]On direct appeal, Burden's co-defendant, Tony Burden, challenged these actions of the jurors.  The Alabama Court of Criminal Appeals determined that the claims entitled Tony Burden to no relief.  *Respondents' Exhibit B - Court Doc. No. 15-6* at 2-4.

[8]At the time of the trial court's offer to charge the jury on manslaughter, counsel informed the court he had previously discussed the possibility of this charge with Burden at which time Burden advised counsel not to request the charge.  *Respondents' Exhibit A (Volume II of Trial Transcript) - Court Doc. No. 15-5* at 15.  During the colloquy with the trial court regarding a charge on manslaughter, Burden advised the court that he "did not want to ask for it."  *Id.*  Burden cannot now benefit from an alleged error of trial strategy which he created.

equally evidenced manslaughter.

19.    Any purported procedural default relative to trial
       or direct appeal is due to ineffective assistance of
       trial and appellate counsel.

In their answers to the petition, as amended, the respondents argue that the claims

pending before this court entitle Smith to no relief.  Specifically, the respondents contend

the majority of Burden's claims for federal habeas relief are procedurally barred from

review because Burden failed to present these claims to the state courts in accordance with

the State's procedural rules either at trial, on direct appeal or in post-conviction

proceedings.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732-1733 (1999)

("[S]tate prisoners must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate

review process," including review by the state's court of last resort, even if review in that

court is discretionary.); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) ("Nothing in

*Boerckel's* reasoning suggests that a different rule should apply in state post-conviction

appeals as opposed to direct appeals."); *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir.

2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002) ("Alabama's

discretionary direct review procedures bring Alabama prisoner habeas petitions within the

scope of the *Boerckel* rule."); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002);

*Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000);

*Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Atkins v. Singletary*, 965 F.2d 952,

955 (11th Cir. 1992); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990).  The respondents further argue that Burden has failed to meet the requisite burden of proof on his fundamental miscarriage of justice claim as he has presented no new, reliable evidence not available to him at the time of trial demonstrating his factual innocence, and, instead relies on the same evidence and arguments presented in his defense at trial.  *Bousley v. United States*, 523 U.S. 614, 623-624 (1998); *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  In addition to the foregoing arguments, the respondents likewise argue that Burden's claims attacking the validity of jury instructions and his challenges to actions of the trial court in dismissing his Rule 32 petition present issues of state law which provide no basis for federal habeas relief.  *Estelle v. McGuire*, 502 U.S. 62 (1991); *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988).  Finally, the respondents maintain and the law is clear that any issues fully exhausted in and addressed by the state courts do not entitle Burden to federal habeas relief where the state courts properly adjudicated these claims on the merits.  *Price v. Vincent*, 538 U.S. 634, 123 S.Ct. 1848, 1852 (2003); *Williams v. Taylor*,529 U.S. 362, 120 S.Ct. 1495 (2000).

Upon review of the initial § 2254 petition, the amendments to this petition, the answers of the respondents, Burden's responses to the answers, the state court record, opinions issued by the state courts, and applicable federal law, this court finds that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the petition is due to be denied.

19

## II.  DISCUSSION

### A.  Actual Innocence - Independent Claim

Throughout the pleadings filed in this case, Burden presents arguments relative to his actual innocence of murder.  Burden bases these arguments on evidence presented at trial which indicated he did not intend to kill the victim because his shooting of the victim was simply an accident.  The law is well settled "that '[c]laims of actual innocence ... have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.'  *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993).  It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence [presented at trial or] that has emerged since the trial.  'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.'  *Id.*"  *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).  Thus, under the law, Burden is entitled to no relief from this court on any substantive claim of actual innocence.

