IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW PHILLIP BURDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:05-CV-1128-WKW |
| | ) | [wo] |
| KENNETH JONES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**<u>ORDER</u>**

On October 3, 2008, the Magistrate Judge filed a Recommendation that the court deny Petitioner Andrew Phillip Burden's ("Mr. Burden") 28 U.S.C. § 2254 petition and dismiss this action with prejudice. (Doc. # 48.) Mr. Burden filed objections on October 16, 2008, challenging the Magistrate Judge's Recommendation as to "issues A [and] B." (Doc. # 49.) Mr. Burden argues, first, that his murder conviction "cannot be upheld" because there is no direct evidence that he "intended to kill [the] victim," and, second, that the resultant "accidental" shooting presents a "clear case of manslaughter," but not murder. (Doc. # 49 at 1-2.) Mr. Burden, therefore, says that his § 2254 petition should be granted. (Doc. # 49 at 1.)

Having conducted an independent and *de novo* review of those portions of the Recommendation to which objections are made, 28 U.S.C. § 636(b)(1)(C), the court finds that the objections are without merit. Mr. Burden's first argument plows no new ground; it is addressed fully and soundly in the Magistrate Judge's Recommendation. (*See, e.g.*, Doc.

# 48 at 20 (concluding that Mr. Burden's substantive claim of actual innocence, based "on evidence presented at trial which indicated he did not intend to kill the victim because his shooting of the victim was simply an accident," failed to present a proper basis for federal habeas relief); Doc. # 48 at 28 ("[V]iewed in a light most favorable to the prosecution," the evidence and its reasonable inferences showed "that [Mr.] Burden, upon encouragement from his nephew, shot the victim in the head with a shotgun causing the victim's death" and were "sufficient to support a finding of guilt by the jury.").)

Turning to Mr. Burden's contention that the evidence supports only a conviction for manslaughter, this precise argument presents an entirely new and, resultantly, untimely claim. To the extent, however, that the argument challenges the jury's finding that Mr. Burden was guilty of murder, that the trial court erred in denying his requested charge on the lesser included offense of criminally negligent homicide, or that counsel was ineffective for failing to request a jury charge on manslaughter, the Magistrate Judge applied the appropriate standards of review and correctly resolved these issues against Mr. Burden. (*See, e.g.*, Doc. # 49 at 17 n.8, 20-25, 28-29, 31-39.) Mr. Burden simply has not demonstrated any legal or factual error in the Recommendation. Accordingly, it is ORDERED as follows:

    1.    Mr. Burden's objections (Doc. # 49) are OVERRULED.

    2.    The Recommendation (Doc. # 48) is ADOPTED.

    3.    Mr. Burden's Petition for Writ of Habeas Corpus (Doc. # 1) is DENIED.

    4.    This action is DISMISSED with prejudice.

An appropriate judgment will be entered.

DONE this 28th day of October, 2008.

                                                  /s/   W.  Keith Watkins
                                       UNITED STATES DISTRICT JUDGE