### B.  Lack of Jury Charge on Lesser Included Offense

Burden complains that the trial court erred when it refused to charge the jury on the lesser included offense of criminally negligent homicide.  During the charge conference, Burden requested that the trial judge charge the jury on this lesser included offense. *Respondents' Exhibit A (Trial Transcript Volume II) - Court Doc. No. 15-5* at 13.  The trial

judge refused this charge because the evidence failed to provide a basis on which "the jury could find ... negligence." *Id*. at 14.  On direct appeal, counsel argued that the trial court erred in failing to give a charge on criminally negligent homicide.  The Alabama Court of Criminal Appeals addressed the merits of this claim adversely to the petitioner.  Specifically, the appellate court determined the evidence failed to warrant an instruction on criminally negligent homicide.  *Respondents' Exhibit B - Court Doc. No. 15-6* at 6-8.

The instant petition for federal habeas relief is governed by 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act.  "A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)." *Price*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852; *Williams*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518.  Under the requisite provisions of 28 U.S.C. § 2254(d), with respect to a claim adjudicated on the merits in state court, federal habeas relief from a state court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams*, the Supreme Court held:

> Under the "contrary to" clause a federal court may grant the writ if the state court arrives at a conclusion opposite to that

21

> reached by this Court on a question of law or if the state court
> decides a case differently than this Court has on a set of
> materially indistinguishable facts.  Under the "unreasonable
> application" clause, a federal habeas court may grant the writ
> if the state court identifies the correct governing legal principle
> from this Court's decisions but unreasonably applies that
> principle to the facts of the prisoner's case.

529 U.S. at 412-413, 120 S.Ct. at 1523.

The Court subsequently explained that habeas relief is appropriate when a petitioner demonstrates "that a decision by a state court is 'contrary to' ... clearly established [Supreme Court] law if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.' *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000)." *Price*, 538 U.S. at 640, 123 S.Ct. at 1853. Additionally, federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable in the light of clearly established federal law. *Williams*, [529 U.S. at 409],120 S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing *Williams*, *supra* ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'"). Thus, a federal court is not to decide "the correctness *per se* ... of the state court decision" but only the "objective reasonableness" of such decision. *Brown v. Head*, 272 F.3d 1308, 1313 (11th

22

Cir. 2001).  Moreover, "an **unreasonable** application of federal law is different from an **incorrect** application of federal law."  *Williams*, 529 U.S. at 410, 120 S.Ct. at 1522 (emphasis in original).  "Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  529 U.S. at 411, 120 S.Ct. at 1522.

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)."  *Price*, 538 U.S. at 639, 123 S.Ct. at 1852.  The Supreme Court admonishes that such *de novo* evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)...."  538 U.S. at 636, 123 S.Ct. at 1851.

Burden maintains that the trial judge erred in refusing to charge the jury on the lesser included offense of criminally negligent homicide.  A state trial court's refusal to give a requested instruction does not, standing alone, warrant federal habeas corpus relief.  The

23

refusal to give the instruction must so infect the entire trial that the defendant was deprived of his right to a fair trial guaranteed by the Due Process Clause of the Fourteenth Amendment. *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977); *Cupp v. Naughten*, 414 U.S. 141, 147-148 (1973). "[E]rrors in state jury instructions are federal constitutional issues only where they render the entire trial fundamentally unfair. *Jones v. Dugger*, 888 F.2d 1340, 1343 (11th Cir.1989)." *Erickson v. Secretary for the Dept. of Corrections*, 243 Fed. Appx. 524, 528 (11th Cir. 2007). The evidence presented demonstrated Burden was aware of the risk associated with arming himself with a loaded shotgun and proceeding into a large crowd of people in search of confrontation. There is nothing before this court to show that lack of a jury instruction on criminally negligent homicide rendered Burden's trial fundamentally unfair. Consequently, Burden has failed to meet his burden of establishing a constitutional violation arising from the lack of the requested instruction.

In addition, the court concludes that the state courts did not decide Burden's challenge to the lack of an instruction on criminally negligent homicide "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state courts apply a rule that contradicts governing federal law. *Williams*, 529 U.S. at 413, 120 S.Ct. at 1523. Consequently, the rejection of this claim by the state courts was not contrary to actual Supreme Court decisions. Further, a thorough review of the evidentiary materials submitted in this case establishes that the state court's denial of Burden's jury charge was objectively reasonable and likewise constituted a reasonable

determination of the facts in light of the evidence presented by the parties.  Thus, Burden is not entitled to relief from this court on his claim challenging the trial court's refusal to charge the jury  on criminally negligent homicide as the state courts properly adjudicated this claim on the merits.

### C.  Denial of Rule 32 Petition

Burden contends the trial court erred in dismissing his Rule 32 petition because the judge assigned the petition had no personal knowledge of the case as he did not preside over the murder trial.  Burden also complains the trial court failed to order an evidentiary hearing on the Rule 32 petition and dismissed the petition without making specific findings of fact on the issues presented.  Burden therefore maintains that the actions of the trial court in summarily dismissing his Rule 32 petition denied him due process.  Neither adjudication of a state post-conviction petition by a judge not the trial judge, the failure of a state court to conduct an evidentiary hearing on such a petition nor summary dismissal of the petition implicates the Constitution as states have no obligation to provide this avenue of relief, and when they do, nothing in the Constitution requires that a particular state judge preside over such proceeding, an evidentiary hearing be held or a particular type of order be entered denying the petition.  *See Murray v. Giarratano*, 492 U.S. 1, 6-8, 109 S.Ct. 2765, 2768-2769 (1989); *Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S.Ct. 1990, 1994 (1987); *Golston v. Attorney General of the State of Alabama*, 947 F.2d 908, 911 (11th Cir. 1991).

To the extent Burden bases these claims on alleged violations of state law, he is

likewise entitled to no relief.   *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal

habeas corpus relief does not lie for errors of state law."); *Beverly v. Jones*, 854 F.2d 412

(11th Cir. 1988).  On appeal from denial of the Rule 32 petition, the Alabama Court of

Criminal Appeals determined that the actions of the trial court in summarily denying the

Rule 32 petition did not violate state law.  "[A] state court's interpretation of its own laws

or rules provides no basis for federal habeas relief, since no question of a constitutional

nature is involved."  *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992);

*Carrizales v. Wainwright*, 699 F.2d 1053, 1054-1055 (11th Cir. 1983) ("Questions of pure

state law do not raise issues of constitutional dimension for federal habeas corpus

purposes....  [Any claim based on] interpretation of ... [a state's] laws or rules provides no

basis for federal habeas corpus relief, since no question of a constitutional nature is

involved.").  "Federal courts entertaining petitions for writs of habeas corpus must follow

the state court's interpretation of a state law absent a constitutional violation."  *Hunt v.

Tucker*, 93 F.3d 735, 737 (11th Cir. 1996); *Walton v. Attorney General of the State of

Alabama*, 986 F.2d 472, 475 (11th Cir. 1993) (federal court is bound by decision of state

court that no state law has been violated).  Burden has failed to show that the Alabama

appellate court's construction of Alabama law violated his federal right to due process.  In

light of the foregoing, Burden is due no relief with respect to his claims challenging the

trial court's summary dismissal of his Rule 32 petition as these claims fail to implicate

denial of any constitutionally protected right.

### D.  Failure of Trial and Appellate Counsel to Challenge Sufficiency of Evidence

Burden argues trial and appellate counsel provided ineffective assistance because they failed to challenge the sufficiency of the evidence.  In support of this claim, Burden asserts the evidence failed to show he intended to kill the victim.  Initially, the court notes that trial counsel did challenge the sufficiency of the evidence at the close of the State's case by way of a motion for directed verdict which the trial court denied.  *Respondents' Exhibit A (Trial Transcript Volume II) - Court Doc. No. 15-4* at 34-35.  On December 30, 2002, trial counsel also filed a motion for judgment of acquittal/motion for new trial in which he again challenged the sufficiency of the evidence.  *Respondents' Exhibit A1 (Trial Transcript Volume I) - Court Doc. No. 47-3* at 1.[9]  The trial court issued an order denying this motion on January 30, 2003.  *Id*. at 6.  Thus, Burden's claim that trial counsel failed to challenge the sufficiency of the evidence is wholly without factual basis.  Moreover, this court finds that the State presented sufficient evidence to support a finding of guilt.

The standard for assessing a petitioner's challenge to the sufficiency of the evidence is "whether, after viewing the evidence in a light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  The *Jackson* inquiry does not focus on whether the trier of fact made the *correct* guilt or

---

[9]Although the respondents failed to provide an alphabetical identification for this exhibit, the court assigned the exhibit designation A1 for purposes of this Recommendation.

innocence determination but whether it made a ***rational*** decision to convict or acquit. *Herrera v. Collins*, 506 U.S. 390, 402 (1993). Although a jury "may not base a verdict on mere speculation," it may permissibly draw a vast range of inferences from the evidence. *United States v. Long*, 905 F.2d 1572, 1576 (D.C. Cir. 1990). Further, to be sufficient, the "evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *United States v. Harrell*, 737 F.2d 971, 979 (11th Cir. 1984).

As previously noted:

> A person commits the crime of murder ... if [w]ith intent to cause the death of another person, he causes the death of that person or of another person ....

*Ala. Code* § 13A-6-2(a)(1). Upon an independent and thorough review of the trial transcript, it is clear that the evidence presented, when viewed in a light most favorable to the prosecution, was sufficient to support a finding of guilt by the jury. Specifically, the State presented evidence that Burden, upon encouragement from his nephew, shot the victim in the head with a shotgun causing the victim's death. "The question of whether a defendant had the specific intent to commit a murder may be gleaned from the circumstances surrounding the offense and therefore constitutes a matter best suited to a jury's determination. *Peraita [v. State]*, 897 So.2d [1161,] 1210-11 [(Ala.Cr.App. 2003)]." *Brown v. State*, 982 So.2d 565, 597 (Ala.Crim.App. 2006). The law is well settled that "'intent to cause the death of the deceased may be inferred from the character of the assault,

the use of a deadly weapon and all other attending circumstances surrounding the death of the deceased.'" *Fears v. State*, 451 So.2d 385, 387 (Ala.Cr.App. 1984); *Jones v. State*, 591 So.2d 569, 574 (Ala.Cr.App. 1991) ("'[T]he element of intent, being a state of mind or mental purpose, is usually incapable of [direct] proof, [and] it may be inferred from the character of the assault, the use of a deadly weapon and other attendant circumstances.' *Johnson v. State*, 390 So.2d 1160, 1167 (Ala.Cr.App.), *cert. denied* 390 So.2d 1168 (Ala. 1980)."); *Bishop v. State*, 482 So.2d 1322, 1326 (Ala.Cr.App. 1985) (intent presumed from use of deadly weapon and from character of assault, including nature and amount of force used against the victim). Thus, a rational trier of fact could have concluded that the State proved beyond a reasonable doubt each and every element of murder so as to support Burden's conviction for this offense. Since the State presented evidence sufficient to support the jury's verdict, neither trial nor appellate counsel can be deemed ineffective for their failure to raise an issue related to the sufficiency of the evidence. *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance."). Consequently, Burden is entitled to no relief on his claims challenging the performance of his attorneys on this ground.

### E. Procedurally Defaulted Claims [10]

---

[10]Additionally, as previously noted, *infra* n.4 through n.8, several of the procedurally defaulted claims are also without merit.

The remaining claims presented by Burden in his petition for habeas corpus relief are procedurally defaulted as Burden failed to present these claims to the state courts in accordance with the State's applicable procedural rules. *O'Sullivan v. Boerckel*, *supra*.; *Henderson*, 353 F.3d 880, 891 (11th Cir. 2003); *Pruitt v. Jones*, 348 F.3d at 1358-1359. Upon thorough review of the answers filed by the respondents and the state court records submitted by the parties, the court notes the relevant procedural defaults as follows:

(a) The claims challenging the trial court's jury instructions on accident and acquittal beyond a reasonable doubt, the allegation regarding a lack of jurisdiction by the trial court to impose an enhanced sentence and the assertion of constitutional deprivations arising from a lack of testimony by the forensics expert are procedurally defaulted because the last state court to render judgment on these issues determined that Burden procedurally defaulted these claims under applicable state rules. *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992) (citations omitted) ("Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief."). Specifically, on direct appeal, the Alabama Court of Criminal Appeals held that Burden's challenge to the jury instruction on the law of accident was not properly preserved for review. *Respondents' Exhibit B - Court Doc. No. 15-6* at 6. Additionally, on appeal from denial of the Rule 32 petition, the Alabama Court of Criminal Appeals held that the claims attacking the jury instruction on acquittal

30

beyond a reasonable doubt, enhancement of the sentence and lack of testimony by the forensic pathologist were "precluded because [Burden] could have raised them at trial and on [direct] appeal, but did not." *Respondents' Exhibit E - Court Doc. No. 15-10* at 4.

(b) The claims of ineffective assistance of trial counsel with respect to counsel's failure to (i) object to the instruction on acquittal beyond a reasonable doubt, (ii) challenge the jurisdiction of the trial court to impose sentence under the Habitual Felony Offender Act due to alleged defects in the notice and proof of prior convictions, (iii) present objections to sentence enhancement based under the decisions of *Apprendi* and *Blakely*, (iv) subpoena the forensic expert, (v) object to submission of evidence by the State when no proper chain of custody had been established, (vi) file a motion for severance of petitioner's trial from that of his co-defendant, (vii) object to the court's failure to give petitioner's requested charge on reckless manslaughter, and (viii) accept the trial court's offer to instruct the jury on manslaughter, and the claims of ineffective assistance of appellate counsel for counsel's failure to (i) file a motion for new trial to preserve the forensic expert, chain of custody and ineffective assistance of counsel claims for purposes of direct appeal, (ii) undertake an adequate investigation, and (iii) understand applicable law, and his raising an issue not preserved for review on direct appeal are procedurally defaulted as Burden failed to pursue these specific claims in accordance with applicable state procedural rules at each stage of the Rule 32 proceedings, including the failure to present such claims in his petition for writ of certiorari with the Alabama Supreme Court. *O'Sullivan v. Boerckel*,

31

526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-

1146 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002);

*Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d

1243, 1254 n. 9 (11th Cir.), *cert. denied*, 531 U.S. 1017 (2000); *Collier v. Jones*, 901 F.2d

770, 773 (11th Cir. 1990).

(c) The claims regarding juror misconduct are procedurally defaulted as Burden

failed to raise these claims on direct appeal of his murder conviction.

(d) To the extent Burden presents claims of ineffective assistance of trial and/or

appellate counsel as cause for each procedural default, the claims are procedurally

defaulted either for the reasons herein above set forth or due to Burden's failure to raise the

specific claim of ineffective assistance in his Rule 32 petition.

This court may reach the merits of Burden's procedurally defaulted claims "only in

two narrow circumstances.  First, a petitioner may obtain federal review of a procedurally

defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting

from the default.  *See Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91

L.Ed.2d 397 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)]....  Second, a federal

court may also grant a habeas petition on a procedurally defaulted claim, without a showing

of cause or prejudice, to correct a fundamental miscarriage of justice.  *Murray*, 477 U.S.

at 495-96, 106 S.Ct. at 2678.  A 'fundamental miscarriage of justice' occurs in an

extraordinary case, where a constitutional violation has resulted in the conviction of

someone who is actually innocent.  *Id*.”  *Henderson*, 353 F.3d at 892.

## 1. __Cause and Prejudice__.

> “To establish ‘cause’ for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court.”  *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir.1999).  To establish “prejudice,” a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.  *Id.*; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892.  In an attempt to meet this burden, Burden complains that he received ineffective assistance of counsel at trial and on direct appeal.

As previously determined, Burden is procedurally defaulted on his claims of ineffective assistance of trial and appellate counsel as he failed to pursue these claims in the state courts in available state proceedings.  Ineffective assistance of counsel will excuse a procedural default only when the ineffective assistance claim itself has been independently and properly raised in the state courts.  *Murray*, 477 U.S. at 489 (“a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.”); *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996) (a procedurally defaulted claim of ineffective assistance of counsel cannot serve as cause to excuse the default of a separate claim).  Thus, such claims cannot constitute cause necessary to excuse Burden’s procedural defaults.  Moreover, the court finds that none of the allegations of ineffective assistance of trial and appellate counsel in any way justify Burden’s failure to properly exhaust the vast majority of his

procedurally defaulted claims during the Rule 32 proceedings.

Based on the foregoing, the court concludes that Burden has failed to demonstrate cause for his failure to present his federal habeas claims to the state courts in compliance with applicable procedural rules.  Furthermore, Burden has presented nothing which establishes the existence of actual prejudice emanating from infringement of federal law. Nevertheless, this court may still reach the merits of Burden's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice

**2. <u>Fundamental Miscarriage of Justice</u>**.  Throughout his pleadings in this court, Burden argues he is not guilty of murder and maintains this court should therefore address his claims to avoid a fundamental miscarriage of justice.  The basis for this claim is Burden's assertion that he did not intend to kill the victim as his shooting the victim was merely an accident --the same defense on which Burden relied at trial.

The miscarriage of justice standard is directly linked to actual innocence.  *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted.  *Id.* at 315.  This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, *supra*.  "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.'  *Schlup*

*v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley*

*v. United States*, 523 U.S. 614, 623 (1998).  "[T]he *Schlup* standard is demanding and

permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538, 126

S.Ct. 2064, 2077 (2006).  Thus, "[i]n the usual case the presumed guilt of a prisoner

convicted in state court counsels against federal review of defaulted claims."  547 U.S. at

537, 126 S.Ct. at 2077.  "It is important to note in this regard that 'actual innocence' means

factual innocence, not mere legal insufficiency.  *See Sawyer v. Whitley*, 505 U.S. 333, 339,

112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe*

*v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a

federal district] court is not legal innocence but factual innocence."). *Schlup* observes that

"a substantial claim that constitutional error has caused the conviction of an innocent

person is extremely rare....  To be credible, such a claim requires petitioner to support his

allegations of constitutional error with ***new reliable evidence*** -- whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that

was not presented at trial.  Because such evidence is obviously unavailable in the vast

majority of cases, claims of actual innocence are rarely successful."  513 U.S. at 324

(emphasis added).

  The instant claim of innocence is based on the same defense and evidence presented

by Burden at trial.  The jury rejected this argument and found Burden guilty of murder.

Burden has failed to make the requisite showing of actual innocence as he has presented

no "new reliable evidence" nor do his allegations suggest that any such evidence exists which could satisfy the stringent standard set forth in *Schlup*.  Burden's procedurally defaulted claims are therefore foreclosed from federal habeas review.

In addition, the court notes that had Burden properly preserved his claims of ineffective assistance of counsel  such claims would entitle him to no relief from this court. Other than his claim challenging the failure of trial and appellate counsel to challenge the sufficiency of the evidence, Burden did not present specific claims of ineffective assistance of trial or appellate counsel in his petition for writ of certiorari to the Alabama Supreme Court during the appeal of his Rule 32 petition.  However, on the initial appeal from the trial court's denial of the Rule 32 petition, the Alabama Court of Criminal Appeals addressed the merits of Burden's claims of ineffective assistance of trial and appellate counsel.  The appellate court determined that Burden's allegations of ineffective assistance of trial counsel and his claims that "appellate counsel rendered ineffective assistance because he did not know applicable law regarding post-trial procedure, did not raise various issues in a motion for new trial, did not challenge the sufficiency of the evidence on direct appeal, and raised issues on direct appeal that had not been preserved for appellate review ... consisted of bare allegations that [petitioner] did not adequately support" and, therefore, entitled the petitioner to no relief as he failed to satisfy his pleading burden.  *Respondents' Exhibit E - Court Doc. No. 15-10* at 2-3.  With respect to the claims challenging the failure of appellate counsel to preserve issues by filing a motion for new trial and/or filing a

motion to extend the time for filing a motion for new trial, the appellate court determined these claims were "without merit" because appellate counsel did not have access to the record on appeal within the time allowed for filing a motion for new trial and state law no longer provided counsel the opportunity to move for suspension of the 30-day jurisdictional time limit applicable to filing a motion for new trial.  *Id.* at 3-4.  Thus, even if the claims of ineffective assistance of trial and appellate counsel were properly before this court for review, such review would be severely limited by the directives of 28 U.S.C. § 2254(d)(1) and (2).  *Price*, 538 U.S. at 640, 123 S.Ct. at 1853; *Williams v. Taylor*, 529 U.S. at 405-409, 120 S.Ct. at 1519-1521; *Hawkins*, 318 F.3d at 1310.

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial.  The clearly established federal law applicable to claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  A habeas petitioner must satisfy the requirements of a two-pronged test to prevail on his claims of ineffective assistance of counsel.  First, the petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness."  *Strickland* 466 U.S. at 688.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  *Id.*  Once this threshold test is met, the petitioner must then show that the deficient performance of his counsel prejudiced his defense.  *Id.* at 687.  To establish prejudice, the petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Id.* at 694.   Unreliability or unfairness does not result if counsel's ineffectiveness did not deprive the petitioner of any substantive or procedural right to which the law entitles him. *Williams*, 529 U.S. at 393 n. 17 (2000). There is a strong presumption that counsel's performance was reasonable and adequate and great deference is shown to choices dictated by reasonable trial and appellate strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).

The test used to evaluate a petitioner's claims of ineffective assistance of trial counsel applies equally to an analysis of claims of ineffective assistance of appellate counsel. *Jackson v. Dugger*, 931 F.2d 712, 715 (11th Cir. 1991). Appellate counsel cannot be deemed ineffective for failing to raise meritless claims on appeal. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000); *Bolender*, 16 F.3d at 1573 (failure of counsel to raise meritless issues does not constitute ineffective assistance).

The Alabama Court of Criminal Appeals did not decide Burden's claims of ineffective assistance of trial and appellate counsel "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state appellate court apply a rule that contradicts governing federal law. *Williams*, 529 U.S. at

413, 120 S.Ct. at 1523.  Consequently, the rejection of these claims by the Alabama Court of Criminal Appeals was not contrary to actual Supreme Court decisions.  Moreover, a thorough review of the evidentiary materials submitted in this case establishes that the state court's denial of Burden's ineffective assistance of trial and appellate counsel claims was objectively reasonable as Burden failed to show that the performance of either counsel fell below a subjective standard of reasonableness or that their actions in any way prejudiced his case.  It is therefore likewise clear from such review that the decision issued by the Alabama Court of Criminal Appeals likewise constituted a reasonable determination of the facts in light of the evidence presented by the parties.

In light of the foregoing and assuming *arguendo* that Burden had not procedurally defaulted his claims of ineffective assistance of counsel, these claims nonetheless entitle Burden to no relief as the state courts properly adjudicated the claims on the merits.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief filed by Andrew Phillip Burden be DENIED.

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that on or before October 16, 2008 the parties may file objections to the Recommendation.  Objections   must   specifically   identify   the   findings   in   the

39

Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in this Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981.)

DONE, this 3rd day of October, 2008.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE